## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, GUTHRIE ABBOTT, CATHERINE BURNELL, STEVEN QUEYROUZE, JAIME ALEXIS ARROYO BORNSTEIN, and JUAN C. OLANO, on behalf of themselves and all others similarly situated, | § § § § § § § § | |
| Plaintiffs, | § | Civil Action No. 3:09-cv-2384-N |
| | § | |
| v. | § | |
| | § | |
| TRUSTMARK NATIONAL BANK, HSBC BANK PLC, THE TORONTO-DOMINION BANK, SG PRIVATE BANKING (SUISSE) S.A., and BANK OF HOUSTON, | § § § § § | |
| | § | |
| Defendants. | § | |

## AGREED CONFIDENTIALITY ORDER

In order to protect the confidentiality of information produced and exchanged in this lawsuit, Plaintiffs Peggy Roif Rotstain, Guthrie Abbott, Catherine Burnell, Steven Queyrouze, Jaime Alexis Arroyo Bornstein, and Juan C. Olano, on behalf of themselves and other similarly situated (collectively, the "Plaintiffs"), along with Defendants Trustmark National Bank, HSBC Bank PLC, the Toronto-Dominion Bank, SG Private Banking (Suisse) S.A., and Bank of Houston (collectively, the "Defendants"), seek the entry of this Agreed Confidentiality Order.  Plaintiffs and Defendants are collectively referred to as the "Parties," or individually, a "Party."

The Court, noting that the subject matter of anticipated discovery in this case may involve the production of confidential banking records and or other confidential information, agrees with the Parties that a confidentiality order is appropriate.  Accordingly, the Court orders as follows:

## ORDER

### A.      Scope of Application

1.      This Agreed Confidentiality Order shall govern all documents (whether in writing, electronic, magnetic and/or digital media or otherwise), testimony, discovery responses, and other materials, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given or filed during formal or informal discovery or other proceedings in this litigation.

2.      Nothing in this Agreed Confidentiality Order shall govern Material obtained independent of the proceedings in this litigation, nor shall this Agreed Confidentiality Order apply to a Party's use or disclosure of its own Material.

3.      The provisions of this Agreed Confidentiality Order shall apply to the following persons: (a) the Parties, (b) any other person producing or receiving Material in this litigation who agrees to be bound by the terms of this Agreed Confidentiality Order, and (c) all counsel of record in the litigation and their employees, staff, and vendors.

### B.      Designation of Documents or Other Material

4.      All Material may be designated as "Confidential" by any Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses confidential information, private financial information, or other sensitive information ("Confidential Material").  The designation shall be made by placing a legend on the Material sufficient to identify it as entitled to confidential

treatment in this litigation.  Additionally, any Material produced prior to the entry of this Agreed Confidentiality Order may be designated "Confidential" by providing written notice of the Material containing Confidential Material within 10 days after the entry of this Agreed Confidentiality Order.

5.      In the case of depositions, designation of the portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or in writing within thirty (30) days after the delivery of the transcript by the court reporter to those who have ordered a copy.  If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall write or stamp the word "Confidential" on the cover of the relevant portions of the transcript.  The Parties may modify this procedure by agreement for any particular deposition without further court order.  If a "Confidential" designation is made by a Party after the deposition but within the thirty (30) day period described above, the designation shall be made by delivering to counsel for the Parties a letter identifying the pages of the transcript being designated as "Confidential."  During the thirty (30) day period discussed above, the entire transcript shall be treated as "Confidential."  With the exception of court reporters, and subject to any other limitations provided by law, only those persons to whom this Agreed Confidentiality Order applies may attend any depositions taken in this litigation.

6.      Nothing contained in this Agreed Confidentiality Order:

   a.      shall affect the right of any Party to make any objection or other response to discovery requests served on it;

   b.      shall affect the right of any Party to make any objection or other response to any question at a deposition;

c.      shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which a Party may have to assert such privilege at any stage of the proceedings; or

d.      shall be construed to prejudice the right of any Party to oppose the production of any Material on any ground allowed by law (including, without limitation, foreign privacy laws that are not adequately addressed by the protections contained in this Agreed Confidentiality Order).

