**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In Re: Stanford Entities Securities Litigation | MDL Docket No. 2099 |
| PEGGY ROIF ROTSTAIN, et al. on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>TRUSTMARK NATIONAL BANK, et al.<br><br>                    Defendants. | No. 3:09-CV-02384 (Godbey, J.) |

**TORONTO-DOMINION BANK, BANK OF HOUSTON, AND TRUSTMARK NATIONAL BANK'S SUPPLEMENTAL RESPONSE TO <u>PLAINTIFFS' MOTION FOR LIMITED STAY</u>**

Because Robert Allen Stanford's criminal trial has been delayed indefinitely, Plaintiffs' Motion for Limited Stay must be denied. Plaintiffs cannot seriously continue to request that a civil action, which they chose to file in August 2009, should be stayed indefinitely based upon a criminal action to which neither they nor the Defendant Banks ("Banks") are party.

At the end of September 2010—and after receiving numerous extensions to agreed-upon briefing schedules—Plaintiffs moved this Court for an open-ended extension of the motion to dismiss briefing schedule to which they had agreed, as well as for a "limited" stay of this action pending the resolution of the Robert Allen Stanford ("Stanford") criminal trial. (*See* Plaintiffs' Motion for Limited Stay, ECF No. 56, and Brief in Support of Plaintiffs' Motion for Limited Stay, ECF No. 57 ("Plfs. Br.").) Plaintiffs' central argument as to why a stay—an extraordinary

action in a civil case—would not be prejudicial here was that the stay they were seeking would be "relatively short." (*See* Plf's Br. at 1, 3; *see generally id.* (emphasizing repeatedly the "short" duration of their requested stay).) Plaintiffs contended that the Banks would not be prejudiced "by an indefinite delay" because Judge Hittner had "set a *firm trial date* of January 2011." (Plfs' Br. at 13 (emphasis added).) Thus, Plaintiffs founded their motion for stay on the prompt commencement of the Stanford criminal trial, at that time just four months away.

On December 23, 2010, after briefs were filed in this matter on Plaintiffs' request for a limited stay, Stanford filed a motion for continuance seeking a two-year delay in the criminal matter so that his recently-appointed attorneys have an opportunity to prepare for trial. On January 21, 2011, Judge Hittner granted Stanford's Motion to Continue the criminal trial. "Because of the pendency of issues concerning Stanford's competence," Judge Hittner elected "not [to] decide the length of the continuance at this time." *See* Order of Excludable Delay, *United States of Am. v. Stanford*, No. 4:09-cr-0342-1 (S.D. Tex., filed Jan. 21, 2011, ECF No. 401) (attached hereto as Exhibit A).

This foreseeable change of events is precisely what the Banks predicted would occur and why the Banks opposed the Plaintiffs' request for what the Banks correctly identified as a stay of indeterminate length. As the Banks noted months ago, "*there is no guarantee that the Stanford trial will not be delayed*, as often happens." (Toronto-Dominion Bank, Bank of Houston, and Trustmark National Bank's Opposition to Plaintiffs' Motion for Extension of the Briefing Schedule and Plaintiffs' Motion for Limited Stay at 16, ECF No. 62 (emphasis added).) In light of this open-ended delay, there certainly is no guarantee now as to when, if ever, Stanford's trial will occur.

Plaintiffs filed their case in the summer of 2009. The Banks moved to dismiss the Plaintiffs' case *over seven months ago*. (*See* Motions to Dismiss, ECF Nos. 26-43.) Since then, the Banks repeatedly agreed to give the Plaintiffs extensions of time to file their responses and to conduct limited jurisdictional discovery in the belief that Plaintiffs would indeed respond when they said they would. Then Plaintiffs suddenly requested a stay of not just discovery, but of the entire action, including their duty to respond to pending motions that they had agreed to answer. Now, by persisting in their request for a stay, Plaintiffs seek to delay their response yet again, but this time with no end in sight.

Accordingly, Defendants The Toronto-Dominion Bank, Bank of Houston, and Trustmark National Bank respectfully submit that this court deny the Plaintiffs' request and require them to respond to the pending motions without further delay.

Dated: January 25, 2011                                  Respectfully submitted,

                                                         McGUIREWOODS LLP
                                                         By:  /s/ Robert S. Plotkin
                                                         Robert Plotkin (admitted *pro hac vice*)
                                                         Nicholas B. Lewis
                                                         McGUIREWOODS LLP
                                                         2001 K Street, N.W., Suite 400
                                                         Washington D.C. 20006-1040
                                                         Telephone: (202) 857-1750
                                                         Facsimile: (202) 857-1737

                                                         (*Lead Counsel for The Toronto-Dominion Bank*)

                                                         DOYLE, RESTREPO, HARVIN
                                                              & ROBBINS, LLP
                                                         James Eloi Doyle (Tex. Bar No. 06093500)
                                                         600 Travis Street, Suite 4700
                                                         Houston, Texas 77002
                                                         Telephone: (713) 228-5100
                                                         Facsimile: (713) 228-6138

