IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, *et al.*, on behalf of themselves and all others similarly situated, | § § § § | |
| *Plaintiffs,* | § | |
| and | § § | |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE | § § | Civil Action No. 3:09-cv-02384 |
| *Plaintiff-Intervenor,* | § § § | |
| v. | § § | |
| TRUSTMARK NATIONAL BANK, *et al.* | § § § | |
| *Defendants.* | § | |

**DEFENDANT TRUSTMARK NATIONAL BANK'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

**GIBBS & BRUNS LLP**
Robin C. Gibbs
Robert J. Madden
Jeffrey C. Kubin
Ashley M. Kleber
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

*Counsel for Defendant Trustmark National Bank*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................... ii

I.     INTRODUCTION .................................................................................................. 1

II.    LEGAL STANDARDS ....................................................................................... 1

III.   ARGUMENT AND AUTHORITIES ................................................................ 3

     A.    Plaintiffs Have Failed to Plead a TSA Claim ..................................... 3

           1.    Plaintiffs' TSA claim is barred by the Statute of Repose ........................ 3

                 a.    The Statute of Repose is an absolute bar ..................................... 3

                 b.    Plaintiffs failed to assert any TSA claim against Trustmark within the 5-year repose window ................................................. 4

                 c.    Plaintiffs' relation-back argument cannot save their TSA claim ......................................................................................... 5

           2.    Plaintiffs have failed to plead the scienter and substantial assistance elements required for their TSA claim ................................... 9

     B.    Plaintiffs Have Failed to Adequately Plead a Claim for Aiding and Abetting Breach of Fiduciary Duty ................................................... 10

           1.    Plaintiffs fail to adequately plead the existence of a fiduciary relationship ................................................................................ 10

                 a.    No formal fiduciary relationship ................................................. 11

                 b.    No informal fiduciary relationship ............................................. 11

           2.    Plaintiffs fail to adequately plead that Trustmark knew of the existence of any fiduciary relationship ................................................ 14

           3.    Plaintiffs fail to adequately plead that Trustmark was aware that it was participating in the breach of any fiduciary relationship ................ 15

IV.   INCORPORATION OF ARGUMENTS MADE BY CO-DEFENDANT BANKS ................................................................................................................ 16

V.    CONCLUSION .................................................................................................... 16

CERTIFICATE OF SERVICE .......................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Equity Grp., Inc.*,
  2 F.3d 613 (5th Cir. 1993) ......................................................................................... 9

*Aguilar v. Trujillo*,
  162 S.W.3d 839 (Tex. App.—El Paso 2005, pet. denied) ........................................ 6

*Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*,
  620 F.3d 558 (5th Cir. 2010) ..................................................................................... 2

*Amacker v. Renaissance Asset Mgmt. LLC*,
  657 F.3d 252 (5th Cir. 2011) ..................................................................................... 9

*ARA Auto. Grp. v. Ctr. Garage, Inc.*,
  124 F.3d 720 (5th Cir. 1997) ................................................................................... 12

*Associated Indem. Corp. v. CAT Contracting, Inc.*,
  964 S.W.2d 276 (Tex. 1998).................................................................................... 12

*Bank One, Texas, N.A. v. Stewart*,
  967 S.W.2d 419 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ................... 13

*Beavers v. Metro. Life Ins. Co.*,
  2007 WL 3342540 (S.D. Tex. 2007), *aff'd*, 566 F.3d 436 (5th Cir. 2009)........................ 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................... 1

*Bensinger v. Denbury Res. Inc.*,
  31 F. Supp. 3d 503 (E.D.N.Y. 2014) ........................................................................ 6

*Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*,
  419 F.3d 355 (5th Cir. 2005)................................................................................. 3, 6

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
  632 F.3d 148 (5th Cir. 2010) ..................................................................................... 2

*Consol. Bearing & Supply Co. v. First Nat'l Bank at Lubbock*,
  720 S.W.2d 647 (Tex. App.—Amarillo 1986, no writ)............................................ 13

*Cox Tex. Newspapers, L.P. v. Wootten*,
  59 S.W.3d 717 (Tex. App.—Austin 2001, pet. denied) .................................... 10, 14

*Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*,
  823 S.W.2d 591 (Tex. 1992).................................................................................... 11

*Crowe v. Henry,*
   43 F.3d 198 (5th Cir. 1995) ................................................................................................ 1

*CTS Corp. v. Waldburger,*
   134 S. Ct. 2175 (2014) ........................................................................................... 3, 6, 7, 8

*Escalon v. World Grp. Sec., Inc.,*
   2008 WL 5572823 (N.D. Tex. 2008) .............................................................................. 3, 4

*F.D.I.C. v. Bennett,*
   898 F.2d 477 (5th Cir. 1990) ............................................................................................. 8

*F.D.I.C. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,*
   2014 WL 4161561 (W.D. Tex. 2014) .............................................................................. 2, 3

*Farah v. Mafrige & Kormanik, P.C.,*
   927 S.W.2d 663 (Tex. App.—Houston [1st Dist.] 1996, no writ) ..................................... 13

*Fleming v. Tex. Coastal Bank,*
   67 S.W.3d 459 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) .................................. 11

*Frank v. Bear, Stearns & Co.,*
   11 S.W.3d 380 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) .................................. 9

*Galbraith Eng'g Consultants, Inc. v. Pochucha,*
   290 S.W.3d 863 (Tex. 2009) ............................................................................................ 6, 8

*Garcia v. Universal Mortg. Corp.,*
   2013 WL 1858195 (N.D. Tex. 2013) ................................................................................. 14

*Goins v. City of Sansom Park,*
   2015 WL 3953795 (N. D. Tex. 2015) ................................................................................. 13

*Hoggett v. Brown,*
   971 S.W.2d 472 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) .................................. 12

*Hopkins v. Wells Fargo Bank, N.A.,*
   2011 WL 611664 (N.D. Tex. 2011) .......................................................................... 11, 13, 14

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,*
   995 F. Supp. 2d 291 (S.D.N.Y. 2014) ................................................................................. 4

*In re Cmty. Bank of N. Va.,*
   467 F. Supp. 2d 466 (W.D. Pa. 2006) ................................................................................. 7

*In re Countrywide Fin. Corp. Mortg.-Backed Secs. Litig.,*
   966 F. Supp. 2d 1018 (C.D. Cal. 2013) ................................................................................. 3

*In re General Motors (Hughes) S'holder Litig.*,
   2005 WL 1089021 (Del. Ch. 2005) ...................................................................... 16

*In re Lehman Bros. Sec. & Erisa Litig.*,
   800 F. Supp. 2d 477 (S.D.N.Y. 2011) ...................................................................... 6

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
   939 F. Supp. 2d 360 (S.D.N.Y. 2013) ................................................................. 6, 7

*In re NYMEX S'holder Litig.*,
   2009 WL 3206051 (Del. Ch. Sept. 30, 2009) .......................................................... 16

*Ins. Co. of N. Am v. Morris*,
   981 S.W.2d 667 (Tex. 1998)..................................................................................... 12

*Ins. Co. of N. Am. v. Dealy*,
   911 F.2d 1096 (5th Cir. 1990) .................................................................................. 9

*Janvey v. Democratic Senatorial Campaign Comm., Inc.*,
   712 F.3d 185 (5th Cir. 2013) ................................................................................. 2, 8

*Jones v. Alcoa, Inc.*,
   339 F.3d 359 (5th Cir. 2003) .................................................................................... 2

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
   501 U.S. 350 (1991)................................................................................................... 8

*Litson-Gruenber v. JPMorgan Chase & Co.*,
   2009 WL 4884426 (N.D. Tex. 2009)................................................................. 15, 16

*Manno v. BAC Homes Loans Servicing LP*,
   2011 WL 3844900 (W.D. Tex. 2011)....................................................................... 14

*Meadows v. Hartford Life Ins. Co.*,
   492 F.3d 634 (5th Cir. 2007) ............................................................................ 10, 14

*Meyer v. Cathey*,
   167 S.W.3d 327 (Tex. 2005)............................................................................... 11, 12

*Mfrs. Hanover Trust Co. v. Kingston Inv'rs Corp.*,
   819 S.W.2d 607 (Tex. App.—Houston [1st Dist.] 1991, no writ)............................ 11

*Miguel v. Country Funding Corp.*,
   309 F.3d 1161 (9th Cir. 2002) .................................................................................. 7

*NetVet Grp. v. Fagin*,
   2011 WL 2601526 (N.D. Tex. 2011)........................................................................ 13

*OSIC v. Greenberg Traurig, et al.*,
  3:12-CV-4641 [Dkt. 123] ........................................................................ 3, 8, 10

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013) .................................................................................... 6

*R2 Investments v. Phillips*,
  2003 WL 22862738 (N.D. Tex. 2003)................................................................... 9

*Resolution Trust Corp. v. Olson*,
  768 F. Supp. 283 (D. Ariz. 1991) ......................................................................... 7

*Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*,
  2013 WL 3803966 (S.D. Tex. 2013) ................................................................... 14

*Sterling Trust Co. v. Adderley*,
  168 S.W.3d 835 (Tex. 2005).................................................................................. 9

*Tex. Bank & Trust Co. v. Moore*,
  595 S.W.2d 502 (Tex. 1980).............................................................................. 10

*Thigpen v. Locke*,
  363 S.W.2d 247 (Tex. 1962)............................................................................... 13

*Town N. Bank, N.A. v. Shay Fin. Services, Inc.*,
  2014 WL 4851558 (N.D. Tex. 2014)..................................................................... 2

*United States v. Johnson*,
  288 F.2d 40 (5th Cir. 1961) .................................................................................. 7

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011).......................................................................................... 7

*Winston v. Lake Jackson Bank*,
  574 S.W.2d 628 (Tex. App.—Houston [14th Dist.] 1978, no writ) ....................... 13

**Statutes**

15 U.S.C. § 77m....................................................................................................... 4

28 U.S.C. § 1658(b) ................................................................................................. 4

28 U.S.C. § 2072(b) ................................................................................................. 7

28 U.S.C. § 2401(b) ................................................................................................. 7

Tex. Rev. Civ. Stat. art. 581-33A ..................................................................... 3, 5

Tex. Rev. Civ. Stat. art. 581-33C ......................................................................... 3

TEX. REV. CIV. STAT. art. 581-33F........................................................................................ 3, 5, 9

TEX. REV. CIV. STAT. art. 581-33H................................................................................... 3, 4, 5, 8

**Rules**

FED. R. CIV. P. 12(b)(6)........................................................................................................ 1, 2

FED. R. CIV. P. 12(c) ................................................................................................................. 2

Fed. R. Civ. P. 15(c) ........................................................................................................ 5, 7, 8

Defendant Trustmark National Bank ("Trustmark") moves to dismiss Plaintiffs' Second Amended Class Action Complaint [Dkt. 279] ("SAC").

## I.   INTRODUCTION

The SAC (for the first time) pleads claims against Trustmark for aiding, abetting, and participating in (1) a breach of the Texas Securities Act ("TSA") [Count 2] and (2) a breach of fiduciary duty that Stanford allegedly owed its depositors [Count 3]. *See* SAC ¶¶ 433-442. Both of the new claims fail as a matter of law. Specifically, Plaintiffs' TSA claim is barred by the applicable statute of repose—which is an absolute legal bar to its viability. Plaintiffs' fiduciary duty claim also suffers from multiple pleading defects, including Plaintiffs' failure to adequately plead (1) that a fiduciary relationship existed between Stanford and Plaintiffs; (2) that Trustmark knew of any such fiduciary relationship; and (3) that Trustmark was aware that it was participating in a breach of that fiduciary relationship. These claims should therefore be dismissed pursuant to Rule 12(b)(6).[1]

## II.   LEGAL STANDARDS

"A motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.'" *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). To survive a motion to dismiss, a complaint must provide sufficiently detailed factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[1] Trustmark previously moved to dismiss all of Plaintiffs' other claims, which were pleaded in the First Amended Class Action Petition and the OSIC's Intervenor Complaint against Trustmark. Because the SAC is subject to the same deficiencies described in Trustmark's prior motions to dismiss, Trustmark hereby moves to dismiss the other claims in the SAC on the same grounds set forth in those prior motions and incorporates all of the arguments set forth therein by reference. *See* Trustmark Mot. to Dismiss First Amended Petition [Dkt. 36] and Reply in Support [Dkt. 105]; Trustmark Mot. to Dismiss Intervenor Complaint [Dkt. 162] and Reply in Support [Dkt. 177].

formulaic recitation of the elements of a cause of action will not do."   *Id*.   "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).   "In the class action context, if the defendant demonstrates that the named plaintiffs' cause of action should be dismissed for failure to state a claim, the entire putative class action complaint should be dismissed."   *See Beavers v. Metro. Life Ins. Co.*, 2007 WL 3342540, at *2 (S.D. Tex. 2007), *aff'd*, 566 F.3d 436 (5th Cir. 2009).

Plaintiffs' claims are all pleaded under Texas law, so this Court should look to Texas's statutes and common law, as interpreted by the Texas Supreme Court, to determine whether Plaintiffs have stated a valid claim.  *See Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010).[2]   In addition, because this action involves Texas state-law claims, this Court should also apply Texas's statutes of repose and limitations to Plaintiffs' claims.  *See, e.g.*, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 196 (5th Cir. 2013).   If it is apparent on the face of the complaint that a claim is time-barred, it should be dismissed on the pleadings.  *See, e.g.*, *F.D.I.C. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2014 WL 4161561, at *9 (W.D. Tex. 2014) (dismissing claims with prejudice as "time-barred by the Texas Securities Act's statute of repose" pursuant to Rule 12(c)); *Town N. Bank, N.A. v. Shay Fin. Services, Inc.*, 2014 WL 4851558, at *9 (N.D. Tex. 2014) (same with regard to federal securities claims pursuant to Rule 12(b)(6)).

---

[2]   Trustmark does not concede that Texas law is the applicable law, but for purposes of this motion it accepts Plaintiffs' allegations as true while reserving the right to argue otherwise.

## III.    ARGUMENT AND AUTHORITIES

### A.    Plaintiffs Have Failed to Plead a TSA Claim

#### 1.    Plaintiffs' TSA claim is barred by the Statute of Repose

Plaintiffs first asserted their TSA claim more than five years after the securities in question were sold.  The TSA contains an unambiguous five-year statute of repose.  Because this provision is a statute of repose, rather than limitations, there is no tolling, discovery rule, relation back, or other exception available.  As a consequence, Plaintiffs' TSA claim must be dismissed.

##### a.    The Statute of Repose is an absolute bar

 A statute of repose is "equivalent to 'a cutoff,' in essence an 'absolute . . . bar' on a defendant's temporal liability."  *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014).  Unlike statutes of limitations, statutes of repose are not subject to exceptions, tolling, or the discovery rule.  *See id.* at 2182-83; *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 363 (5th Cir. 2005).  This is true "even in cases of extraordinary circumstances beyond a plaintiff's control."  *CTS Corp.*, 134 S. Ct. at 2183.  Under a statute of repose, the time limit is measured from the last culpable act of the defendant and not from the date on which the injury occurs, the claim accrues, or the wrongdoing is discovered.  *See id.* at 2182.

Section 33H(2)(b) of the TSA is plainly a statute of repose, not limitation, as this Court and numerous others have held.  *See OSIC v. Greenberg Traurig, et al.*, 3:12-CV-4641 [Dkt. 123] at 10; *see also, e.g.*, *F.D.I.C. v. Merrill Lynch*, 2014 WL 4161561, at *1; *In re Countrywide Fin. Corp. Mortg.-Backed Secs. Litig.*, 966 F. Supp. 2d 1018, 1023-24 & n.3 (C.D. Cal. 2013) (listing supporting Texas cases); *Escalon v. World Grp. Sec., Inc.*, 2008 WL 5572823, at *3 n.2 (N.D. Tex. 2008) (referring to Section 33H(2)(b) as a "5-year repose period").  Specifically, the statute states: "No person may sue under Section 33A(2), 33C, or 33F so far as it relates to 33A(2) or 33C . . . more than five years after the sale" of the securities.

Tᴇx. Rᴇᴠ. Cɪᴠ. Sᴛᴀᴛ. art. 581-33H(2)(b).  This falls squarely within the U.S. Supreme Court's description of a statute of repose in *CTS Corp.*: the cutoff window is measured from the last culpable act of the defendant—here, the sale of the security—and provides for no exceptions. This stands in marked contrast to the TSA's preceding clause, Section 33H(2)(a), which is a classic statute of limitations providing that claims also cannot be brought "more than three years after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence."   In combination, these two provisions create a three-year, discovery-based limitations period that is capped by an absolute, five-year repose period.  This is a common structure for securities laws, as can been seen in comparable federal statutes setting forth a shorter discovery-limitation period combined with an absolute cap a few years later.  *See, e.g.*, 28 U.S.C. § 1658(b) (2 year limitations, 5 year cap); 15 U.S.C. § 77m (1 year limitations, 3 year cap); *see also, e.g.*, *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 300-01 (S.D.N.Y. 2014) (discussing how statutes of limitations and repose interact); *Escalon*, 2008 WL 5572823, at *3 (describing the Texas and federal securities laws as having "similar rules governing their respective limitations and repose periods").

### b.     Plaintiffs failed to assert any TSA claim against Trustmark within the 5-year repose window

Plaintiffs' original and first amended petitions in this matter contained no reference to the TSA whatsoever, nor did they allege any securities-law-based claims.  *See generally* Original Pet. [Dkt. 1-4]; First Am. Pet. [Dkt. 1-5].  Indeed, neither pleading even alleged that the CDs were securities in the first place; rather, their claims were limited to TUFTA-based theories and a claim for aiding and abetting fraud.  *See id*.  The OSIC's Intervenor Complaint against SG Private Banking (Suisse) S.A. and Blaise Friedli contained a TSA-based claim in Count VII, *see* Dkt. 130 ¶¶ 110-113, but the Intervenor Complaint against Trustmark (and The

Toronto-Dominion Bank, HSBC Bank, Plc, and Independent Bank f/k/a Bank of Houston) omitted that claim entirely, *see* Dkt. 133. As a result, the very first pleading in this matter to allege any TSA-related claim against Trustmark was Plaintiffs' proposed SAC, which Plaintiffs filed as an exhibit to their Motion to Amend on May 1, 2015. *See* Dkt. 238. Plaintiffs' new TSA claim is based upon Sections 33F(2) (liability for aiders) and 33A(2) (liability for an untruth or omission by the seller), *see* SAC ¶ 437, and is therefore governed by Section 33H(2)(b)'s period of repose.[3]

When Plaintiffs filed the SAC on May 1, 2015, the repose period for any and all TSA claims against Trustmark based upon the Stanford CDs had long expired. Plaintiffs had five years to assert their TSA claim starting the moment they bought a Stanford CD. The facts alleged in the SAC make clear that the last possible date on which the securities in this case could have been sold was February 16, 2009—the day the Receiver took control of the various Stanford entities. *See* SAC ¶ 157. As a consequence, the repose period for any TSA claims based upon those securities expired at the absolute latest on February 16, 2014 (and most expired long before that). Based on the SAC's own allegations, it is self-evident that Plaintiffs (along with their entire putative class) missed the repose deadline with respect to Trustmark by first filing that TSA claim on May 1, 2015. Count 2 of the SAC should therefore be dismissed.

### c.    Plaintiffs' relation-back argument cannot save their TSA claim

Plaintiffs have previously argued that their TSA claim is saved under the relation-back doctrine and Federal Rule of Civil Procedure 15(c). *See* Dkt. 268 at 5-9. But Rule 15(c) and the relation-back doctrine do not apply to statutes of repose—only to statutes of limitations. *See,*

---

[3]    Plaintiffs make no factual allegations to support their assertion that the CDs in question were unregistered securities or that they were sold by an unregistered dealer, as would be required to support a claim under Section 33A(1). To the extent that Plaintiffs seek to assert such a claim, it is barred by an even stricter three-year repose period. *See* TEX. REV. CIV. STAT. art. 581-33H(1)(a).

*e.g.*, *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 379-80 (S.D.N.Y. 2013) ("This principle [of relation-back] is inapplicable to statutes of repose, under which it is irrelevant whether parties have notice of a claim.").   Indeed, numerous cases have reached this conclusion with regard to the virtually identical repose period for federal securities claims.   *See, e.g.*, *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 110 (2d Cir. 2013) (rejecting intervenors' attempt to relate their claims back to a prior, timely complaint under Rule 15(c)); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014); *In re Lehman Bros. Sec. & Erisa Litig.*, 800 F. Supp. 2d 477, 482-83 (S.D.N.Y. 2011).   Texas courts have also concluded the same with regard to Texas's relation-back rule.   *See Aguilar v. Trujillo*, 162 S.W.3d 839, 853 (Tex. App.—El Paso 2005, pet. denied) ("A claim extinguished by operation of a statute of repose does not 'relate back' to the filing of an earlier pleading as it would in the case of a statute of limitation.").

The U.S. Supreme Court's recent *CTS Corp.* decision and its discussion of the difference between a statute of limitations and a statute of repose make this result all the more plain.   *See CTS*, 134 S. Ct. at 2183.   The TSA's statute of repose creates a substantive right—specifically, a right for Trustmark (and the other defendants) to be free from all TSA liability after 5 years from the date of sale.   *See id.*; *see also Burlington*, 419 F.3d at 363 ("In other words, a statute of repose establishes a 'right not to be sued,' rather than a 'right to sue.'"); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009) ("[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time.").   The Rules Enabling Act—pursuant to which all Federal Rules of Civil Procedure are enacted—plainly states that the rules cannot "abridge, enlarge, or modify any substantive right."   28 U.S.C.

§ 2072(b).  As a consequence, Rule 15(c) (and the concomitant relation-back rule) cannot trump or abridge Trustmark's absolute right under Texas law to be free of all TSA liability related to the Stanford CDs five years after those CDs were sold.  *See id.*; *In re Longtop*, 939 F. Supp. 2d at 380 ("[W]hen a claim is barred by a statute of repose, 'Rule 15 may not be construed to permit relation back because such a construction would conflict with the Rules Enabling Act . . . .'"); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011) (similarly holding that, per the Rules Enabling Act, Rule 23 could not be read to trump or abrogate defendants' statutory rights and defenses).[4]

Plaintiffs cited two cases in their past briefing for the contrary proposition that relation-back can, in fact, operate to extend a statute of repose as well as a statute of limitations.  *See* Dkt. 268 at 13.  They first cite *United States v. Johnson*, a 1961 Fifth Circuit case, for the proposition that the court allowed relation-back to extend a two-year repose period under the Federal Tort Claims Act.  *See* 288 F.2d 40, 42 (5th Cir. 1961).  But nowhere in that case did the Fifth Circuit characterize the applicable statute—28 U.S.C. § 2401(b)—as a statute of repose.  On the contrary, the decision consistently refers to it as a "limitation" period—which is the correct characterization given that the period in question ran from the time that the claim "accrued" as opposed to running from the defendant's "last culpable act."  *CTS Corp.*, 134 S. Ct. at 2182. More importantly, there is no indication that either the court or the parties even considered the distinction between a statute of limitations versus a statute of repose, and most importantly, the

---

[4]   *See also, e.g.*, *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (holding that Rule 15(c) could not be used to extend a court's jurisdiction to consider an extinguished claim); *In re Cmty. Bank of N. Va.*, 467 F. Supp. 2d 466, 482 (W.D. Pa. 2006) ("It is important to note that, under *Miguel*, if this court adopted the argument that under Rule 15(c) an otherwise extinguished claim for rescission could be revived, this court would be unilaterally enlarging its jurisdiction via Rule 15(c)."); *Resolution Trust Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991) ("Relation back under Rule 15 does not apply when the statute at issue defines substantive rights rather than merely limiting procedural remedies.  A statute of limitations is procedural in nature while a statute of repose is substantive in that it defines a right rather than merely limits its enforcement.").

case nowhere states that Rule 15(c) can trump a defendant's substantive right of repose under state law. The same is true for Plaintiffs' second case, *F.D.I.C. v. Bennett*, 898 F.2d 477 (5th Cir. 1990). The *Bennett* court never even mentions the word "repose," instead referring solely to the applicable "limitations period" and to the statute in question as being a "statute of limitations." *Id.* at 480-81. These cases do not call into doubt, much less contravene, the robust body of modern cases distinguishing statutes of repose from statutes of limitations with regard to Rule 15(c) and other procedural timeliness exceptions.

This Court's previous rulings on discovery-rule issues also do not apply here. Specifically, the Court stated in a previous Order in this case: "The Court has previously declined to dismiss potentially time-barred claims when plaintiffs have asserted the discovery rule, which necessarily raises consideration of factual questions." Dkt. 234 at 11. But the discovery rule does not (and cannot) apply to statutes of repose, as this Court, the U.S. Supreme Court, and the Texas Supreme Court have all held. *See CTS Corp.*, 134 S. Ct. at 2182; *Galbraith*, 290 S.W.3d at 864; *Greenberg*, 3:12-CV-4641 [Dkt. 123] at 11. Nor is any related form of equitable tolling available. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (holding that equitable tolling based upon fraudulent concealment does not apply to the repose limit on federal securities claims). If Plaintiffs had brought TSA claims within three to five years of buying their CDs, then discoverability would be a potentially relevant fact issue, but they missed that window and are therefore barred by the hard, five-year cap of Section 33H(2)(b).[5] Accordingly, Plaintiffs' TSA claim should be dismissed as a matter of law.

---

[5] In any event, the limitations period of Section 33H(2)(a) has also expired for both Plaintiffs' and their proposed class's TSA claim based principally on James Davis's entry of a guilty plea on August 27, 2009. *See Janvey*, 712 F.3d at 197-98; *see also* Joint Mot. to Dismiss filed by Defendants Toronto-Dominion

### 2. Plaintiffs have failed to plead the scienter and substantial assistance elements required for their TSA claim

In addition to the inescapable statute-of-repose bar, Plaintiffs' TSA claim is also inadequately pleaded under Texas law. A TSA claim against an alleged "aider" like Trustmark must allege (1) that a primary violation of the securities laws occurred; (2) that the alleged aider had general awareness of its role in this violation; (3) that the actor rendered substantial assistance in this violation; and (4) that the alleged aider either (a) intended to deceive the plaintiff or (b) acted with reckless disregard for the truth of the representations made by the primary violator. *See Frank v. Bear, Stearns & Co.*, 11 S.W.3d 380, 384 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing TEX. REV. CIV. STAT. art. 581-33F). The Texas Supreme Court has interpreted the "reckless disregard" component of this test to require that "the aider must be subjectively aware of the primary violator's improper activity"—merely alleging that a party "should have known" of the violation is inadequate. *Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 835, 842 (Tex. 2005). The SAC fails to properly allege any subjective awareness of a primary securities violation on the part of Trustmark. The "substantial assistance" prong is likewise absent from the SAC: routine, ministerial actions fail to satisfy this standard, yet that is all that the SAC alleges Trustmark performed on behalf of the Stanford entities. *See Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 257 (5th Cir. 2011); *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 622-23 (5th Cir. 1993); *Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1101 (5th Cir. 1990). Plaintiffs' pleading failures in this regard are discussed in greater detail below. *See infra* Part III.B.3. For these reasons as well, the SAC's TSA claim against Trustmark should be dismissed. *See R2 Investments v. Phillips*, 2003 WL 22862738, at *8 (N.D. Tex. 2003) (dismissing inadequately pleaded TSA claims on these same grounds).

Bank and Independent Bank at Part I.B (which is incorporated herein by reference). Given that the absolute repose bar clearly applies here, however, there is no need to reach the limitations issue.

### B.   Plaintiffs Have Failed to Adequately Plead a Claim for Aiding and Abetting Breach of Fiduciary Duty

To the extent that a claim for aiding, abetting, or participation in a breach of fiduciary duty is cognizable under Texas law,[6] a plaintiff must allege the following elements to state a claim: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in a breach of that fiduciary relationship. *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007) (citing *Cox Tex. Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 722 (Tex. App.—Austin 2001, pet. denied)).  Plaintiffs fail to adequately plead each of these elements.

### 1.   Plaintiffs fail to adequately plead the existence of a fiduciary relationship

Plaintiffs allege in conclusory fashion that a fiduciary relationship existed between the Stanford Entities ("Stanford") and Plaintiffs (and the purported class members they seek to represent).  *See* SAC ¶¶ 439-440.  But no such fiduciary relationship existed as a matter of law or is adequately pleaded.[7]  Under Texas law, a fiduciary relationship can be formal or informal. *See, e.g.*, *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980).  Stanford did not have a formal fiduciary relationship with Plaintiffs or any purported class member as a matter of law.  In addition, Plaintiffs do not plead facts sufficient raise a reasonable inference that they had an informal fiduciary relationship with Stanford.  Therefore, Plaintiffs' claim for aiding, abetting, and participating in Stanford's breach of fiduciary duty should be dismissed.

---

[6]  As this Court has previously recognized, it is unclear whether Texas recognizes a claim for aiding, abetting, or participation in breach of fiduciary duty, *see Greenberg*, 3:12-cv-4641 [Dkt. 123] at 18, and Plaintiffs' claim should be dismissed on this ground.

[7]  Plaintiffs plead neither the source of their alleged fiduciary relationship with Stanford nor under what law it arose.  *See* SAC ¶¶ 439-442.  Because Plaintiffs otherwise refer to Texas law in their complaint, Trustmark assumes for purposes of this pleading only that Texas law applies to Plaintiffs' fiduciary duty claim, but Trustmark reserves the right to argue otherwise.

### a.      No formal fiduciary relationship

Whether a formal fiduciary relationship exists (e.g., attorney/client, principal/agent) is a matter of law.  *See Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005); *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 593-94 (Tex. 1992).  No formal fiduciary relationship existed between Stanford and Plaintiffs (or any purported class member) as a matter of law.  As pleaded, the relationship between Plaintiffs and Stanford was that of (1) holders of certificates of deposit (CDs) and (2) the Stanford entities that marketed and issued those CDs. *See* SAC ¶¶ 1-2, 12-17, 125-129.  No formal fiduciary relationship exists between a bank and its depositors or CD holders as a matter of law.  *See, e.g.*, *Fleming v. Tex. Coastal Bank*, 67 S.W.3d 459, 461 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding in the context of a claim by the plaintiff that "the bank owed him a fiduciary duty as a customer when he bought the CD" that "[t]he relationship between a bank and its customer is generally not a fiduciary one"); *see also, e.g.*, *Hopkins v. Wells Fargo Bank, N.A.*, 2011 WL 611664, at *2 (N.D. Tex. 2011) ("The great weight of Texas authority is against the proposition that the relationship between a lender and a borrower is a formal fiduciary relationship."); *Mfrs. Hanover Trust Co. v. Kingston Inv'rs Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship.").

### b.      No informal fiduciary relationship

Under Texas law, an informal fiduciary relationship arises "where one person trusts in and relies upon another, whether the relation is a moral, social, domestic or merely personal one." *Crim Truck*, 823 S.W.2d at 594.  As the Texas Supreme Court has explained:

> Because not every relationship involving a high degree of trust and confidence rises to the stature of a formal fiduciary relationship, the law recognizes the

11

existence of confidential relationships in those cases 'in which influence has been
acquired and abused, in which confidence has been reposed and betrayed.

*Id.*; *see also Meyer*, 167 S.W.3d at 330-31.   However, "[m]ere subjective trust does not transform an arm's-length transaction into a fiduciary relationship." *Ins. Co. of N. Am v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).   "[T]he special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998).   "A fiduciary relationship is an extraordinary one and will not be lightly created." *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *see also ARA Auto. Grp. v. Ctr. Garage, Inc.*, 124 F.3d 720, 723 (5th Cir. 1997) (same).

Plaintiffs allege no facts sufficient to raise a reasonable inference that an informal fiduciary relationship existed between them and Stanford.   Again, as pleaded, Plaintiffs' relationship with Stanford was that of holders of CDs—nondiscretionary, fixed-income investments.   *See* SAC ¶¶ 1-2, 12-17, 125-129.   Those CDs were sold to Plaintiffs and the purported class members via Stanford financial advisors, but Plaintiffs allege ***nothing*** about either their or the purported class members' relationships with those financial advisors or Stanford other than that (1) they used uniform marketing materials to sell the CDs, *see id.* ¶¶ 105-117, and (2) the financial advisors were the face of Stanford and "helped SIBL customers complete SIBL CD applications and manage their CD investments," *id.* ¶ 126; *see also id.* ¶¶ 125, 127-130.   These unremarkable allegations do not raise a reasonable inference under Rule 8(a) that an informal fiduciary relationship existed between Stanford and Plaintiffs (and the purported class) based on the law set forth above.

Because an informal fiduciary relationship "does not usually exist between a borrower and a lender," when Texas courts have found one, "the findings have rested on extraneous facts

and conduct, such as excessive lender control or influence in the borrower's business activities." *Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 442 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see also Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.— Houston [1st Dist.] 1996, no writ). But no such factual allegations are made here. Plaintiffs do not even allege that they or any purported class member placed any kind of special trust in their Stanford financial advisors, which in any event would be insufficient because "mere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). Nor do Plaintiffs allege—let alone provide any actual, supporting factual allegations—that "the dealings between the parties ha[d] continued for so long that one party [was] justified in relying on the other to act in his best interest." *Consol. Bearing & Supply Co. v. First Nat'l Bank at Lubbock*, 720 S.W.2d 647, 649 (Tex. App.—Amarillo 1986, no writ). That Plaintiffs have not pleaded facts sufficient to raise a reasonable inference that an informal fiduciary relationship existed between them and Stanford is evidenced by the following facts which were found insufficient to create such a relationship:

- Extensive prior dealings between the plaintiff and the bank;
- Bank's President had been a financial advisor to one of the plaintiffs;
- Existence of prior notes entered into between the parties; and
- Long-standing debtor-creditor relationship.

*See Consolidated Bearing*, 720 S.W.2d at 650 (discussing *Winston v. Lake Jackson Bank*, 574 S.W.2d 628 (Tex. App.—Houston [14th Dist.] 1978, no writ)). In summary, a plaintiff must "show extraordinary circumstances" to create an informal fiduciary relationship. *Hopkins*, 2011 WL 611664, at *2; *see also NetVet Grp. v. Fagin*, 2011 WL 2601526, at *3 (N.D. Tex. 2011). In their SAC, Plaintiffs wholly fail to allege any facts or reasonable inferences therefrom that could create such a relationship. *See, e.g.*, *Goins v. City of Sansom Park*, 2015 WL 3953795, at *3-4 (N. D. Tex. 2015) (dismissing a breach of fiduciary duty claim for failure to adequately plead an

13

informal fiduciary relationship); *Garcia v. Universal Mortg. Corp.*, 2013 WL 1858195, at *4 (N.D. Tex. 2013) (same); *Manno v. BAC Homes Loans Servicing LP*, 2011 WL 3844900, at *6-7 (W.D. Tex. 2011) (same).

### 2. Plaintiffs fail to adequately plead that Trustmark knew of the existence of any fiduciary relationship

To state a claim for aiding, abetting, or participation in breach of fiduciary duty, Plaintiffs must also plead facts sufficient to raise a reasonable inference that Trustmark was aware of the existence of a fiduciary relationship. *See Meadows*, 492 F.3d at 639; *Cox Tex. Newspapers*, 59 S.W.3d at 721-22. "Knowledge, for purposes of an aiding and abetting claim, requires proof that [the defendant] had an 'actual awareness, at the time of the conduct,' that [another party] owed [the plaintiff] a fiduciary duty . . . ." *Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, 2013 WL 3803966, at *14 (S.D. Tex. 2013). Other than a formulaic recitation of this element, *see* SAC ¶ 440, Plaintiffs have pleaded ***no facts*** to show that Trustmark was aware of any such relationship. Indeed, as discussed above, Plaintiffs have not even specified the source of the alleged fiduciary relationship, much less pleaded facts to show that Trustmark knew that this unspecified relationship existed.

To the extent that Plaintiffs are attempting to rely on an informal fiduciary relationship between the purported class members and their Stanford financial advisors, Plaintiffs allege ***nothing*** to suggest that Trustmark would have been aware of any information about the individual relationships between putative class members and their financial advisors—such as the length or duration of those relationships, whether a particular class member placed any type of "special trust" in his or her financial advisor, or whether specific "extraordinary circumstances" existed in these relationships that could give rise to an informal fiduciary duty on the part of the financial advisors. *See Hopkins*, 2011 WL 611664, at *2. In fact, Plaintiffs' SAC

is bereft of such allegations.  Accordingly, Plaintiffs' aiding, abetting, or participation in breach of fiduciary duty claim should be dismissed.

### 3. Plaintiffs fail to adequately plead that Trustmark was aware that it was participating in the breach of any fiduciary relationship

Plaintiffs also fail to adequately plead the third element of any aiding, abetting, or participation in breach of fiduciary duty claim: that Trustmark was aware that it was participating in the breach of a fiduciary relationship.

As set forth in Trustmark's prior motions to dismiss and in its motion for reconsideration briefing (which are incorporated herein by reference),[8] Plaintiffs have pleaded no factual allegations to make the requisite showing that (i) Trustmark had **actual knowledge** that Stanford was committing fraud and (ii) Trustmark provided **substantial assistance** to Stanford in committing this fraud.[9]  The allegations in Plaintiffs' prior pleadings do not come remotely close to meeting these high standards, and the slightly revised allegations in the SAC fare no better. Plaintiffs allege in the SAC that Trustmark personnel (i) maintained accounts for Stanford, (ii) had relationships with Stanford personnel, (iii) conducted due diligence on Stanford, (iv) were aware of routine inter-account transfers among Stanford accounts, (v) dealt with Stanford personnel in Houston rather than Antigua, (vi) were aware of "check pouching activity" that allegedly should have "raised alarms," and (vii) were aware that some of the investor funds received by Stanford were not invested.  *See* SAC ¶¶ 238-276.  None of these allegations (individually or collectively) is sufficient to raise a reasonable inference of actual knowledge.

---

[8]  *See* Trustmark Mot. to Dismiss First Amended Petition [Dkt. 36] and Reply in Support [Dkt. 105]; Trustmark Mot. to Dismiss Intervenor Complaint [Dkt. 162] and Reply in Support [Dkt. 177]; Trustmark Mot. for Reconsideration [Dkt. 251] and Reply in Support [Dkt. 272].

[9]  *See, e.g., Litson-Gruenber v. JPMorgan Chase & Co.*, 2009 WL 4884426 at *2 (N.D. Tex. 2009) (stating a plaintiff must allege actual knowledge and substantial assistance to state a claim for aiding and abetting breach of fiduciary duty under California law and finding a failure to plead actual knowledge); *see also* Trustmark Mot. for Reconsideration [Dkt. 251] at 3 n.9, 6 n.14.

Rather, they are precisely the type of "***should-have-known***" or "***red-flag***" allegations that courts routinely hold are insufficient to impose aiding and abetting liability.[10]  The SAC also omits any allegations that Trustmark provided anything other than routine banking services to Stanford, which are likewise insufficient to state a claim for aiding, abetting, or participation in breach of fiduciary duty.[11]

Accordingly, Plaintiffs' aiding, abetting, and participation in breach of fiduciary duty claim should be dismissed.[12]

## IV.      INCORPORATION OF ARGUMENTS MADE BY CO-DEFENDANT BANKS

Contemporaneously with the filing of this motion, Defendants The Toronto-Dominion Bank and Independent Bank f/k/a Bank of Houston have filed a joint motion to dismiss the claims asserted against them.  Trustmark incorporates by reference the arguments and authorities in that motion as additional grounds for the dismissal of the claims in the SAC.

## V.      CONCLUSION

For the foregoing reasons, Trustmark asks the Court to dismiss the claims in the SAC against Trustmark in their entirety with prejudice.

---

[10]   *See Litson-Gruenber*, 2009 WL 4884426 at *2 ("Suspicion and surmise do not constitute actual knowledge. . . . Pleading based on an allegation the defendant "knew or should have known" is insufficient . . . . Moreover, atypical banking procedures do not raise an inference of actual knowledge."); *In re General Motors (Hughes) S'holder Litig.*, 2005 WL 1089021, at *24 (Del. Ch. 2005) ("Conclusory statements of knowing participation will not suffice."); *In re NYMEX S'holder Litig.*, 2009 WL 3206051, at *12-13 (Del. Ch. Sept. 30, 2009) ("conclusory allegations such as '[aiding and abetting defendant] had knowledge of the . . . fiduciary duties and knowingly and substantially participated and assisted in the . . . breaches of fiduciary duty, and, therefore, aided and abetted such breaches of fiduciary duties' are insufficient as a matter of law"); *see also* Trustmark Mot. for Reconsideration [Dkt. 251] at 4 nn.11-12.

[11]   *See* Trustmark Mot. for Reconsideration [Dkt. 251] at 6-7 nn.17-18.

[12]   In addition, Plaintiffs' claim for aiding, abetting, and participation in breach of fiduciary duty should be dismissed because it is barred by the statute of limitations.  *See* Joint Mot. to Dismiss filed by Defendants Toronto-Dominion Bank and Independent Bank at Part II.B (which is incorporated herein by reference).

Respectfully submitted,

**GIBBS & BRUNS LLP**

By:    */s/ Robin C. Gibbs*
Robin C. Gibbs
State Bar No. 07853000
Robert J. Madden
State Bar No. 07853000
Jeffrey C. Kubin
State Bar No. 24002431
Ashley M. Kleber
State Bar No. 24060263
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

*Counsel for Defendant Trustmark National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2015, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

   */s/ Robin C. Gibbs*
Robin C. Gibbs

17