# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------------- x

PEGGY ROIF ROTSTAIN, *et al.*, *on behalf of*
*themselves and all others similarly situated*,

          Plaintiffs,

        -against-

TRUSTMARK NATIONAL BANK, HSBC BANK
PLC, THE TORONTO-DOMINION BANK,
INDEPENDENT BANK F/K/A BANK OF
HOUSTON, SG PRIVATE BANKING (SUISSE)
S.A., and BLAISE FRIEDLI,

          Defendants.

---------------------------------------------------------------------- x

Case No. 3:09-CV-02384-N

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO COORDINATE CERTAIN CLASS CERTIFICATION ISSUES

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1

I.     THE FOUR PUTATIVE CLASS ACTIONS INVOLVE OVERLAPPING
       CLASSES OF INVESTORS AND SIMILAR STATE COMMON LAW
       CLAIMS ................................................................................................................. 3

II.    THE FOUR PUTATIVE CLASS ACTIONS ARE ON SIMILAR
       CLASS CERTIFICATION SCHEDULES ...................................................... 5

III.   COORDINATION OF CERTAIN CLASS CERTIFICATION ISSUES
       WILL BENEFIT THE COURT AND ALL PARTIES .................................... 6

       A.     The Court Should Coordinate Its Decision on Whether Certification of
              a Global Class Is Inappropriate Because Various Foreign Countries
              Will Not Recognize or Enforce a Future Judgment in These MDL
              Proceedings ........................................................................................................ 8

       B.     The Court Should Also Coordinate Its Decision On Whether a Domestic
              Nationwide Class Is Unmanageable Because of Variations in the Fifty
              States' Laws Governing the Claims of American Class Members ...................... 12

CONCLUSION ................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott v. Gordon*,
No. 04C-09-055PLA, 2008 WL 821522 (Del. Super. Ct. Mar. 27, 2008) ............................... 13

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) ..................................................................................... 12

*Clemons v. State Risk Mgmt. Trust Fund*,
870 So. 2d 881 (Fla. Dist. Ct. App. 2004) ................................................................ 13

*Cole v. Gen. Motors Corp.*,
484 F.3d 717 (5th Cir. 2007) ..................................................................................... 12

*In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*,
484 F. Supp. 2d 1355 (J.P.M.L. 2007) ........................................................................ 7

*In re Piper Aircraft Distrib. Sys. Antitrust Litig.*,
405 F. Supp. 1402 (J.P.M.L. 1975) ............................................................................. 7

*In re Plumbing Fixtures*,
308 F. Supp. 242 (J.P.M.L. 1970) ............................................................................... 8

*In re Stanford Entities Sec. Litig.*,
No. 3:09-md-02099-N-BG (N.D. Tex.) ................................................................ 1, 3, 7

*In re Stanford Entities Sec. Litig.*,
655 F. Supp. 2d 1360 (J.P.M.L. 2009) ..................................................................... 3, 8

*In re Vivendi Universal, S.A.*,
242 F.R.D. 76 (S.D.N.Y. 2007) .................................................................................... 8

*Janvey v. Greenberg Traurig, LLP*,
No. 3:12-cv-04641-N-BG (N.D. Tex.) .......................................................................... 5

*Norwood v. Raytheon Co.*,
237 F.R.D. 581 (W.D. Tex. 2006) .............................................................................. 13

*Spence v. Glock, Ges.m.b.H.*,
227 F.3d 308 (5th Cir. 2000) ..................................................................................... 12

*The Official Stanford Investors Committee v. Willis of Colorado Inc.*,
No. 3:13-cv-03980-N-BG (N.D. Tex.) ........................................................................... 1

*Troice v. Proskauer Rose LLP*,
No. 3:09-cv-01600-N-BG (N.D. Tex.) ................................................................... passim

*Troice v. Proskauer Rose L.L.P.*,
No. 15-10500 (5th Cir.) ............................................................................................... 6

*Troice v. Willis of Colorado Inc.*,
No. 3:09-cv-01274-N-BG (N.D. Tex.) ................................................................... passim

**Page(s)**

*Turk v. Pershing LLC*,
No. 3:09-cv-02199-N-BG (N.D. Tex.) .............................................................................. 1, 4, 5, 6

*Wide v. The Toronto-Dominion Bank*,
No. cv-12-9780-00CL (Can. Ont. Sup. Ct. J.) ........................................................................ 11

Defendants The Toronto-Dominion Bank ("TD Bank"), Trustmark National Bank, HSBC Bank plc, Independent Bank, successor by merger to Bank of Houston, Société Générale Private Banking (Suisse) S.A., and Blaise Friedli (collectively, "Bank Defendants"), respectfully submit this memorandum of law in support of their motion to coordinate certain class certification issues in this putative class action (the "Bank Action") with three other putative class actions in the Stanford multidistrict litigation (*In re Stanford Entities Sec. Litig.*, No. 3:09-md-02099-N-BG) (the "*Stanford MDL*").[1]

## **PRELIMINARY STATEMENT**

Plaintiffs in four putative class actions, including this one, have served or filed motions for class certification in the *Stanford MDL*.  The three other putative class actions proposed for coordination with the Bank Action are as follows:

(a)  the *Proskauer* Action – *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG,

(b)  the *Willis* Action – *Troice v. Willis of Colorado Inc.*, No. 3:09-cv-01274-N-BG,[2] and

(c)  the *Pershing* Action – *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-BG.

Each of these actions involves various state law claims brought by proposed worldwide classes of investors in certificates of deposit issued through Stanford International Bank, Limited ("SIBL").  The putative class members purportedly suffered losses resulting from SIBL's alleged fraudulent operations and the financial scheme perpetrated by R. Allen Stanford and entities and individuals under his control.

While there are compelling reasons to deny class certification in each of the cases, the

---

[1]  HSBC Bank plc, Société Générale Private Banking (Suisse) S.A., and Blaise Friedli submit this motion subject to, and without waiving, the defense that they are not subject to personal jurisdiction in Texas.

[2]  The *Willis* Action also includes a reference to *The Official Stanford Investors Committee v. Willis of Colorado Inc.*, No. 3:13-cv-03980-N-BG, which has been consolidated with the *Willis* Action for purposes of class certification briefing.  *See Order, Troice v. Willis*, No. 3:09-cv-01274-N-BG (N.D. Tex. Mar. 6, 2015), Dkt. No. 223.

Bank Defendants propose that this Court coordinate its consideration of the following two class certification issues that will need to be decided in all four cases:

(1)      whether various foreign jurisdictions will recognize, enforce, and grant preclusive or *res judicata* effect to a class action judgment in these cases; and

(2)      whether differences in the fifty states' laws governing plaintiffs' common law claims will cause a nationwide class to be unmanageable.

These issues could preclude certification of any of the proposed classes under controlling law. Coordination is thus appropriate to promote efficiency and avoid inconsistent rulings.

Now is an appropriate time for the Court to coordinate its consideration of these two issues.  To assist the Court in its assessment of the first issue, the Bank Defendants will be presenting testimony from thirteen authoritative experts opining on fourteen foreign law jurisdictions from where the class members allegedly reside.  These experts include renowned scholars, pre-eminent practitioners, treatise authors, bar association leaders, and the Former Chief Justice of the Panama Supreme Court of Justice.  The expert reports in the Bank Action include testimony on seven jurisdictions that have not been addressed in any of the prior class certification submissions to the Court.  These foreign law experts conclude that each of the fourteen jurisdictions opined upon, respectively, would not recognize, enforce, or give preclusive or *res judicata* effect to a judgment of this Court in this proposed opt-out class action.

As to the second issue, the Bank Defendants will be presenting an extensive fifty-state survey on the four state common law claims alleged by plaintiffs in this action, claims that overlap with those alleged in the three other actions.  These claims are: aiding and abetting fraud, aiding and abetting breach of fiduciary duty, aiding and abetting conversion, and civil conspiracy.  A comprehensive survey of the relevant states' laws has not been presented to the Court in the class certification submissions to date.  This state law survey will demonstrate that there are too many variations in the fifty states' laws to make a nationwide class manageable in

these proceedings.

This Court recognized early on in the *Stanford MDL* proceedings that coordination among the putative investor class actions could be beneficial at the appropriate time.  *See* Hr'g Tr. (Sept. 23, 2010) at 67:4-19, *In re Stanford Entities Sec. Litig.*, No. 3:09-md-02099-N-BG, Dkt. No. 12 (stating that defendants in the investor class actions should inform the Court if a more formal structure for coordinating these actions should be implemented).  The Bank Defendants respectfully submit that coordination of the two legal issues described above would promote uniformity across the various class cases and allow the Court to adjudicate these important questions in a fully-informed and efficient manner.  The Bank Defendants note that there are other important issues that will also need to be decided in all four cases, including whether causation and reliance must be proven on an individualized basis and whether a class resolution is superior to alternative methods of adjudication.  These issues have been raised in the *Proskauer* and *Willis* Actions, and will be further explored in the *Pershing* Action and the Bank Action.  After analyzing the issues, however, the Bank Defendants move for coordination only on the highlighted two issues because the Bank Defendants are submitting significant additional expert testimony and a fifty-state survey that should be useful to the Court on these questions in each of the putative class actions.  Accordingly, the Bank Defendants request that the Court grant the motion for coordination of the two identified class certification issues among the four putative class actions.

I.      **THE FOUR PUTATIVE CLASS ACTIONS INVOLVE OVERLAPPING CLASSES OF INVESTORS AND SIMILAR STATE COMMON LAW CLAIMS**

The four putative class actions identified above share certain similarities supporting coordinated consideration of the two common class certification issues.  *See, e.g.*, *In re Stanford Entities Sec. Litig.*, 655 F. Supp. 2d 1360, 1361 (J.P.M.L. 2009) ("[T]ransfer to a single district

3

under Section 1407 will permit one court to formulate a pretrial program that allows any non-

common issues to proceed concurrently with common issues; thus ensuring streamlined, just and

expeditious resolution of all actions." (citation omitted)).

In each of these four actions, plaintiffs seek to represent overlapping putative classes of

investors.  Specifically, plaintiffs have proposed the following putative class definitions in each

of these actions as follows:

(a)     the Bank Action: "[A]ll persons who invested in SIBL CD(s) from August 23,
        2004 – February 16, 2009, inclusive, and whose claims for losses related to SIBL
        CDs are recognized, authorized, and calculated by the United States Receiver for
        the Stanford Entities, Ralph S. Janvey"  (Pls.' Second Am. Class Action Compl. ¶
        420 (May 1, 2015), Dkt. No. 279 ("SAC"));

(b)     the *Proskauer* Action: "All persons or entities that held CD or other investment
        accounts with SIBL as of February, 2009 and whose claims are recognized and
        authorized by the Receiver in the SEC Action"  (Br. in Supp. of Pls.' Opp. Mot.
        for Class Cert. at 29, *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG
        (N.D. Tex. Apr. 20, 2015), Dkt. No. 193);

(c)     the *Willis* Action: "All persons or entities that purchased and still held CD or
        other depository accounts with SIB[L] . . . as of February, 2009 and whose claims
        are recognized and authorized by the Receiver in the SEC Action"  (Pls.' Opp.
        Mot. for Class Cert. at 2, *Troice v. Willis*, No. 3:09-cv-01274-N-BG (N.D. Tex.
        Apr. 20, 2015), Dkt. No. 226); and

(d)     the *Pershing* Action: "[A] class of all investors who, as of February 16, 2009, had
        purchased and still held SIBL CDs and/or otherwise maintained deposit accounts
        with SIBL through brokerage accounts established at SGC [Stanford Group
        Company] or IRA accounts at STC [Stanford Trust Company (Louisiana)]"  (Pls.'
        Second Am. Consol. Compl. ¶ 4, *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-
        BG (N.D. Tex. Feb. 2, 2015), Dkt. No. 138-1 ("*Pershing* Complaint")).[3]

As a result of the similarities in these proposed definitions of the putative classes, the four

actions necessarily would share at least some (though not all) class members.

Plaintiffs also seek relief under similar legal theories in these four putative class actions.

In this action, plaintiffs assert the following four state common law claims: aiding and abetting

---

[3] In certain of these cases, plaintiffs have proposed one or more alternative classes.

fraud, aiding and abetting breach of fiduciary duty, aiding and abetting conversion, and civil conspiracy.  *See* SAC ¶¶ 432, 439-48.  In the *Proskauer* Action, plaintiffs similarly assert state common law claims for aiding and abetting fraud and civil conspiracy.  *See* Pls.' Second Am. Class Action Compl. ¶¶ 109-13, *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG (N.D. Tex. Oct. 9, 2009), Dkt. No. 194.  In the *Willis* Action, plaintiffs also assert a state common law claim for aiding and abetting fraud (the civil conspiracy claim asserted has since been dismissed).  *See* Pls.' Third Am. Class Action Compl. ¶¶ 185-89, *Troice v. Willis*, No. 3:09-cv-01274-N-BG (N.D. Tex. Apr. 1, 2011), Dkt. No. 115.  And, in the *Pershing* Action, plaintiffs assert a state common law claim for aiding and abetting breach of fiduciary duty.  *See Pershing* Compl. ¶¶ 100-01.

Given that the four putative class actions would share certain class members and involve similar state common law claims, it is prudent for this Court to conduct an integrated analysis on the overlapping issues presented across the four cases.  That way, the proposed classes and the different groups of defendants will each have a chance to be heard on important legal matters that affect all of them.

## II.   THE FOUR PUTATIVE CLASS ACTIONS ARE ON SIMILAR CLASS CERTIFICATION SCHEDULES

All four purported class actions have class certification schedules that conclude within a few months of one another.[4]  Accordingly, reserving decision on the two issues that the Bank Defendants seek to coordinate until briefing in all four cases has been completed should not

---

[4]  The Bank Defendants are aware of one additional putative investor class action pending in the *Stanford MDL* in which class certification scheduling issues have been raised: *Janvey v. Greenberg Traurig, LLP*, No. 3:12-cv-04641-N-BG (N.D. Tex.).  However, in that action, one of the defendants has moved to strike the class allegations, the Court has not yet entered a class certification scheduling order, and the parties are currently debating how class certification should proceed.  *See, e.g.*, Pls.' Opp. Mot. for Entry of a Discovery Scheduling Order and to Defer Class Cert. Scheduling, *Janvey v. Greenberg Traurig, LLP*, No. 3:12-cv-04641-N-BG (N.D. Tex. June 2, 2015), Dkt. No. 131.  Consequently, Defendants have not proposed that action for coordination as part of this motion.

cause any material delay, particularly given the procedural status of the companion actions.

In the *Proskauer* Action, class certification briefing is complete, but defendants have appealed to the U.S. Court of Appeals for the Fifth Circuit on the basis of the attorney immunity doctrine. *See, e.g.*, Notices of Appeal, *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG (N.D. Tex. May 26, 2015), Dkt. Nos. 220-21. The *Proskauer* defendants' opening merits brief is due to be filed on August 3, 2015. *See* Briefing Notice at 2, *Troice v. Proskauer Rose L.L.P.*, No. 15-10500 (5th Cir. June 24, 2015).

In the *Willis* Action, plaintiffs recently filed a motion to strike portions of defendants' sur-replies in opposition to class certification. *See* Pls.' Objections to Defs.' Surreplies and Opp. Mot. to Strike Portions of the Surreplies, *Troice v. Willis of Colorado Inc.*, No. 3:09-cv-01274-N-BG (N.D. Tex. June 18, 2015), Dkt. No. 257.

In the *Pershing* Action, the motion for class certification has a submission date of August 10, 2015. *See* Order Granting Joint Mot. for Modification of Class Cert. Scheduling Order at 1, *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-BG (N.D. Tex. Feb. 17, 2015), Dkt. No. 144.

In this case, the parties have a submission date for class certification eight weeks later, on October 5, 2015. *See* Class Cert. Scheduling Order ¶ 1 (Mar. 2, 2015), Dkt. No. 228.

In light of these overlapping schedules and procedural issues, now is an opportune time for the Court to coordinate its consideration of the two common class certification issues among the four putative class actions. Coordination will allow the Court to evaluate these issues in a single comprehensive way that does not impose undue delay in any individual case while providing due process to all of the implicated parties.

## III.   COORDINATION OF CERTAIN CLASS CERTIFICATION ISSUES WILL BENEFIT THE COURT AND ALL PARTIES

Both this Court and the U.S. Judicial Panel on Multidistrict Litigation ("MDL Panel")

have expressly recognized the benefits of coordination among putative class actions in a multidistrict litigation.

At the September 2010 conference for the *Stanford MDL* proceedings, this Court observed that coordination of the putative investor class actions could be beneficial and should be raised by defendants at the appropriate time.  *See* Hr'g Tr. (Sept. 23, 2010) at 67:15-19, *In re Stanford Entities Sec. Litig.*, No. 3:09-md-02099-N-BG, Dkt. No. 12 ("[I]f there is some collective response on the MDL defense side that . . . we ought to look at doing something bigger and more formally structured to coordinate th[e] [class] cases [against third parties], . . . I would appreciate hearing from you.").

Similarly, the MDL Panel has stated several times that the potential for conflicting class actions and inconsistent rulings on class certification provides one of the key reasons for transferring separate putative class actions to a single forum.  *See, e.g.*, *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) (stating that "matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency" (citations omitted)); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 484 F. Supp. 2d 1355, 1356 (J.P.M.L. 2007) ("Centralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings, *especially with respect to class certification*." (emphasis added)).

Here, there are two class certification issues common to all four putative class actions for which Bank Defendants have submitted substantial additional evidence: (1) whether various foreign jurisdictions will recognize, enforce, and grant preclusive or *res judicata* effect to a class judgment in these proceedings, and (2) whether variations in the applicable state substantive laws

will cause a nationwide class to be unmanageable.  Coordinating consideration of these two class

certification issues thus provides the most efficient method for the Court's resolution of these

issues in the four actions.  *See In re Stanford Entities Sec. Litig.*, 655 F. Supp. 2d at 1360-61

(highlighting coordination of common issues as a reason to establish the *Stanford MDL*

proceeding); *In re Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) (finding that the

"potential for conflicting or overlapping class actions presents one of the strongest reasons for

transferring such . . . actions to a single district for coordinated . . . pretrial proceedings which

will include an early resolution of such potential conflicts").  Both of the class-related legal

issues have been raised in the prior class certification submissions to the Court.  And the Bank

Defendants will be presenting substantial new expert testimony and legal analysis on these

issues, which the Court will benefit from reviewing in considering class certification in all of

these actions.

> ### A.     The Court Should Coordinate Its Decision on Whether Certification of a Global Class Is Inappropriate Because Various Foreign Countries Will Not Recognize or Enforce a Future Judgment in These MDL Proceedings

In each of the four putative class actions, the Court will need to examine whether the

relevant foreign jurisdictions will recognize, enforce, and give preclusive or *res judicata* effect to

an opt-out class action judgment against the putative class.  *See, e.g.*, *In re Vivendi Universal,*

*S.A.*, 242 F.R.D. 76, 95 (S.D.N.Y. 2007) ("Where plaintiffs are unable to show that foreign court

recognition is more likely than not, this factor weighs against a finding of superiority and . . .

may lead to the exclusion of foreign claimants from the class.").  In the *Proskauer* and *Willis*

Actions, defendants submitted testimony from four experts regarding the laws in seven Latin

American jurisdictions (Colombia, Ecuador, El Salvador, Mexico, Panama, Peru, and

Venezuela), concluding that these jurisdictions would not recognize, enforce, and grant

preclusive or *res judicata* effect to a class judgment in those actions.  *See, e.g.*, Opp'n of Defs. to

Pls.' Opp. Mot. for Class Cert. at 45-46, *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG (N.D. Tex. Apr. 20, 2015), Dkt. No. 197 ("*Proskauer* Opp'n"); Willis and Baranoucky's Opp'n to Pls.' Mot. for Class Cert. at 58-61, *Troice v. Willis of Colorado Inc.*, No. 3:09-cv-01274-N-BG (N.D. Tex. Mar. 20, 2015), Dkt. No. 243; Def. Bowen, Miclette & Britt, Inc.'s Opp'n to Pls.' Mot. for Class Cert. at 45-50, *Troice v. Willis of Colorado Inc.*, No. 3:09-cv-01274-N-BG (N.D. Tex. Mar. 20, 2015), Dkt. No. 246.

In the Bank Action, the Bank Defendants recently served thirteen expert reports opining on the laws in seven Latin American jurisdictions (Colombia, Ecuador, El Salvador, Mexico, Panama, Peru, and Venezuela), as well as expert reports opining on the laws in seven additional jurisdictions in North America, the Caribbean, and Europe (Canada, France, Germany, the former Netherlands Antilles (including Aruba), Spain, Switzerland, and the United Kingdom)—jurisdictions that have not been addressed in any of the prior class certification submissions.  As the following chart highlights, these expert witnesses are among the most reputable individuals in their fields:

| Subject Matter of Legal Opinion | Expert | Notable Qualifications/Affiliations |
|---|---|---|
| **Canadian Law** | Janet Walker | • Professor at *Osgoode Hall Law School of York University* and former visiting professor at universities across the globe<br>• Author of authoritative Canadian treatise on Conflict of Laws |
| **Colombian Law** | Eduardo Zuleta | • Senior Partner at a Bogotá law firm<br>• Vice President of the International Court of Arbitration of the International Chamber of Commerce ("ICC") |

| Subject Matter of Legal Opinion | Expert | Notable Qualifications/Affiliations |
|---|---|---|
| **French Law** | George A. Bermann | • Professor of law and of European Union law at *Columbia Law School*, focused on comparative and international law<br>• Distinguished Chairholder and Affiliated Professor of law on the faculty of the *Institut des Sciences Politiques* (Paris, France)<br>• Council Member of the European Law Institute |
| **German Law** | Stephen Wilske | • Partner at German law firm with specialized practice in cross-border litigation, including the recognition and enforcement of foreign judgments |
| **Latin American Law, with focus on: Ecuador, El Salvador, Mexico, Panama, Peru, and Venezuela** | Antonio Gidi | • Drafter of Mexican class action code and Brazilian class action legislation<br>• Visiting Professor at the *University of Syracuse College of Law*<br>• Reputed scholar on the recognition and enforcement of U.S. class actions abroad |
| **Mexican Law** | Eduardo Siqueiros | • Partner at Hogan Lovells LLP in Mexico City<br>• Professor at *Universidad Panamericana* and *Escuela Libre de Derecho* |
| **Law in the Former Netherlands Antilles (including Aruba)** | Rogier F. van den Heuvel | • Attorney at a Curaçao law firm, with a practice in the recognition and enforcement of foreign awards<br>• Visiting lecturer in Private International Law at the *University of Curaçao* |
| **Panamanian Law** | Arturo Hoyos | • Former Chief Justice of the Supreme Court of Justice of Panama<br>• 40 years' experience in Panamanian courts and abroad |
| **Peruvian Law** | J. Domingo Rivarola Reisz | • Drafter of Peruvian legislation concerning class action litigation for consumer protection issues<br>• Professor at *Pontificia Universidad Católica del Perú*<br>• Extensive experience in international litigation |

| Subject Matter of Legal Opinion | Expert | Notable Qualifications/Affiliations |
|---|---|---|
| **Spanish Law** | David Arias | • Founding partner of a Madrid law firm, specializing in international dispute resolution<br>• Professor at *Universidad Francisco de Vitoria* |
| **Swiss Law** | Isabelle Romy | • Former Deputy Judge at Swiss Federal Supreme Court<br>• Partner at Zurich law firm<br>• Associate Professor at the *University of Fribourg* and the *Federal Institute of Technology* in Lausanne, focused on Swiss and European Private International Law |
| **Law in the United Kingdom** | Adrian Briggs | • Barrister at the bar of England and Wales<br>• Professor of Private International Law at the *University of Oxford*<br>• Author of authoritative texts on *Civil Jurisdiction and Judgments*; *Private International Law in English Courts*; *Agreements on Jurisdiction and Choice of Law*; and on editorial team for Dicey, Morris & Collins, *The Conflict of Law* |
| **Venezuelan Law** | James Otis Rodner | • Founding partner of Venezuelan law firm<br>• Former principal member of International Court of Arbitration of the ICC |

All thirteen experts respectively conclude that each of the fourteen jurisdictions addressed would not recognize, enforce, or grant preclusive or *res judicata* effect to a judgment in this proposed class action.[5]

The Court will benefit from having a complete and substantial record before it when deciding complex issues regarding international comity, foreign due process concerns, and

---

[5] The expert report of renowned Canadian law professor and legal scholar Janet Walker further addresses how TD Bank uniquely faces nearly identical proceedings in two different jurisdictions—Canada and the United States. The Canadian proceedings consist of two separate lawsuits, including an action brought by the Joint Liquidators of SIBL alleging claims similar to, and seeking a larger quantum of damages than, the proposed U.S. class in this Court. *See Wide v. The Toronto-Dominion Bank*, No. cv-12-9780-00CL (Can. Ont. Sup. Ct. J.).

principles of self-autonomy.  The sophisticated analyses provided by the country-specific experts

in the different class actions complement each other.  The Court should have the advantage of

arraying all of the arguments regarding foreign enforcement of judgments in these proceedings in

assessing this common issue.

> **B.     The Court Should Also Coordinate Its Decision On Whether a Domestic Nationwide Class Is Unmanageable Because of Variations in the Fifty States' Laws Governing the Claims of American Class Members**

In each of the four class actions proposed for coordination, plaintiffs seek to certify a

worldwide class based on state law claims.  The Fifth Circuit has pronounced that "variations in

state law may swamp any common issues and defeat predominance."  *Cole v. Gen. Motors*

*Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734,

741 (5th Cir. 1996)).  The Fifth Circuit has further stated that "[t]he party seeking certification of

a nationwide class must . . . 'provide an extensive analysis of state law variations to reveal

whether these [variations] pose insuperable obstacles.'"  *Id.* (quoting *Spence v. Glock,*

*Ges.m.b.H.*, 227 F.3d 308, 313 (5th Cir. 2000)).  These variations are of critical importance

because even though Texas is the designated forum for these four proceedings, there are

compelling reasons why the law of the state in which a class member resided when he or she

purchased a SIBL certificate of deposit should apply.

Defendants in the *Proskauer* Action have presented predominance arguments on this

issue, arguing that substantive variations among the fifty states' laws present insuperable

obstacles to class certification, and that plaintiffs' failure to present a choice-of-law analysis in

and of itself defeats predominance.  *See Proskauer* Opp'n at 31-35 (arguing that variations in

state law defeat predominance).

The Bank Defendants in this Action will assist the Court by providing an extensive

survey of the law of the fifty states on the four common law claims at issue in this action, claims

which overlap with those alleged in the other three actions.[6]  The Bank Defendants' analysis will examine the claims of civil conspiracy and aiding and abetting fraud, breach of fiduciary duty, and conversion in each of the fifty states, and demonstrate the variations in state law that render class treatment inefficient, unmanageable, and contrary to Fifth Circuit precedent.  *See, e.g.*, *Norwood v. Raytheon Co.*, 237 F.R.D. 581, 598-99 (W.D. Tex. 2006) (noting that "American jurisdictions differ as to the elements of a civil conspiracy claim" and finding that common issues did not predominate in class action based on state law).[7]  Given the similarity in asserted claims among the four class actions, the Bank Defendants' in-depth survey will aid the Court in assessing class certification for all of these actions.  Coordinated consideration of these issues will allow the Court to efficiently undertake a robust examination of this critical criterion for class management.

## CONCLUSION

For all of the foregoing reasons, the Bank Defendants respectfully request that the Court coordinate consideration of class certification in the four identified putative class actions with respect to two common issues: (a) whether various foreign jurisdictions will recognize, enforce, and grant preclusive or *res judicata* effect to a class judgment in these *Stanford MDL* proceedings, and (b) whether variations in the applicable state laws will cause a nationwide class

---

[6]   Plaintiffs in this action have failed to identify the citizenship or residency of any proposed class members, other than the six named plaintiffs.  *See* SAC ¶¶ 12-17.  Of the six named plaintiffs, four reside in the United States and all in different states.  *See id.* ¶¶ 12-15 (describing named plaintiffs residing in Florida, Louisiana, Mississippi, and North Carolina).  Given that the proposed class has members who may be domiciled in potentially all fifty states, the Bank Defendants will analyze the laws of all of the fifty states in their survey.

[7]   For example, the elements of civil conspiracy vary materially across states.  *Compare Abbott v. Gordon*, No. 04C-09-055PLA, 2008 WL 821522, at *18 (Del. Super. Ct. Mar. 27, 2008) (Delaware "requires a plaintiff to establish . . . specific intent to engage in a conspiracy."), *with Clemons v. State Risk Mgmt. Trust Fund*, 870 So. 2d 881, 883 (Fla. Dist. Ct. App. 2004) (Under Florida law, a civil conspiracy "does not require a finding of specific intent.").

of Stanford investors to be too unwieldy to manage.


Dated: July 28, 2015                          Respectfully submitted,


                                    By: /s/ Rodney Acker
                                            Rodney Acker
                                                State Bar No. 00830700
                                            Ellen Sessions
                                                State Bar No. 00796282
                                            James V. Leito IV
                                                State Bar No. 24054950
                                            NORTON ROSE FULBRIGHT US LLP
                                            2200 Ross Avenue, Suite 3600
                                            Dallas, Texas 75201-7932
                                            T:  (214) 855-8000
                                            F:  (214) 855-8200
                                            rodney.acker@nortonrosefulbright.com
                                            ellen.sessions@nortonrosefulbright.com
                                            james.leito@nortonrosefulbright.com

                                            Of Counsel:

                                            Lynn K. Neuner (*pro hac vice*)
                                            Peter E. Kazanoff (*pro hac vice*)
                                            Katherine A. Helm (*pro hac vice*)
                                            SIMPSON THACHER & BARTLETT LLP
                                            425 Lexington Avenue
                                            New York, New York 10017
                                            T:  (212) 455-2000
                                            F:  (212) 455-2502
                                            lneuner@stblaw.com
                                            pkazanoff@stblaw.com
                                            khelm@stblaw.com

                                            *Attorneys for Defendant*
                                            *The Toronto-Dominion Bank*

By: /s/ Jeffrey C. Kubin
    Robin C. Gibbs
      State Bar No. 07853000
    Jeffrey C. Kubin
      State Bar No. 24002431
    Robert J. Madden
      State Bar No. 07853000
    Ashley McKeand Kleber
      State Bar No. 24060263
    GIBBS & BRUNS LLP
    1100 Louisiana, Suite 5300
    Houston, Texas 77002
    T:  (713) 650-8805
    F:  (713) 750-0903
    rgibbs@gibbsbruns.com
    jkubin@gibbsbruns.com
    rmadden@gibbsbruns.com
    akleber@gibbsbruns.com

*Attorneys for Defendant Trustmark
National Bank*

By: /s/ Noelle M. Reed
    Noelle M. Reed
      State Bar No. 24044211
    Daniel E. Bolia
      State Bar No. 24064919
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    1000 Louisiana Street, Suite 6800
    Houston, Texas 77002
    T:  (713) 655-5122
    F:  (713) 483-9122
    noelle.reed@skadden.com
    daniel.bolia@skadden.com

    George A. Zimmerman (*pro hac vice*)
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    4 Times Square
    New York, New York 10036
    T:  (212) 735-3000
    george.zimmerman@skadden.com

*Attorneys for Defendant Société
Générale Private Banking (Suisse) S.A.*

By: /s/ Roger B. Cowie
    Edwin R. DeYoung
      State Bar No. 05673000
    Roger B. Cowie
      State Bar No. 00783886
    David Cabrales
      State Bar No. 00787179
    Taylor F. Brinkman
      State Bar No. 24069420
    LOCKE LORD LLP
    2200 Ross Avenue, Suite 2200
    Dallas, Texas 75201
    T:  (214) 740-8000
    F:  (214) 740-8800
    edeyoung@lockelord.com
    rcowie@lockelord.com
    dcabrales@lockelord.com
    tbrinkman@lockelord.com

*Attorneys for Defendant
HSBC Bank PLC*

By: /s/  Brad Repass
    Brad Repass
      State Bar No. 16786700
    HAYNIE RAKE REPASS & KLIMKO P.C.
    Wellington Centre
    14643 Dallas Parkway, Suite 550
    Dallas, Texas 75254
    T:  (972) 716-1855
    F: (972) 716-1850
    brad@hrrpc.com

    Paul C. Watler
      State Bar No. 20931600
    Jeffrey G. Hamilton
      State Bar No. 00793886
    JACKSON WALKER LLP
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    T: (214) 953-6000
    F: (214) 953-5822
    pwatler@jw.com
    jhamilton@jw.com

*Attorneys for Defendant Independent Bank,
successor by merger to Bank of Houston*

15

By: /s/  Brian A. Herman
    Brian A. Herman (*pro hac vice*)
    Stephanie Gamiz (*pro hac vice*)
    MORGAN LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178-0060
    T:  (212) 309-6000
    F:  (212) 309-6001
    bherman@morganlewis.com
    sgamiz@morganlewis.com

    Aaron C. Christian
      State Bar No. 24076089
    MORGAN LEWIS & BOCKIUS LLP
    1717 Main Street, Suite 3200
    Dallas, TX 75201
    T:  (214) 446-4000
    F:  (214) 466-4001
    achristian@morganlewis.com

    Ryan C. Wooten
      State Bar No. 24075308
    MORGAN LEWIS & BOCKIUS LLP
    1000 Louisiana Street, Suite 4000
    Houston, TX 77002-5006
    T:  (713) 890-5000
    rwooten@morganlewis.com

    *Attorneys for Defendant Blaise Friedli*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 of the Local Rules for the U.S. District Court for the Northern District of Texas, on July 21, 2015, counsel for the Bank Defendants conferred with James Swanson at Fishman Haygood, L.L.P., counsel for class plaintiffs, and Peter Morgenstern at Butzel Long, P.C., counsel for the Official Stanford Investors Committee and the putative class, in a good-faith attempt to resolve this matter by agreement.  On July 27, 2015, Mr. Swanson and Mr. Morgenstern  indicated that they take no position with respect to the relief requested herein.

In July 2015, counsel for the Bank Defendants also conferred with counsel for plaintiffs and defendants in *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG, counsel for plaintiffs and defendants in *Troice v. Willis of Colorado Inc.*, No. 3:09-cv-01274-N-BG, and counsel for plaintiffs and defendants in *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-BG, to advise them of this motion.  Counsel for plaintiffs in these three actions have indicated that they oppose the relief requested herein.  Counsel for defendants in these three actions have indicated that they take no position with respect to the relief requested herein.

/s/ Rodney Acker
Rodney Acker

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, the foregoing document was filed with the Court's CM/ECF system, which has generated and delivered electronic notices of filing to all counsel of record who have consented to electronic service.

/s/ Rodney Acker
Rodney Acker

17