IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEGGY ROIF ROTSTAIN, et al. on behalf of themselves and all others similarly situated, § § § § § § § § § § § § § § § § § § | Civil Action No 3:09-CV-02384-N-BG Judge: Hon. David C. Godbey Mag.: Hon. Nancy M. Koenig |
| *Plaintiffs*, | |
| and | |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE | |
| *Plaintiff-Intervenor*, | |
| v. | |
| TRUSTMARK NATIONAL BANK, et al., | |
| *Defendants*. | |

**RESPONSE TO DEFENDANTS' MOTION
TO COORDINATE CERTAIN CLASS CERTIFCATION ISSUES**

Class Plaintiffs,[1] through their attorneys, hereby file this response to the Bank Defendants'[2] motion to coordinate certain class certification issues and their memorandum in support thereof. Doc. Nos. 300, 301.

On July 28, 2015, the Bank Defendants filed a motion requesting that this Court coordinate two issues that the Bank Defendants assert "will need to be decided" in the above-captioned matter, as well as in three other putative class action matters currently before this Court (*Troice, et al. v. Proskauer Rose, LLP, et al.*, No. 3:09-cv-01600-N-BG; *Troice, et al. v. Willis of Colorado Inc., et al.*, No. 3:09-cv-01274-N-BG; and *Turk, et al. v. Pershing, LLC*, No. 3:09-cv-02199-N-BG). Doc. No. 301 at 1-2. According to the Bank Defendants, the two issues

---

[1] Class Plaintiffs consist of Steven Queyrouze, Guthrie Abbott, Salim Estefenn Uribe, Sarah Elson-Rogers, Diana Suarez, and Ruth Alfille de Penhos, on behalf of themselves and all others similarly situated.

[2] The Bank Defendants consist of The Toronto-Dominion Bank, Trustmark National Bank, Independent Bank f/k/a Bank of Houston, Société Générale Private Banking (Suisse) S.A., HSBC Bank, plc, and Blaise Friedli.

that this Court must consider in all four cases are: (1) whether certain foreign jurisdictions would recognize this Court's judgment in a class action matter; and (2) whether there are differences among the laws of the 50 states of the United States that bear upon the issue of class certification. *Id*. at 2.

Class Plaintiffs take no position with respect to the relief that the Bank Defendants have requested regarding coordination of these two issues. Class Plaintiffs, however, disagree with any implication that might be drawn from the Bank Defendants' motion regarding the import or outcome of these issues. First, Class Plaintiffs believe that there is no basis for the Bank Defendants' underlying presumption that substantive variation in the laws of the 50 states must necessarily play any role in this Court's decision regarding class certification. Class Plaintiffs further note that although the Bank Defendants have obtained declarations regarding the laws of foreign jurisdictions, Class Plaintiffs have served upon the Bank Defendants rebuttal expert reports on the laws of foreign jurisdictions authored by well-credentialed and experienced individuals. Those reports, and the conclusions that they draw, are consistent with the decisions that other federal district courts have reached permitting the certification of classes involving class members located in foreign jurisdictions. *See*, *e.g.*, *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 289 F.R.D. 105 (S.D.N.Y. 2013) (permitting class claims of plaintiffs from the Netherlands, Curacao, the United Kingdom, Canada, Spain, Panama, Colombia, Uruguay, Brazil, Chile, Venezuela, Argentina, Ecuador, El Salvador, Peru, Dominican Republic, Mexico, Bolivia, and Belgium); *In re Alstom SA Securities Litigation*, 253 F.R.D. 266 (S.D.N.Y. 2008) (permitting class claims of plaintiffs from England and Canada); *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 105 (S.D.N.Y. 2007) (permitting class claims of plaintiffs from England, France, and the Netherlands). In sum, whether or not this Court grants the Bank Defendants' requested

relief, Class Plaintiffs intend to supply this Court with compelling authority that contests the Bank Defendants' position on the two issues they identify in their motion.

Dated: August 18, 2015

Respectfully Submitted,

/s/ *James R. Swanson*
James R. Swanson (*pro hac vice*)
jswanson@fishmanhaygood.com
Lance C. McCardle (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
Jesse C. Stewart (*pro hac vice*)
**Fishman Haygood, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Tel.: (504) 586-5252
Fax: (504) 586-5250

Peter D. Morgenstern (*pro hac vice*)
Joshua E. Abraham (*pro hac vice*)
**Butzel Long, P.C.**
230 Park Avenue, Suite 850
New York, New York 10169
Tel.: (212) 818-1110
Fax: (212) 818-0494

*Attorneys for the Plaintiffs*

Eric Seiler
Scott M. Berman
**Friedman Kaplan Seiler & Adelman, L.L.P.**
7 Times Square
New York, NY 10036-6516
Tel.: (212) 833-1100
Fax: (212) 833-1250

*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of August, 2015, served a copy of the foregoing upon counsel of record by CM/ECF filing.

/s/     *James R. Swanson*