UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEGGY ROIF ROTSTAIN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>TRUSTMARK NATIONAL BANK, HSBC BANK, INDEPENDENT BANK F/K/A BANK OF HOUSTON, SG PRIVATE BANKING (SUISSE) S.A., and BLAISE FRIEDLI,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 3:09-CV-02384-N |

**RESPONSE AND OBJECTION OF PUTATIVE CLASS PLAINTIFFS TO DEFENDANTS' MOTION TO COORDINATE CERTAIN CLASS CERTIFICATION ISSUES SUBJECT TO MOTION TO INTERVENE**

COME NOW Putative Class Plaintiffs Samuel Troice, Punga Punga Financial Limited, Daniel Gomez Ferreiro, Manuel Canabal and others similarly situated, in *Troice, et al. v. Willis of Colorado, Inc., et al*, No. 3:09-CV-01274-N-BG, Samuel Troice, Pam Reed, Punga Punga Financial Limited and all others similarly situated, in *Troice v. Proskauer Rose, et al.*, No. 3:09-CV-01600-N and Lynne Turk, Individually and as Trustee of the Lynne Caperona Revocable Trust, Susan Blount, and Dale Quisenberry and all other similarly situated, in *Turk, et al. v. Pershing LLC*, No. 3:09-CV-02199-N and file this Response and Objection to Defendants' Motion to Coordinate Certain Class Certification Issues, subject to Motion to Intervene.

BACKGROUND

On July 28, 2015, Defendants, The Toronto-Dominion Bank, Trustmark National Bank, HSBC Bank plc, Independent Bank, successor by merger to Bank of Houston, Société Générale

Private Banking (Suisse) S.A., and Blaise Friedli (collectively, "Bank Defendants") filed a Motion to Coordinate Certain Class Certification issues in this lawsuit (the "Bank Class Action") with the three putative class actions listed above (the "Willis, Proskauer and Pershing Class Actions"). Because the parties to the Willis, Proskauer and Pershing Class Actions are not parties to this lawsuit, this pleading is filed subject to a Motion to Intervene.

**I.     The Court Entered a Separate Class Scheduling Order in Each of the Class Actions.**

a.     The Court entered a class scheduling order in the *Troice v. Willis* case on September 16, 2014, Doc. No. 192. Pursuant to that scheduling order, the parties designated experts, conducted written discovery and depositions in Dallas, Texas and New York City. The Parties coordinated the discovery with the *Troice v. Proskauer* case to avoid additional time and expenses. The briefing closed on June 6, 2015.

b.     The Court entered a class scheduling order in *Troice v. Proskauer* case on September 16, 2014, Doc. No. 142. Pursuant to that scheduling order the parties designated experts, exchanged written discovery and conducted depositions in Dallas, Texas and New York City. As stated above, the Parties coordinated the discovery with the *Troice v. Willis* case to avoid additional time and expense. The briefing closed on April 20, 2015.

c.     The Court entered a class scheduling order in *Turk v. Pershing* case on December 2, 2014, Doc. No. 123. Pursuant to that scheduling order the parties designated experts, exchanged written discovery and conducted depositions in Austin, Texas. The briefing closed on August 10, 2015.

**II.    It is unfair to require the parties in the *Troice v. Willis, Troice v. Proskauer* and *Turk v. Pershing* cases to re-open the briefing and discovery after the deadlines have closed.**

1931415.1/SPSA/21691/0101/081815

The parties to the *Troice v. Willis, Troice v. Proskauer* and *Turk v. Pershing* cases have undertaken great time and expense to comply with the Court's respective class scheduling orders. Moreover, they scheduled depositions of the same witnesses in both cases in order to conserve time and expenses.

The motion to coordinate filed by the Bank Defendants would unfairly require the Parties in the Willis, Proskauer and Pershing cases to address 14 new experts and conduct additional discovery and briefing thereby unduly causing them to incur great time, expense and delay long after the class briefing in their respective cases has closed.

The prejudice that will be suffered by Plaintiffs by re-opening discovery and briefing is far outweighed by the Bank Defendants' efforts to merely add additional evidence on the superiority prong regarding foreign law from numerous experts providing nothing more than hypothetical and speculative legal opinions on subjects that have already been extensively briefed in the Proskauer and Willis cases.  In fact, the deposition testimony and reports of Plaintiffs' experts, who are leading authorities and scholars in the field of International Law, are consistent with the conclusions of other federal district courts that have allowed class certification of classes whose members are located in foreign jurisdictions.  *See, e.g., Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 289 F.R.D. 105 (S.D.N.Y. 2013) (permitting class claims of plaintiffs from the Netherlands, Curacao, the United Kingdom, Canada, Spain, Panama, Colombia, Uruguay, Brazil, Chile, Venezuela, Argentina, Ecuador, El Salvador, Peru, Dominican Republic, Mexico, Boliva, and Belgium); *In re Alstom SA Securities Litigation*, 253 F.R.D. 266 (S.D.N.Y. 2008) (permitting class claims of plaintiffs from England and Canada); *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 105 (S.D.N.Y. 2007) (permitting class claims of plaintiffs from England, France and the Netherlands).

1931415.1/SPSA/21691/0101/081815

**III.    The Motion to Coordinate was filed too late.**

The Bank Defendants had notice of the class briefing schedules entered by the Court many months ago and wholly failed to file a motion to coordinate at that time. Instead, they waited until the parties in the Willis, Proskauer and Pershing cases completed class discovery and briefing before presenting this motion. Clearly, this motion was filed too late and should not be granted.

## CONCLUSION

Based upon the foregoing reasons, the *Troice v. Willis*, *Troice v. Proskauer* and *Turk v. Pershing* Plaintiffs respectfully request that the Court deny the Bank Defendants' Motion to Coordinate.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

By: /s *Edward F. Valdespino*
EDWARD F. VALDESPINO
State Bar No. 20424700
edward.valdespino@strasburger.com
ANDREW L. KERR
State Bar No. 11339500
andrew.kerr@strasburger.com

P. MICHAEL JUNG
State Bar No. 11054600
DAVID N. KITNER
State Bar No. 11541500
david.kitner@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**CASTILLO SNYDER, P.C.**
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 630-4200
Facsimile: (210) 630-4210

By: */s Edward C. Snyder*
EDWARD C. SNYDER
State Bar No. 00791699
esnyder@casnlaw.com
JESSE R. CASTILLO
State Bar No. 03986600
jcastillo@casnlaw.com

**NELIGAN FOLEY, LLP**
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301

By: */s Nicholas A. Foley*
NICHOLAS A. FOLEY
State Bar No. 07208620
nfoley@neliganlaw.com
DOUGLAS J. BUNCHER
State Bar No. 03342700
dbuncher@neliganlaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**

## **CERTIFICATE OF SERVICE**

On August 18, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: */s Edward F. Valdespino*
      Edward F. Valdespino

563162.1/SPSA/20186/0106/110311
1931415.1/SPSA/21691/0101/081815