# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, et al. on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs | § § | |
| and | § § | Civil Action No. 3:09-CV-2384-N |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § | |
| Plaintiff-Intervenor, | § § | |
| v. | § § | |
| TRUSTMARK NATIONAL BANK, HSBC BANK PLC, THE TORONTO-DOMINION BANK, BANK OF HOUSTON, SG PRIVATE BANKING (SUISSE) S.A., and BLAISE FRIEDLI, | § § § § § § | |
| Defendants. | § § | |

# DEFENDANT BLAISE FRIEDLI'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.     CLASS PLAINTIFFS NEVER SERVED MR. FRIEDLI ............................................... 3

II.    MR. FRIEDLI HAS NEVER GENERALLY APPEARED IN THE CLASS ACTION ........................................................................................................................... 5

III.   CLASS PLAINTIFFS' CLAIMS AGAINST MR. FRIEDLI ARE TIME BARRED ........................................................................................................................... 7

       A.     All Claims Against Mr. Friedli Are Time Barred................................................ 7

       B.     In The Alternative, Class Plaintiffs Concede That Claims 4 And 5 Are Time Barred ........................................................................................................... 9

       C.     Class Plaintiffs' Claims Fail For The Additional Reasons Set Forth In Briefing By The Bank Defendants .................................................................... 10

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Flores v. Koster*,
  No. 3:11-CV-0726, 2013 U.S. Dist. LEXIS 92044 (N.D. Tex. May 20, 2013) ........................3

*Gant v. DeLeon*,
  786 S.W.2d 259 (Tex. 1990)..................................................................................................8

*Jacobsen v. Osborne*,
  133 F.3d 315 (5th Cir. 1998) .................................................................................................9

*Lozano v. Bosdet*,
  693 F.3d 485 (5th Cir. 2012) .................................................................................................4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)...........................................................................................................1, 5

*Omni Capital v. Rudolf*,
  484 U.S. 97 (1987), *superseded by statute on other grounds*................................................3, 5

*Pineda v. Countrywide Home Loans, Inc.*,
  No. H-12-356, 2012 WL 2050358........................................................................................8

*T.R. Hoover Community Dev. Corp. v. City of Dallas*,
  No. 3:06-CV-2148-O, 2008 WL 2604818 (N.D. Tex. July 2, 2008).................................3, 5

*Way v. Mueller Brass Co.*,
  840 F.2d 303 (5th Cir. 1988) .................................................................................................5

*Winters v. Teledyne Movible Offshore, Inc.*,
  776 F.2d 1304 (5th Cir. 1985) ...............................................................................................3

**STATUTES**

Futures Trading Practices Act of 1992 § 211, Pub.L.No. 102-546, 106 Stat. 3590 (1992).............3

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ....................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(c)(1)(C) ..............................................................................................................9

Fed. R. Civ. P. 21...................................................................................................................5, 6, 7

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 66382 ......................................2

This reply memorandum is submitted on behalf of Blaise Friedli in further support of his motion to dismiss the Class SAC.[1]  Mr. Friedli also joins in the reply briefs filed by his co-defendants in this action.

## **PRELIMINARY STATEMENT**

It is a "bedrock principle" that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id*. at 350.

Mr. Friedli was never served with process in the Class Action.  That simple fact requires dismissal of the claims in the Class SAC as against Mr. Friedli.

Trying to get around their failure to serve Mr. Friedli, Class Plaintiffs twist themselves in knots.  For example, Class Plaintiffs misleadingly state that Mr. Friedli "was served with 'good faith and reasonable dispatch.'"  (Plfs. Resp. at 32.)  Lacking proof of service or a summons, they point instead to the fact that they asked the Court to incorporate by reference allegations from the separate Official Stanford Investor Committee action (the "Intervenor Action") into the Class Action and then, subsequently, the Intervenor served process in the Intervenor Action.  But service by the Intervenor in the Intervenor Action—which occurred prior to the Court granting an order incorporating allegations from the Intervenor Complaint into the Class Action—is irrelevant.  No matter what the overlap is in the factual allegations, service by a separate plaintiff (the Intervenor) with different papers does not moot Class Plaintiffs' service obligation.

---

[1] Unless otherwise defined herein, capitalized terms in this reply brief have the same meaning as terms capitalized in Blaise Friedli's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint and Brief in Support Thereof.  (Docket No. 299.)

Class Plaintiffs also point to the fact that Mr. Friedli's "name appeared throughout" the Petition. But the fact that Mr. Friedli was mentioned in the Petition is not a substitute for service of process under the Federal Rules of Civil Procedure, the Hague Convention,[2] or any other legally recognized form of service on a foreign defendant.

Next, Class Plaintiffs urge the Court that a "flexible" standard should be applied to service on a foreign defendant. However, the case Class Plaintiffs cite in favor of "flexibility" concerns the time within which service must be completed. Tellingly, Class Plaintiffs cite **no** authority for the proposition that they can forgo and forget actual service on Mr. Friedli simply because he may have had notice of the Class Action. Indeed, under Class Plaintiffs' logic, a plaintiff could just ignore service rules and instead, for example, send an email to the putative foreign defendant. That is not the law.

Class Plaintiffs also try to get around the fact that they botched service by pointing to two documents filed on Mr. Friedli's behalf, which they claim constitute general appearances in the Class Action. Class Plaintiffs completely mischaracterize these documents. Neither constitutes a general appearance or acceptance of the Court's jurisdiction over Mr. Friedli.

Finally, Class Plaintiffs concede that their claim under the Texas Securities Act is (at least partially) time barred under the applicable statute of repose. But under Texas law, their complete failure to serve Mr. Friedli means that the statute of limitations has expired on all of their claims.

---

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.

For all of these reasons, Mr. Friedli respectfully requests that this Court dismiss him from all claims asserted by Class Plaintiffs in the Class SAC.[3]

## ARGUMENT

### I. CLASS PLAINTIFFS NEVER SERVED MR. FRIEDLI

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital v. Rudolf*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds,* Futures Trading Practices Act of 1992 § 211, Pub.L.No. 102-546, 106 Stat. 3590 (1992); *Flores v. Koster*, No. 3:11-CV-0726, 2013 U.S. Dist. LEXIS 92044, at *6 (N.D. Tex. May 20, 2013). Thus, even if the Court disregards the fact that Mr. Friedli is a Swiss national with no ties to Texas, the Court still cannot exercise jurisdiction over Mr. Friedli unless Class Plaintiffs can demonstrate that they have properly served him with process. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *T.R. Hoover Community Dev. Corp. v. City of Dallas*, No. 3:06-CV-2148-O, 2008 WL 2604818, at *2 (N.D. Tex. July 2, 2008). Class Plaintiffs make no such showing.

To be clear, the *Intervenor* served Mr. Friedli with the *Intervenor Complaint*, pursuant to the Hague Convention, on May 8, 2013. (Docket No. 149.) But that was well before the Court issued an order incorporating the Intervenor Complaint into the Class Action. (Docket No. 212.) And despite the fact that the Intervenor and the Class Plaintiffs share counsel—counsel who clearly knew how to effect service under the Hague Convention—at no time did Class Plaintiffs or their counsel make any effort to serve Mr. Friedli with process in the Class Action.

---

[3] Mr. Friedli submits this reply subject to, and without waiving, the defense that he is not subject to personal jurisdiction in Texas. For the sake of judicial economy, Mr. Friedli incorporates all prior briefing on these issues and does not restate those arguments here.

Citing *Lozano v. Bosdet*, 693 F.3d 485 (5th Cir. 2012), Class Plaintiffs argue that the standard for service on foreign defendants should be "flexible" and measured by a "[g]ood faith and reasonable dispatch" yardstick. (Plfs. Resp. at 32–33.) But Class Plaintiffs' reliance on *Lozano* is misplaced. In *Lozano*, the plaintiff made numerous attempts to serve a foreign defendant, but was unable to do so and the trial court dismissed the case. The Fifth Circuit reversed, adopting a "flexible due diligence standard" to determine whether the delay should be excused and holding that "[g]ood faith and reasonable dispatch are the proper yardsticks" for measuring the efforts by the plaintiff. *Lozano*, 693 F.3d at 489. In no event did the *Lozano* court suggest there was flexibility as to whether service must actually be effected. Rather, the Court noted the plaintiff's "signs of good faith in her escalating efforts to serve (mail, personal service, and now the Hague mechanism). . . ."

Moreover, Class Plaintiffs' assertion that their "efforts to effectuate service on Friedli satisfy the good faith and reasonable dispatch standard" for service on a foreign defendant is simply false. (Plfs. Resp. at 32.) In reality, unlike the plaintiff in *Lozano*, Class Plaintiffs took **no** "efforts to effectuate service." They do not claim to have hired a process server or to have followed any of the steps required for service on a foreign defendant.

Indeed, Class Plaintiffs cite exactly one "effort," and they do so in a misleading manner. Specifically, Class Plaintiffs point to the fact that on December 14, 2012, the same day the Intervenor Complaint was filed, Class "Plaintiffs requested leave to amend 'the Class Complaint to incorporate by reference the allegations set forth [**against Friedli**] in the Intervenor Complaint.'" (Plfs. Resp. at 32 (citing Docket No. 131, the "Motion to Amend the Class Action" (emphasis added)).) But the critical language—"[**against Friedli**]"—does not actually appear in Class Plaintiffs' Motion to Amend the Class Action Complaint. In fact, Mr. Friedli's name only

4

appears in the case caption of the proposed order. And Class Plaintiffs do not (and cannot) explain how filing a motion to incorporate claims from one case into another satisfies the fundamental requirement for service of process found in the Federal Rules and recognized by the Supreme Court in cases like *Murphy Bros.* and *Omni Capital*.[4]

Class Plaintiffs also argue that Mr. Friedli "can hardly claim to have been a stranger to the allegations in [Class] Plaintiffs' original class action complaint when his name appeared throughout." (Plfs. Resp. at 33.) Apparently, Class Plaintiffs want to replace the service requirements engrained in our judicial system with a "knowledge" standard. That is not the law: "knowledge of the suit is irrelevant, as Rule 4 does not authorize actual notice as a substitute for service of process." *T.R. Hoover*, 2008 WL 2604818, at *2 (citing Fed. R. Civ. P. 4); *see Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.").

## II. MR. FRIEDLI HAS NEVER GENERALLY APPEARED IN THE CLASS ACTION

Class Plaintiffs oppose Mr. Friedli's motion to dismiss on the alternative basis that, even if they failed to serve Mr. Friedli, he has, by virtue of two filings, generally appeared in the Class Action and thus, whether he has been served is irrelevant. (Plfs. Resp. at 31–32.) Class Plaintiffs are wrong: Mr. Friedli has not generally appeared in the Class Action.

The first filing cited by Class Plaintiffs is a document dated December 20, 2013. (Docket No. 178.) The facts surrounding this filing and the content thereof demonstrate that this is not a general appearance by Mr. Friedli in the Class Action.

---

[4] Class Plaintiffs do not argue here that their Motion for Leave to Amend should be treated as one made for the purpose of adding a defendant to this lawsuit under federal rules. *See* Fed. R. Civ. P. 21. But as set forth in Mr. Friedli's opening brief (Docket No. 299, p. 16–17), even if the motion were treated as such, service of process is still required.

5

As a preliminary matter, the filing was made *after* Mr. Friedli filed a motion to dismiss the Intervenor Complaint for lack of personal jurisdiction and on the merits (Docket No. 160) but *before* the Court issued its order incorporating by reference allegations in the Intervenor Complaint into the Class Action. (Docket No. 212.) Thus, at the time of the filing, Mr. Friedli could not have possibly have been a defendant in the Class Action[5] and therefore could not have been recognizing this Court's jurisdiction over him with respect to Class Plaintiffs' claims.

Moreover, Mr. Friedli's filing had nothing to do with the Class Action. Specifically, the filing was made in response to an Order of this Court dated December 3, 2013 in *all* of the Stanford cases asking the parties in *all* of the cases to provide input "regarding the priority of decision in various matters pending in *all cases* within the *In re Stanford Entities Securities Litigation.*" (Docket No. 171 (emphasis added).) The filing is a joint filing by all defendants in both the Class Action and the Intervenor Action concerning the sequencing of pending motions to dismiss in **both** actions. From Mr. Friedli's perspective, that means he was writing concerning the sequencing of his motion to dismiss the Intervenor Complaint, which was based in large part on the absence of personal jurisdiction. There is simply no support for the proposition that Mr. Friedli's response to an Order from the Court concerning sequencing of his pending motion to dismiss the Intervenor Complaint for lack of personal jurisdiction and on the merits constitutes a general appearance or submission to jurisdiction in the separate Class Action.

Tellingly, in responding to Mr. Friedli's motion to dismiss the Intervenor Complaint for lack of personal jurisdiction and Mr. Friedli's subsequent motion for reconsideration, the Intervenor—represented by the same counsel representing the Class Plaintiffs—never asserted that this filing somehow constituted a general appearance in the Intervenor Action.

---

[5] Mr. Friedli denies that the Court's order of incorporation (Docket No. 212) made him a defendant in light of the fact that he was never served or added as a party pursuant to Federal Rule of Civil Procedure 21 but observes that this is the earliest date Class Plaintiffs appear to claim he was made a party.

The second filing cited by Class Plaintiffs as a general appearance is Mr. Friedli's objection to Class Plaintiffs' Motion for Leave to Amend. (Docket No. 263.) This document expressly states that "Mr. Friedli submits this opposition subject to, and without waiving, the defense that he is not subject to personal jurisdiction in Texas." (Docket No. 263, p. 1.) Contrary to what Class Plaintiffs argue, Mr. Friedli did not "impliedly recognize[] this Court's jurisdiction over him." Rather, he expressly disavowed it.

Further, in Mr. Friedli's objection to Class Plaintiffs' Motion for Leave to Amend, Mr. Friedli expressly stated that he had never been served in the Class Action and argued that Class Plaintiffs should therefore not be allowed to avoid the requirements of Rule 4 and Rule 21 by amending the Class Action complaint to name Mr. Friedli as a defendant. (Docket No. 263, p. 1–3.) Thus, far from recognizing this Court's jurisdiction over him, Mr. Friedli argued the opposite. Accordingly, Class Plaintiffs' contention that their total failure to serve Mr. Friedli should be forgiven because of these purported general appearances should be disregarded.

## III. CLASS PLAINTIFFS' CLAIMS AGAINST MR. FRIEDLI ARE TIME BARRED

Class Plaintiffs concede that any claims under the Texas Securities Act that arose prior to December 14, 2007 are time barred. (Plfs. Resp. at 35.) However, they argue that the balance of their claims are shielded from the statutes of limitation on the theory that Class "Plaintiffs' December 14, 2012 request to incorporate the allegations stated in the Intervenor Complaint stopped the clock on their claims against Friedli." (Plfs. Resp. at 35.) Class Plaintiffs are wrong.

### A. All Claims Against Mr. Friedli Are Time Barred

As set forth in Mr. Friedli's opening brief, Class Plaintiffs' request to incorporate allegations from the Intervenor Complaint into the Class Action is not the same thing as joining Mr. Friedli as a defendant to the Class Action under Rule 21. (Docket No. 299, p. 15-16.) Class

7

Plaintiffs cite no support for the proposition that filing a motion to incorporate (or even the granting of such a motion) stops a statute of limitations clock.

Moreover, as set forth in Mr. Friedli's opening brief, under Texas law a plaintiff must not only file suit within the applicable limitations period, but must also use diligence in serving the defendant. (Docket No. 299, p. 16-17); *see also Gant v. DeLeon*, 786 S.W.2d 259 (Tex. 1990) ("[A] plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have defendants served with process."). Diligence is measured by "the time taken to procure citation and/or service" and "the type of effort or lack of effort the plaintiff expended in procuring service." *Pineda v. Countrywide Home Loans, Inc.*, No. H-12-356, 2012 WL 2050358, at* 2–3 (S.D. Tex. June 6, 2012) (internal citation omitted). Class Plaintiffs do not dispute this legal principle, and, as demonstrated above, Mr. Friedli has never been served with process by Class Plaintiffs.

Instead, Class Plaintiffs cite an "equitable tolling" doctrine to argue that Class Plaintiffs' claims are timely. But according to the cases cited by Class Plaintiffs, that rule applies only where the plaintiff used diligence in procuring service. Here, as demonstrated above, the Class Plaintiffs demonstrate no such diligence.

At bottom, Class Plaintiffs do not dispute that they discovered all facts necessary to bring a claim against Mr. Friedli by at least August 23, 2009—the date the Petition was filed in Texas state court. (*See* Docket No. 299, p. 18–19.) In fact, in response to this motion Class Plaintiffs argue that "Friedli can hardly claim to have been a stranger to the allegations in the [Class] Plaintiffs' original class action complaint when his name appeared throughout . . . ." (Plfs. Resp. at 33.) Now, six years have passed since the Petition was filed. Mr. Friedli has still never been served in the Class Action, and all statutes of limitations and repose have expired.

### B. In The Alternative, Class Plaintiffs Concede That Claims 4 And 5 Are Time Barred

Even if the Court were not inclined to dismiss all claims on limitations grounds and service grounds, Class Plaintiffs' claims for aiding, abetting or participation in conversion and civil conspiracy are indisputably out of date.

As set forth above, Class Plaintiffs expressly argue that Mr. Friedli's name appeared throughout their Petition, which was originally filed on August 23, 2009. (Plfs. Resp. at 33.) Thus, clearly Mr. Friedli could have been added as a defendant at that time. Class Plaintiffs then argue that the clock stopped running for statute of limitations purposes on December 14, 2012 (Plfs. Resp. at 34)—when they filed their Motion to Amend the Class Action. While Mr. Friedli disagrees with that proposition, assuming Class Plaintiffs are correct, more than three years elapsed between the date Class Plaintiffs could have brought their claims (August 23, 2009) and the date Class Plaintiffs argue they did bring their claims (December 14, 2012). Class Plaintiffs' claims for aiding, abetting or participation in conversion and civil conspiracy are subject to two-year statutes of limitation, and thus must be dismissed as time barred. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

The "relation back" doctrine does not change the result. Rule 15(c) allows the amendment of a complaint to add or change a party defendant after the limitations period has expired in limited circumstances, and only if "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . *knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Here, there was no mistake concerning Mr. Friedli's identification—his name appears throughout the Petition and therefore the doctrine does not apply. *See Jacobsen v. Osborne*, 133 F.3d 315, 320–

9

21 (5th Cir. 1998) ("[Rule 15(c)] is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification. This result is necessitated by the goals of relation-back and Rule 15(c)(3): to correct a mistake concerning the identity of a party.").

### C. Class Plaintiffs' Claims Fail For The Additional Reasons Set Forth In Briefing By The Bank Defendants

Mr. Friedli's co-defendants have also moved to dismiss the claims asserted against them by Class Plaintiffs. Mr. Friedli incorporates by reference the arguments and authorities in his co-defendants' briefs as additional grounds for dismissal of Class Plaintiffs' claims.

### CONCLUSION

For all of the foregoing reasons, Mr. Friedli respectfully requests that this Court grant his motion to dismiss.

Dated: August 18, 2015                                  Respectfully submitted,

/s/ Brian A. Herman
Brian A. Herman (Admitted Pro Hac Vice)
(N.Y. Bar No. 2959120)
Stephanie Gamiz (Pro Hac Vice Pending)
(N.Y. Bar No. 5122163)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
T.  212.309.6000
F.  212.309.6001
bherman@morganlewis.com
sgamiz@morganlewis.com

Aaron C. Christian (Tex. Bar No. 24076089)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas  75201
T. 214.466.4000
F. 214.466.4001
achristian@morganlewis.com

Ryan C. Wooten (Tex. Bar No. 24075308)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas  77002
T. 713.890.5000
F. 713.890.5001
rwooten@morganlewis.com

Attorneys for Defendant
Blaise Friedli

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2015, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Brian A. Herman
Brian A. Herman