**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---

PEGGY ROIF ROTSTAIN, *et al.*, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

and

THE OFFICIAL STANFORD INVESTORS COMMITTEE,

        Plaintiff-Intervenor,

-against-

TRUSTMARK NATIONAL BANK, HSBC BANK PLC, THE TORONTO-DOMINION BANK, INDEPENDENT BANK F/K/A BANK OF HOUSTON, SG PRIVATE BANKING (SUISSE) S.A., and BLAISE FRIEDLI,

        Defendants.

Case No. 3:09-CV-02384-N

---

**SECOND AMENDED AGREED CONFIDENTIALITY ORDER**

In order to protect the confidentiality of information produced and exchanged in this lawsuit, Plaintiffs Steven Queyrouze, Guthrie Abbott, Salim Estefenn Uribe, Sarah Elson-Rogers, Diana Suarez, and Ruth Alfille de Penhos, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), Plaintiff-Intervenor the Official Stanford Investors Committee ("OSIC"), Defendants The Toronto-Dominion Bank, Trustmark National Bank, HSBC Bank plc, Independent Bank, successor by merger to Bank of Houston, Société Générale Private Banking (Suisse) S.A., and Blaise Friedli (collectively, "Defendants"), and Ralph S. Janvey, in his capacity as the Court-Appointed Receiver for the Stanford Receivership Estate

(the "Receiver"), seek the entry of this Second Amended Agreed Confidentiality Order ("Agreed Confidentiality Order").[1]  Plaintiffs, OSIC, Defendants, and the Receiver are the parties to this Agreed Confidentiality Order (recognizing that the Receiver is not a party to this case) and will hereinafter be referred to as the "ACO Parties" or "ACO Party."

The Court, noting that the subject matter of discovery in this case involves the production of confidential banking records, confidential personal information regarding Plaintiffs, and other confidential information, orders as follows:

## ORDER

**A.  Scope of Application**

1. This Agreed Confidentiality Order shall govern all documents (whether in writing, electronic, magnetic and/or digital media or otherwise), testimony, discovery responses, and other materials, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given or filed during formal or informal discovery or other proceedings in this litigation.

2. Nothing in this Agreed Confidentiality Order shall govern Material obtained independent of the proceedings in this litigation, nor shall this Agreed Confidentiality Order apply to an ACO Party's use or disclosure of its own Material.  Nothing in this Agreed Confidentiality Order prevents or restricts the Receiver's use or disclosure of any Material that belongs to the Receiver pursuant

---

[1] Defendants HSBC Bank plc, Société Générale Private Banking (Suisse) S.A., and Blaise Friedli submit this request subject to, and without waiving, the defense that they are not subject to personal jurisdiction in Texas.

2

to the Receivership Order in Case No. 3:09-CV-0298-N (Dkt. No. 1130 and any successors).

3. The provisions of this Agreed Confidentiality Order shall apply to the following persons: (a) the ACO Parties, including their officers, directors, in-house counsel, employees, and agents, (b) any other person producing or receiving Material in this litigation who agrees to be bound by the terms of this Agreed Confidentiality Order, and (c) all counsel of record in the litigation and their employees, staff, and vendors.

B. **Designation of Documents or Other Material**

4. All Material may be designated as "Confidential" by any ACO Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses confidential information, private financial information, or other sensitive information ("Confidential Material"). The designation shall be made by placing a legend on the Material sufficient to identify it as entitled to confidential treatment in this litigation. Additionally, any Material previously designated as "Confidential" pursuant to the August 6, 2010 Agreed Confidentiality Order (Dkt. No. 53) and/or the May 31, 2012 Amended Agreed Confidentiality Order (Dkt. No. 123) will continue to retain such designation under this Agreed Confidentiality Order.

5. In the case of depositions, designation of the portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or in writing within thirty (30) days after the delivery of the transcript by the court reporter to those who have ordered

a copy. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall write or stamp the word "Confidential" on the cover of the relevant portions of the transcript. The ACO Parties may modify this procedure by agreement for any particular deposition without further court order. If a "Confidential" designation is made by an ACO Party after the deposition but within the thirty (30) day period described above, the designation shall be made by delivering to counsel for the ACO Parties a letter identifying the pages of the transcript being designated as "Confidential." During the thirty (30) day period discussed above, the entire transcript shall be treated as "Confidential." With the exception of court reporters, and subject to any other limitations provided by law, only those persons to whom this Agreed Confidentiality Order applies may attend any depositions taken in this litigation.

6. Nothing contained in this Agreed Confidentiality Order:

   a. shall affect the right of any ACO Party to make any objection or other response to discovery requests served on it;

   b. shall affect the right of any ACO Party to make any objection or other response to any question at a deposition;

   c. shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which an ACO Party may have to assert such privilege at any stage of the proceedings; or

   d. shall be construed to prejudice the right of any ACO Party to oppose the production of any Material on any ground allowed by law (including, without limitation, foreign privacy laws that are not adequately addressed by the protections contained in this Agreed Confidentiality Order).

**C.      Limitations On Use Of Confidential Material**

7.  All Confidential Material produced by any ACO Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

8.  Except with the prior written consent of the ACO Party or non-party that produced the Confidential Material, or upon prior order of this Court obtained upon notice to such other ACO Party or non-party's counsel, Confidential Material shall not be disclosed to any person other than:

    a.  the ACO Parties, including an ACO Party's officers, directors, employees, and agents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation;

    b.  counsel for the ACO Parties, including employees of such counsel and vendors who have confidentiality obligations to such counsel;

    c.  expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

    d.  any authors or original recipients of the Confidential Material;

    e.  the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which incorporate or disclose Confidential Material shall be labeled and submitted under seal pursuant to paragraph D below; and

    f.  potential non-party witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation.

9.  Before any Confidential Material may be provided to any person discussed in subparagraphs (c) or (f) above, each such person shall agree to be bound by this

Agreed Confidentiality Order and execute the undertaking attached as Exhibit A to this Agreed Confidentiality Order.

10. Any person receiving Confidential Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

### D. Filing With the Court

11. Confidential Material shall not be filed with the Court unless the Confidential Material is filed under seal in accordance with Rule 79.3 of the Local Civil Rules for the U.S. District Court for the Northern District of Texas.

### E. Objections To Designation

12. If an ACO Party contends that any material designated as "Confidential" is not entitled to such treatment, that ACO Party may at any time give written notice challenging the designation (the "Challenging ACO Party") to the ACO Party or non-party that designated the documents (the "Designating Party") as "Confidential." The Designating Party shall respond to the written notice challenging the designation within fifteen (15) days, or within such other period of time as may be agreed upon by the Challenging ACO Party and the Designating Party. If the Designating Party refuses to remove the "Confidential" designation and the Challenging ACO Party and the Designating Party are unable to resolve their dispute, the Challenging ACO Party may file a motion challenging the designation with the Court. All Material designated as "Confidential" shall be treated as Confidential Material during the pendency of any motion brought pursuant to this paragraph or until the Designating Party withdraws the "Confidential" designation in writing.

**F.     "Confidential" Designation After Case Disposition**

13. All provisions of this Agreed Confidentiality Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

14. Following the final adjudication, or resolution through settlement, of this litigation, counsel for the ACO Parties shall, within thirty (30) days from counsel's receipt of a written request, assemble and return to each other all documents, materials, and deposition transcripts for which a confidential designation is maintained hereunder through such date, and all copies of same, or shall certify the destruction thereof; provided, however, that counsel for any ACO Party shall be entitled to retain pleadings, memoranda, declarations, motions, exhibits, affidavits or deposition transcripts that attach, contain or refer to such designated material, but only to the extent necessary to preserve a file with respect to this action.

**G.     Inadvertent Failure to Designate Material as "Confidential"**

15. The production or disclosure of any Confidential Material that is inadvertently not designated as "Confidential" shall not constitute a waiver of the producing or disclosing person's right to subsequently designate such Material as "Confidential Material" and to demand the immediate return of such Material, and any and all copies thereof, for replacement with identical Material bearing the "Confidential" designation.  Once an ACO Party has been notified that Material not originally designated as "Confidential" will subsequently be designated as Confidential Material, the ACO Party must act in accordance with the provisions of this Agreed Confidentiality Order with respect to such Confidential Material.

**H.     Submission to Court's Jurisdiction**

16.  Each ACO Party who receives Confidential Material in accordance with this Agreed Confidentiality Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the limited purpose of the enforcement of this Agreed Confidentiality Order.  An ACO Party's agreement to be bound by this Agreed Confidentiality Order shall not be considered by the Court in determining whether the Court has personal jurisdiction over that ACO Party.

**I.     Other Requirements**

17.  The treatment of any Confidential Material at trial shall be addressed by the Court and the ACO Parties in connection with the pre-trial conference.

18.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of an ACO Party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

19.  If at any time any Material designated as "Confidential" and governed by this Agreed Confidentiality Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person purporting to have authority to require the production of such Material, the person to whom the subpoena or request is directed shall give prompt written notice (including via electronic means or facsimile) to the person who designated the Material as "Confidential" and include a copy of the subpoena or request to the person who designated such information as "Confidential."  The person seeking to maintain the "Confidential" designation shall have the sole responsibility for objecting to the subpoena or request and obtaining any order it believes necessary to prevent

production of any Confidential Material.  If a timely objection is asserted by the person who designated the Material as Confidential, the person to whom the subpoena or request is directed shall not produce the Confidential Material unless and until the objection to production is overruled by a court of competent jurisdiction.

Signed this _____ day of _____, 2015.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**AGREED AND ENTRY REQUESTED:**

      By: */s/* Rodney Acker
          Rodney Acker
             State Bar No. 00830700
          Ellen Sessions
             State Bar No. 00796282
          James V. Leito IV
             State Bar No. 24054950
          NORTON ROSE FULBRIGHT US LLP
          2200 Ross Avenue, Suite 3600
          Dallas, Texas 75201-7932
          T: (214) 855-8000
          F: (214) 855-8200
          rodney.acker@nortonrosefulbright.com
          ellen.sessions@nortonrosefulbright.com
          james.leito@nortonrosefulbright.com

          Of Counsel:

          Lynn K. Neuner (*pro hac vice*)
          Peter E. Kazanoff (*pro hac vice*)
          Katherine A. Helm (*pro hac vice*)
          SIMPSON THACHER & BARTLETT LLP
          425 Lexington Avenue
          New York, New York 10017
          T: (212) 455-2000
          F: (212) 455-2502
          lneuner@stblaw.com
          pkazanoff@stblaw.com
          khelm@stblaw.com

          *Attorneys for Defendant*
          *The Toronto-Dominion Bank*

By: */s/* Benjamin D. Reichard
   James R. Swanson (*pro hac vice*)
   Lance C. McCardle (*pro hac vice*)
   Benjamin D. Reichard (*pro hac vice*)
   Jesse C. Stewart (*pro hac vice*)
   FISHMAN HAYGOOD, L.L.P.
   201 St. Charles Avenue, 46th Floor
   New Orleans, Louisiana 70170-4600
   T: (504) 586-5252
   F: (504) 586-5250
   jswanson@fishmanhaygood.com
   lmccardle@fishmanhaygood.com
   breichard@fishmanhaygood.com
   jstewart@fishmanhaygood.com

   Peter D. Morgenstern (*pro hac vice*)
   Joshua E. Abraham (*pro hac vice*)
   BUTZEL LONG, P.C.
   230 Park Avenue, Suite 850
   New York, New York 10169
   T: (212) 818-1110
   F: (212) 818-0494
   morgenstern@butzel.com
   abraham@butzel.com

*Attorneys for the Plaintiffs*

Of Counsel:

Eric Seiler
Scott M. Berman
FRIEDMAN KAPLAN SEILER &
  ADELMAN, L.L.P.
7 Times Square
New York, NY 10036-6516
T: (212) 833-1100
F: (212) 833-1250
sberman@fklaw.com

By: */s/* Peter D. Morgenstern
   Peter D. Morgenstern (*pro hac vice*)
   Joshua E. Abraham (*pro hac vice*)
   BUTZEL LONG, P.C.
   230 Park Avenue, Suite 850
   New York, New York 10169
   T: (212) 818-1110
   F: (212) 818-0494
   morgenstern@butzel.com
   abraham@butzel.com

*Attorneys for the Official Stanford Investors Committee*

Of Counsel:

Eric Seiler
Scott M. Berman
FRIEDMAN KAPLAN SEILER &
  ADELMAN, L.L.P.
7 Times Square
New York, NY 10036-6516
T: (212) 833-1100
F: (212) 833-1250
sberman@fklaw.com

By: */s/* Jeffrey C. Kubin
   Robin C. Gibbs
     State Bar No. 07853000
   Jeffrey C. Kubin
     State Bar No. 24002431
   Robert J. Madden
     State Bar No. 07853000
   Ashley McKeand Kleber
     State Bar No. 24060263
   GIBBS & BRUNS LLP
   1100 Louisiana, Suite 5300
   Houston, Texas 77002
   T: (713) 650-8805
   F: (713) 750-0903
   rgibbs@gibbsbruns.com
   jkubin@gibbsbruns.com
   rmadden@gibbsbruns.com
   akleber@gibbsbruns.com

*Attorneys for Defendant Trustmark National Bank*

By: */s/* Roger B. Cowie
   Edwin R. DeYoung
     State Bar No. 05673000
   Roger B. Cowie
     State Bar No. 00783886
   Taylor F. Brinkman
     State Bar No. 24069420
   LOCKE LORD LLP
   2200 Ross Avenue, Suite 2200
   Dallas, Texas 75201
   T: (214) 740-8000
   F: (214) 740-8800
   edeyoung@lockelord.com
   rcowie@lockelord.com
   tbrinkman@lockelord.com

*Attorneys for Defendant HSBC Bank PLC*

By: */s/* Noelle M. Reed
   Noelle M. Reed
     State Bar No. 24044211
   SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
   1000 Louisiana Street, Suite 6800
   Houston, Texas 77002
   T: (713) 655-5122
   F: (713) 483-9122
   noelle.reed@skadden.com

   George A. Zimmerman (*pro hac vice*)
   SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
   4 Times Square
   New York, New York 10036
   T: (212) 735-3000
   george.zimmerman@skadden.com

*Attorneys for Defendant Société Générale Private Banking (Suisse) S.A.*

By: */s/* Brad Repass
   Brad Repass
     State Bar No. 16786700
   HAYNIE RAKE REPASS & KLIMKO P.C.
   Wellington Centre
   14643 Dallas Parkway, Suite 550
   Dallas, Texas 75254
   T: (972) 716-1855
   F: (972) 716-1850
   brad@hrrpc.com

   Paul C. Watler
     State Bar No. 20931600
   Jeffrey G. Hamilton
     State Bar No. 00793886
   JACKSON WALKER LLP
   901 Main Street, Suite 6000
   Dallas, Texas 75202
   T: (214) 953-6000
   F: (214) 953-5822
   pwatler@jw.com
   jhamilton@jw.com

*Attorneys for Defendant Independent Bank, successor by merger to Bank of Houston*

By: /s/ Brian A. Herman
    Brian A. Herman (*pro hac vice*)
    Stephanie Gamiz (*pro hac vice*)
    MORGAN LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178-0060
    T: (212) 309-6000
    F: (212) 309-6001
    bherman@morganlewis.com
    sgamiz@morganlewis.com

    Aaron C. Christian
       State Bar No. 24076089
    MORGAN LEWIS & BOCKIUS LLP
    1717 Main Street, Suite 3200
    Dallas, TX 75201
    T: (214) 446-4000
    F: (214) 466-4001
    achristian@morganlewis.com

    Ryan C. Wooten
       State Bar No. 24075308
    MORGAN LEWIS & BOCKIUS LLP
    1000 Louisiana Street, Suite 4000
    Houston, TX 77002-5006
    T: (713) 890-5000
    rwooten@morganlewis.com

    *Attorneys for Defendant Blaise Friedli*

    By:  */s/* David T. Arlington
        Kevin M. Sadler
           State Bar No. 17512450
        Scott D. Powers
           State Bar No. 24027746
        David T. Arlington
           State Bar No. 00790238
        BAKER BOTTS L.L.P.
        98 San Jacinto Blvd., Suite 1500
        Austin, TX 78701-4039
        T: (512) 322-2500
        F: (512) 322-2501
        kevin.sadler@bakerbotts.com
        scott.powers@bakerbotts.com
        david.arlington@bakerbotts.com

        *Attorneys for Receiver Ralph S. Janvey*

**EXHIBIT "A"**

CERTIFICATE OF ACKNOWLEDGMENT OF AGREEMENT
CONCERNING CONFIDENTIAL INFORMATION

I declare that:

    I have been given a copy of and have read the Agreed Confidentiality Order relating to Case No. 3:09-CV-02384-N, pending in the United States District Court for the Northern District of Texas, Dallas Division, styled *Peggy Roif Rotstain, et al., on behalf of themselves and all others similarly situated v. Trustmark National Bank, et al*. I agree to abide by the Agreed Confidentiality Order and not to reveal or otherwise communicate to anyone the material designated as "Confidential" that is disclosed to me except in accordance with the terms of the Agreed Confidentiality Order. I acknowledge that any violation of the Agreed Confidentiality Order may cause damages and irreparable harm to the ACO Parties, and that I may be liable to the ACO Parties, or any one of them, for such damages.

Dated: _____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____

_____
City/State

_____
Telephone Number

15