Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(4) A party may declare its lack of knowledge only where this concerns facts that were neither actions taken by the party itself, nor within its ken.

## Section 139
### Direction in substance of the course of proceedings

(1) To the extent required, the court is to discuss with the parties the circumstances and facts as well as the relationship of the parties to the dispute, both in terms of the factual aspects of the matter and of its legal ramifications, and it is to ask questions. The court is to work towards ensuring that the parties to the dispute make declarations in due time and completely, regarding all significant facts, and in particular is to ensure that the parties amend by further information those facts that they have asserted only incompletely, that they designate the evidence, and that they file the relevant petitions.

(2) The court may base its decision on an aspect that a party has recognisably overlooked or has deemed to be insignificant, provided that this does not merely concern an ancillary claim, only if it has given corresponding notice of this fact and has allowed the opportunity to address the matter. The same shall apply for any aspect that the court assesses differently than both parties do.

(3) The court is to draw the parties' attention to its concerns regarding any items it is to take into account ex officio.

(4) Notice by the court as provided for by this rule is to be given at the earliest possible time, and a written record is to be prepared. The fact of such notice having been given may be proven only by the content of the files. The content of the files may be challenged exclusively by submitting proof that they have been forged.

(5) If it is not possible for a party to immediately make a declaration regarding a notice from the court, then the court is to determine a period, upon the party having filed a corresponding application, within which this party may supplement its declaration in a written pleading.

## Section 140
### Objections raised against the direction of the course of proceedings, or against questions

Where a person involved in the hearing objects to an order issued by the presiding judge concerning his power to control the subject matter of the litigation, by stating that such order is inadmissible, or where a question asked by the presiding judge or by a member of the court is so objected to as being inadmissible, the court shall decide on such objection.

## Section 141
### Order that a party appear in person

(1) The court is to direct that both parties appear in person where this is deemed to be mandated in order to clear up the facts and circumstances of the case. If, in light of the great distance a party would have to travel, or for other grave cause, it cannot be reasonably expected of a party to appear in person at the hearing, the court is to refrain from ordering such party to appear in person.

(2) Where a party is ordered to appear in person, it is to be summoned ex officio. The summons shall be communicated to the party itself also in those cases in which it has retained an attorney of record; the summons need not be served on the party.

(3) Should the party fail to make an appearance at a hearing, a coercive fine may be levied against it corresponding to the fine levied against a witness who fails to appear at the hearing determined for his examination. This shall not apply if the party has sent a representative to the hearing who is able to clear up the elements of the case and is authorised to make the declarations mandated, in particular to conclude a settlement. The summons is to set out the consequences that may arise for the party should it fail to appear at the hearing.

## Section 142
### Order to produce records or documents

App. 2273

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The court may direct one of the parties or a third party to produce records or documents, as well as any other material, that are in its possession and to which one of the parties has made reference. The court may set a deadline in this regard and may direct that the material so produced remain with the court registry for a period to be determined by the court.
(2) Third parties shall not be under obligation to produce such material unless this can be reasonably expected of them, or to the extent they are entitled to refuse to testify pursuant to sections 383 to 385. Sections 386 to 390 shall apply mutatis mutandis.
(3) The court may direct that records or documents prepared in a foreign language be translated by a translator who has been authorised or publicly appointed by the authorities of a Land, under the stipulations of Land law, for the preparation of translations of the nature required, or who is deemed to have equivalent qualifications. The translation shall be deemed to be true and complete where this is confirmed by the translator. The confirmation is to be set out on the translation, as are the place and date of the translation and the translator's authorisation/appointment/equivalency, and the translated document is to be signed by the translator. It is admissible to prove that the translation is incorrect or incomplete. The order provided for in the first sentence hereof may not be issued to the third party.

### Section 143
### Order to transmit files
The court may direct the parties to the dispute to produce the files in their possession to the extent they consist of documents concerning the hearing on the matter and the decision by the court.

### Section 144
### Visual evidence taken on site; experts
(1) The court may direct that visual evidence is to be taken on site, and may also direct that experts are to prepare a report. For this purpose, it may direct that a party to the proceedings or a third party produce an object in its possession, and may set a corresponding deadline therefor. The court may also direct that a party is to tolerate a measure taken under the first sentence hereof, unless this measure concerns a residence.
(2) Third parties are not under obligation to so produce objects or to tolerate a measure unless this can be reasonably expected of them, or to the extent they are entitled to refuse to testify pursuant to sections 383 to 385. Sections 386 to 390 shall apply mutatis mutandis.
(3) The proceedings shall be governed by the rules applying to visual evidence taken on site as ordered upon corresponding application having been made, or by those applying to the preparation of reports by experts as ordered by the court upon corresponding application having been made.

### Section 145
### Separation of proceedings
(1) The court may direct that several claims brought in one complaint be heard in separate proceedings, if this is justified by factual reasons. The decision shall be issued by a court order and shall cite the reasons on which it is based.
(2) The same shall apply if the defendant has brought countercharges and the counterclaim has no legal ties to the claim being enforced by the complaint.
(3) Where the defendant is raising a counterclaim for set-off that has no legal ties to the claim being enforced by the action, the court may direct that the complaint and the set-off be heard separately; the stipulations of section 302 are to be applied.

### Section 146
### Limitation to individual means of challenge or defence
Insofar as several independent means of challenge or defence refer to one and the same claim (causes of action, defence pleas, counterpleas, etc.), the court may direct that the

App. 2274

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

hearing be limited initially to addressing one or several of the said means of challenge or
defence.

### Section 147
### Consolidation of proceedings

Wherever the claims forming the subject matter of several proceedings pending with a court,
whether involving the same or different parties, have legal ties amongst each other, or
wherever they could have been asserted in one single complaint, the court may direct that
such proceedings be consolidated in order to be heard and decided on at the same time.

### Section 148
### Suspension if a decision in another matter is anticipated

Where the decision on a legal dispute depends either wholly or in part on the question of
whether a legal relationship does or does not exist, and this relationship forms the subject
matter of another legal dispute that is pending, or that is to be determined by an
administrative agency, the court may direct that the hearing be suspended until the other
legal dispute has been dealt with and terminated, or until the administrative agency has
issued its decision.

### Section 149
### Suspension in the event a criminal offence is suspected

(1) If the suspicion arises in the course of a legal dispute that a criminal offence has been
committed, the investigation of which will influence the court's decision, the court may direct
that the hearing be suspended until the criminal proceedings have been dealt with and
terminated.
(2) Upon corresponding application being made by a party, the court is to continue the
hearing if a year has lapsed since the proceedings were suspended. This shall not apply if
important reasons indicate that the suspension should be upheld.

### Section 150
### Repeal of the separation, consolidation, or suspension of proceedings

The court may repeal the orders it has delivered regarding the separation, consolidation, or
suspension of proceedings. Section 149 (2) shall remain unaffected hereby.

### Section 151
### (repealed)

### Section 152
### Suspension in the event of a petition for annulment of a marriage

Where the decision on a legal dispute depends on whether or not a marriage can be
annulled, and where such annulment has been petitioned, the court is to suspend the
proceedings upon corresponding application having been made. Where the annulment
proceedings have been dealt with and terminated, the suspended proceedings shall be
resumed.

### Section 153
### Suspension in the event of an action challenging paternity having been brought

Where the decision on a legal dispute depends on whether or not a man whose paternity has
been contested by a challenging action is the father of a child, the stipulations of section 152
shall apply mutatis mutandis.

### Section 154
### Suspension in the event of action having been brought in a matrimonial matter, or in
### a matter of parental responsibility for children

(1) If, in the course of a legal dispute, the issue is raised of whether or not a marriage or a
civil union exists between the parties, and if the decision on the legal dispute depends on the
decision handed down on that matter, the court is to suspend the proceedings, upon

App. 2275

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

corresponding application having been made, until the dispute as to the existence or non-existence of the marriage or civil union has been dealt with and terminated in the corresponding action for acknowledgment.

(2) This rule shall apply mutatis mutandis if, in the course of a legal dispute, the issue is raised of whether or not a parent-child relationship exists between the parties, or whether or not one party is entitled to exercise parental responsibility for the other, and if the decision on the legal dispute depends on the decision handed down on these matters.

### Section 155
### Repeal of the suspension in the event of delays

In the situations set out in sections 152 and 153, the court may repeal, upon corresponding application being made, the order by which the proceedings were suspended if the pursuit of the legal dispute giving rise to the suspension is delayed.

### Section 156
### Resumption of the hearing

(1) The court may direct a hearing that had been closed to be resumed.

(2) In particular, the court is to order such resumption where:

> 1.      The court has determined a procedural irregularity that is relevant to its decision and liable to objections being filed (section 295), specifically a violation of the obligation to give notice to the parties and to clear up the circumstances of the matter (section 139), or a violation of the right to be given an effective and fair legal hearing;

> 2.      Facts serving as grounds for the resumption of the proceedings are retroactively submitted and demonstrated to the court in a satisfactory way (sections 579 and 580); or

> 3.      A judge has left the court in the period lapsing between the closure of the hearing for oral argument and the closure of the deliberations and coordination (sections 192 to 197 of the Courts Constitution Act (Gerichtsverfassungsgesetz, GVG)).

### Section 157
### Delegation of authority for the hearing

In proceedings which the parties to the legal dispute may pursue themselves, the attorney of record acting for a party may delegate his authority to a post-graduate legal trainee (Referendar) who has been assigned to work for him in his preparatory service.

### Section 158
### Removal from the hearing as the result of a court order issued as part of the court's direction of the course of proceedings

Where a person involved in the hearing has been removed from the location at which the hearing is held in order to maintain order in the court, this person may be proceeded against, upon a corresponding petition being filed, in the same manner as if he had voluntarily left the hearing.

### Section 159
### Recording the hearing

(1) A record is to be prepared of the hearing and of all evidence taken. A records clerk of the court registry may be involved in order to keep the record if this is required due to the expected scope of the record, in light of the particular complexity of the matter, or for any other grave cause.

(2) Subsection (1) shall apply mutatis mutandis to hearings taking place outside of the session of the court before judges of a local court (Amtsgericht, AG) or before judges correspondingly delegated or requested. Records of conciliation hearings or of further attempts made at resolving the dispute before a conciliation judge (Güterichter) pursuant to section 278 (5) will be prepared solely based on a petition of the parties in congruent declarations.

App. 2276

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 160
### Content of the hearing record

(1) The record of the hearing shall set out:

1.      The place and date of the hearing;

2.      The names of the judges, of the records clerk of the court registry, and of any interpreter who may have been involved;

3.      The designation of the legal dispute;

4.      The names of the parties appearing, of third parties intervening in support of a party to the dispute, of representatives, attorneys-in-fact, advisers, witnesses and experts, and, in the case provided for by section 128a, the place at which they are attending the hearing;

5.      The information that the hearing was held in open court or in camera.

(2) The record is to set out the essential course of the hearing and actions taken therein.

(3) The record of the hearing is to set out:

1.      Any acknowledgments, abandonments of claims, and settlements;

2.      The petitions;

3.      Any admission and declaration as to a petition for the examination of a party, as well as any other declarations the determination of which is required;

4.      The testimony by witnesses, experts and parties examined; in the event of a repeated examination, the testimony need be included in the record of the hearing only insofar as it deviates from the testimony previously given;

5.      The results of taking visual evidence on site;

6.      The decisions (judgments, orders, and rulings) of the court;

7.      The pronouncement of the decisions;

8.      The withdrawal of legal action or of appellate remedies;

9.      The waiver of appellate remedies;

10.     The results of a conciliation hearing.

(4) The parties involved may apply to have specific actions and events, or statements, included in the record of the hearing. The court may refrain from so including them if the determination of the actions and events or of the statements is not relevant. Such order shall not be contestable and is to be included in the record of the hearing.

(5) Inclusion into the record of the hearing shall be equivalent to inclusion in a writing that is attached to the record of the hearing as an appendix, and that is designated as such in the record.

## Section 160a
### Preparing a preliminary record of the hearing

(1) The content of the record of the hearing may be noted in a usual form of shorthand, by using comprehensible abbreviations, or by recording oral statements on a sound or data carrier.

(2) In such event, the record of the hearing is to be prepared without undue delay following the session of the court. To the extent that determinations pursuant to section 160 (3) numbers 4 and 5 have been recorded on a preliminary basis using a sound recorder, this is all that needs to be noted in the record of the hearing. The record of the hearing is to be

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

amended by these determinations should a party petition that this be done prior to the proceedings having been concluded as res judicata, or where the court of appeal requires such amendment to be made. If determinations pursuant to section 160 (3) number 4 have been directly included in the record, and if, concurrently, the essential result of the testimony given has been noted on a preliminary basis, it may only be demanded that the record of the hearing be amended by the essential result obtained by the testimony.

(3) The preliminary notes are to be included in the court records of the dispute or, should they not be suited for this purpose, they are to be stored in the court registry together with the court records of the dispute. Recordings made on sound or data carriers may be deleted:

 1.  To the extent the record of the hearing has been created following the session of the court or is amended by the determinations noted on a preliminary basis, provided that the parties to the dispute have not lodged any objections within one (1) month of the copy having been communicated to them;

 2.  Following the conclusion of the proceedings by a final and binding judgment.

Insofar as the court has available a central data storage facility, the preliminary notes may be stored in such central data storage facility instead of being stored as set out in the first sentence hereof.

(4) It is possible to create a final record by recording it on data carriers in the form provided for by section 130b.

### Section 161
### Dispensable determinations

(1) Determinations pursuant to section 160 (3) number 4 and 5 need not be included in the record of the hearing:

 1.  Where the court hearing the case performs the examination or takes visual evidence on site, and where the final judgment is not subject to appeal or to an appeal on points of law;

 2.  To the extent the complaint is retracted, the claim being enforced is acknowledged or waived, and appellate remedies are waived or the legal dispute is terminated by settlement.

(2) The record of the hearing is to note that the examination was performed or that visual evidence was taken on site. Section 160a (3) shall apply mutatis mutandis.

### Section 162
### Approval of the record of the hearing

(1) Insofar as the record of the hearing sets out determinations pursuant to section 160 (3) numbers 1, 3, 4, 5, 8, 9, or petitions recorded with the registry for the files of the court, it is to be read out loud to the parties involved or is to be submitted to them for their review. Should the content of the record have been noted only on a preliminary basis, reading the notes or replaying the sound recording shall be deemed compliant with the present rule. The record of the hearing is to note that this has been done and that the record has been approved, or it shall note the objections that have been raised.

(2) Determinations made pursuant to section 160 (3) number 4 need not be replayed if they were recorded directly in the presence of the parties involved; the party involved whose testimony was recorded may demand that it be replayed. To the extent any determinations pursuant to section 160 (3) numbers 4 and 5 were dictated in the presence of the parties involved, the court may forgo replaying the recording, reading the record out loud, or submitting it for the parties to review if the parties involved waive having this done following the recording; the record of the hearing is to set out this waiver.

### Section 163
### Signature of the record of the hearing

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The record of the hearing is to be signed by the presiding judge and by the records clerk of the court registry. Should the content of the record of the hearing, as a whole or in part, have been recorded on a preliminary basis using a sound recorder, the records clerk of the court registry is to check that the content has been correctly word-processed and is to confirm that this has been done; this shall also apply if the records clerk of the court registry was not present at the session of the court.

(2) Where the presiding judge is prevented from signing the record, the most senior among the associated judges shall sign on his behalf; where only one judge was involved and he is prevented from signing the record, the signature of the records clerk of the court registry who was involved in the proceedings in order to keep the record shall be compliant with the present rule. The reasons preventing a judge from signing the record shall be noted in the record of the hearing.

## Section 164
## Corrections of the hearing record

(1) Inaccuracies of the hearing record may be corrected at any time.

(2) Prior to the correction, the parties to the dispute are to be heard and, to the extent the correction concerns the determinations set out hereinabove in section 160 (3) number 4, the other parties involved are likewise to be heard.

(3) The correction is to be noted on the record of the hearing; in this context, reference may be made to an annex to be attached to the record of the hearing. The note is to be signed by the judge signing the record of the hearing, or by the judge sitting alone, even if he was prevented from signing the record, and by the records clerk of the court registry to the extent he was involved in the proceedings as the keeper of the record.

(4) In cases in which the correction is noted in the form as provided for by section 130b, it is to be recorded in a separate electronic document. The document is to be joined to the record of the hearing such that it cannot be separated.

## Section 165
## Evidentiary value of the hearing record

Compliance with the formal requirements stipulated for the hearing can be proven only by the record of the hearing. The exclusive means of admissibly challenging the content of the record concerning these formal requirements is the submission of proof that it has been forged.

## Title 2
## Procedure for the Service of Records or Documents

## Subtitle 1
## Service ex officio

## Section 166
## Service

(1) The term "service" designates the issuance of a document to a person in the form stipulated in the present Title.

(2) Documents, service of which is required by rules or has been ordered by the court, are to be served ex officio unless otherwise provided for.

## Section 167
## Retroactive effect of the service

If service is made in order to comply with a deadline, or to have the period of limitations begin anew, or to have it extended pursuant to section 204 of the Civil Code (Bürgerliches Gesetzbuch, BGB), the receipt of the corresponding application or declaration by the court shall already have this effect provided service is made in the near future.

## Section 168
## Responsibilities of the court registry

App. 2279

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The court registry shall perform service of documents pursuant to sections 173 to 175. It may contract a private enterprise charged with the performance of state duties pursuant to section 33 (1) of the Postal Law (Postgesetz) (this being the postal service), or it may charge an employee of the judiciary with performing service. The court registry shall award the contract to the postal service on the form intended for this purpose.

(2) The presiding judge of the court hearing the case, or a member of the court accordingly delegated by the presiding judge, may charge a court-appointed enforcement officer or another authority with service of the documents, should service in accordance with subsection (1) not hold out any prospect of success.

## Section 169
### Confirmation of the time of service; certification

(1) Upon corresponding application being made, the court registry shall confirm the time of service.

(2) The court registry shall certify the documents to be served. This shall also apply unless an attorney has already certified the documents submitted to the court.

(3) A copy to be served in paper format may also be certified by machine processing. Instead of being signed by hand, the copy is to be furnished with the court seal. The same shall apply if a copy is served by telefax.

(4) A document may be served as a certified electronic copy. The copy is to be furnished with the qualified digital signature of the records clerk of the court registry.

(5) A judicial electronic document executed in accordance with section 130b may be served as an original; it need not be certified.

## Section 170
### Service on representatives

(1) In the event a person does not have the capacity to conduct proceedings, service is to be made on his legal representative. Any service made on the person incapable of conducting proceedings shall not be valid.

(2) Should the party on whom documents are to be served not be an individual, service on the entity's head shall suffice.

(3) In the event of an entity having more than one legal representative or head, it shall suffice to serve the documents on one of them.

## Section 171
### Service on authorised recipients

Service on the representative appointed by legal transaction shall have the same effect as service on the party so represented. The representative is to produce a written power of attorney.

## Section 172
### Service on attorneys of record

(1) Wherever proceedings are pending, service is to be made on the attorney of record appointed for the respective level of jurisdiction. This shall apply also to procedural actions affecting the proceedings before the court of that level of jurisdiction as a result of: protest having been entered, the judgment handed down by that court having been reversed, the proceedings having been reopened, an objection having been filed pursuant to section 321a, or new statements having been submitted to the court in compulsory enforcement proceedings. Proceedings before the court responsible for enforcement are proceedings at the first level of jurisdiction.

(2) A written pleading by which an appeal is filed is to be served on the attorney of record admitted to that level of jurisdiction the decision of which is being contested. If an attorney of record has already been appointed for the higher level of jurisdiction, the written pleading is to be served on that attorney. Service shall be made on the party itself if the party has not appointed an attorney of record.

App. 2280

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 173
### Service by physical delivery at the sub-office

A document may be served on its addressee, or the representative appointed by legal transaction, by physically delivering it to the sub-office. By way of proving such service, it is to be noted on the document and in the files that the document was physically delivered for the purpose of serving it on the addressee, while also adding the date of such service; in the event of the document having been physically delivered to the representative, this is to be noted together with the name of the person to whom physical delivery was made; moreover, the note is to confirm that the power of attorney was produced pursuant to section 171, second sentence. The note is to be signed by the employee physically delivering the documents.

### Section 174
### Service against return confirmation of receipt

(1) A document may be served, against return confirmation of receipt, on an attorney, a notary, a court-appointed enforcement officer, a tax consultant or any other person of whom it can be assumed, based on that person's profession, that he is highly reliable, a public authority, a corporation, or a corporation under public law.

(2) The document may also be served by telefax on the parties set out in subsection (1). In its heading, the transmission is to bear the note, "Service against return confirmation of receipt" and is to set out the sender, the name and address of the party on whom documents are to be served, as well as the name of the employee of the judiciary effecting the transmission of the document.

(3) A document may also be served on the parties set out in subsection (1) as an electronic document. The same shall apply to other parties involved in the proceedings, provided they have expressly consented to the documents being transmitted as electronic documents. The document is to be signed digitally for the transmission and is to be protected against its becoming known to unauthorised third parties. Such transmission may also be effected using De-Mail services in the sense as defined by section 1 of the Law on De-Mail Services in Electronic Communications (Gesetz zur Regelung von De-Mail-Diensten, De-Mail-G).

(4) Service shall be deemed sufficiently proven by the return confirmation of receipt being returned to the court, such confirmation setting out the date and signature of the addressee. The return confirmation of receipt may be returned by letter, by telefax, or as an electronic document (section 130a). Should it be sent as an electronic document, it is to be signed by a qualified digital signature pursuant to the Electronic Signature Act (Signaturgesetz).

### Section 175
### Service by registered mail, return receipt requested

A document may be served by registered mail, return receipt requested. Service shall be deemed sufficiently proven by the return receipt.

### Section 176
### Instructions to serve records or documents

(1) Should the postal service, an employee of the judiciary or a court-appointed enforcement officer be charged with serving documents, or should another authority be requested to so perform service, the court registry shall physically submit the document to be so served in a closed envelope along with a record of service that has already been completed for the service.

(2) Service shall be made in accordance with the provisions of sections 177 through 181.

### Section 177
### Place of service

The document may be physically submitted to the person on whom it is to be served at any location at which the person is found.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 178
### Substituted service at the residence, at business premises, and at institutions

(1) Should the person on whom documents are to be served not be located at his residence, business premises, or in an institution in which he is a resident, the document may be served:

    1.    At the residence: on an adult family member, a person employed by the family or an adult resident permanently sharing the accommodations,

    2.    At business premises: on a person employed there,

    3.    In institutions: on the head of the institution or a correspondingly authorised attorney-in-fact.

(2) Service on one of the persons designated in subsection (1) shall be invalid wherever this person is involved in the legal dispute as an opponent of the person on whom documents are to be served.

## Section 179
### Service in the event acceptance is refused

Should acceptance of the document to be served be refused without justification, the document is to be left at the residence or at the business premises. Should the party on whom documents are to be served not have a residence, or should no business premises exist, the document to be served is to be returned. Upon such refusal of acceptance, the document shall be deemed served.

## Section 180
### Substituted service by placement in the letterbox

Should it not be possible to serve the document pursuant to section 178 (1) number 1 or 2, the document may be placed in a letterbox appurtenant to the residence or the business premises, or into a similar receptacle that the addressee has put up for the purpose of receiving mail, and which according to general practice is suited to securely store mail. By this placement, the document shall be deemed served. The person so serving it shall note the date of service on the envelope of the document to be served.

## Section 181
### Substituted service by deposit of the records or documents

(1) Should it not be possible to serve the document pursuant to section 178 (1) number 3 or section 180, the document to be served may be deposited with the court registry of the local court (Amtsgericht) having jurisdiction for the place of service. Should the postal service have been contracted with serving the documents, the document to be served is to be deposited at the place of service or at the location of the local court at a point designated for this purpose by the postal service. A written notice of such deposit is to be submitted at the address of the person on whom documents are to be served, using the corresponding form in the manner usual for the delivery of regular letters, or, should this not be possible, the written notice is to be affixed to the door of the residence, the business premises, or the institution. Upon such written notification having been submitted, the document shall be deemed served. The person so serving it shall note the date of service on the envelope of the document to be served.

(2) The deposited document is to be kept available for collection for three (3) months. Following the expiry of this period, documents that have not been collected are to be returned to the sender.

## Section 182
### Record of service

App. 2282

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) By way of providing proof of service pursuant to section 171 and sections 177 to 181, a record is to be prepared using the corresponding form. Section 418 shall apply to this record of service.

(2) The record of service must include:

1.      The designation of the person on whom service is to be made,

2.      The designation of the person to whom the letter or the document was physically submitted,

3.      In the case provided for by section 171, the statement that the power of attorney was produced,

4.      In the case provided for by section 178 and section 180, the reason justifying this form of service and, if the procedure set out in section 181 was followed, the note on how the written notification was submitted,

5.      In the case provided for by section 179, a note as to who refused acceptance and that the letter was left at the place of service or was returned to the sender,

6.      The note that the day of service was noted on the envelope containing the document to be served,

7.      The place, the date and, should the court registry so have instructed, also the time of service,

8.      The surname, given name, and signature of the person serving the documents as well as the name of the enterprise contracted for service, or the public authority charged with this task.

(3) The record of service is to be returned to the court registry, without undue delay, as an original or as an electronic document.

### Section 183
### Service abroad

(1) Documents are to be served abroad in accordance with the agreements made in international instruments. Wherever documents may be sent directly by the postal service based on such agreements in international instruments, they shall be served by registered mail, return receipt requested; in all other cases, service shall be made, at the request of the presiding judge of the court hearing the case, directly by the public authorities of the other state.

(2) Should it not be possible to serve the documents in accordance with subsection (1), the responsible diplomatic or consular mission of the Federal Republic or any other public authority responsible shall serve the documents. The procedure set out in the first sentence hereof is to be followed in particular if no agreements have been made in international instruments, if the competent bodies of the state concerned are not willing to provide legal assistance, or if special grounds justify such form of service.

(3) Documents to be served on Germans enjoying immunity as a member of a consular or diplomatic mission of the Federal Republic of Germany abroad shall be served, on the request of the presiding judge of the court hearing the case, by the consular or diplomatic mission responsible.

(4) The return receipt shall suffice as proof of service having been effected pursuant to subsection (1), second sentence, first clause of the sentence. Proof of service pursuant to subsection (1), second sentence, second clause of the sentence, and subsections (2) and (3) is provided by the documentary evidence submitted by the public authority correspondingly charged with the service of documents.

(5) The stipulations of Regulation (EC) No 1393/2007 of the European Parliament and of the Council of 13 November 2007 on the service in the Member States of judicial and

App. 2283

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

extrajudicial documents in civil or commercial matters and on the repeal of Council
Regulation (EC) No 1348/2000 (Official Journal L 324 page 79) shall remain unaffected
hereby. Section 1068 (1) and section 1069 (1) shall apply to the implementation.

### Section 184
### Authorised recipients; service by mailing the records or documents

(1) For service pursuant to section 183, the court may order the party to name, within a
reasonable period of time, an authorised recipient who is a resident of Germany or who has
business premises in Germany, unless the party has appointed an attorney of record. Should
no authorised recipient be named and until such recipient is named retroactively, documents
may be served subsequently by being mailed to the address of the party.

(2) Two (2) weeks after it has been mailed, the document shall be deemed served. The court
may set a longer period. In the order issued pursuant to subsection (1), attention is to be
drawn to these legal consequences. By way of recording proof of the documents having
been served, it is to be noted in the files at which time and to which address the document
was mailed.

### Section 185
### Service by publication

The documents may be served by publishing a notice (service by publication) wherever:

1.    The abode of a person is unknown and it is not possible to serve the documents
upon a representative or authorised recipient,

2.    It is not possible to serve documents upon legal persons obligated to register a
domestic business address with the Commercial Register, neither at the address entered
therein nor at the address entered in the Commercial Register of a person authorised to
receive service of documents, or at any other domestic address obtained without any
investigations,

3.    It is not possible to serve documents abroad, or if such services does not hold
out any prospect of success, or

4.    The documents cannot be served because the place of service is the residence
of a person who, pursuant to sections 18 to 20 of the Courts Constitution Act
(Gerichtsverfassungsgesetz, GVG), is not subject to jurisdiction.

### Section 186
### Approval of and implementation of service by publication

(1) The court hearing the case shall decide on whether or not to approve service by
publication. The decision may be given without a hearing being held.

(2) Service by publication shall be implemented by hanging a notification on the court's
bulletin board or by publishing the notification in an electronic information system that is
publicly accessible in the court. Additionally, the notification may be published in an
electronic information and communications system established by the court for such
notifications. The notification must set out:

1.    The person on whose behalf the documents are to be served,

2.    The name of the party to whom documents are to be served and the address
last known,

3.    The date, the reference number of the document, and the designation of the
subject matter of the proceedings, as well as

4.    The office at which the document may be inspected.

The notification must include the note that a document is being served by publication, that
this service may trigger periods, and that once they have lapsed, the party to whom the

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

documents are being served in this way may have forfeited rights. In serving summonses in this way, the notification must indicate that the document sets out a summons to a hearing and that should the party fail to comply with it, such failure may act to the party's detriment in legal terms.

(3) It is to be recorded in the files when the notification was displayed on the bulletin board and when it was removed.

### Section 187
### Publication of the notification

The court hearing the case additionally may order the notification to be published once, or several times, in the Official Gazette (Bundesanzeiger) or in other publications.

### Section 188
### Time at which service by publication has been effected

The document shall be deemed served should one (1) month have lapsed since the notification has been displayed on the bulletin board. The court hearing the case may set a longer period.

### Section 189
### Remediation of defects in the service of records or documents

Should it not be possible to prove that a document has been served in due form, or should the document have been received in violation of mandatory regulations governing service of documents, it shall be deemed served at that point in time at which the document was factually received by the person to whom service of the document was addressed, or could be addressed.

### Section 190
### Standard forms for the service of records or documents

The Federal Ministry of Justice hereby is authorised to introduce forms serving the simplification and streamlining of the service of documents, such forms being subject to approval by the Bundesrat and being made by statutory instrument.

### Subtitle 2
### Service of records or documents at the instigation of the parties

### Section 191
### Service of records or documents

Insofar as it is admissible or required to serve documents at the instigation of the parties, the rules regarding ex officio service shall be applied mutatis mutandis unless otherwise provided for by the rules set out hereinbelow.

### Section 192
### Service of records or documents by a court-appointed enforcement officer

(1) The service of documents to be performed at the instigation of the parties shall be performed by the court-appointed enforcement officer subject to the stipulations set out in sections 193 and 194.

(2) The party shall physically submit to the court-appointed enforcement officer the document to be served, along with the required copies. The court-appointed enforcement officer shall certify the copies; he may prepare any lacking copies himself.

(3) In proceedings before the local court (Amtsgericht, AG), the party may charge, with the assistance of the registry of the court hearing the case, the court-appointed enforcement officer with serving the documents. In this context, the court registry is to charge the court-appointed enforcement officer with the service.

### Section 193
### Implementation of service

App. 2285

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) On the original copy of the document to be served, or on the form provided for this purpose that is to be attached to the original copy of the document, the court-appointed enforcement officer shall attest that the document has been served pursuant to section 182 (2), and he shall note in said attestation the name of the person on behalf of whom he has performed such service. Where service is effected by mailing the document, the date and the address at which the document was mailed are to be noted.
(2) The court-appointed enforcement officer shall note, on the document to be physically submitted, the date on which it was served, unless he physically submits a certified copy of the record of service.
(3) The record of service is to be transmitted to the party on behalf of whom the documents were served.

## Section 194
### Instructions to serve records or documents
(1) If the court-appointed enforcement officer charges the postal service with serving the documents, he shall note on the document to be served the person or entity on whose behalf he is submitting said documents to the postal service. He shall attest on the original of the document to be served, or on a handover form to be attached to the original document, that the postal item has been submitted to the postal service, and that it bears: the address of the party to whom the document is to be served, the designation of the court-appointed enforcement officer so serving it, and a reference number.
(2) The postal service shall return the record of service to the court-appointed enforcement officer without undue delay.

## Section 195
### Service of records or documents from one attorney on another attorney
(1) If the parties to a dispute are represented by counsel, a document may also be served such that the attorney serving a document transmits it to the other attorney (service of documents from one attorney on another attorney). This also applies to written pleadings that, pursuant to the stipulations of the present Code, are to be served ex officio: they may instead be served from one attorney on the other, unless a court order is to be communicated concurrently to the opponent. The written pleading is to set out the declaration that service on the other attorney will be effected by the attorney. To the extent required for the decision to be taken, supporting documentary proof is to be provided to the court that the documents have so been served. Section 174 (2), first sentence, and subsection (3) first and third sentences shall apply mutatis mutandis to the service of documents on an attorney.
(2) Service shall be deemed sufficiently proven by the return confirmation of receipt bearing the date and the signature of the attorney on whom the documents were served. Section 174 (2) second and third sentences shall apply mutatis mutandis. The attorney effecting service of documents is to provide to the other attorney, at the latter's request, confirmation of service having been effected.

## Sections 195a to 213a
### (repealed)

## Title 3
### Summonses, hearings, and periods

## Section 214
### Summons to a hearing
The summons to a hearing is initiated ex officio.

## Section 215
### Required content of a summons to a hearing for oral argument

App. 2286

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The summons to a hearing for oral argument is to instruct the recipient as to the consequences of his failure to make an appearance at the hearing (sections 330 to 331a). The instruction is to include the legal consequences set out in section 91 and section 708 number 2.

(2) In proceedings in which the parties must be represented by counsel, the summons to a hearing for oral argument must call upon the party to appoint an attorney, unless such summons has been served on the party's counsel.

### Section 216
### Hearing dates determined by the court

(1) The dates of hearings are determined ex officio wherever petitions or declarations are submitted to the court that can be ruled on only after having heard oral argument, or regarding which the court has instructed that oral argument be heard.

(2) The presiding judge is to determine the hearings without undue delay.

(3) Hearings shall be arranged for Sundays, general holidays, or Saturdays only in emergencies.

### Section 217
### Summons period

The period that is to lapse, in a matter that is pending, between the date on which the summons was served and the date of the hearing (summons period) shall amount to at least one (1) week in proceedings in which the parties must be represented by counsel, and at least three (3) days in other proceedings.

### Section 218
### Cases in which a summons may be dispensed with

Notwithstanding the stipulations of section 141 (2), it shall not be required to summon the parties to hearings determined in decisions pronounced by the court.

### Section 219
### Venue of the hearing

(1) The hearings shall be held at the location of the court unless it is necessary to take visual evidence on site, to hear a person who is prevented from appearing before the court, or to take any other action that cannot be taken at the court's location.

(2) The President of the Federal Republic of Germany is not under obligation to appear at the location of the court in person.

### Section 220
### Case called up; failure of a party to make an appearance at the hearing

(1) The hearing shall begin with the case being called up.

(2) A party shall be deemed to have failed to appear at the hearing if it fails to enter a pleading prior to that hearing being closed.

### Section 221
### Commencement of periods

(1) Unless otherwise arranged when periods are determined, any periods determined by a judge shall commence upon service of the documents in which said period is determined; where no such service is required, the period shall commence upon being pronounced by the court.

### Section 222
### Calculation of the period

(1) The provisions made by the Civil Code (Bürgerliches Gesetzbuch, BGB) shall apply to the calculation of the period.

(2) If the end of a period falls on a Sunday, a general holiday, or a Saturday, the period shall end at midnight of the subsequent business day.

App. 2287

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) In calculating a period determined by hours, any Sundays, general holidays, and Saturdays shall not be included in the calculation.

### Section 223
### (repealed)

### Section 224
### Reduction of a period; extension of a period

(1) The parties may agree to shorten periods; this shall not include statutory periods. Statutory periods shall be only those periods that have been designated as such in the present Code.
(2) Upon corresponding application being made, periods set by judges as well as periods prescribed by law may be shortened or extended if substantial grounds for doing so have been demonstrated to the court in a satisfactory way; however, periods prescribed by law may be so shortened or extended only in the cases specifically determined.
(3) Unless otherwise determined in the individual case, the new period determined in extending a period shall be calculated from the date on which the previous period has expired.

### Section 225
### Procedure for modifying a period

(1) The court may decide on a request for the reduction or extension of a period without arranging a hearing for oral argument.
(2) The court is to approve any reduction or repeated extension only after having heard the opponent.
(3) The court order dismissing the request for extension of a period is incontestable.

### Section 226
### Reduction of interim periods

(1) Times determined for entering an appearance, periods indicated in the summons as the period lapsing between service of same and the date of the hearing (summons periods), as well as those periods that are determined for service of preparatory written pleadings may be shortened upon corresponding application being made.
(2) A reduction of the times for entering an appearance and of periods indicated in the summons as periods lapsing between service of same and the date of the hearing (summons periods) will not be ruled out by the fact that, as a result of such times or periods being shortened, the hearing cannot be prepared by written pleadings.
(3) In determining the hearing, the presiding judge may order the reduction of the period without hearing the opponent or the party involved otherwise in the proceedings; a copy of the corresponding order shall be communicated to the party involved in the proceedings.

### Section 227
### Changes of date for scheduled hearings

(1) Should substantial grounds so require, a hearing may be cancelled or deferred, or a hearing for oral argument may be postponed. The following are not substantial grounds:

1.      The failure of a party to appear, or its announcement that it will not appear, unless the court is of the opinion that the party was prevented from appearing through no fault of its own;

2.      A party's insufficient preparation, unless the party provides sufficient excuse therefor;

3.      An agreement reached by the parties alone.

(2) Substantial grounds are to be demonstrated to the satisfaction of the presiding judge should he so demand, while substantial grounds for postponing a hearing are to be demonstrated to the satisfaction of the court should it so demand.

App. 2288

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) Any hearing determined for the period from 1 July until 31 August, to the exception of a hearing set for the pronouncement of a decision, is to be postponed, upon corresponding application being made, within one (1) week following receipt of the summons or following the date on which the hearing is determined by the court. This shall not apply to:

1.      Matters involving the seizure of assets, or matters concerning an injunction or interim order,

2.      Disputes concerning the permission to use spaces, the use or surrender of such spaces, or the eviction from same, or disputes regarding the continuation of lease relationships for residential spaces based on sections 574 to 574b of the Civil Code (Bürgerliches Gesetzbuch, BGB),

3.      (repealed)

4.      Proceedings on claims arising from a bill of exchange or on claims asserted concerning the payment of a cheque,

5.      Matters of construction law where the dispute concerns the continuation of a construction project that has been commenced,

6.      Disputes concerning the permission to use an object, or the surrender of such object, to a person with whom the object is not subject to attachment by the court authorities,

7.      Compulsory enforcement proceedings, or

8.      Proceedings for issuing a declaration of enforceability or for the judges to take action in arbitration proceedings;

in this context, it shall suffice if only one of several claims meets the prerequisites. Wherever the proceedings require special acceleration, the court shall not comply with an application for deferral.

(4) The presiding judge shall decide on the cancellation or deferral of a hearing without oral argument being heard; the court shall rule on the postponement of a hearing. The reasons for the decision are to be summarised in brief. It is incontestable.

### Section 228
### (repealed)

### Section 229
### Judge correspondingly delegated or requested

The authorities allocated to the court and the presiding judge in the present Title are likewise granted to the judge correspondingly delegated or requested as regards the hearings and periods that such judge is to determine.

### Title 4
### Consequences of failure to take action; instruction on available legal remedies; restoration of the status quo ante

### Section 230
### General consequence of failing to take action

The failure to take action in the proceedings will lead to the general consequence that the party will be disqualified from taking such action in the proceedings.

### Section 231
### No warning; procedural actions taken retroactively

(1) No warning need be issued regarding the consequences under law of failing to take action; these consequences shall ensue automatically unless the present Code requires a petition to be filed in order for the legal detriment to take effect.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) In the latter case, the action that was not taken in the proceedings may be arranged retroactively as long as the petition has not been filed and as long as the oral argument on such petition has not been closed.

## Section 232
### Instruction on available legal remedies

Any court decision that may be contested is to provide an instruction on the remedy available, the protest, the contradiction, or the reminder, as well as on the court with which the remedy is to be lodged, the seat of said court, and the requirements as to form and deadlines. This does not apply in proceedings in which the parties must be represented by an attorney, unless the instructions are to be given regarding a protest or contradiction, or the instruction is to be addressed to a witness or to an expert. No instruction need be given regarding the option to file an immediate appeal on law in lieu of an appeal on facts and law (leap-frog appeal).

## Section 233
### Restoration of the status quo ante

Where a party was prevented, through no fault of its own, from complying with a statutory period or the deadline set for submitting the particulars of its appeal, the grounds for filing the appeal on points of law, the complaint against denial of leave to appeal, or the complaint on points of law, or where a party was prevented from adhering to the period stipulated in section 234 (1), that party is to be granted the restoration of the status quo ante upon a corresponding petition being filed. It will be presumed that the party was not at fault if no instruction on available legal remedies was provided, or if it was deficient.

## Section 234
### Period for the restoration of the status quo ante

(1) The petition for such restoration of the status quo ante must be filed within a two-week period. The period shall amount to one (1) month if the party is prevented from complying with the deadline set for submitting the particulars of its appeal, the grounds for filing the appeal on points of law, the complaint against denial of leave to appeal, or the complaint on points of law.
(2) The period shall commence on the date on which the impediment has been removed.
(3) Following the expiry of one (1) year, counting from the end of the period that has not been met, filing a petition for the restoration of the status quo ante is no longer an available remedy.

## Section 235
### (repealed)

## Section 236
### Petition for restoration of the status quo ante

(1) The form of the petition for the restoration of the status quo ante shall be governed by the rules pertaining to the action that was not taken in the proceedings.
(2) The petition must set out the facts based on which the restoration of the status quo ante is justified; they must be demonstrated to the satisfaction of the court in the course of filing the petition or in the procedure regarding same. The action that was not taken in the proceedings is to be retroactively taken within the period set for the petition; if this has been done, the restoration of the status quo ante may be granted also without a petition having been filed.

## Section 237
### Responsibility for restoration of the status quo ante

That court shall decide on the petition for restoration of the status quo ante that is to decide on the action to be taken in the proceedings and the retroactive arrangement of same.

App. 2290

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 238
### Procedure in the event of the status quo ante having been restored

(1) The procedure regarding the petition for restoration of the status quo ante is to be tied to the procedure regarding the retroactive arrangement of the action to be taken in the proceedings. However, the court may initially limit the procedure to a hearing for oral argument on the petition and the decision on same.

(2) Those rules are to be applied to the decision as to the admissibility of the petition, and to any contestation of the decision, that apply in these relationships to the retroactive arrangement of the action to be taken in the proceedings. However, the party that has filed the petition shall not be entitled to enter a protest.

(3) The restoration of the status quo ante is incontestable.

(4) The party filing the petition shall be charged with the costs that the restoration of the status quo ante has entailed, unless such costs were engendered by an unfounded objection having been lodged by its opponent.

### Title 5
### Interruption and suspension of the proceedings

### Section 239
### Interruption due to the death of a party

(1) In the event of the death of a party, the proceedings shall be interrupted until they are resumed by the party's successors in title.

(2) Where the resumption is delayed, the successor in title is to be summoned, upon a corresponding petition being filed by the opponent, to resume the proceedings and to appear at the hearing in the main action.

(3) The summons, together with the written pleading setting out the petition, is to be served on the successors in title themselves. The period lapsing between service of the summons and the date of the hearing (summons periods) is to be determined by the presiding judge.

(4) Should the successors in title fail to appear at the hearing, the alleged succession in title is to be assumed, upon a corresponding petition being filed, as having been acknowledged, and oral argument is to be heard on the merits of the case.

(5) An heir is not under obligation to continue a legal dispute prior to his having accepted the inheritance.

### Section 240
### Interruption due to insolvency proceedings

In the event of insolvency proceedings being opened against a party, the proceedings shall be interrupted to the extent they concern the insolvent estate until they can be resumed in accordance with the rules applying to the insolvency proceedings, or until the insolvency proceedings are terminated. The same shall apply if the authority to manage the debtor's assets and the power to dispose over them devolves upon a preliminary insolvency administrator.

### Section 241
### Interruption due to a person coming under legal disability

(1) If a party loses its capacity to sue or be sued, or if the legal representative of a party dies, or if his power of representation ceases without the party having regained its capacity to sue or be sued, the proceedings shall be interrupted until the legal representative or the new legal representative notifies the court of his appointment, or until the opponent has notified the court of his intention to continue the proceedings and the court has served this notification ex officio.

(2) The notification of the legal representative is to be served on the opponent of the party he is representing; the notification of the opponent is to be served on the representative.

(3) These rules shall apply mutatis mutandis where a court orders the administration of the estate.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 242
### Interruption due to reversionary succession

Should – in the course of a legal dispute ongoing between a provisional heir and a third party regarding a matter or object that is subject to reversionary succession – the reversionary succession in fact occur, the stipulations of section 239 shall apply mutatis mutandis regarding the interruption and the resumption of the proceedings, provided that the provisional heir was authorised to dispose over the matter or object without the consent of the reversionary heir.

### Section 243
### Resumption of proceedings in the case of a curator or an executor having been appointed for an estate

If a court has appointed a curator of the estate in cases in which proceedings have been interrupted by the death of a party, or if an executor exists who is entitled to pursue the legal dispute, the stipulations of section 241 are to be applied in resuming the proceedings and, if insolvency proceedings are opened regarding the estate, the stipulations of section 240 are to be applied in so resuming them.

### Section 244
### Interruption due to the loss of an attorney

(1) If, in proceedings in which the parties must be represented by counsel, the attorney representing a party dies, or becomes unable to continue representing the party, the proceedings shall be interrupted until the attorney newly appointed by the party notifies the court of his having been appointed and the court has served the notification ex officio upon the opponent.

(2) Where this notification is delayed, the party is to be summoned in person to the hearing in the main action, upon corresponding application being made by the opponent, or the party is to be instructed to appoint a new attorney within a period to be determined by the presiding judge. Should this instruction not be complied with, the proceedings are to be deemed as having been resumed. Until notice is given retroactively that a new attorney has been appointed, all documents shall be served on the party obligated to file such notification with the court.

### Section 245
### Interruption due to suspension of the administration of law

Should, as the consequence of war or of any other event, the court cease its activities, the proceedings shall be interrupted for the duration of this situation.

### Section 246
### Suspension in the event a party is represented by an attorney of record

(1) Where a party was represented by an attorney of record in the event of: the death of a party, the loss of its capacity to sue or be sued, the loss of a legal representative, the issuance of an order as to the administration of an estate, or the occurrence of reversionary succession (sections 239, 241, 242), the proceedings shall not be interrupted; however, upon corresponding application being made by the attorney-in-fact, the court hearing the case is to order the suspension of the proceedings, and in the event of death and of reversionary succession, it shall do so also upon corresponding application being made by the opponent.

(2) The term of the suspension and the resumption of the proceedings shall be governed by the stipulations of section 239 and sections 241 to 243; in the event of death and of reversionary succession, the summons is to be served, together with the written pleading in which the suspension is petitioned, also on the attorney-in-fact.

### Section 247
### Suspension in the event of interrupted communications

App. 2292

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Where a party is staying at a location that is cut off from communications with the court hearing the case and this is due to the established authorities having issued a corresponding order, to war or to other coincidences, the court may also direct, ex officio, that the proceedings be suspended until such impediment has been removed.

## Section 248
### Procedure in the event of suspension

(1) The request for suspension of the proceedings is to be filed with the court hearing the case; it may be recorded with the registry for the files of the court.

(2) The decision may be given without a hearing being held.

## Section 249
### Effects of interruption and suspension

(1) The interruption and suspension of the proceedings will have the effect of stopping any period that may be running, which will recommence in full after the interruption or suspension of the proceedings has ended.

(2) Any procedural actions taken by a party with a view to the main action while the proceedings are interrupted or suspended will have no legal effect vis-à-vis the other party.

(3) Any interruption occurring after a hearing has ended will not impede the pronouncement of the decision to be delivered on the basis of this hearing.

## Section 250
### Form of resuming proceedings and notification

Any proceedings interrupted or suspended shall be resumed, and any notifications mentioned under this Title shall be made by serving a written pleading to be submitted to the court.

## Section 251
### Stay of proceedings

The court is to order that proceedings be stayed if both parties have petitioned that this be done, and if it is to be assumed that such order is suitable for the purpose intended in light of the pendency of settlement negotiations or of other sound reasons. Such order will not have any influence on the running of the periods designated in section 233.

## Section 251a
### Failure of both parties to comply with procedural rules; decision on the basis of the record as it stands

(1) Should neither party appear at a hearing, or should both parties fail to submit oral argument, the court may decide on the basis of the record as it stands.

(2) A judgment may be handed down on the basis of the record as it stands only if oral argument has been submitted in an earlier hearing. The judgment may be pronounced at the earliest after two (2) weeks. The court is to communicate, by simple letter, the details of the hearing for which the pronouncement of the ruling on the case is scheduled to the party that has failed to appear. The court shall determine a new hearing for oral argument should this party file a corresponding application with the court, at the latest on the seventh (7th) day prior to the hearing scheduled for the pronouncement of the ruling, provided that the party demonstrates to the satisfaction of the court that it has failed to appear through no fault of its own and that it was unable to apply in due time for a deferral of the hearing.

(3) Should the court not decide on the basis of the record as it stands, and should it not postpone the hearing pursuant to section 227, it shall order the proceedings stayed.

## Section 252
### Appellate remedies available in the event of proceedings being suspended

A complaint subject to a time limit may be lodged against the decision by which the suspension of the proceedings is ordered or refused to be granted based on the stipulations of the present Title or based on other statutory provisions.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

**Book 2**
**Procedural rules for proceedings before the courts of first instance**

**Chapter 1**
**Proceedings before the regional courts (Landgerichte)**

**Title 1**
**Proceedings until a judgment is entered**

**Section 253**
**Statement of claim**

(1) The complaint shall be brought by serving a written pleading (statement of claim).
(2) The statement of claim must include:

> 1.      The designation of the parties and of the court;

> 2.      Exact information on the subject matter and the grounds for filing the claim, as well as a precisely specified petition.

(3) Furthermore, the statement of claim is to provide:

> 1.      Information as to whether, prior to the complaint being brought, attempts were made at mediation or any other proceedings serving an alternative resolution of the conflict were pursued, and shall also state whether any reasons exist preventing such proceedings from being pursued;

> 2.      Wherever the subject matter of the litigation does not consist of a specific amount of money, information on the value of the subject matter of the litigation insofar as this is relevant for determining whether or not the court has jurisdiction;

> 3.      And it shall state whether any reasons would prevent the matter from being ruled on by a judge sitting alone.

(4) Moreover, the general regulations as to preparatory written pleadings are to be applied also to the statement of claim.
(5) The statement of claim as well as any other petitions and declarations by a party that are to be served are to be submitted to the court in writing, with the number of copies being enclosed that are required for serving or communicating such documents. Should the statement of claim be filed as a digital document, no copies need be enclosed.

**Section 254**
**Action by stages**

Should an action for presentation of accounts, or for the production of a schedule of assets, or for a statutory declaration to be made in lieu of an oath, be consolidated with an action for the surrender of whatever the defendant owes under the legal relationship giving rise to the legal dispute, the exact information on the performance being claimed by the plaintiff may be reserved until the accounts have been presented, the schedule of assets has been produced, or the statutory declaration in lieu of an oath has been made.

**Section 255**
**Determination of periods in the judgment**

(1) In the event that the defendant does not satisfy the claim brought against him prior to the expiry of a period that has been set, and the plaintiff thus has the right to demand compensation of damages for non-performance of contract, or to pursue the avoidance of a contract, the plaintiff may demand that the deadline therefor be determined in the judgment.
(2) The same shall apply where the plaintiff has the right to demand that an authority issue a directive in the event that the defendant does not provide the security within the deadline imposed on him, as well as in the case provided for by section 2193 (2) of the Civil Code

App. 2294

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(Bürgerliches Gesetzbuch, BGB) governing the stipulation of a deadline by which a condition is to be met.

## Section 256
### Action for acknowledgment

(1) A complaint may be filed to establish the existence or non-existence of a legal relationship, to recognise a deed or to establish that it is false, if the plaintiff has a legitimate interest in having the legal relationship, or the authenticity or falsity of the deed, established by a judicial ruling at the court's earliest convenience.
(2) Until the closure of the hearing subsequent to which the judgment will be handed down, the plaintiff may petition, by extending the claim, and the defendant may petition, by bringing counterclaims, that a legal relationship that has become a matter of dispute in the course of the court proceedings be acknowledged by judicial ruling if the decision on the legal dispute depends, either wholly or in part, on such legal relationship existing or not existing.

## Section 257
### Action for future payment or for the clearing of premises

Should the assertion of a monetary claim that does not depend on any counterperformance, or the assertion of a claim to a property being cleared or spaces being vacated that serve other than residential purposes, be tied to a calendar date, an action may be filed for future payment or clearing of the premises.

## Section 258
### Action for recurrent performance

An action may be filed also for the future payment of any recurrent performance scheduled to become due only after the judgment has been entered.

## Section 259
### Action brought due to concern that performance might not be made within the period set

Besides the cases set out in section 257 and section 258, an action for future performance may be brought wherever the circumstances give rise to the justified concern that the debtor might avoid performing in due time by extracting himself from his obligations.

## Section 260
### Consolidation of claims

Several claims of the plaintiff against one and the same defendant may be consolidated in one action, even if they are based on different grounds, if the court hearing the case is competent for the entirety of the claims and if the claims may permissibly be dealt with in the same type of proceedings.

## Section 261
### Pending suit

(1) By the complaint being brought, the dispute shall become pending.
(2) A claim lodged only in the course of the proceedings shall become pending at that point in time at which the claim was lodged in the hearing or at which a written pleading in conformance with the requirements of section 253 (2) number 2 has been served.
(3) Once the dispute is pending, this will have the following effects:

1.      For as long as the dispute is pending, none of the parties may bring the dispute before another court or tribunal;

2.      The jurisdiction of the court hearing the case will not be affected by any change to the circumstances giving rise to its competence.

## Section 262
### Other effects of the dispute being pending

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The stipulations of civil law as regards the other effects of a dispute having become pending shall remain unaffected hereby. These effects, as well as all effects tied by the stipulations of civil law to an action being conducted; notice of an action being given or it's being registered with the court; to the summons of the defendant; or to his entering an appearance shall all arise without prejudice to the rule set out in section 167 once the complaint has been brought.

**Section 263**
**Modification of the suit filed**

Upon the dispute having become pending, the complaint may be modified if the defendant consents to this being done, or if the court believes such a modification to be expedient.

**Section 264**
**No modification of the suit filed**

It is not to be regarded a modification of the suit filed if, without any change to the cause of action:

1.     The statements made as to the facts and circumstances or the legal considerations are amended or corrected;

2.     The demand for relief is extended or limited in terms of the main action or as regards ancillary claims;

3.     As a result of later changes, a different object, or the interest in same, is claimed instead of the object originally claimed.

**Section 265**
**Disposition or assignment of the object in dispute**

(1) The fact that the dispute has become pending does not rule out the right enjoyed by either of the parties to dispose over the object in dispute or to assign the claim being asserted.
(2) Such disposition or assignment shall not affect the proceedings. Without the opponent's consent, the successor in title shall not be entitled to assume the proceedings as the primary party instead of the predecessor in title, nor shall it be entitled to pursue a third-party intervention through an action against the two parties to a pending lawsuit. Should the successor in title act in support of a party to the dispute as an intervening third party, section 69 is not applicable.
(3) Should the plaintiff have disposed of or assigned his rights, the objection may be raised that he is no longer authorised to assert the claim wherever the judgment handed down against the successor in title pursuant to section 325 would not be valid.

**Section 266**
**Disposition of a plot of real estate**

(1) Should a legal dispute be pending between the possessor and a third party as to whether a right being claimed for a property exists or does not exist, or as to whether an obligation encumbering a property exists or does not exist, then the successor in title to any property so disposed of shall be entitled and, upon a corresponding application having been filed by the opponent, shall be obligated to assume the legal dispute as the primary party, regardless of his circumstances. This shall apply mutatis mutandis to any legal dispute as to whether an obligation encumbering a registered ship or ship under construction exists or does not exist.
(2) This provision is not to be applied insofar as it is contravened by the stipulations of civil law benefiting those parties deriving rights from a person who is not a beneficiary in this regard. In such event, provided the plaintiff has disposed of the property, the rules set out in section 265 (3) shall apply.

**Section 267**
**Presumed consent to the modification of a suit filed**

App. 2296

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

It is to be assumed that the defendant has consented to the modification of a suit filed if he has made an appearance in a hearing regarding the modified action without objecting to such modification.

## Section 268
### Decision is incontestable

The decision that the action has not been modified or that the modification is to be admitted is incontestable.

## Section 269
### Withdrawal of legal action

(1) The action may be withdrawn without the consent of the defendant until the time at which the defendant is to be first heard on the merits of the case.

(2) A declaration is to be made to the court as to the action having been withdrawn and, insofar as this is required in order to ensure that the withdrawal is effective, the defendant is to declare his consent to such withdrawal. Unless declared at the hearing, the action shall be withdrawn by submitting a written pleading to the court. The written pleading is to be served on the defendant if his consent is required for the withdrawal of the action to be effective. Should the defendant fail to oppose the withdrawal of legal action within a statutory period of two (2) weeks from the date on which the written pleading was served, he shall be deemed to have consented to same, provided that this consequence was indicated to the defendant previously.

(3) Should the action be withdrawn, the legal dispute is to be considered as not having become pending; any judgment already given that has not yet become final and binding shall become ineffective without this requiring its express repeal. The plaintiff is under obligation to bear the costs of the legal dispute unless a final and binding decision has been given in their regard or unless they are to be imposed on the defendant for any reason. Should the occasion for bringing the action have ceased to exist prior to the dispute becoming pending and the complaint subsequently be withdrawn, the obligation to bear the costs of the proceedings shall be determined at the court's equitable discretion, taking account of the circumstances and facts as known at that time as well as the status of the dispute thus far; this shall also apply in the event the complaint has not been served.

(4) The court shall rule by court order, upon a corresponding application having been filed, as to the effects resulting pursuant to subsection (3). Where a defendant has been granted assistance with the court costs, the court is to decide on the costs ex officio.

(5) A complaint subject to a time limit may be filed against the court order if the value of the claim in the main action is greater than the amount set out in section 511. Such complaint shall be deemed inadmissible if there are no remaining admissible appellate remedies regarding the petition on the assessment of costs (section 104).

(6) Should the complaint be brought once again, the defendant may refuse to enter any appearance until the costs have been reimbursed.

## Section 270
### Service; communication by simple letter

To the exception of the statement of claim and such written pleadings that contain substantive petitions, written pleadings and other declarations by the parties are to be communicated by simple letter unless the court orders them to be served. When mailing such documents, the communication shall be deemed to have been made on the business day following the day on which they were mailed in those cases in which the residence of the recipient party is located in the local postal district, and on the second business day thereafter for any other locations, unless the party can demonstrate in a satisfactory way that it has not received the communication, or only at a later date.

## Section 271
### Service of the statement of claim

App. 2297

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The statement of claim is to be served without undue delay.
(2) In serving the documents, the defendant is to be instructed to appoint an attorney should he intend to defend against the claim.

### Section 272
### Determination of the form of procedure

(1) As a general rule, the legal dispute is to be dealt with and terminated in a hearing for oral argument that has been comprehensively prepared for (main hearing).
(2) The presiding judge shall either make arrangements for an advance first hearing at which oral argument is to be heard (section 275) or shall have preliminary proceedings conducted in writing (section 276).
(3) The conciliation hearing and the hearing for oral argument should be arranged for as early a time as possible.
(4) Matters entailing the vacation of premises are to have priority and shall be conducted on an expedited basis.

### Section 273
### Preparations for the hearing

(1) The court is to initiate the necessary preparatory measures in due time.
(2) By way of preparing for the hearing, the presiding judge or a member of the court hearing the case delegated by the presiding judge may in particular:

    1.      Direct the parties to amend their preparatory written pleadings or to provide further information, and may in particular set a deadline for explanations to be submitted regarding certain items in need of clarification;

    2.      Request that public authorities or public officials communicate records or provide official information;

    3.      Order parties to appear at the hearing in person;

    4.      Summon witnesses, to whom a party has referred, and experts to appear at the hearing, he may also issue an order pursuant to section 378;

    5.      Issue orders pursuant to section 142 and section 144.

(3) Orders pursuant to subsection (2) number 4 and, insofar as the orders are not to be issued to a party, orders pursuant to subsection (5) shall be issued only if the defendant has already opposed the claim being lodged by the action. For the orders pursuant to subsection (2) number 4, section 379 shall apply mutatis mutandis.
(4) The parties are to be notified of each order. Should the parties be ordered to appear in person, the stipulations of section 141 subsection (2) and subsection (3) shall apply.

### Section 274
### Summons of the parties; time for entering an appearance

(1) Once the date for the hearing for oral argument has been determined, the court registry is to be instructed to summon the parties.
(2) The summons is to be served on the defendant together with the statement of claim if the court has determined an advance first hearing.
(3) A period of at least two (2) weeks must lapse from the time at which the statement of claim is served and the date of the hearing (time for entering an appearance). Should the documents be served abroad, the presiding judge is to determine the time for entering an appearance in arranging the date of the hearing.

### Section 275
### Advance first hearing

(1) By way of preparing for the advance first hearing, the presiding judge or a member of the court hearing the case delegated by the presiding judge may set a deadline for the

App. 2298

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

defendant by which he is to submit a written statement of defence. Alternatively, the defendant is to be instructed to have an attorney he is to appoint submit to the court, in a written pleading and without undue delay, any means of defence that are to be brought before the court; section 277 (1), second sentence, shall apply mutatis mutandis.

(2) Should the proceedings not be conclusively dealt with and terminated at the advance first hearing, the court shall issue all orders still required to prepare for the main hearing for oral argument.

(3) At the advance first hearing, the court shall set a deadline for submitting a written statement of defence should the defendant not yet have responded to the complaint at all, or not sufficiently, and wherever no deadline pursuant to subsection (1), first sentence, had been set.

(4) At the advance first hearing, or upon having received the statement of defence, the court may set a deadline for the plaintiff within which he is to state his position in writing as regards the statement of defence. The presiding judge may set such deadline also outside of the hearing.

### Section 276
### Preliminary proceedings conducted in writing

(1) Should the presiding judge not arrange a date for the advance first hearing for oral argument, he shall instruct the defendant, in serving the complaint upon him, that should the defendant wish to defend against the complaint, he should notify the court of this fact within a statutory period of two (2) weeks after the statement of claim has been served on him; the plaintiff is to be informed of these instructions having been issued. Concurrently, a deadline is to be set for the defendant within which he is to submit his written statement of defence, which period shall be at least a further two (2) weeks. For any service of the complaint to a recipient abroad, the presiding judge is to set the deadline in accordance with the first sentence.

(2) Concurrently with these instructions, the defendant is to be instructed of the consequences should he fail to meet the deadline imposed on him pursuant to subsection (1), first sentence, and also as regards the fact that he may only declare his intention to oppose the complaint via an attorney he is to appoint. The instructions given as to the option of a default judgment being entered pursuant to section 331 (3) shall also address the legal consequences set out in sections 91 and 708 number 2.

(3) The presiding judge may set a deadline for the plaintiff within which he is to state his position in writing as regards the statement of defence.

### Section 277
### Statement of defence; counterplea

(1) The defendant is to state the means by which he defends his case in the statement of defence, provided that based on the circumstances of the proceedings, this corresponds to a diligent pursuit of the court proceedings and serves to promote them. Furthermore, the statement of defence is to address any reasons that would prevent the matter from being ruled on by a judge sitting alone.

(2) The defendant is to be instructed that the statement of defence needs to be submitted to the court by an attorney he must appoint, and of the consequences should he fail to meet a deadline imposed on him.

(3) The period for submitting a written statement of defence pursuant to section 275 subsection (1), first sentence, and pursuant to subsection (3) shall be at least two (2) weeks.

(4) Subsection (1), first sentence, and subsections (2) and (3) apply mutatis mutandis to the written statement of position regarding the statement of defence.

### Section 278
### Amicable resolution of the dispute; conciliation hearing; settlement

(1) In all circumstances of the proceedings, the court is to act in the interests of arriving at an amicable resolution of the legal dispute or of the individual points at issue.

App. 2299

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) For the purposes of arriving at an amicable resolution of the legal dispute, the hearing shall be preceded by a conciliation hearing unless efforts to come to an agreement have already been made before an alternative dispute-resolution entity, or unless the conciliation hearing obviously does not hold out any prospects of success. In the conciliation hearing, the court is to discuss with the parties the circumstances and facts as well as the status of the dispute thus far, assessing all circumstances without any restrictions and asking questions wherever required. The parties appearing are to be heard in person on these aspects.

(3) The parties shall be ordered to appear in person at the conciliation hearing as well as at any other conciliation efforts. Section 141 (1), second sentence, subsections (2) and (3) shall apply mutatis mutandis.

(4) Should neither of the parties appear at the conciliation hearing, the proceedings shall be ordered stayed.

(5) The court may refer the parties for the conciliation hearing, as well as for further attempts at resolving the dispute, to a judge delegated for this purpose, who is not authorised to take a decision (Güterichter, conciliation judge). The conciliation judge may avail himself of all methods of conflict resolution, including mediation.

(6) A settlement may also be made before the court by the parties to the dispute by submitting to the court a suggestion, in writing, on how to settle the matter, or by their accepting, in a corresponding brief sent to the court, the suggested settlement made by the court in writing. The court shall establish, by issuing a corresponding order, that the settlement concluded in accordance with the first sentence has been reached, recording the content of same in the order. Section 164 shall apply mutatis mutandis.

Section 278a

Mediation, alternative conflict resolution

(1) The court may suggest that the parties pursue mediation or other alternative conflict resolution procedures.

(2) Should the parties to the dispute decide to pursue mediation or other alternative conflict resolution procedures, the court shall order the proceedings stayed.

### Section 279
### Hearing for oral argument

(1) Should a party fail to appear at the conciliation hearing or should the conciliation hearing not meet with success, the hearing (advance first hearing or main hearing for oral argument) is to be held immediately thereafter. In all other cases, a hearing for oral argument is to be arranged without undue delay.

(2) In the main hearing for oral argument, the taking of evidence shall immediately follow the hearing in which the dispute as such is dealt with.

(3) Following the taking of evidence, the court is to once again discuss with the parties the circumstances and facts as well as the status of the dispute thus far and, to the extent possible at this stage, the results obtained in taking evidence.

### Section 280
### Separate hearing on the admissibility of the action

(1) The court may order the admissibility of the action to be assessed at a separate hearing.

(2) Should an interlocutory judgment be given, it is to be regarded as a final judgment where the appellate remedies are concerned. However, upon a corresponding application being made, the court may order oral argument on the merits of the case to be heard.

### Section 281
### Referral in the event the court does not have jurisdiction

(1) If, based on the regulations regarding the local or substantive competence of courts, the court's lack of jurisdiction is to be pronounced, and provided it is possible to determine the competent court, the court before which the action was initially brought is to declare, upon corresponding application being made by the plaintiff, that it is not competent and is to refer

App. 2300

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

the legal dispute to the competent court. Should several courts have jurisdiction, the dispute shall be referred to the court selected by the plaintiff.

(2) Applications and declarations concerning the jurisdiction of the court may be filed with the records clerk of the court registry. The court order is incontestable. The legal dispute shall become pending with the court designated in the order upon the court having received the files. The order shall be binding upon this court.

(3) The costs accrued in the proceedings before the court with which the action was initially brought shall be treated as part of the costs accruing in the proceedings before the court designated in the order. The additional costs accruing are to be imposed on the plaintiff also in the event he prevailed in the main action.

## Section 282
### Submissions to the court made in due time

(1) In the hearing, each party is to submit to the court its means of challenge or defence, specifically allegations, denials, objections, defence pleas, evidence and objections to evidence submitted, as promptly as, based on the circumstances of the proceedings, this corresponds to a diligent pursuit of the court proceedings and serves to promote them.

(2) Petitions and means of challenge or defence regarding which it is foreseeable that the opponent will be unable to react to them without previously making inquiries, are to be communicated prior to the hearing by a preparatory written pleading in such time as to enable the opponent to still make the necessary inquiries.

(3) Concurrently, the defendant is to file any objections concerning the admissibility of the complaint, and is to do so prior to being heard on the merits of the case. Should, prior to the hearing, a deadline have been set for him by which he is to submit his statement of defence, he is to raise his objections within this period.

## Section 283
### Time limit for written pleadings that react to an opponent's submissions

Should a party not be able to make a statement regarding the opponent's submission to the court because this was not communicated to it in due time prior to the hearing, the court may determine, upon corresponding application being made by that party, a time limit within which the party may submit its statement in a written pleading to complete its earlier submissions; concurrently, a hearing shall be arranged at which the decision is to be pronounced. The court must take into account, in its decision, any declaration submitted within the time limit set and may take into account any statement submitted late.

## Section 283a
### Court order for securitisation

(1) Where an action for the vacation of premises is joined to an action for payment under the same legal relationship, the court hearing the case shall order, upon the plaintiff having filed a corresponding application, that the defendant is to provide security for the monetary claims that have fallen due after the matter became pending, provided that

    1.      The action concerning these claims holds out significant prospects of success, and

    2.      A balanced consideration of the interests of both parties determines that the order is justified in that it will avert particular disadvantages from the plaintiff. It suffices to demonstrate the interests to the satisfaction of the court for them to be considered.

Where the parties are in dispute as regards the plaintiff's right to increase the monetary claim, the court order for securitisation will not cover the amount by which the claim is increased. An immediate complaint may be lodged against a court order for securitisation.

(2) The defendant is to submit proof that he has provided the security within a period to be set by the court.

App. 2301

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) Should the plaintiff prevail, the final judgment or any provision otherwise terminating the legal dispute is to state that the plaintiff is entitled to satisfy his claim from the security so provided.

(4) Inasmuch as, pursuant to the final judgment or provision otherwise terminating the legal dispute, the plaintiff is not entitled to a claim in the amount of the security provided, the plaintiff is to compensate the defendant for the damages the latter has suffered as a result of having had to provide the security. Section 717 (2), second sentence, shall apply mutatis mutandis.

### Section 284
### Taking of evidence

The taking of evidence and the order for separate proceedings to take evidence, which is issued by a court order for evidence to be taken, are governed by the stipulations of Titles 5 through 11. The court may take evidence, provided it has obtained the consent of the parties to do so, in the manner it deems suitable. This consent may be limited to individual evidence taken. It may be revoked only in the event of a material change to the litigation circumstances; this must be done prior to the process of taking evidence commencing, to which the consent originally referred.

### Section 285
### Oral argument after evidence has been taken

(1) The parties to the dispute are to be heard in oral argument on the results obtained in taking evidence and are to state their case.

(2) Should the evidence not have been taken before the court hearing the case, the parties to the dispute are to present their results based on the hearings on the evidence.

### Section 286
### Evaluation of evidence at the court's discretion and conviction

(1) The court is to decide, at its discretion and conviction, and taking account of the entire content of the hearings and the results obtained by evidence being taken, if any, whether an allegation as to fact is to be deemed true or untrue. The judgment is to set out the reasons informing the conviction of the judges.

(2) The court shall be bound to statutory rules of evidence only in the cases designated in the present Code.

### Section 287
### Investigation and determination of damages; amount of the claim

(1) Should the issue of whether or not damages have occurred, and the amount of the damage or of the equivalent in money to be reimbursed, be in dispute among the parties, the court shall rule on this issue at its discretion and conviction, based on its evaluation of all circumstances. The court may decide at its discretion whether or not – and if so, in which scope – any taking of evidence should be ordered as applied for, or whether or not any experts should be involved to prepare a report. The court may examine the party tendering evidence on the damage or the equivalent in money thereof; the stipulations of section 452 (1), first sentence, subsections (2) to (4) shall apply mutatis mutandis.

(2) In the event of pecuniary disputes, the stipulations of subsection (1), sentences 1 and 2, shall apply mutatis mutandis also to other cases, insofar as the amount of a claim is in dispute among the parties and to the extent the full and complete clarification of all circumstances authoritative in this regard entails difficulties that are disproportionate to the significance of the disputed portion of the claim.

### Section 288
### Admission before the court

(1) The facts alleged by a party do not require any substantiation by evidence if, in the course of the legal dispute, they are admitted by the opponent in the course of a hearing, or

App. 2302

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

are admitted by him for the record kept by the judge correspondingly delegated or requested.
(2) The admission before the court need not be accepted in order to be effective.

### Section 289
### Additional statements made in an admission

(1) The effectiveness of an admission made before the court is not impaired by the fact that an allegation is added to it that includes an independent means of challenge or defence.
(2) The extent to which a declaration made before the court that concedes certain matters is to be regarded as an admission, irrespective of other additional or restricting allegations, is to be determined based on the nature of the individual case.

### Section 290
### Revocation of an admission

The revocation of an admission made before the court shall impact its effectiveness only in those instances in which the revoking party proves that the admission was not truthful and was caused by an erroneous assumption. In this event, the admission ceases to be effective.

### Section 291
### Common knowledge

Facts that are common knowledge with the court need not be substantiated by evidence.

### Section 292
### Legal presumptions

Should the law make a presumption as to a certain fact being given, its opposite may admissibly be proven unless otherwise provided for by the law. This proof may also be established by petitioning the examination of a party pursuant to section 445.

### Section 292a
### (repealed)

### Section 293
### Foreign law; customary law; statutes

The laws applicable in another state, customary laws, and statutes must be proven only insofar as the court is not aware of them. In making inquiries as regards these rules of law, the court is not restricted to the proof produced by the parties in the form of supporting documents; it has the authority to use other sources of reference as well, and to issue the required orders for such use.

### Section 294
### Demonstration of allegations to the satisfaction of the court

(1) Anyone who is to demonstrate an allegation as to fact to the satisfaction of the court may use all evidence and may also be permitted to make a statutory declaration in lieu of an oath.
(2) Evidence that cannot be taken immediately shall not be admitted.

### Section 295
### Objections to process

(1) The infringement of a rule to which the proceedings are subject, and in particular of a rule governing the form of a procedural action, no longer may be objected to if the party has waived the rule's being applied, or if the party has failed to object to the irregularity at the next hearing taking place as a result of the corresponding proceedings or at the hearing in which reference was made to the rule, in spite of the fact that the party appeared at the hearing and that it was aware, or must have been aware, of the irregularity.
(2) The above provision shall not be applied if any rules have been infringed, the compliance with which no party may effectively waive.

### Section 296
### Refusal to accept submissions made late

App. 2303

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) Any means of challenge or defence submitted only after the deadline imposed in its regard (section 273 (2) number 1 and, insofar as this deadline has been set to a specific party, number 5, section 275 (1), first sentence, subsection (3) and subsection (4), section 276 (1), second sentence, subsection (3), section 277) are to be admitted at the court's discretion and conviction only if admitting them to the proceedings would not delay the process of dealing with and terminating the legal dispute, or if the party provides sufficient excuse for such delay.

(2) The court may refuse to admit any means of challenge or defence that, in contravention of the stipulations made in section 282 (1), are not submitted in due time or that, in contravention of the stipulations of section 282 (2), are not communicated in due time, if it finds at its discretion and conviction that admitting them to the proceedings would delay the process of dealing with and terminating the legal dispute, and that the delay is the result of gross negligence.

(3) Any objections made, at too late a time, concerning the admissibility of the complaint and that the defendant may elect to forgo, are to be admitted only if the defendant provides sufficient excuse for the delay.

(4) In the cases set out in subsections (1) and (3), the grounds precluding culpability are to be substantiated should the court so require.

### Section 296a
### Submissions made following close of the hearing

Following close of the hearing, subsequent to which the judgment is handed down, no further means of challenge or defence may be submitted. Section 139 (5), section 156, and section 283 shall remain unaffected hereby.

### Section 297
### Form of filing petitions with the court

(1) The petitions are to be read out loud from the preparatory written pleadings. Insofar as the pleadings do not contain any petitions, these must be read out loud from a writing to be attached to the record of the hearing as an appendix. The presiding judge may also permit the petitions to be recorded with the registry for the files of the court.

(2) The requirement of reading out loud the petitions cannot be substituted by the parties to the dispute referring to their written pleadings setting out such petitions.

### Section 298
### Hard copies for files

(1) A printout may be prepared of an electronic document (section 130a and section 130b) for inclusion in the files.

(2) The hard copy must include a note:

1.   As to the result of the integrity check performed for the document,

2.   As to whom the signature verification has established as the owner of the signature,

3.   As to which time was established by signature verification as the time when the signature was inserted in the document.

(3) The electronic document is to be stored at least until the proceedings have been concluded as res judicata.

### Section 298a
### Electronic file

(1) The court records of the dispute may be kept as electronic files. The Federal Government and the Land governments shall determine by statutory instrument for their sphere of responsibility the time onwards from which electronic files are to be kept, as well as the framework conditions in organisational and technical terms governing the creation,

App. 2304

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

administration, and storage of the electronic files. The Land governments may confer, by statutory instrument, the corresponding authorisation upon the Land departments of justice. The admissibility of electronic files may be restricted to individual courts or proceedings.

(2) Any documents and other records submitted on paper are to be changed to electronic format by way of replacing the original. Should the documents and records still be needed in paper format, they are to be stored at least until the proceedings have been concluded as res judicata.

(3) The electronic document must include the note as to when and by whom the documents were changed to electronic format.

## Section 299
### Inspection of files; copies

(1) The parties may inspect the court records of the dispute and may have the court registry issue to them execution copies, excerpts, and copies.

(2) The president of the court and his deputy may allow third parties to inspect the files without the consent of the parties if these third parties have demonstrated their legitimate interest to his satisfaction.

(3) Should the court records of the dispute be kept as electronic files, the court registry shall grant inspection of the files by providing a hard copy of the files, by calling them up on a computer screen, or by transmitting them as electronic documents. The presiding judge may decide, at his discretion, to permit attorneys-in-fact who are a member of a chamber of attorneys to electronically access the content of the files. In allowing such electronic access to the content of the files, it is to be ensured that solely the attorney-in-fact will so access the files. In transmitting the files, the entirety of the documents is to be furnished with a qualified electronic signature and is to be protected against becoming known to unauthorised parties.

(4) Drafts of judgments, orders, and rulings; the work supplied in preparing them; as well as the documents concerning the court's coordination with others will not be made available, nor will they be communicated as copies.

## Section 299a
### Data carrier archive

Once the court records of the dispute have been transferred, in accordance with the principles of due and proper procedure and by way of replacing the originals, to an image carrier or other data carrier, and once written proof exists that the copy is a true and complete copy of the original, then execution copies, excerpts, and copies of the image carrier or data carrier may be issued. In this event, any notes to be made on the original are to be affixed to the supporting documentary proof.

## Title 2
### Judgment

## Section 300
### Final judgment

(1) Once the legal dispute is ready for the final decision to be taken, the court is to deliver this decision by a final judgment.

(2) The same shall apply if only one of several proceedings, which were consolidated for the purpose of hearing concurrent oral argument and handing down the decision on all of them, is ready for the final decision to be taken.

## Section 301
### Partial judgment

(1) Should only one of several claims asserted by an action be ready for the final decision to be taken, or should only a part of a claim be ready, or, in the event of counterclaims having been brought, should only the complaint or the counterclaims be ready, the court is to deliver such decision by final judgment (partial judgment). A partial judgment may rule on part of a

App. 2305

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

single claim that is in dispute both on its merits and as regards its amount only if, concurrently, a judgment is delivered on the merits of the remainder of the claim.
(2) Should the court, based on the circumstances of the matter, deem it unreasonable to enter a partial judgment, it may forgo doing so.

## Section 302
### Judgment subject to a reservation of rights

(1) If the defendant has asserted that a counterclaim should be set off, and if only the proceedings regarding the claim as such are ready for decision, they may be ruled on with the decision as to the set-off being reserved.
(2) Should the ruling not provide for any such reservation, a petition may be filed to amend the judgment in accordance with the provisions of section 321.
(3) The judgment entered subject to the reserved decision on the set-off is to be regarded as a final judgment as regards the appellate remedies available and compulsory enforcement.
(4) The legal dispute shall remain pending as regards the set-off for which the decision is reserved. Where it becomes apparent in the further course of the proceedings that the plaintiff's claim was unfounded, the earlier judgment shall be reversed, the plaintiff's claim shall be dismissed and the costs shall be ruled on otherwise. The plaintiff is under obligation to compensate the damage that the defendant has suffered by the judgment being enforced, or by his having made payments or taken other actions to avert such enforcement. The defendant may assert the claim to compensation of damages in the pending legal dispute; should the claim be asserted, it shall be deemed to have become pending at the date of the payment or other performance.

## Section 303
### Interlocutory judgment

Where an interlocutory dispute is ready for decision, the decision may be entered by interlocutory judgment.

## Section 304
### Interlocutory judgment as to the merits of a claim

(1) Should a claim be in dispute both on its merits and as regards its amount, the court may take a preliminary decision on the merits.
(2) The ruling is to be deemed a final judgment for the appellate remedies available; however, the court may order, provided it has declared the claim to be justified and provided that a corresponding application has been made, that oral argument be heard on the claim's amount.

## Section 305
### Judgment subject to the proviso of liability limited by inheritance law

(1) The fact that the heirs to an estate may assert the defence pleas to which they are entitled under section 2014 and section 2015 of the Civil Code (Bürgerliches Gesetzbuch, BGB) does not rule out that the court will find against the heirs, subject to the proviso of liability limited by inheritance law.
(2) The same applies to the assertion of defence pleas to which the surviving spouse is entitled, in the event the marriage was subject to the continuing regime of common marital property pursuant to section 1489 (2) as well as section 2014 and 2015 of the Civil Code (Bürgerliches Gesetzbuch, BGB).

## Section 305a
### Judgment subject to the proviso of liability limited by maritime law

(1) If the claim being asserted in the action is subject to the limitation of liability pursuant to section 611 subsection (1) or (3), sections 612 to 616 of the Commercial Code (Handelsgesetzbuch, HGB), and if the defendant claims that:

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

1.      Further claims, regarding which he is able to limit his liability, have arisen from the same event and

2.      The total amount of the claims is in excess of the maximum liability amounts determined in Article 6 or Article 7 of the Civil Liability Convention (section 611 (1), first sentence, of the Commercial Code) or in sections 612, 613 or 615 of the Commercial Code,

the court may, at its discretion and conviction, disregard such right to limit liability in its decision should this right, because of the uncertainty regarding the merits of the further claims or their amounts, impede its ability to deal with and terminate the legal dispute to a greater than negligible extent. The same shall apply wherever the claim to limitation of liability asserted in the complaint is subject to the stipulations of sections 4 to 5m of the Inland Waterways Act (Binnenschifffahrtsgesetz) and wherever the defendant asserts that further claims, regarding which he is able to limit liability, have arisen from the same event that in the aggregate exceed the maximum liability amounts determined for them in sections 5e to 5k of the Inland Waterways Act.
(2) Where the court disregards the right to limit liability, the judgment shall be entered:

1.      In the case provided for by subsection (1), first sentence, subject to the proviso that the defendant may assert his right to limit his liability if a fund has been established pursuant to the Civil Liability Convention, or if it is so established upon the right to limit liability being asserted,

2.      In the case provided for by subsection (1), second sentence, subject to the proviso that the defendant may assert his right to limit his liability if a fund has been established pursuant to section 5d of the Inland Waterways Act, or if it is so established upon the right to limit liability being asserted.

### Section 306
### Waiver
Should, at the hearing, the plaintiff waive the claim asserted, he shall be dismissed with his claim should the defendant apply for such dismissal.

### Section 307
### Acknowledgment
Where a party acknowledges a claim asserted against it, either as a whole or in part, it is to be sentenced in accordance with this acknowledgment. No hearing shall be required in this regard.

### Section 308
### Binding effect of the parties' petitions
(1) The court does not have authority to award anything to a party that has not been petitioned. This shall apply in particular to usufruct or fruits, interest, and other ancillary claims.
(2) The court is to rule on the obligation to bear the costs of the proceedings even without a corresponding petition having been filed.

### Section 308a
### Decisions handed down in disputes between lessor and lessee without a petition being required
(1) Should the court hearing a dispute regarding the vacation of residential premises between a lessor and a lessee, or a lessee and a sublessee, hold that the claim for vacation is unfounded because, pursuant to sections 574 to 574b of the Civil Code (Bürgerliches Gesetzbuch, BGB), the lessee may demand that the lessor-lessee relationship be continued, it is to rule in its judgment, even without any petition having been filed, on the term for which the lease relationship is to continue and subject to which changes to the conditions of

App. 2307

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

contract are to be made. The parties to the dispute are to be heard prior to the judgment being pronounced.

(2) The pronouncement is separately and independently contestable.

### Section 309
### Judges entering the judgment

The judgment may be handed down only by those judges who have attended the hearing on which the judgment is based.

### Section 310
### Hearing for pronouncement of the judgment

(1) The judgment shall be pronounced at the hearing at which the court proceedings are declared terminated, or at a hearing to be arranged immediately. This will be set for a date later than three (3) weeks after the last hearing only for grave cause, this being particularly the scope or the complexity of the matter.

(2) Should the judgment not be pronounced at the hearing at which the court proceedings are declared terminated, it must be fully and completely worded at the time of its pronouncement.

(3) Service of the judgment shall replace the pronouncement of judgments based on the defendant's acknowledgment and default judgments, which are entered without a hearing pursuant to section 307 and section 331 (3). The same shall apply to any ruling overruling the protest entered against a default judgment (section 341 (2)).

### Section 311
### Form of pronouncing the judgment

(1) The judgment shall be entered in the name of the people.

(2) The judgment is pronounced by reading out loud its operative provisions. Such reading of the operative provisions of the judgment may be replaced by reference being made to same should none of the parties have appeared at the hearing at which the judgment is pronounced. Default judgments, judgments based on the defendant's acknowledgment, as well as judgments entered as a consequence of the legal action having been withdrawn or of the claim lodged by the action being waived, may be pronounced even if the operative provisions of the judgment have not yet been put into writing.

(3) Wherever this is deemed to be reasonable, the reasons on which a ruling is based will be pronounced by their being read out loud or by the essential content being communicated verbally.

(4) Should the ruling not be pronounced at the hearing at which the court proceedings are declared terminated, the presiding judge may pronounce it in the absence of the other members of the court hearing the case.

### Section 312
### Presence of the parties

(1) The pronouncement of the judgment shall be effective regardless of whether or not the parties are present. The ruling shall be deemed to have been pronounced also to any party that has failed to appear at the hearing.

(2) The authority of a party to continue the proceedings based on a judgment that has been pronounced, or to make use of the judgment in any other way, shall not depend on its having been served on the opponent unless otherwise provided for by the present Code.

### Section 313
### Form and content of the judgment

(1) The judgment shall set out:

    1.       The designation of the parties, their legal representatives, and the attorneys of record;

App. 2308

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

2.        The designation of the court and the names of the judges contributing to the decision;

3.        The date on which the court proceedings were declared terminated;

4.        The operative provisions of a judgment;

5.        The merits of the case;

6.        The reasons on which a ruling is based.

(2) The section addressing the facts and the merits of the case is to summarise, in brief and based on the essential content, the claims asserted and the means of challenge or defence brought before the court, highlighting the petitions filed. The details of the circumstances and facts as well as the status of the dispute thus far are to be included by reference being made to the written pleadings, the records of the hearings, and other documents.

(3) The reasoning for the judgment shall contain a brief summary of the considerations of the facts and circumstances of the case and the legal aspects on which the decision is based.

### Section 313a
**Purposeful omission of merits of the case and reasons on which a ruling is based**

(1) If no appellate remedies are admissible against the ruling, and this is certain without a doubt, no section addressing the facts and the merits of the case need be included in the judgment. In such event, the reasons on which the ruling is based also do not need to be set out, provided the parties to the dispute have waived their being set out, or if their essential content has been included in the record of the hearing.

(2) Should the judgment be pronounced at the hearing at which the court proceedings are declared terminated, neither a section addressing the facts and the merits of the case need be included in the judgment, nor the reasons on which the ruling is based, if both parties waive appellate remedies against the judgment. Should the judgment be contestable only for one party, a declaration of waiver by that party shall suffice.

(3) The waiver pursuant to subsections (1) or (2) may be declared already prior to the judgment being pronounced and must have been declared to the court at the latest within one (1) week following close of the hearing.

(4) Subsections (1) to (3) are not to be applied in the event of a party being sentenced to recurrent performance that will become due in the future, or if it is to be expected that the judgment will be enforced abroad.

(5) Should it be intended to enforce abroad a ruling that neither addresses the facts and the merits of the case, nor provides the reasons on which it is based, the rules governing the completion of default judgments and judgments based on an acknowledgment by the defendant shall apply mutatis mutandis.

### Section 313b
**Default judgment, judgment based on an acknowledgment by the defendant, and judgment based on a waiver having been declared**

(1) Default judgments, judgments based on an acknowledgment by the defendant, or judgments based on a waiver having been declared need not address the facts and the merits of the case, nor must they cite the reasons on which they are based. The respective ruling is to be designated as a default judgment, judgment based on an acknowledgment by the defendant, or judgment based on a waiver having been declared.

(2) In its abridged form as provided for by subsection (1), the judgment may be placed on the original or copy of the complaint included in the files, or on a separate sheet to be attached to it. The judgment need not set out the names of the judges. The judgment is to include the designation of the parties, their legal representatives, and their attorneys of record only to the extent that this information deviates from the information provided in the statement of claim. Should the plaintiff prevail, the operative provisions of the judgment may include the statement of claim by reference. Should the judgment be written on a sheet of paper that is

App. 2309

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

attached to the statement of claim, the court seal is to be affixed to the place at which they
are joined, or the documents are to be joined using tacking thread and a seal.
(3) Subsection (1) shall not be applied if it is to be expected that the default judgment or the
judgment based on an acknowledgment by the defendant is intended to be enforced abroad.
(4) Subsection (2) shall not be applied if the court records of the dispute are kept as
electronic documents.

## Section 314
### Evidentiary value of the section addressing the facts and the merits of the case

The section of the ruling that addresses the facts and the merits of the case shall establish
evidence for the submissions made by the parties in oral argument. Such evidence can be
invalidated only by the record of the hearing.

## Section 315
### Signature by judges

(1) The judgment is to be signed by the judges contributing to the decision. Should a judge
be prevented from signing the ruling, this shall be noted, with the reasons being cited, at the
bottom of the ruling by the presiding judge, and should the presiding judge likewise be
prevented from doing so, it shall be noted by the most senior among the associate judges.
(2) A ruling pronounced at the hearing at which the court proceedings are declared
terminated shall be forwarded as a completely worded document to the court registry prior to
the expiry of three (3) weeks, calculated from the date on which the ruling was pronounced.
Should, as an exception, this not be possible, the judgment is to be forwarded to the court
registry, signed by the judges, without the section addressing the facts and the merits of the
case and without the reasons on which the ruling is based. In such event, the section
addressing the facts and the merits of the case and the reasons on which the ruling is based
shall be prepared shortly thereafter, shall be signed separately by the judges, and shall be
forwarded to the court registry.
(3) The records clerk of the court registry is to note on the judgment the date on which it was
pronounced or on which it was served pursuant to section 310 (3) and is to sign this note.
Where the court records of the dispute are kept as electronic documents, the records clerk of
the court registry is to record the note in a separate document. This document is to be joined
to the judgment such that it cannot be separated.

## Section 316
### (repealed)

## Section 317
### Service of the judgment and its execution

(1) Judgments shall be served as a copy on the parties; default judgments that have been
pronounced shall be served only on the party that has not prevailed in the dispute. Service of
the judgment in accordance with the stipulations of section 310 (3) shall be deemed
compliant with this rule. Where petitioned by the parties in congruent declarations, the
presiding judge may defer service of judgments that have been pronounced until the expiry
of five (5) months following pronouncement of the judgment.
(2) Execution copies will be issued only upon corresponding application being made, and
solely in paper format. For as long as the judgment has not been pronounced and has not
been signed, no execution copies, excerpts, or copies may be issued. Any execution of the
judgment that a party may request shall be issued without the section addressing the facts
and the merits of the case and the reasons on which a ruling is based; this shall not apply if
the party requests to have a complete execution issued to it.
(3) A hard copy of a judgment, which exists as an electronic document (section 130b), as
provided for by section 298, may be issued as an execution copy, in excerpts and as a copy.
(4) The execution copies and excerpts of judgments are to be signed by the records clerk of
the court registry and the court seal is to be affixed to them.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(5) Any judgment prepared in the abridged format pursuant to section 313b (2) shall be executed in the same manner, using a certified copy of the statement of claim, or in such manner that the judgment is completed by the inclusion of the information designated in section 313 (1) numbers 1 to 4. The copy of the statement of claim may be certified by the records clerk of the court registry or by the plaintiff's attorney.

## Section 318
### Court bound by its ruling

The court is bound to the decision set out in its final and interlocutory judgments.

## Section 319
### Correction of the judgment

(1) Typographical errors, computational errors and similar, obvious inaccuracies in the judgment are to be corrected by the court at any time, also ex officio.

(2) The order mandating such a correction is to be noted on the judgment and on the execution copies of same. Should the order as to the correction be made in the form provided for by section 130b, it is to be recorded in a separate electronic document. This document is to be joined to the judgment such that it cannot be separated.

(3) There are no appellate remedies available against an order dismissing the petition for correction; complaints subject to a time limit may be filed against an order mandating a correction.

## Section 320
### Correction of the judgment's section addressing the facts and the merits of the case

(1) Should the section in a judgment addressing the facts and the merits of the case contain inaccuracies not governed by the stipulations of the preceding section, or omissions, obscure passages, or contradictions, their correction may be petitioned for within a period of two (2) weeks by submitting a written pleading to this effect.

(2) The period shall commence upon the fully worded ruling having been served. The petition may be filed already prior to the time at which the period has commenced running. Any correction of the section addressing the facts and merits of the case shall be ruled out unless a petition for it has been filed within three (3) months from pronouncement of the judgment.

(3) The petition shall be heard in oral argument should one of the parties have filed a corresponding petition.

(4) The court shall rule without taking evidence. Solely those judges shall contribute to the decision who contributed to the original judgment. Should a judge be prevented from so contributing, the presiding judge's vote shall be the casting vote in the event of any ties, and should the presiding judge be prevented from so contributing, the vote of the most senior judge shall be the casting vote. This court order is incontestable. The order mandating such a correction is to be noted on the judgment and on the execution copies of same. Should the order as to the correction be made in the form provided for by section 130b, it is to be recorded in a separate electronic document. This document is to be joined to the judgment such that it cannot be separated.

(5) Any correction of the section addressing the facts and the merits of the case shall not result in modifying the remainder of the judgment.

## Section 321
### Amendment of the judgment

(1) Should a principal claim or subsidiary claim asserted by a party have been overlooked as a whole or in part in the section addressing the facts and the merits of the case originally established or retroactively corrected, or should the final decision have overlooked the matter of the costs, as a whole or in part, the judgment is to be amended by a subsequent ruling upon corresponding petition having been filed.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) Within a period of two (2) weeks, which shall begin running upon the judgment having been served, the petition for a subsequent ruling must be filed by submitting a written pleading to this effect.

(3) Subsequent to the petition, a hearing for oral argument is to be arranged. The written pleading setting out the petition is to be served on the petitioner's opponent, together with the summons to this hearing.

(4) The hearing for oral argument shall address as its subject matter solely that part of the legal dispute that has not been dealt with and terminated.

### Section 321a
### Redress granted in the event a party's right to be given an effective and fair legal hearing has been violated

(1) Upon an objection having been filed by the party adversely affected by the decision, the proceedings are to be continued if:

> 1.     No appellate remedy or any other legal remedy is available against the decision, and

> 2.     The court has violated the entitlement of this party to be given an effective and fair legal hearing and this has significantly affected the decision.

No objection may be filed against any decision preceding the final decision.

(2) The objection is to be filed within a statutory period of two (2) weeks upon the party having become aware of the violation of the right to be given an effective and fair legal hearing; the time at which it so becomes aware is to be substantiated. Following the expiry of one (1) year from the issuance of the decision challenged, an objection may no longer be filed.

Decisions communicated by simple letter shall be deemed to have been issued following the third (3rd) day on which they were sent by regular mail. The objection is to be lodged in writing with the court whose decision is being challenged. The objection must designate the specific decision being challenged and must demonstrate that the prerequisites set out in subsection (1), first sentence number 2 are fulfilled.

(3) To the extent required, the opponent is to be given the opportunity to state his position.

(4) The court is to review ex officio whether the objection as such is an available remedy, and whether it has been lodged in keeping with statutory requirements as to form and time. Should one of these requirements not have been met, the objection is to be overruled as inadmissible. Should the objection be without justification, the court shall dismiss it. The decision shall be handed down by an incontestable order. The grounds on which the order is based shall be briefly summarised.

(5) Wherever the objection is justified, the court shall grant the redress sought by continuing the proceedings to the extent mandated as a result of the objection. The status of the proceedings as given prior to the close of the hearing shall be reinstated. Section 343 shall apply mutatis mutandis. In proceedings conducted in writing, the close of the hearing shall be replaced by the date by which the written pleadings may be submitted.

### Section 322
### Legal validity of the judgment in substance

(1) Judgments are able to attain legal validity only insofar as the complaint or the claims asserted by counterclaims have been ruled on.

(2) Should the defendant have asserted the set-off of a counterclaim, the decision as to the counterclaim not existing shall be able to attain legal validity up to the amount for which the set-off has been asserted.

### Section 323
### Modification of judgments

(1) Should a judgment stipulate an obligation to recurrent performance becoming due in the future, each part may petition for it to be modified. The complaint shall be admissible only if

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

the facts and circumstances submitted by the plaintiff result in a material change to the factual or legal circumstances on which the decision is based.

(2) The complaint may only be based on grounds that have arisen after the hearing on the facts in the preceding proceedings was closed, and which it is or was not possible to assert by way of entering a protest.

(3) The modification is permissible for the time following the date on which the complaint has become pending.

(4) Should the factual or legal circumstances have undergone a material change, the decision is to be adjusted while upholding the foundations on which it is based.

## Section 323a
### Modification of settlement agreements and deeds

(1) Should a settlement agreement pursuant to section 794 (1) number 1 or an enforceable deed set out an obligation to recurrent performance becoming due in the future, each party may file an action for modification of the legal title. The complaint shall be admissible only if the plaintiff presents facts justifying such modification.

(2) The further prerequisites and the scope of the modification shall be governed by the stipulations of civil law.

## Section 323b
### Aggravated liability

In the event of section 818 (4) of the Civil Code (Bürgerliches Gesetzbuch, BGB) being applied, the pendency of a complaint for modification aiming at a reduction shall be tantamount to the pendency of a complaint for repayment of amounts paid.

## Section 324
### Action asserting supplementary claims to a security

If a sentence handed down pursuant to sections 843 to 845 or sections 1569 to 1586b of the Civil Code (Bürgerliches Gesetzbuch, BGB) regarding the payment of an annuity does not provide for any security having to be provided, the beneficiary may nonetheless demand that a security be provided if the obligor's assets and financial circumstances have deteriorated significantly; subject to the same prerequisite, the beneficiary may demand that the security to be provided as determined in the judgment be increased.

## Section 325
### Subjective legal validity

(1) A judgment that has entered into force shall take effect for and against the parties to the dispute and the persons who have become successors in title of the parties after the matter has become pending, or who have obtained possession of the disputed object such that one of the parties or its successor in title has become constructive possessor.

(2) The stipulations of civil law benefiting parties deriving rights from a person who is not a beneficiary in this regard shall apply mutatis mutandis.

(3) Should the judgment concern a claim arising from a realty charge, mortgage, charge on land, or annuity charge on land, it shall also be effective, with regard to the property, against the successor in title to any property so encumbered that has been disposed of, wherever the successor in title was not aware of any dispute pending before the court. The judgment shall be effective against the highest bidder obtaining title to real property by court order at an enforced auction only wherever the pending dispute was registered by no later than the date of the auction, prior to the call for bids having been made.

(4) If the judgment concerns a registered maritime mortgage, subsection (3), first sentence, shall apply mutatis mutandis.

## Section 325a
### Legalisation effect of the decision taken in a model case for other cases of the same nature

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The stipulations of the Capital Markets Model Case Act (Kapitalanleger-Musterverfahrensgesetz) shall apply to the further-reaching effects of the decision taken in the model case.

## Section 326
### Legal validity in the event of reversionary succession

(1) A judgment handed down in a dispute between a provisional heir and a third party regarding a claim directed against the provisional heir as the heir, or concerning a matter subject to reversionary succession, shall take effect for the reversionary heir, provided it enters into force prior to the reversionary succession occurring.

(2) A judgment handed down in a dispute between a provisional heir and a third party concerning a matter subject to reversionary succession shall take effect also against the reversionary heir wherever the provisional heir is authorised to dispose over the subject matter without the consent of the reversionary heir.

## Section 327
### Legal validity in the event of a will being executed

(1) A judgment handed down in a dispute between an executor of a will and a third party concerning a right that is subject to administration by the executor shall take effect for and against the heir.

(2) The same shall apply to any judgment handed down in a dispute between an executor of a will and a third party concerning a claim targeted against the estate, provided that the executor is authorised to pursue the legal dispute.

## Section 328
### Recognition of foreign judgments

(1) Recognition of a judgment handed down by a foreign court shall be ruled out if:

1.      The courts of the state to which the foreign court belongs do not have jurisdiction according to German law;

2.      The defendant, who has not entered an appearance in the proceedings and who takes recourse to this fact, has not duly been served the document by which the proceedings were initiated, or not in such time to allow him to defend himself;

3.      The judgment is incompatible with a judgment delivered in Germany, or with an earlier judgment handed down abroad that is to be recognised, or if the proceedings on which such judgment is based are incompatible with proceedings that have become pending earlier in Germany;

4.      The recognition of the judgment would lead to a result that is obviously incompatible with essential principles of German law, and in particular if the recognition is not compatible with fundamental rights;

5.      Reciprocity has not been granted.

(2) The rule set out in number 5 does not contravene the judgment's being recognised if the judgment concerns a non-pecuniary claim and if, according to the laws of Germany, no place of jurisdiction was established in Germany.

## Section 329
### Orders and rulings

(1) Any orders of the court given on the basis of a hearing must be pronounced. The stipulations of section 309, section 310 (1) and of section 311 (4) shall apply mutatis mutandis to orders of the court, while the stipulations of section 312 and of section 317 (2), first and second sentences, and section 317, subsections (3) and (4) shall apply mutatis mutandis to orders of the court and to rulings handed down by the presiding judge or the judge correspondingly delegated or requested.

App. 2314

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) Orders of the court that have not been pronounced, and rulings handed down by the presiding judge or the judge correspondingly delegated or requested that have not been pronounced, are to be communicated to the parties by simple letter. Wherever the decision sets out a date for a hearing as determined by the court or triggers a period, it is to be served on the parties.

(3) Decisions forming an enforceable legal document or that are subject to complaints subject to a time limit or to a reminder pursuant to section 573 (1) are to be served.

### Title 3
### Default judgment

### Section 330
### Default judgment against the plaintiff

Should the plaintiff fail to appear at the hearing, a default judgment is to be delivered, upon a corresponding petition being filed, to the effect that the plaintiff's complaint is dismissed.

### Section 331
### Default judgment against the defendant

(1) Should the plaintiff petition that a default judgment be delivered against the defendant because the latter has failed to appear at the hearing, it is to be presumed that the facts as submitted to the court by the plaintiff in oral argument have been acknowledged. This shall not apply to any submissions to the court regarding its jurisdiction pursuant to section 29 (2) and section 38.

(2) Insofar as the demand for relief is justified by the facts as submitted to the court by the plaintiff, the court is to decide in accordance with the petition filed; insofar as this is not the case, the complaint is to be dismissed.

(3) Should, in contravention of the stipulations made in section 276 (1), first sentence, and in subsection (2), the defendant have failed to notify the court of his intention to defend himself against the action, the court shall take its decision, upon a corresponding petition being filed by the plaintiff, without having held a hearing; this shall not apply if the defendant's declaration is still received before the judgment signed by the judges has been forwarded to the court registry. Such petition may already be filed in the statement of claim. Taking the decision without holding a hearing shall be admissible also insofar as the submission made to the court by the plaintiff does not justify the demand for relief in an ancillary claim, provided that the plaintiff has been made aware of this option prior to the decision being given.

### Section 331a
### Decision taken on the basis of the record as it stands

Should a party fail to appear at the hearing scheduled for oral argument, the opponent may petition to have a decision given on the basis of the record as it stands instead of a default judgment; this petition is to be complied with if the facts and circumstances on which such a decision is based are deemed to have been sufficiently cleared up. Section 251a (2) shall apply mutatis mutandis.

### Section 332
### Hearing scheduled for oral argument

In the sense of the sections set out hereinabove, the term "hearing scheduled for oral argument" shall include also those hearings until which the hearing has been adjourned, or which are intended to continue prior or after an order has been issued for evidence to be taken.

### Section 333
### Failure of the party appearing to submit oral argument

A party shall be deemed to not have appeared if it does not submit any oral argument in spite of having appeared at the hearing.

App. 2315

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 334
### Incomplete oral argument

Should a party submit oral arguments at the hearing, but in being examined not make any declarations as to the facts and circumstances, records and documents, or petitions and applications, then the stipulations of the present Title are not applicable.

### Section 335
### Inadmissibility of a default decision

(1) The petition for a default judgment, or a decision on the basis of the record as it stands, is to be dismissed wherever:

    1.     The party appearing is unable to procure the proof or evidence demanded by the court on the grounds of circumstances that are to be taken into account ex officio;

    2.     The party that has failed to appear was not duly summoned, and in particular was not summoned in due time;

    3.     Facts as submitted to the court in oral argument, or a petition, have not been communicated by a written pleading to the party that has failed to appear;

    4.     In the case provided for by section 331 (3), the defendant was not informed of the deadline provided for by section 276 (1), first sentence, or he has not been instructed in accordance with section 276 (2);

    5.     In the cases provided for by section 79 (3), the refusal to accept a party as attorney-in-fact or the prohibition of continued representation are pronounced only at the hearing, or were not communicated in due time to the party not appearing.

(2) If a hearing has been adjourned, the party that has failed to appear is to be summoned to the new hearing.

### Section 336
### Appellate remedies available against dismissal

(1) A complaint subject to a time limit may be lodged against the decision dismissing a petition for a default judgment to be handed down. Where the decision is repealed, the party that has failed to appear is not to be summoned to the hearing subsequently arranged.
(2) The refusal by the court to comply with a petition for a decision to be handed down on the basis of the record as it stands is incontestable.

### Section 337
### Adjournment ex officio

The court shall adjourn the hearing on the petition for a default judgment, or for a decision on the basis of the record as it stands, if it is of the opinion that the time limit set by the presiding judge for entering an appearance, or the period he has indicated in the summons as the period lapsing between service of same and the date of the hearing, is too short, or if the court is of the opinion that the party is prevented from appearing at the hearing through no fault of its own. The party not appearing at the hearing shall be summoned to the hearing subsequently arranged.

### Section 338
### Protest

The party against which a default judgment has been delivered is entitled to enter a protest against the judgment.

### Section 339
### Period within which a protest may be entered

(1) The period within which protest may be entered shall amount to two (2) weeks; it is a statutory period and shall begin upon the default judgment having been served.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) Should documents need to be served abroad or by publication of a notice, the court is to determine, in the default judgment or retroactively by issuing a separate order, the period within which protest may be entered.

## Section 340
### Notice of protest

(1) A protest is entered by submitting the notice of protest to the court hearing the case.
(2) The notice of protest must include:

    1.        The reference number and designation of the judgment against which the protest is directed;

    2.        The declaration as to protest being entered against this judgment.

Should the judgment be contested only in part, the scope in which it is to be so contested is to be specified.
(3) The party is to set out its means of challenge or defence in the notice of protest provided that, based on the circumstances of the proceedings, this corresponds to a diligent pursuit of the court proceedings and serves to promote them, and the party is to also specify any objections it may have concerning the admissibility of the complaint. Upon a corresponding petition being filed, the presiding judge may extend the deadline by which the reasoning for the protest is to be submitted, if at his discretion and conviction the extension will not delay the legal dispute, or if the party demonstrates substantial grounds for doing so.
Section 296 subsections (1), (3) and (4) shall apply mutatis mutandis. In serving the default judgment, attention is to be drawn to the consequence of any failure to meet the deadline.

## Section 340a
### Service of the notice of protest

The notice of protest is to be served on the opponent party. In this context, it is to be specified when the default judgment was served and when the protest has been entered. The party is to submit the required number of copies together with the notice of protest. This shall not apply if the notice of protest is transmitted as an electronic document.

## Section 341
### Review of the protest

(1) The court is to review ex officio whether the protest as such is an available remedy and whether it has been entered in keeping with statutory requirements as to form and time. Should one of these requirements not be met, the protest is to be overruled as inadmissible.
(2) The judgment may be handed down without a hearing having been held.

## Section 341a
### Hearing for oral argument regarding the protest

If a protest entered is not overruled as inadmissible, a hearing is to be scheduled for oral argument on the protest and on the merits of the case and the parties are to be informed of same.

## Section 342
### Effects of admissible protest

Should the protest be admissible, the status of the proceedings as given prior to the failure to comply with procedural requirements shall be reinstated in the extent covered by the protest.

## Section 343
### Decision subsequent to a protest

Insofar as the decision delivered as a result of the new hearing conforms to the decision of the default judgment, it is to be ruled that this decision be upheld. Should this prerequisite not be fulfilled, the default judgment shall be repealed by the new judgment.

App. 2317

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 344
### Costs of the failure to comply with procedural requirements

If the default judgment has been handed down as stipulated by law, the costs resulting from the failure to comply with procedural requirements are to be imposed on the defaulting party, unless they have been engendered by the opponent lodging an unfounded opposition, also in those cases in which a decision modifying the original judgment is delivered as a result of the objection.

### Section 345
### Second default judgment

Any party entering a protest, but failing to appear at the hearing scheduled for oral argument or failing to appear at the hearing until which oral argument has been adjourned, or failing to make itself heard on the merits of the case, shall not be entitled to enter further protest against the default judgment by which the protest is overruled.

### Section 346
### Waiver and withdrawal of protest

The rules governing the waiver of an appeal and its withdrawal shall apply mutatis mutandis to the waiver of protest and its withdrawal.

### Section 347
### Procedure in bringing counterclaims and interlocutory proceedings

(1) The stipulations of the present Title shall apply mutatis mutandis to any proceedings dealing with counterclaims that have been brought or that have as their subject matter the determination of the amount of a claim that has already been established on its merits.

(2) Where a hearing was intended to be held solely to hear oral argument on interlocutory proceedings, the default proceedings and the default judgment shall be restricted to dealing with and terminating these interlocutory proceedings. The stipulations of the present Title shall apply mutatis mutandis.

### Title 4
### Procedure before a judge sitting alone

### Section 348
### Judge sitting alone as the court of decision

(1) The civil division shall take its decisions by one of its members acting as a judge sitting alone. This shall not apply where:

    1.      The said member is a junior judge (Richter auf Probe) and, for a period of one (1) year, has not yet had adjudication tasks assigned to him under the court's allocation of responsibilities for legal disputes governed by civil law; or

    2.      The division is responsible, according to the court's allocation of responsibilities, because the legal dispute is classified in one of the following fields:

        a)   Disputes regarding claims arising from publications in print media, on image and sound carriers of any kind, in particular in the press, radio, cinema and television;

        b)   Disputes arising from banking and financial transactions;

        c)   Disputes arising from construction and architectural contracts as well as from engineering agreements insofar as they are connected to construction work;

        d)   Disputes arising from the professional activities of attorneys, patent attorneys, notaries, tax consultants, tax agents, auditors, and sworn accountants;

        e)   Disputes regarding claims arising from therapeutic treatments;

App. 2318

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

f) Disputes arising from commercial matters in the sense defined by section 95 of the Courts Constitution Act (Gerichtsverfassungsgesetz, GVG);

g) Disputes regarding claims under freight, shipping, and storage transactions;

h) Disputes arising from relationships governed by insurance contracts;

i) Disputes in the fields of copyright and publishing law;

j) Disputes arising in the fields of communications and information technology;

k) Disputes allocated to the regional court (Landgericht, LG) regardless of the value of the matter in dispute.

(2) In the event of any doubts as to whether or not the prerequisites set out in subsection (1) have been met, the division shall decide by incontestable order.

(3) The judge sitting alone shall submit the legal dispute to the civil division for it to decide whether or not it intends to assume the proceedings if:

1. The matter is characterised by special factual or legal difficulties,

2. The legal matter is of fundamental significance, or

3. This is petitioned by the parties in congruent declarations.

The division shall assume the legal dispute wherever the prerequisites stipulated by the first sentence hereof in number 1 or 2 are fulfilled. It shall decide on this by handing down a corresponding court order. Any re-transfer to the judge sitting alone is ruled out.

(4) Appellate remedies may not be based on a submission having been made or not made, nor may they be based on an assumption of the case or the failure to so assume a case.

### Section 348a
### Obligatory judge sitting alone

(1) Where it is not established by section 348 (1) that a judge is responsible for sitting on a matter alone, the civil division shall, by handing down a corresponding order, charge one of its members to decide the case as a judge sitting alone, provided that:

1. The matter is not characterised by special factual or legal difficulties,

2. The legal matter is not of any fundamental significance, and

3. Oral argument has not already been heard on the merits of the case before the civil division at the main hearing, unless a judgment subject to a reservation of rights, partial judgment, or interlocutory judgment has been handed down in the meantime.

(2) The judge sitting alone shall submit the legal dispute of the civil division for it to decide whether or not it intends to assume the proceedings where:

1. A material change to the litigation circumstances engenders special factual or legal difficulties of the matter, or the fundamental significance of the legal matter, or

2. This is petitioned by the parties in congruent declarations.

The division shall assume the legal dispute in all cases in which the prerequisites stipulated by the first sentence hereof in number 1 are fulfilled. Upon having heard the parties, it shall rule on the matter by court order. Any re-transfer to the judge sitting alone is ruled out.

(3) Appellate remedies may not be based on a transfer or submission having been made or not made, nor may they be based on an assumption of the case or the failure to so assume a case.

### Section 349
### Presiding judge of the division for commercial matters

App. 2319

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The presiding judge of the division for commercial matters is to promote the matter such that it can be dealt with and terminated in a hearing before the division. He may take evidence only insofar as it is to be assumed that the special technical competence of the honorary lay judges will not be decisive for the taking of evidence, and that the division will be able to properly evaluate the results obtained in taking evidence even without having a direct impression of its course.

(2) The presiding judge shall decide:

1. On the referral of the legal dispute;

2. On objections concerning the admissibility of the complaint, insofar as oral argument is heard on it separately;

3. The suspension of the proceedings;

4. In the event of the legal action being withdrawn, of the claims asserted being waived or of the claim being acknowledged;

5. In the event of one party or of both the parties failing to comply with procedural rules;

6. On the costs of the legal dispute pursuant to section 91a;

7. In the proceedings on approval of assistance with court costs;

8. In proceedings on claims arising from a bill of exchange and on claims asserted concerning payment of a cheque;

9. On the type of security to be ordered;

10. On the temporary stay of compulsory enforcement;

11. On the value of the subject matter being litigated;

12. On costs, fees and expenditures.

(3) Should the parties agree to so proceed, the presiding judge may also take the decision instead of the division in all other cases as well.

(4) Sections 348 and 348a are not applicable.

### Section 350
### Appellate remedies

The same rules shall apply to any contestation of the decisions handed down by a judge sitting alone (section 348 and section 348a), and of the presiding judge of the division for commercial matters (section 349), as apply to the contestation of the corresponding decisions taken by the division.

### Sections 351 to 354
### (repealed)

### Title 5
### General regulations on taking evidence

### Section 355
### Evidence to be taken directly

(1) Evidence shall be taken before the court hearing the case. Only in the cases determined in the present Code shall the taking of evidence be transferred to a member of the court hearing the case or to another court.

(2) The court order instructing one or the other manner of taking evidence is not contestable.

App. 2320

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 356
### Period within which evidence must be produced

Should an impediment prevent evidence from being taken, and should it not be certain for how long this situation will continue, the court is to set a period by court order; once the deadline has expired without success, the evidence may be used only if, at the court's discretion and conviction, this will not delay the proceedings.

### Section 357
### Attendance of parties

(1) The parties are permitted to attend the taking of evidence.

(2) Should the taking of evidence be transferred to a member of the court hearing the case or to another court, the date of the hearing as determined by the court shall be communicated to the parties by simple letter, unless the court orders that such notice be served. Where it is sent by regular mail, notice shall be deemed to have been effected on the following business day wherever the residence of the party is situate in the local postal district, and in all other cases shall be deemed to have been effected on the second business day following its mailing, unless the party demonstrates in a satisfactory manner that it has not received the notice, or that it has only received it at a later point in time.

### Section 357a
### (repealed)

### Section 358
### Necessity of issuing an order for evidence to be taken

Should the taking of evidence require separate proceedings, the court shall issue the corresponding instructions in an order for evidence to be taken.

### Section 358a
### Order for evidence to be taken and taking of evidence prior to a hearing for oral argument

The court may issue an order for evidence also prior to the hearing for oral argument. Provided that the order contains one of the following instructions, the order may be carried out prior to the hearing for oral argument:

1. Evidence is to be taken before the judge correspondingly delegated or requested;

2. Information is to be procured from government bodies;

3. The question regarding which evidence is to be taken is to be replied to in writing pursuant to section 377 (3);

4. Reports are to be prepared by experts;

5. Visual evidence is to be taken on site.

### Section 359
### Content of the order for evidence to be taken

The order for evidence to be taken shall:

1. Designate the facts at issue, regarding which evidence is to be taken;

2. Designate the evidence, naming the witnesses and experts to be examined or the party to be examined;

3. Designate the party that has taken recourse to the evidence.

### Section 360
### Modification of the order for evidence to be taken

App. 2321

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

No party may demand that, due to any earlier hearings, an order for evidence to be taken be modified prior to its being dealt with conclusively. However, the court may modify the order for evidence to be taken, doing so either upon corresponding application being made by a party or ex officio, insofar as the opponent agrees to this being done, or insofar as such modification concerns only the correction or amendment of the facts at issue set out in the order, or insofar as witnesses or experts other than those set out in the order are to be examined; the court may do so also without another hearing for oral argument being held. The judge correspondingly delegated or requested shall have the same authority. If at all possible, the parties are to be heard prior to such modification, and in all cases are to be notified of the modification without undue delay.

### Section 361
### Evidence taken by a delegated judge charged with a task

(1) Where a member of the court hearing the case is to take evidence, the presiding judge, in pronouncing the order for evidence to be taken, is to designate the judge so delegated and shall determine the hearing at which the evidence is to be taken.

(2) Should the court have failed to determine a date for a hearing, the delegated judge shall determine it; where the delegated judge is prevented from performing the task with which he has been charged, the presiding judge shall charge a different member of the court with said task.

### Section 362
### Evidence taken by a requested judge

(1) Where another court is charged with taking evidence, the letter of request is to be issued by the presiding judge.

(2) The requested judge shall send to the court registry of the court hearing the case an original copy of the records of the hearings concerning the taking of evidence; the court registry shall inform the parties to the dispute of its having received these records.

### Section 363
### Evidence taken abroad

(1) In cases in which evidence is to be taken abroad, the presiding judge is to file a request with the responsible public authority, asking it to so take the evidence.

(2) Where it is possible to have a Consul of the Federal Republic of Germany take the evidence, the request letter is to be sent to same.

(3) The stipulations set out in Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJEC number L 174 page 1) shall remain unaffected hereby. Sections 1072 and 1073 shall apply to the implementation.

### Section 364
### Cooperation and assistance by parties where evidence is taken abroad

(1) If a foreign public authority is requested to take evidence, the court may order the party tendering such evidence to prepare and send the request letter and to pursue the implementation of such request.

(2) The court may limit itself to ordering the party tendering evidence to produce a public record or document as to the evidence taken, which record or document must be in compliance with the laws of the foreign state.

(3) In both cases, the order for evidence to be taken is to determine a period within which the party tendering evidence is to deposit the said record or document with the court registry. Once this deadline has expired without success, the record or document may be used only if doing so will not delay the proceedings.

(4) If possible, the party tendering evidence is to inform the opponent in such due time of the location and time at which evidence is to be taken that this will enable the opponent to suitably protect his interests under law. Where such notice has not been given, the court is to

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

exercise its discretion in deciding whether – and if so, to which extent – the party tendering
evidence is entitled to use the record of the hearing on the evidence.

### Section 365
### Relinquishment of jurisdiction by the judge correspondingly delegated or requested
Should, at a later time, grounds become apparent indicating that having a different court take
the evidence would be appropriate to the matter at hand, the judge correspondingly
delegated or requested is authorised to request that such court take the evidence. The
parties are to be informed of the ruling correspondingly issued.

### Section 366
### Interlocutory proceedings
(1) If a dispute ensues in the course of taking evidence before a judge correspondingly
delegated or requested, the outcome of which is essential for the taking of evidence to
continue, and regarding which the judge is not entitled to hand down the decision, this matter
shall be dealt with by the court hearing the case.
(2) The hearing scheduled for oral argument regarding the interlocutory proceedings is to be
determined ex officio and is to be made known to the parties.

### Section 367
### Failure of a party to appear
(1) Should a party fail to appear at the hearing at which evidence is to be taken, or should
both parties so fail to appear, evidence nonetheless shall be taken insofar as circumstances
allow.
(2) Upon corresponding application being made, the court shall issue instructions for any
retroactive taking of evidence, or any completion of the evidence taken, and shall do so prior
to that hearing being closed subsequent to which the judgment is handed down, provided
that this does not delay the proceedings or provided that the party can demonstrate in a
satisfactory manner that, through no fault of its own, it was unable to appear at the earlier
hearing, and, in the case of a petition having been filed for the evidence taken to be
completed, that said party's failure to appear has resulted in the taking of evidence being
incomplete in significant aspects.

### Section 368
### New hearing for evidence to be taken
Should it be required to arrange for a new hearing to take evidence, or to continue such
taking of evidence, such a hearing shall be determined ex officio even if the party tendering
evidence, or both parties to the dispute, failed to appear at the earlier hearing.

### Section 369
### Taking of evidence abroad
Where the taking of evidence as performed by a foreign public authority is in line with the
laws applicable to the court hearing the case, no grounds for objection may be derived from
the fact that this was done inadequately under the foreign laws.

### Section 370
### Continuation of the hearing for oral argument
(1) Insofar as the evidence is taken before the court hearing the case, the hearing at which
the evidence is taken shall concurrently be determined to be the continuation of the hearing
for oral argument.
(2) The order instructing that evidence be taken by a judge correspondingly delegated or
requested may concurrently determine the hearing at which oral argument is to continue
before the court hearing the case. Where this has not been done, this hearing shall be
determined ex officio once the taking of evidence has terminated, and the parties shall be
informed of same.

App. 2323

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Title 6
## Evidence taken by visual inspection

### Section 371
### Evidence taken by visual inspection

(1) Evidence taken by visual inspection is offered by designating the object to be inspected visually and by citing the facts regarding which evidence is to be provided. If an electronic document is to serve as evidence, it shall be so offered as evidence by producing or transmitting the file.

(2) Where the party tendering evidence alleges that the object is not in its possession, additional evidence shall be offered by filing the application with the court to set a period within which the object must be procured, or to deliver an order pursuant to section 144. Sections 422 to 432 shall apply mutatis mutandis.

(3) Should a party frustrate the taking of visual evidence on site that it can reasonably be expected to tolerate, the court may deem the allegations made by the opponent regarding the nature of the object to have been proven.

### Section 371a
### Evidentiary value of electronic documents

(1) The rules concerning the evidentiary value of private records and documents shall be applied mutatis mutandis to private electronic documents bearing a qualified electronic signature. The appearance of authenticity of a declaration available in electronic form, as obtained from reviewing it pursuant to the Electronic Signature Act (Signaturgesetz), can be cast into doubt only by facts giving rise to serious doubts as to the declaration having been made by the holder of the signature key.

(2) Where an individual has registered securely for a "De-Mail" account that is assigned solely to that individual (section 4 (1), second sentence, of the Act on De-Mail (De-Mail Gesetz)), the appearance of authenticity attendant on an electronic message sent from this De-Mail account, as resulting from the verification of the sender authentication pursuant to section 5 (5) of the Act on De-Mail, will be called into question only by facts giving rise to serious doubts as to the message with that content having been sent by that person.

(3) The rules concerning the evidentiary value of public records and documents shall be applied mutatis mutandis to electronic documents created, in accordance with the requirements as to form (public electronic documents), by a public authority within the purview of its official responsibilities, or by a person or entity vested with public trust within the sphere of business assigned to him or it. Where the document bears a qualified electronic signature of the public authority that has created it, or of the person or entity vested with public trust, section 437 shall apply mutatis mutandis. The same shall apply if an accredited service provider furnishes the document, on behalf of the public authority that has created such document, or on behalf of the person or entity vested with public trust that has created such document, with his qualified electronic signature pursuant to section 5 (5) of the Act on De-Mail and the sender authentication identifies the public authority that has created such document, or the person or entity vested with public trust, as the user of the De-Mail account, or the person or entity vested with public trust.

### Section 371b
### Evidentiary value of scanned public records or documents

The rules concerning the evidentiary value of public records and documents shall be applied mutatis mutandis to public records or documents that have been transformed, using state-of-the-art technology, into electronic documents by a public authority, or a person or entity vested with public trust, and where a confirmation is available that the electronic document is a true and correct copy of the original, both as an image and in terms of its substance. Where the document and the confirmation bear a qualified electronic signature, section 437 shall apply mutatis mutandis.

App. 2324

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 372
### Taking of evidence

(1) The court hearing the case may instruct that, in taking visual evidence on site, one or several experts be involved.

(2) The court hearing the case may allocate to a member of the court hearing the case or to another court the task of taking visual evidence on site, and may likewise leave it to such member of the court hearing the case or to another court to appoint the experts to be involved.

## Section 372a
### Testing performed to establish parentage

(1) To the extent required in order to establish parentage, each person is to tolerate testing, in particular to having blood tests taken, unless this cannot reasonably be expected of the person to be so tested.

(2) Sections 386 to 390 shall apply mutatis mutandis. Should a person refuse to have testing performed in repeated instances, without such refusal being justified, measures of direct coercion may be taken, in particular by ordering the forcible production of the person concerned for testing.

## Title 7
### Taking of evidence by hearing witnesses

## Section 373
### Offer to provide evidence

Evidence by hearing witnesses shall be offered by naming the witnesses and designating the facts regarding which the witnesses are to be examined.

## Section 374
### (repealed)

## Section 375
### Taking of evidence by a judge correspondingly delegated or requested

(1) The task of taking evidence by hearing witnesses may be allocated to a member of the court hearing the case or to another court only if, and to the extent, that it is to be assumed from the outset that the court hearing the case will be able to properly evaluate the results obtained in taking the evidence, without obtaining a direct impression of the course of the taking of evidence, and:

1.    If it seems expedient, by way of assessing the truth, to examine the witness on site or if, according to the stipulations of the law, the witness is not to be examined at the seat of the court, but instead at a different location;

2.    If the witness is prevented from appearing before the court hearing the case and the witness is not examined in the form governed by section 128a (2);

3.    If, in light of the great distance the witness would have to travel, and taking account of the significance of his statement, it cannot be reasonably expected of the witness to appear before the court hearing the case, and the witness is not examined in the form governed by section 128a (2).

(1a) The task of taking evidence by hearing witnesses may be allocated to a member of the court hearing the case also in those cases in which this seems suitable for the purpose of simplifying the oral argument before the court hearing the case, and if, and to the extent, that it is to be assumed from the outset that the court hearing the case will be able to properly evaluate the results obtained in taking the evidence without obtaining a direct impression of the course of the taking of evidence.

(2) The President of the Federal Republic of Germany is to be examined in his residence.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 376
### Examination of persons subject to official secrecy obligations

(1) The specific rules of civil service law shall apply when examining as witnesses: judges, civil servants, and other persons in the public service where the examination concerns circumstances falling within the scope of their official secrecy obligations; said rules shall likewise apply to the permission granted to such persons to make such a statement.

(2) The special rules governing their actions shall apply for members of the Bundestag, of a Land Parliament, of the Federal government, or of a Land government, as well as for the employees of a parliamentary group of the Bundestag or of a Land Parliament.

(3) In the cases set out in subsections (1) and (2), the court hearing the case shall procure the corresponding permission and shall make this known to the witness.

(4) The President of the Federal Republic of Germany may refuse to testify if such testimony would be detrimental to the welfare of the Federal Republic or of one of the German Länder.

(5) These rules shall continue to apply also if the above-referenced persons are no longer in the public service or employees of a parliamentary group, or if their electoral mandate has ended, to the extent that the facts and circumstances in question occurred during the time of their service, employment or electoral mandate, or to the extent they became aware of such facts and circumstances during such time.

### Section 377
### Summons of a witness

(1) The court registry is to execute the summons issued to a witness, with reference being made to the order for evidence to be taken, and is to give notice ex officio. Unless the court orders that such a summons be served, it is to be communicated by simple letter.

(2) The summons must include:

    1.      The designation of the parties;

    2.      The subject matter of the examination;

    3.      The instruction of the witness to appear at the hearing, at the time and place provided in the summons, for the purpose of testifying before the court, and must include the warning that failure to do so may be sanctioned by the means of administrative coercion provided for in the law.

(3) The court may instruct that the question regarding which evidence is to be taken may be answered in writing should it believe that, in light of the content of the question regarding which evidence is to be taken and taking into consideration the person of the witness, it suffices to proceed in this manner. The attention of the witness is to be drawn to the fact that he may be summoned to be examined as a witness. The court shall direct the witness to be summoned if it believes that this is necessary in order to further clear up the question regarding which evidence is to be taken.

### Section 378
### Documents facilitating a witness's testimony

(1) To the extent they enable him to better testify, the witness is to inspect records and other documents and is to bring them along to the hearing, provided he has been permitted to do so and provided this can reasonably be expected of him. Sections 142 and 429 shall remain unaffected hereby.

(2) Should, upon a specific order of the court having been issued, the witness fail to comply with the obligation pursuant to subsection (1), the court may take the measures designated in section 390; the witness's attention is to be drawn to this fact previously.

### Section 379
### Advance payment to cover expenditures

The court may make the summons of the witness dependent on an advance payment being made by the party tendering evidence; this advance must suffice to cover the expenditures

App. 2326

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

that the Treasury will incur as a result of examining the witness. Should the advance not be paid within the period determined, the witness will not be summoned, unless such payment is made retroactively and in such due time that, in the opinion of the court, formed at its discretion and conviction, it enables the witness to be examined without causing a delay to the proceedings.

### Section 380
### Consequences of a witness's failure to appear

(1) The costs resulting from the fact that a duly summoned witness fails to appear shall be imposed on that witness without this requiring any application to be filed. Concurrently, a coercive fine shall be levied against that witness and, for the case that this cannot be recovered from same, he shall be sentenced to coercive detention.

(2) In the event of a witness failing to appear in several instances, the means of administrative coercion shall be levied or ordered once again; likewise, the forcible production of the witness may be ordered.

(3) A complaint subject to a time limit may be lodged against these orders.

### Section 381
### Sufficient excuse for failing to appear

(1) The costs shall not be imposed on the witness, nor shall any means of administrative coercion be ordered, where the witness provides timely and sufficient excuse for his failure to appear. Should the excuse pursuant to the first sentence hereof not be brought forward in due time, the imposition of costs or the order of means of administrative coercion shall be refrained from only if it is demonstrated to the satisfaction of the court that the witness is not responsible for the excuse having been submitted to the court late. Should the sufficient excuse or the demonstration to the court's satisfaction be performed retroactively, the instructions given shall be cancelled, provided the prerequisites set out in the second sentence hereof having been met.

(2) The notifications and requests by the witness may be made in writing, or may be recorded with the registry for the files of the court, or they may be made orally in the new hearing determined for the witness's examination.

### Section 382
### Examination of certain witnesses at specific locations

(1) The members of the Federal Government or of a Land government are to be examined at their official residence or, if they are spending time outside of their official residence, they shall be examined at that place of abode.

(2) The members of the Bundestag, of the Bundesrat, of a Land parliament or of a second chamber are to be examined at the venue of that assembly while they have their abode there.

(3) For any deviation from the above rules, the following permits must be issued: for members of the Federal Government, a permit from the Federal Government; for members of a Land government, a permit from the Land government; for members of one of the assemblies set out in subsection (2), a permit from that assembly.

### Section 383
### Refusal to testify on personal grounds

(1) The following persons are entitled to refuse to testify:

1.      The fiancé of a party, or that person to whom the party has made a promise to establish a civil union;

2.      The spouse or former spouse of a party;

2a.      The partner or former partner under a civil union with a party;

App. 2327

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

3.      Those who are or were directly related to a party, either by blood or by marriage, or who are or were related as third-degree relatives in the collateral line, or who are or were second-degree relatives by marriage in the collateral line;

4.      Clerics, with a view to what was entrusted to them in the exercise of their pastoral care and guidance;

5.      Persons who collaborate or have collaborated, as professionals, in preparing, making or distributing printed periodicals or radio or television broadcasts, if their testimony would concern the person of the author or contributor of articles or broadcasts and documents, or the source thereof, as well as the information they have been given with regard to these persons' activities, provided that this concerns articles or broadcasts, documents and information published in the editorial part of the periodical or broadcast;

6.      Persons to whom facts are entrusted, by virtue of their office, profession or status, the nature of which mandates their confidentiality, or the confidentiality of which is mandated by law, where their testimony would concern facts to which the confidentiality obligation refers.

(2) The persons designated under numbers 1 to 3 are to be instructed about their right to refuse to testify prior to being examined.

(3) Even if the persons designated under numbers 4 to 6 do not refuse to testify, their examination is not to be aimed at facts and circumstances regarding which it is apparent that no testimony can be made without breaching the confidentiality obligation.

### Section 384
### Refusal to testify for factual reasons

Witnesses may refuse to testify:

1.      On questions, the answer to which would cause direct losses under property law to the witness, or to a person with whom the witness is in a relationship as designated hereinabove in section 383 numbers 1 to 3;

2.      On questions, the answer to which would result in the witness, or a person with whom the witness is in a relationship as designated hereinabove in section 383 numbers 1 to 3, being dishonoured, or if this would entail the risk of their being prosecuted for a criminal offence or an administrative offence;

3.      On questions that the witness would not be able to answer without disclosing a technical or trade secret.

### Section 385
### Exceptions from the right to refuse testimony

(1) In the cases provided for by section 383 number 1 to 3 and section 384 number 1, the witness may not refuse to testify:

1.      Regarding the implementation of a legal transaction and its subject matter, for the implementation of which he was involved as a witness;

2.      Regarding the births, marriages, or deaths of family members;

3.      Regarding facts concerning property matters governed by the family relationship;

4.      Regarding actions taken with a view to the legal relationship at issue, of which it is alleged that the witness took such action as the predecessor in title of a party or as its representative.

(2) The persons designated in section 383 numbers 4 and 6 may not refuse to testify wherever they have been released from their confidentiality obligations.

App. 2328

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 386
### Declaration of refusal to testify

(1) The witness refusing to testify is to submit to the court the facts on which he is basing such refusal, and is to substantiate them, prior to the hearing scheduled for his examination; this substantiation shall be made in writing, or by recording such facts for the files of the court registry, or by submitting them to the court at the hearing itself.

(2) In the cases provided for by section 383 number 4 and 6, the refusal shall be deemed to have been sufficiently substantiated if an assurance is given that an oath of office has been sworn.

(3) Where the witness has declared his refusal in writing, or has recorded it for the files of the court registry, he shall not be obligated to appear at the hearing determined for his examination.

(4) The court registry is to notify the parties to the dispute should it receive a declaration by the witness to this effect, or should such a declaration have been recorded for its files.

### Section 387
### Interlocutory proceedings regarding the refusal to testify

(1) Upon having heard the parties, the court hearing the case shall rule on whether or not the refusal is lawful.

(2) The witness is not under obligation to have an attorney represent him.

(3) A complaint subject to a time limit may be lodged against the interlocutory judgment.

### Section 388
### Interlocutory proceedings regarding a written refusal to testify

Where a witness declares his refusal in writing or has such refusal recorded with the registry for the files of the court, and where the witness has failed to appear at the hearing, a member of the court hearing the case is to report based on the witness's declarations.

### Section 389
### Refusal to testify before a judge correspondingly delegated or requested

(1) Should the witness bring such refusal before a judge correspondingly delegated or requested, the declarations of the witness shall be included in the record of the hearing in addition to the declarations made by the parties, unless the witness's declarations have been submitted to the court in writing or have been recorded with the registry for the files of the court.

(2) The witness and the parties to the dispute are summoned ex officio to the hearing before the court hearing the case.

(3) A member of the court hearing the case is to report on the basis of the declarations made by the witness and the parties. Following such submission by the reporting judge, the witness may make statements for the record; the parties to the dispute may do so in order to provide the reasoning for their petitions to the court; no new facts and circumstances and no new evidence may be asserted in this context.

### Section 390
### Consequences of the refusal to testify

(1) If a witness refuses to testify or to be sworn in without providing any grounds for such refusal, or bases his refusal on grounds that have been declared insignificant in a final and binding judgment, the costs resulting from such refusal shall be imposed on the witness without this requiring any petition to be filed with the court. Concurrently, a coercive fine shall be levied against him and, should it not be possible to recover this fine, the witness shall be sentenced to coercive detention.

(2) In the event the witness repeatedly refuses to testify, the detention of the witness shall be ordered upon a corresponding application being made so as to exact a testimony from him; however, such detention shall not continue beyond the point in time at which the

App. 2329

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

proceedings are terminated at that respective level of jurisdiction. The rules concerning detention in compulsory enforcement proceedings shall apply mutatis mutandis.
(3) A complaint subject to a time limit may be lodged against the orders.

### Section 391
### Placing a witness under oath

Subject to the exemptions resulting from section 393, a witness is to be placed under oath if the court believes this is mandated in light of the significance of the testimony, or in order to procure a truthful statement, provided that the parties to the dispute do not waive having the witness placed under oath.

### Section 392
### Oath sworn subsequently; wording of the oath

The witness shall be sworn in following his examination. A plurality of witnesses may be sworn in simultaneously. The oath shall be worded to the effect that the witness has said nothing but the truth to the best of his knowledge, and that he has not concealed anything.

### Section 393
### Examination of a witness who is not placed under oath

Anyone who, at the time of their examination, is not yet 16 years of age, or who, due to a lack of intellectual maturity or due to an intellectual incapacity, has no sufficient understanding of the nature and significance of an oath, is to be examined without being placed under oath.

### Section 394
### Examination of each witness individually

(1) Each witness is to be examined individually and without those witnesses being present who are to be examined at a later time.
(2) Witnesses whose statements contradict each other may be brought face to face.

### Section 395
### Instruction of a witness to tell the truth; personal information of the witness

(1) Prior to the examination, the witness shall be instructed to tell the truth; his attention shall be drawn to the fact that, in the cases provided for by law and under certain circumstances, he may have to swear an oath regarding his testimony.
(2) The examination shall begin by the witness providing to the court his given name and surname, his age, his profession or business, and his residence. Should this be required, he is to be asked questions concerning those circumstances that concern his credibility in the matter at hand, this being in particular his relationship to the parties to the dispute.

### Section 396
### Examination regarding the dispute

(1) The witness is to be induced to tell the court in context whatever facts are known to him regarding the subject matter of his examination.
(2) By way of ensuring the clarity and completeness of the testimony, while also investigating the basis on which the knowledge of the witness is based, the court is to ask further questions where necessary.
(3) The presiding judge is to grant to each member of the court making the corresponding request the opportunity to ask questions.

### Section 397
### Right of the parties to ask questions

(1) The parties are entitled to have those questions put to the witness that they believe expedient for clearing up the matter, or for establishing the circumstances of the witness.
(2) The presiding judge may permit the parties to directly address questions to the witness, and is to grant this permission to their counsel upon the latter's request.
(3) In case of doubt, the court shall rule on whether or not a question is admissible.

App. 2330

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 398
### Repeated examinations; subsequent examinations

(1) The court hearing the case may order, at its discretion, that a witness be examined several times.

(2) Where a delegated or a requested judge has refused to ask a question as suggested by a party in examining a witness, the court hearing the case may order that the witness be subsequently examined on this question.

(3) Should an examination be repeated, or should it be performed subsequently, the judge may refrain from placing the witness under oath once again and instead have him give an assurance that his testimony is correct while invoking the oath he swore previously.

### Section 399
### Waiver of a witness's examination

The party may waive having a witness examined by the court that it has itself named; however, the opponent may demand that the witness appearing be so examined and, where such examination has already begun, that it be continued.

### Section 400
### Authorisation of the judge charged with taking evidence

In the event the witness fails to appear or refuses to testify, the judge charged with taking evidence is authorised to issue the statutory directions and, provided this is at all admissible: to himself repeal them after he has completed the task with which he was charged, to take a preliminary decision regarding the admissibility of a question submitted to a witness, and to once again examine a witness.

### Section 401
### Compensation of witnesses

The witness shall be compensated pursuant to the Judicial Remuneration and Compensation Act (Justizvergütungs- und –entschädigungsgesetz, JVEG).

### Title 8
### Evidence provided by experts

### Section 402
### Applicability of the rules for witnesses

Unless otherwise provided for by the subsections hereinbelow, the rules in place for the evidence provided by witnesses shall apply mutatis mutandis to the evidence provided by experts.

### Section 403
### Offer to provide evidence

Evidence shall be offered by designating the items regarding which a report is to be prepared.

### Section 404
### Selection of the expert

(1) The court hearing the case shall select the experts to be involved and shall determine their number. It may limit itself to appointing a single expert. It may appoint other experts to take the stead of the expert first appointed.

(2) Should experts have been publicly appointed for certain types of reports, other persons shall be selected only if particular circumstances so require.

(3) The court may ask the parties to the dispute to designate persons who are suited to be examined as experts.

(4) Should the parties to the dispute agree on certain persons to be appointed as experts, the court is to comply with what they have agreed; however, the court may limit the selection made by the parties to a certain number.

App. 2331

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 404a
### Directions by the court as regards the expert's activities

(1) The court is to direct the expert in terms of his activities and may issue instructions as concerns their nature and scope.

(2) Insofar as the special aspects of the case require, the court is to hear the expert prior to wording the question regarding which evidence is to be taken; it is to familiarise the expert with his tasks; and is to explain to the expert the task it has allocated to him should he so request.

(3) Where the facts of a case are at issue, the court shall determine the facts on which the expert is to base his report.

(4) To the extent required, the court shall determine the scope in which the expert shall be authorised to elucidate the question regarding which evidence is to be taken, and it shall also determine whether or not he may contact the parties, and at which point he is to permit them to participate in his investigations.

(5) Any instructions given to the expert shall be communicated to the parties. If a separate hearing is held at which the expert is familiarised with his tasks, the parties are to be allowed to attend.

### Section 405
### Selection of the judge charged with taking evidence

The court hearing the case may authorise the judge charged with taking evidence to appoint the expert. In such event, the judge shall have the authorities and obligations of the court hearing the case pursuant to section 404 and section 404a.

### Section 406
### Rejection of an expert

(1) An expert may be rejected for the same reasons for which a party is entitled to challenge a judge. However, the fact that the expert has been examined as a witness cannot be taken as grounds for rejecting him.

(2) The petition for rejection is to be filed with the court or judge by whom the expert has been appointed, prior to the expert being examined; at the latest, however, within two weeks following the pronouncement or service of the order concerning the expert's appointment. Any such rejection shall be admissible at a later date only if the petitioner demonstrates to the satisfaction of the court that he was prevented, through no fault of his own, from asserting and filing the reasons for rejecting the expert. The petition may be recorded with the registry for the files of the court.

(3) The reasons for rejecting the expert must be demonstrated to the court's satisfaction; the party may not be admitted to make a statutory declaration in lieu of an oath.

(4) The decision shall be issued by the court or judge designated in subsection (2) hereinabove by court order.

(5) There is no remedy available against a court order by which the rejection is declared as having been substantiated, whereas a complaint subject to a time limit may be lodged against the court order declaring the rejection to be unsubstantiated.

### Section 407
### Obligation to submit a report

(1) The party appointed as expert is to comply with this appointment if he is a publicly appointed expert responsible for the submission of reports of the type required, or if he publicly pursues, as an economic activity, the science, art or commercial activities, knowledge of which is a pre-requisite for preparing the report, or if he has been publicly appointed or authorised for the exercise of such activities.

(2) Any person who has declared to the court that he is willing to submit such a report shall be under obligation to do so.

App. 2332

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 407a
## Other obligations of the expert

(1) The expert is to review, without undue delay, whether the task allocated to him by the court in fact falls within his field and whether it can be completed without involving further experts. Should this not be the case, the expert is to notify the court of this fact without undue delay.

(2) The expert does not have authority to transfer the task allocated to him by the court to another party. To the extent the expert avails himself of the collaboration of another person, he is to provide that person's name and set out the scope in which that person contributed to his report, unless the work so done concerned ancillary services of minor significance.

(3) Should the expert be in doubt as to the content and scope of the task allocated to him by the court, he is to procure clarification from the court without undue delay. Should the expert foresee that the costs recognisably will be disproportionate to the value of the subject matter being litigated, or that they will be significantly higher than the advance on the costs of litigation required by the court, he is to draw the attention of the court to this circumstance in due time.

(4) Should the court so demand, the expert is to surrender or communicate the files and any other documents he has used to prepare his report, as well as any results of his investigations, doing so without undue delay. Should he fail to comply with this obligation, the court shall order that such files, documents, and results be surrendered.

(5) The court is to instruct the expert as concerns his obligations.

## Section 408
## Right to refuse to prepare a report

(1) The same grounds entitling a witness to refuse to testify shall entitle an expert to refuse to prepare a report. The court may also release an expert from the obligation to prepare a report for other reasons.

(2) The specific stipulations of civil service law shall apply when examining judges, civil servants, and other persons in the public service as experts. The special rules governing the actions of members of the federal government or of a Land government shall apply for these persons.

(3) Anyone who has assisted with a judicial ruling may not be examined as an expert regarding questions that were the subject matter of the court's decision.

## Section 409
## Consequences of the failure to appear or of the refusal to submit a report

(1) Should an expert fail to appear in court, or should he refuse to submit a report in spite of being under obligation to do so, or should an expert retain files or other documents, the costs entailed by this conduct shall be imposed upon him. Concurrently, a coercive fine shall be levied against him. In the event of repeated disobedience, the coercive fine may be levied once again.

(2) A complaint subject to a time limit may be lodged against the order.

## Section 410
## Placing the expert under oath

(1) The expert shall be sworn in, either prior to his submitting the report to the court or after he has done so. The oath shall be worded to the effect that the expert will prepare, or has prepared, the report demanded of him in an impartial manner and to the best of his knowledge and belief.

(2) Where the expert is a generally sworn expert concerning the preparation of reports of the type entailed by the proceedings, it shall suffice for him to invoke the oath he has sworn; this may also be done in his written report.

## Section 411
## Written report

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) If it is ordered that the report be submitted in writing, the court shall set a period for the expert within which he is to transmit his signed report.

(2) Should an expert obligated to submit the report fail to meet the deadline imposed on him, a coercive fine may be levied against him. A warning that a coercive fine may be levied must have been previously issued, with a period of grace being set in the warning. Should the deadline be missed in repeated instances, the coercive fine may be levied once again in the same manner. Section 409 (2) shall apply mutatis mutandis.

(3) The court may order the expert to appear before it for the purpose of explaining the written report.

(4) Within a reasonable period of time, the parties are to communicate to the court their objections to the report, any petitions with regard to the preparation of the report, and supplementary questions to the written report. The court may set a deadline within which they are to do so; section 296 (1) and (4) shall apply mutatis mutandis.

### Section 411a
### Use of expert reports prepared in other proceedings

The preparation of a written report may be forgone if an expert report can be used that has been obtained by the court or the public prosecution office in other court proceedings.

### Section 412
### New report

(1) The court may order the same experts or other experts to prepare a new report if it finds that the report is not to its satisfaction.

(2) The court may order another expert to prepare a report if, following the submission of a report by an expert, the rejection of that expert has met with success.

### Section 413
### Remuneration of the expert

The expert shall be remunerated pursuant to the Judicial Remuneration and Compensation Act (Justizvergütungs- und –entschädigungsgesetz, JVEG).

### Section 414
### Expert witnesses

Insofar as knowledgeable persons are to be examined in order to obtain evidence regarding past facts and circumstances, or situations given in the past, which required special technical competence in order to be perceived, the rules governing the taking of evidence by hearing witnesses shall be applicable.

### Title 9
### Evidence provided by records and documents

### Section 415
### Evidentiary value of public records and documents regarding declarations

(1) Records and documents that have been prepared, in accordance with the requirements as to form, by a public authority within the scope of its official responsibilities, or by a person or entity vested with public trust within the sphere of business assigned to him or it (public records and documents), shall establish full proof, provided they have been executed regarding a declaration made before the public authority or the public official issuing the deed.

(2) Evidence proving that the transaction has been improperly recorded is admissible.

### Section 416
### Evidentiary value of private records and documents

To the extent that private records and documents are signed by the parties issuing them, or have been signed using a mark that has been certified by a notary, they shall establish full proof that the declarations they contain have been made by the parties who prepared such records and documents.

App. 2334

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 416a
### Evidentiary value of the hard-copy printout of a public electronic document

The certified hard-copy printout of an electronic document pursuant to section 371a (3) that a public authority has created, in accordance with the requirements as to form, within the scope of its official responsibilities, or a person or entity vested with public trust within the sphere of business assigned to him or it, as well as the hard-copy printout of an electronic document issued by a court bearing an endorsement by the competent court pursuant to section 298 (2) shall be equivalent to the certified copy of a public record or document.

## Section 417
### Evidentiary value of public records and documents regarding a directive, ruling or decision issued by an authority

The public records and documents containing a directive, ruling or decision issued by a public authority shall establish full proof of their content.

## Section 418
### Evidentiary value of public records and documents with other content

(1) Public records and documents setting out other content than that designated in sections 415 and 417 establish full proof of the facts set out therein.

(2) Evidence proving that the facts set out therein are wrong is admissible unless the laws of a federal Land rule out or limit such evidence.

(3) Should the certification not be based on the own perception of the public authority or the public official issuing the deed, the rule established in subsection (1) shall be applied only where it is apparent from the laws of a federal Land that the evidentiary value of the certification is independent of that own perception.

## Section 419
### Evidentiary value of flawed records and documents

The court shall decide at its discretion and conviction to which extent flaws such as text having been struck out, erasures, insertions, or other external defects will abrogate or reduce the evidentiary value of a record or document as a whole or in part.

## Section 420
### Production by the party tendering evidence; offer to provide evidence

Producing the record or document will constitute the offer of evidence.

## Section 421
### Production by the opponent; offer to provide evidence

Should the party tendering evidence allege that the record or document is in the hands of the opponent, evidence shall be offered by filing a petition that the court direct the opponent to produce said record or document.

## Section 422
### Opponent's obligation under civil law to produce a record or document

The opponent is under obligation to produce the record or document if, pursuant to the stipulations of civil law, the party tendering evidence may demand the surrender or production of the record or document.

## Section 423
### Opponent's obligation to produce a record or document in the event of reference being made to same

The opponent is also under obligation to produce a record or document to which he has referred in the proceedings by way of tendering evidence, even where he did so only in a preparatory written pleading.

## Section 424
### Petition in the event the record or document is to be produced by the opponent

App. 2335

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The petition shall:

1.      Designate the record or document;

2.      Designate the facts the record or document is intended to prove;

3.      Designate, as completely as possible, the contents of the record or document;

4.      Cite the circumstances based on which it is being alleged that the opponent has possession of the record or document;

5.      Designate the grounds based on which the obligation results to produce the record or document. These grounds must be demonstrated to the satisfaction of the court.

### Section 425
### Order that the opponent produce the record or document

Should the court deem the facts or circumstances to be significant that are to be proven by the record or document, and the petition to be justified, it shall order the opponent to produce the record or document if the opponent has acknowledged that the record or document is in his hands, or in the event that the opponent fails to react to the petition in substance.

### Section 426
### Examination of the opponent regarding the whereabouts of the record or document

Should the opponent dispute that the record or document is in his possession, he is to be examined as to its whereabouts. In the summons to the hearing at which he is to be examined, he is to be directed to carefully research the whereabouts of the record or document. Furthermore, the stipulations of sections 449 to 454 shall apply mutatis mutandis. Should the court become convinced that the record or document is in the opponent's possession, it shall order it to be produced.

### Section 427
### Consequences of the opponent failing to produce the record or document

Should the opponent fail to comply with the order to produce the record or document, or should the court become convinced, in the case provided for by section 426, that he has not carefully researched the whereabouts of the record or document, a copy of the record or document produced by the party tendering evidence may be deemed to be proper evidence. Where no copy of the record or document has been produced, the allegations made by the party tendering evidence regarding the nature and content of the record or document may be assumed to be proven.

### Section 428
### Production by third parties; offer to provide evidence

In cases in which, according to the allegations made by the party tendering evidence, the record or document is in the possession of a third party, evidence shall be deemed offered where a petition has been filed with the court that it determine a period for the procurement of the record or document, or that it deliver an order pursuant to section 142.

### Section 429
### Obligation of third parties to produce a record or document

For the same reasons as apply to the opponent of the party tendering evidence, the third party is under obligation to produce the record or document; the third party can be compelled to produce the record or document only by bringing an action. Section 142 shall remain unaffected hereby.

### Section 430
### Petition for the record or document to be produced by a third party

App. 2336

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

In order to provide the reasoning for the petition to be filed pursuant to section 428, the party tendering evidence is to comply with the requirements set out in section 424 numbers 1 to 3 and number 5, and moreover is to demonstrate to the satisfaction of the court that the record or document is in fact in the hands of the third party.

## Section 431
### Period set for the third party to produce the record or document

(1) If the facts or circumstances that the record or document is to prove are significant, and if the petition corresponds to the stipulations of the preceding section, the court is to determine a period within which the record or document is to be produced.

(2) The opponent may petition that the proceedings be continued prior to the expiry of the deadline if the action brought against the third party has been dealt with and terminated, or if the party tendering evidence is tardy in filing the corresponding suit, protracts the litigation, or delays compulsory enforcement.

## Section 432
### Production of records or documents by public authorities or civil servants; offer to provide evidence

(1) Where, according to the allegation made by the party tendering evidence, the record or document is in the hands of a public authority or of a civil servant in the narrower sense of the term, evidence shall be offered by filing the petition with the court that the public authority or the civil servant be requested to provide the record or document.

(2) This rule is not to be applied to records or documents which, according to the stipulations of the law, the parties to the dispute are able to procure without requiring the involvement of the court.

(3) Should the public authority or the civil servant refuse to communicate the record or document in cases in which the obligation to produce same is based on section 422, the stipulations of sections 428 to 431 shall apply.

## Section 433
### (repealed)

## Section 434
### Production of records or documents to judges correspondingly delegated or requested

If a record or document cannot be produced at the hearing because this is prevented by significant impediments, or if there are concerns regarding its production in light of its importance and the concern that it might be lost or damaged, the court hearing the case may order that the record or document be produced to one of its members or to another court.

## Section 435
### Production of public records and documents as originals or as certified copies

A public record or document may be produced as an original or as a certified copy if it meets the requirements regarding a public record or documents where its certification is concerned; the court may order, however, that the party tendering evidence produce the original or that it state which facts and circumstances prevent it from so producing the original, demonstrating such facts and circumstances to the satisfaction of the court. Should this order not meet with success, the court shall decide at its discretion and conviction on the evidentiary value it intends to accord to the certified copy.

## Section 436
### Waiver following the production of a record or document

Following the production of a record or document, the party tendering evidence may waive the evidence represented by said record or document only with the consent of the opponent.

## Section 437
### Authenticity of German public records and documents

App. 2337

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) Records and documents which, by their form and content, appear to have been executed by a public authority or by a person or entity, shall be presumed to be authentic.
(2) Should the court have doubts as to the authenticity of a record or document, it may also demand ex officio of the public authority or the person alleged to have executed the record or document that they make a statement regarding its authenticity.

### Section 438
### Authenticity of foreign public records and documents
(1) The court is to exercise its discretion in deciding, based on the circumstances of the case, whether or not a record or document appearing to have been executed by a foreign public authority or by a foreign person or entity vested with public trust, may be deemed to be authentic without obtaining any further proof by supporting documents.
(2) Legalisation by a consul or a minister of the Federal Republic shall suffice as proof of the authenticity of such a record or document.

### Section 439
### Declaration as to the authenticity of private records and documents
(1) Pursuant to the stipulations of section 138, the opponent of the party tendering evidence is to react in substance as regards the authenticity of a private record or document.
(2) Insofar as the record or document is signed by a name, the said declaration is to address the authenticity of the signature.
(3) Where this declaration is not made, the record or document shall be deemed to have been acknowledged as authentic unless the other declarations made by the party indicate that it intends to dispute the record's or the document's authenticity.

### Section 440
### Evidence of the authenticity of private records and documents
(1) Evidence is to be provided of the authenticity of a private record or document that has not been acknowledged as authentic.
(2) If the signature by a name has been established to be authentic as a definite fact, or if the signature using a mark set underneath a record or document has been certified by a notary, the writing above the signature or the mark shall be presumed to be authentic.

### Section 441
### Handwriting comparison
(1) The proof of the authenticity or falsity of a record or document may also be provided by a handwriting comparison.
(2) In such event, the party tendering evidence is to submit handwritings suitable for comparison, or is to petition that such handwritings be submitted pursuant to the stipulations of section 432 and, if necessary, is to offer evidence of their authenticity.
(3) If the handwriting suited for comparison is in the hands of the opponent, he is under obligation to produce such handwriting upon corresponding application being made by the party tendering evidence. The stipulations of sections 421 to 426 shall apply mutatis mutandis. Should the opponent fail to comply with the court order to produce the handwriting suited for comparison, or should, in the case provided for by section 426, the court have come to the conviction that the opponent has not carefully researched the whereabouts of the handwritings, the record or document may be deemed to be authentic.
(4) Should the party tendering evidence demonstrate to the satisfaction of the court that handwritings suited for comparison are in the hands of a third party, with the party tendering evidence being able to have such handwritings produced by bringing a corresponding court action, the stipulations of section 431 shall apply mutatis mutandis.

### Section 442
### Evaluation of the handwriting comparison
The court is to decide at its discretion and conviction regarding the results obtained by comparing the handwriting, and upon having heard an expert wherever appropriate.

App. 2338