IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2384-N |
| | § | |
| TRUSTMARK NATIONAL BANK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Plaintiffs Steven Queyrouze, Guthrie Abbott, Salim Estefenn Uribe, Sarah Elson-Rogers, Diana Suarez, and Ruth Alfille de Penhos's motion for class certification and designation of class representatives and counsel [347]. Because common issues of fact do not predominate, the Court denies the motion.

**I. THE ORIGINS OF THE PARTIES' DISPUTE**

This case arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts of Stanford's scheme are well-established, *see, e.g.*, *Janvey v. Democratic Senatorial Campaign Committee, Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here. Reduced to its essence, Stanford's scheme involved the sale of fraudulent certificates of deposit ("CDs") issued by the Stanford International Bank Limited ("SIBL"), an offshore bank based in Antigua. Although Stanford represented to investors that CD proceeds were

only invested in low risk, high return funds, in reality the CD proceeds were used to finance Stanford's own extravagant lifestyle and pay off previous investors.

Plaintiffs – who aspire to represent over 17,000 SIBL CD investors – bring the instant case against Defendants Trustmark National Bank, HSBC Bank PLC, The Toronto Dominion Bank, Independent Bank f/k/a/ Bank of Houston, Société Générale Private Banking (Suisse) SA, and Blaise Friedli – five financial institutions and one employee of one of the financial institutions – for providing banking services that supported and furthered Stanford's scheme. In particular, Plaintiffs allege that Defendants (1) aided violations of the Texas Securities Act ("TSA"), see TEX. REV. CIV. STAT. ANN. art. 581- 33F(2); (2) aided fraud; (3) participated in a breach of fiduciary duty; and (4) aided in the conversion of money. Now before the Court is Plaintiffs' motion for class certification and designation of class representatives and counsel.

## II. THE LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the elements that must be met before a class is certified. First, Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); *Stirman v. Exxon Corp.*, 280 F.3d 554, 558–59 (5th Cir. 2002). Additionally, the proposed class action must satisfy at least one element of Rule 23(b). *Id.* at 559. Here, Plaintiffs rely on Rule 23(b)(3), which requires that the questions of law or fact

common to the class predominate over questions affecting individual members and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). Factors pertinent to deciding whether Rule 23(b)(3) is satisfied include class members' interests in individually controlling separate actions, the extent and nature of any existing litigation concerning the controversy and involving the class members, the desirability of concentrating the litigation in a particular forum, and the likely difficulties of managing a class action. *Id.*

In conducting the necessary Rule 23 analysis, courts must consider the "relevant claims, defenses, facts, and substantive law presented in the case." *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 345 (5th Cir. 2012). The Supreme Court has consistently stated that it "may be necessary for the [trial] court to probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if, after rigorous analysis, the court confirms that Rule 23 is satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (internal quotations omitted); *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982).

### III. THE COURT DENIES PLAINTIFFS' MOTION

Here, the Court holds that Plaintiffs have not met the predominance requirement of Rule 12(b)(3). The record before the Court shows that individual factual issues concerning the oral representations and omissions made by Stanford representatives to individual investors will likely predominate. Even assuming that Plaintiffs are correct in asserting that every class member's claim is predicated on the sole, common omission that SIBL was a

Ponzi scheme, this omission was made in a variety of differing contexts. The record reflects that, even among only named Plaintiffs, investors had different financial advisors who made varying oral representations in separate sales pitches for the SIBL CDs. Given the varying oral representations made to individual investors, individual factual questions will likely predominate here.

Case law in this circuit lends support to this determination. In *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880 (5th Cir. 1973), for example, the Fifth Circuit noted:

> If there is any material variation in the representations made or in the degrees of reliance thereupon, a fraud case may be unsuited for treatment as a class action. *See* Rule 23, Advisory Committee's Official Note, 39 F. R.D. 98, 107 (1966). Thus, courts usually hold that an action based substantially, as here, on oral rather than written misrepresentations cannot be maintained as a class action. *See, e. g., Morris v. Burchard*, 51 F.R.D. 530 (S.D.N.Y. 1971); *Moscarelli v. Stamm*, 288 F.Supp. 453 (E.D.N.Y. 1968); *see also* Comment, *The Impact of Class Actions on Rule 10b-5*, 38 U. CHI. L. REV. 337, 342 (1971).

*Id.* at 882. Similarly, this Court has previously found that where, as here, potential class members received varying oral representations, common issues of fact did not predominate. In *Gyarmathy & Associates, Inc. v. TIG Insurance Co.*, 2003 WL 21339279 (N.D. Tex. June 3, 2003) (Godbey, J.), this Court explained:

> While the text of the [written materials] may have been identical, the record before the Court shows that those documents were not delivered to the putative class members in identical contexts. Many of the potential class members placed their coverage through brokers. The record reflects that at least some potential class members received varying representations from their brokers above and beyond what is contained in the [written materials].

*Id.* at *2.  As a result, this Court concluded that common issues of fact did not predominate in the case and thus denied class certification.  *Id.*  Likewise, the Court concludes that common issues of fact do not predominate here.

### CONCLUSION

In light of the factual record and case law on the issue of representations and omissions, the Court holds that Plaintiffs have failed to carry their burden of showing that common issues of fact would predominate, as required by Rule 23(b)(3).  Accordingly, the Court denies Plaintiffs' motion for class certification and designation of class representatives and counsel.  Additionally, the Court lifts the discovery stay it previously ordered in this case. *See* Class Certification Scheduling Order 2 [228].

Signed November 7, 2017.

_____
David C. Godbey
United States District Judge