## C.      Limitations On Use Of Confidential Material

7.      All Confidential Material produced by any Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

8.      Except with the prior written consent of the Party or non-party that produced the Confidential Material, or upon prior order of this Court obtained upon notice to such other Party or non-party's counsel, Confidential Material shall not be disclosed to any person other than:

a.      the Parties;

b.      counsel for the Parties, including employees of such counsel and vendors who have confidentiality obligations to such counsel;

c.      expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

d.      any authors or original recipients of the Confidential Material;

e.      the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which incorporate or disclose Confidential Material shall be labeled and submitted under seal pursuant

to paragraph D below; and

f.      potential non-party witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation.

9.      Before any Confidential Material may be provided to any person discussed in subparagraphs (c) or (f) above, each such person shall agree to be bound by this Agreed Confidentiality Order and execute the undertaking attached as Exhibit A to this Order.

10.     Any person receiving Confidential Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

**D.      Filing With the Court**

11.     Confidential Material shall not be filed with the Court unless the Confidential Material is filed under seal in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**E.      Objections To Designation**

12.     If a Party contends that any material designated as "Confidential" is not entitled to such treatment, that Party may at any time give written notice challenging the designation to the Party or non-party that designated the documents (the "Designating Party") as "Confidential."  The Designating Party shall respond to the written notice challenging the designation within 15 days, or within such other period of time as may be agreed upon by the Parties.  If the Designating Party refuses to remove the "Confidential" designation and the Parties are unable to resolve their dispute, the challenging Party may file a motion challenging the designation with the Court.  All Material designated as "Confidential" shall be treated as Confidential Material during the pendency of any

motion brought pursuant to this paragraph or until the designating entity withdraws the "Confidential" designation in writing.

**F.      "Confidential" Designation After Case Disposition**

13.      All provisions of this Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

14.      Following the final adjudication, or resolution through settlement, of this litigation, counsel for the Parties shall, within thirty (30) days from counsel's receipt of a written request, assemble and return to each other all documents, materials, and deposition transcripts for which a confidential designation is maintained hereunder through such date, and all copies of same, or shall certify the destruction thereof; provided, however, that counsel for any Party shall be entitled to retain pleadings, memoranda, declarations, motions, exhibits, affidavits or deposition transcripts that attach, contain or refer to such designated material, but only to the extent necessary to preserve a file with respect to this action.

**G.      Inadvertent Failure to Designate Material as "Confidential"**

15.      The production or disclosure of any Confidential Material that is inadvertently not designated as "Confidential" shall not constitute a waiver of the producing or disclosing Person's right to subsequently designate such Material as "Confidential Material" and to demand the immediate return of such Material, and any and all copies thereof, for replacement with identical Material bearing the "Confidential" designation. Once a Party has been notified that Material not originally designated as "Confidential" will subsequently be designated as Confidential Material,

the Party must act in accordance with the provisions of this Agreed Confidentiality Order with respect to such Confidential Material.

**H.      Submission to Court's Jurisdiction**

16.      Each Party who receives Confidential Material in accordance with this Agreed Confidentiality Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the limited purpose of the enforcement of this Agreed Confidentiality Order.  A Party's agreement to be bound by this Order shall not be considered by the Court in determining whether the Court has personal jurisdiction over that Party.

**I.      Other Requirements**

17.      The treatment of any Confidential Material at trial shall be addressed by the Court and the Parties in connection with the pre-trial conference.

18.      Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

19.      If at any time any Material designated as "Confidential" and governed by this Agreed Confidentiality Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person purporting to have authority to require the production of such Material, the person to whom the subpoena or request is directed shall give prompt written notice (including via electronic means or facsimile) to the person who designated the Material as "Confidential" and include a copy of the subpoena or request to the person who designated such information as "Confidential."  The person seeking to maintain the "Confidential" designation shall have the sole responsibility for objecting to the subpoena or request and obtaining any order it believes necessary

to prevent production of any Confidential Material.  If a timely objection is asserted by the person

who designated the Material as Confidential, the person to whom the subpoena or request is directed

shall not produce the Confidential Material unless and until the objection to production is overruled

by a court of competent jurisdiction.

Signed August 6, 2010.

David C. Godbey
United States District Judge

**AGREED:**

/s/ Gregory A. Blue
Peter D. Morgenstern *(Pro Hac Vice)*
Gregory A. Blue *(Pro Hac Vice)*
Rachel K. Marcoccia *(Pro Hac Vice)*
MORGENSTERN & BLUE, LLC
885 Third Avenue
New York, New York  10022
Telephone: (212) 750-6776
Facsimile:  (212) 750-3128

Paul Lackey
Attorney-in-Charge
State Bar No. 00791061
LACKEY HERSHMANN, LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas  75219
Telephone: (214) 560-2201
Facsimile:  (214) 560-2203

OF COUNSEL:
Scott S. Hershman
LACKEY HERSHMANN, LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas  75219
Telephone: (214) 560-2201
Facsimile:  (214) 560-2203

**ATTORNEYS FOR PLAINTIFFS PEGGY ROIF ROTSTAIN, GUTHRIE ABBOTT, CATHERINE BURNELL, STEVEN QUEYROUZE, JAIME ALEXIS ARROYO BORNSTEIN AND JUAN C. OLANO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED**

/s/ Robin C. Gibbs
Robin C. Gibbs
Attorney-in-Charge
State Bar No. 07853000
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas  77002
Telephone: (713) 650-8805
Facsimile:  (713) 750-0903

OF COUNSEL:
Robert J. Madden
Jeffrey C. Kubin
Ashley McKeand
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas  77002
Telephone: (713) 650-8805
Facsimile:  (713) 750-0903

**ATTORNEYS FOR DEFENDANT TRUSTMARK NATIONAL BANK**

/s/ James Eloi Doyle
James Eloi Doyle
Attorney-in-Charge
State Bar No. 06093500
DOYLE, RESTREPO,
  HARVIN & ROBBINS, LLP
600 Travis Street, Suite 4700
Houston, Texas  77002
Telephone: (713) 228-5100
Facsimile:  (713) 228-6138

OF COUNSEL:
Robert Plotkin
Nicholas B. Lewis
McGUIREWOODS LLP
1050 Connecticut Ave. N.W. Suite 1200
Washington D.C.  20036

Telephone: (202) 857-1750
Facsimile:  (202) 857-1737

**ATTORNEYS FOR DEFENDANT THE TORONTO-DOMINION BANK**

/s/ Jim D. Hamilton
Jim D. Hamilton
Attorney-in-Charge
State Bar No. 98829300
ROSS, BANKS, MAY, CRON & CAVIN, P.C.
2 Riverway, Suite 700
Houston, Texas  77056-1918
Telephone: (713) 626-1200
Facsimile:  (713) 623-6014

OF COUNSEL:
Anthony F. Sullivan
ROSS, BANKS, MAY, CRON & CAVIN, P.C.
2 Riverway, Suite 700
Houston, Texas  77056-1918
Telephone: (713) 626-1200
Facsimile:  (713) 623-6014

**ATTORNEYS FOR DEFENDANT BANK OF HOUSTON**

/s/ Noelle M. Reed
Noelle M. Reed
State Bar No. 24044211
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas  77002-5026
Telephone: (713) 655-5122
Facsimile:  (713) 483-9122

OF COUNSEL:
George A. Zimmerman
Four Times Square
New York, New York  10036
Telephone: (212) 735-2047
Facsimile:  (917) 777-2047
george.zimmerman@skadden.com

**COUNSEL FOR SG PRIVATE BANKING (SUISSE) S.A.**

/s/ Roger B. Cowie
Edwin R. DeYoung
State Bar No. 05673000
Roger B. Cowie
State Bar No. 00783886
David Cabrales
State Bar No. 00787179
Jason S. Lewis
State Bar No. 24007551
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8888

**ATTORNEYS FOR DEFENDANT HSBC BANK PLC**

**EXHIBIT "A"**

CERTIFICATE OF ACKNOWLEDGMENT OF AGREEMENT
CONCERNING CONFIDENTIAL INFORMATION

I declare that:

I have been given a copy of and have read the Agreed Confidentiality Order relating to case No 3:09-CV-2384-N, pending in the United States District Court for the Northern District of Texas, Dallas Division, styled *Peggy Roif Rotstain, Guthrie Abbott, Catherine Burnell, Steven Queyrouze, Jaime Alexis Arroyo Bornstein, and Juan C. Olano, on behalf of themselves and other similarly situated v. Trustmark National Bank, HSBC Bank PLC, the Toronto-Dominion Bank, SG Private Banking (Suisse) S.A., and Bank of Houston*.  I agree to abide by the Agreed Confidentiality Order and not to reveal or otherwise communicate to anyone the material designated as "Confidential" that is disclosed to me except in accordance with the terms of the Agreed Confidentiality Order.  I acknowledge that any violation of the Agreed Confidentiality Order may cause damages and irreparable harm to the Parties, and that I may be liable to the Parties, or any one of them, for such damages.

Dated: _____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____

_____
City/State

_____
Telephone Number