                                                         (*Local Counsel for The Toronto-Dominion Bank*)

        ROSS, BANKS, MAY, CRON & CAVIN, P.C.
        By:__/s/ Jim D. Hamilton_____
        Jim D. Hamilton (Tex. Bar No. 98829300)
        Anthony F. Sullivan (Tex. Bar No. 24039199)
        2 Riverway, Suite 700
        Houston, TX  77056-1918
        Telephone:  (713) 626-1200
        Facsimile:  (713) 623-6014

        (*Counsel for Bank of Houston*)


        GIBBS & BRUNS LLP
        By:__/s/ Robin C. Gibbs_____
        Robin C. Gibbs (Tex. Bar No. 07853000)
        Robert J. Madden (Tex. Bar No. 07853000)
        Jeffrey C. Kubin (Tex. Bar No. 24002431)
        Ashley McKeand (Tex. Bar No. 24060263)
        1100 Louisiana, Suite 5300
        Houston, Texas 77002
        Telephone: (713) 650-8805
        Facsimile: (713) 750-0903

        (*Counsel for Trustmark National Bank*)

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 25, 2011, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        _/s/ Robert S. Plotkin_____
        Robert S. Plotkin

# EXHIBIT A

Case 3:09-cv-02384-N   Document 71-1   Filed 01/25/11   Page 2 of 4   PageID 1080
Case 4:09-cr-00342   Document 401   Filed in TXSD on 01/21/11   Page 1 of 3
Case 4:09-cr-00342   Document 396-2   Filed in TXSD on 01/12/11   Page 1 of 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. H-09-342-01 |
| | § | |
| ROBERT ALLEN STANFORD | § | |

## ORDER OF EXCLUDABLE DELAY

This Court had previously set trial for January 24, 2011. On October 13, 2010, United States District Judge Nancy Atlas issued an opinion vacating a preliminary injunction that had required Certain Underwriters at Lloyd's of London to pay defense costs for Stanford and others. *See Holt v. Certain Underwriters at Lloyd's of London*, Civil No. 4:09-3712 (S.D. Texas), Document No. 352. As a result of that ruling and issues Stanford raised about his retained counsel (*see* Document No. 350 (sealed)), on October 27, 2010, this Court appointed new counsel for defendant Stanford pursuant to the Criminal Justice Act.

On December 23, 2010, Stanford's new defense counsel filed a motion for continuance seeking a two-year delay in the trial date based on their need to prepare for trial. *See* Document No. 383. The United States did not oppose continuing the January 24, 2010 trial date to provide new defense counsel some additional time for preparation, but objected to the requested two years as unreasonably long. *See* Document No. 387.

Case 3:09-cv-02384-N   Document 71-1   Filed 01/25/11   Page 3 of 4   PageID 1081
Case 4:09-cr-00342   Document 401   Filed in TXSD on 01/21/11   Page 2 of 3
Case 4:09-cr-00342   Document 396-2   Filed in TXSD on 01/12/11   Page 2 of 3

The Court set a hearing for January 6, 2011 on the continuance motion. During this same time, psychiatrists raised issues about Stanford's competence and the level of medication he is being prescribed. The Court thus also took testimony concerning the competency issue at the January 6, 2011 hearing in addition to discussing the defense request for a continuance. At the hearing, the Court asked defense counsel to confirm with Stanford that he desired the requested continuance. Stanford, through his lawyers, informed the Court on the record that he wanted the additional time for his counsel to prepare.

Based on the findings below, the Court GRANTS defendant Stanford's Motion to Continue to the extent it requests resetting the trial date from Jan 24, 2011. Because of the pendency of issues concerning Stanford's competence, as both parties requested, the Court will not decide the length of the continuance at this time. After there is additional information concerning the status of Stanford's mental health, the Court will set a new trial date.

Based on the defendant's Motion to Continue and the arguments of counsel at the hearing on that motion, the Court finds that the time period from January 24, 2011, through the date of the new trial setting for defendant Stanford is excludable under the Speedy Trial Act for the following reasons:

Case 3:09-cv-02384-N   Document 71-1   Filed 01/25/11   Page 4 of 4   PageID 1082
Case 4:09-cr-00342   Document 401   Filed in TXSD on 01/21/11   Page 3 of 3
Case 4:09-cr-00342   Document 396-2   Filed in TXSD on 01/12/11   Page 3 of 3

(1) the Court has already found, at the request of Stanford, that this case is unusual and complex requiring significant time to prepare for trial (18 U.S.C. § 3161(h)(7)(B)(ii));

(2) because of the need for recently appointed defense counsel to prepare in order to provide effective representation, the ends of justice are served by continuing this trial and outweigh the interests of the defendants and public in a speedier trial (18 U.S.C. § 3161(h)(7)(A)); and

(3) the need to examine and/or hospitalize Stanford concerning the mental competency issues that have been raised in this case, including the delay resulting from transportation to the place of examination or hospitalization, are also excludable under the Speedy Trial Act (18 U.S.C. § 3161(h)(1)(A), (F))

Signed in Houston, Texas, on January **21**, 2011.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE