IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, *et al.*, on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | Case No.: 3:09-CV-02384-N |
| v. | § § | |
| TRUSTMARK NATIONAL BANK, *et al.*, | § § § | |
| Defendants. | § | |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, on its own behalf and as assignee of RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, | § § § § § § § | |
| Intervenor-Plaintiff, | § § | |
| v. | § § | |
| SG PRIVATE BANKING (SUISSE) S.A. and BLAISE FRIEDLI, | § § § | |
| Defendants. | § | |

**RESPONSE TO SG PRIVATE BANKING (SUISSE) S.A.'S MOTION TO STRIKE
OSIC'S APPENDIX TO SUPPLEMENTAL REPLY IN SUPPORT
OF OSIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff-Intervenor The Official Stanford Investors Committee ("OSIC") respectfully submits this response to Defendant SG Private Banking (Suisse) S.A.'s ("SG Suisse") Motion to Strike OSIC's Appendix to Supplemental Reply in Support of OSIC's Motion for Partial Summary Judgment [Doc. 464] (the "Motion").

## PRELIMINARY STATEMENT

SG Suisse's Motion makes the baseless and fundamentally unfair argument that only **it** can supplement its papers with the discovery it sought from OSIC and with the documents it produced in response to Mr. Friedli's Hague request. The Court's Order of November 9, 2017, granting SG Suisse a continuance to take limited discovery (the "Discovery Order") [Doc. 429], clearly contemplated that **both parties** could supplement their partial summary judgment papers, as did the so-ordered stipulation [Doc. 453] allowing SG Suisse to file a superseding version of its supplemental response in order to incorporate information it produced in response to Mr. Friedli's request. Tellingly, the Motion nowhere claims that OSIC is asserting a new factual basis for its motion for partial summary judgment (the "MPSJ"). SG Suisse's stance is purely procedural – it has no substantive legal objection to OSIC's submission. The Motion is simply the latest effort by SG Suisse to delay a ruling on the MPSJ and its legal obligation to repay the Receivership estate over $100 million (principal plus interest) that it wrongfully received.

It is hornbook law that where a party raises new assertions and arguments in papers opposing a motion – as SG Suisse did throughout its supplemental response – the movant is entitled to respond in reply papers. That is precisely what OSIC did in its supplemental reply, as supported by the reply appendix. There is no basis to require OSIC to seek leave from the Court to file a reply appendix. However, if OSIC was required to seek such leave, despite the Court's

Discovery Order and the parties' so-ordered stipulation, then OSIC respectfully asks the Court to consider this submission as OSIC's application for leave on a *nunc pro tunc* basis.

Finally, SG Suisse takes issue with OSIC's expert, Karyl Van Tassel ("Van Tassel"), submitting a reply declaration that addresses issues raised in her deposition concerning the tracing of $95 million in loan proceeds conveyed by initial transferee R. Allen Stanford ("Stanford") to other bank accounts he controlled. This issue is a red herring. The discovery ordered by the Court was **limited** to whether any loan proceeds indisputably paid to Stanford were subsequently paid to Receivership entity Stanford Financial Group, Ltd. ("SFGL"), which the evidence clearly shows did not occur. The subsequent transfer of loan proceeds to entities other than SFGL is irrelevant to the disposition of the MPSJ, but Van Tassel nonetheless answered SG Suisse's questions about this at her deposition, and then properly submitted a declaration with the backup for her conclusion and in reply to SG Suisse's supplemental response.

## PROCEDURAL HISTORY

OSIC filed the MPSJ on December 22, 2015, seeking an order from the Court avoiding and recovering a $95 million fraudulent transfer made from SFGL to SG Suisse. OSIC demonstrated that SFGL transferred these funds in repayment of a personal loan to Stanford, without receiving any of these loan proceeds or any other value.

On November 9, 2017, the Court issued the Discovery Order, granting SG Suisse a continuance to take discovery on five issues:

> a. the establishment of any lien on Stanford Financial Group Ltd. ("SFGL") account 108731 (the "Account) in favor of SG Suisse, including any collateral agreement or promissory note referenced in the 2004 Credit Facility;

> b. **the disposition, if any, of any pertinent loan proceeds to SFGL**;
>
> c. the source of funds for the Account;
>
> d. the extent to which the Receiver used any assets of Banco Galicia or its successors to repay Stanford investors or other Stanford creditors; and
>
> e. any deposits to or payments from the Account, including without limitation by transfer.

Discovery Order, pp. 1-2 (emphasis added). The Court also ordered OSIC to make its expert, Van Tassel, available for a four-hour deposition, and to produce all prior declarations and transcripts of testimony given by Van Tassel in other Stanford-related cases. *Id.* "The Court expressly [found] that no further discovery beyond that delineated above [was] necessary for SG Suisse to address the issue of reasonably equivalent value, as any further evidence required to raise a fact issue on that subject should already be within its possession." *Id.*

The Court ordered the parties to file a supplemental response and supplemental reply following the conclusion of the discovery period established by the Discovery Order. It was obviously intended by the Discovery Order that SG Suisse's supplemental response to the MPSJ would incorporate information obtained in the MPSJ discovery period, and OSIC's supplemental reply would do the same.

OSIC produced over 100,000 documents to SG Suisse on December 18, 2017.

Van Tassel's deposition was taken by SG Suisse on January 23, 2018. During her deposition, SG Suisse insisted on examining Van Tassel concerning the transfer of the $95 million personal loan to other Stanford-controlled accounts, even though the Discovery Order permitted SG Suisse to examine only "the disposition, if any, of any pertinent loan proceeds <u>to</u> <u>SFGL</u>." Discovery Order, pp. 1-2 (emphasis added). Ms. Van Tassel, however, obliged SG

**RESPONSE TO MOTION TO STRIKE**                                                                                       3

Suisse and provided testimony concerning the transfer of the loan proceeds by Stanford from his own personal account at SG Suisse to other accounts he controlled.

SG Suisse then filed a supplemental response asserting falsely that, "[t]he Committee and its expert have made no attempt to trace the [$95 million personal] loan proceeds" [Doc. 447, p. 10]. SG Suisse also submitted an appendix with 31 items, consisting of documents obtained from OSIC during the MPSJ discovery period. [Doc. 449.]

A month after the Discovery Order, SG Suisse's former employee (and a co-defendant in this case) Blaise Friedli, in apparent coordination with SG Suisse, asked for the issuance of a Hague request to SG Suisse. [Docs. 434-35.] This was not contemplated by the Discovery Order. In advance of this Hague request, SG Suisse had conveniently told Mr. Friedli it would "not oppose this Request." [Doc. 436 at 1.] Following the Court's issuance of the Hague request [Doc. 437] and action by the Swiss authorities [Doc. 452], SG Suisse made a document production to Mr. Friedli, which it shared with OSIC (the "Friedli Production").

Following the Friedli Production – which was not anticipated by OSIC, and which contained records pertinent to issues beyond the five topics identified in the Discovery Order – the parties conferred for purposes of amending the supplemental briefing schedule to allow both parties to address this production. SG Suisse then filed an agreed motion asking the Court to "allow SG Suisse to file a superseding version of its Supplemental Response … to incorporate" the Friedli Production. [Doc. 453 at 1]. The Court granted this application. [Doc. 455].

SG Suisse subsequently filed an amended supplemental response that included an appendix with 45 items, including items added from the Friedli Production. [Doc. 458]. SG Suisse also filed an amended supplemental brief, once again asserting that "[t]he Committee and

its expert have made no attempt to trace the [$95 million personal] loan proceeds" [Doc. 457, p. 13].

OSIC then filed its supplemental reply. OSIC's appendix includes: a transmittal affidavit of counsel; a reply declaration from Van Tassel, in which she defends the tracing methodology of her original declaration specifically in reply to issues raised in SG Suisse's response; excerpts from the transcript of the same deposition of Van Tassel as SG Suisse excerpted in its amended supplemental response; four documents from the production which OSIC made in compliance with the Discovery Order; and 17 documents from the Friedli Production. *See* [Doc. 462].

## ARGUMENT

It is settled law that a reply may contain new arguments and evidence if they are responsive to arguments and evidence raised in summary judgment response papers. *See Horak v. Glazer's Wholesale Drug Co.*, No. 06-10854, 2007 WL 713154, at *3 n.3 (5th Cir. Mar. 6, 2007) ("Horak asserted the mixed-motives theory in his response brief as a basis for opposing Glazer's summary judgment motion, and Glazer's addressed the theory in its reply brief. Accordingly, the theory was properly before the district court."); *see also Lynch v. Union Pacific RR Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, J.); *Austin v. Kroger Texas, L.P.*, No. 3:11-cv-1169-B, 2016 WL 1322248, at *2 (N.D. Tex. Apr. 5, 2016); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 373 n.22 (5th Cir. 2001).

For example, in *Lynch v. Union Pacific RR Co.*, the plaintiff requested that briefing on the defendant's summary judgment motion be delayed so that additional deposition testimony could be obtained. *Lynch*, 2015 WL 680771, at *1. The plaintiff then included the newly obtained testimony, and argument based on that testimony, in its response, and the defendant

addressed those arguments in its reply brief and included additional portions of the deposition testimony in its reply appendix. *Id.* The plaintiff then moved to strike the defendant's reply appendix. *Id.* But the Court held that, "[b]ecause Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary judgment response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply." *Lynch*, 2015 WL 680771, at *1.

Here, as in *Lynch* and the settled law in this district, OSIC's supplemental reply brief and appendix are properly before the Court. The Discovery Order [Doc. 429] contemplated that the parties would submit briefs and appendices addressing the discovery from OSIC ordered by the Court. In addition, the Court granted the agreed scheduling motion [Doc. 453] to allow both parties to address the unanticipated Friedli Production, which was made by SG Suisse after the MPSJ discovery period had concluded, and after it had already filed its initial supplemental response. Moreover, OSIC's supplemental brief and appendix specifically address arguments and evidence first raised by SG Suisse in its response, namely, SG Suisse's use and characterizations of the Friedli Documents, and its criticism of Van Tassel's tracing methodology. OSIC did not present a new, independent basis for summary judgment in its supplemental filings.

SG Suisse's position appears to be that it alone should be permitted to rely on discovery materials that it produced after the conclusion of the supplemental discovery period. Of course, this would be fundamentally unfair. Discovery is meant to level the playing field – it is not a one-sided endeavor. *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09–CV–2294–L, 2010 WL 5480602, at *2 (N.D. Tex. Dec. 30, 2010) ("It would be fatuous to assume that key

discovery is not needed by both sides"); *Wilson v. Wal-Mart Stores, Inc.*, 199 F.R.D. 207, 207 (S.D. Tex. 2001) ("when [defendant's] discovery abuses cause the playing field itself to become unlevel the Court must both promptly and adequately act"). As the Court held in *Lynch*:

> … Plaintiff's request to delay briefing on Defendant's summary judgment motion to conduct discovery that he now relies on in his summary judgment response, justify granting Defendant leave to file its appendix in support of its reply. To conclude otherwise would allow Plaintiff an unfair advantage in using a "gotcha" procedural approach.

*Lynch*, 2015 WL 6807716, at *1.

Finally, all of the cases cited by SG Suisse are inapposite because the non-moving party in those cases did *not* seek to obtain discovery during the briefing period, and did *not* submit evidence obtained from that discovery in its response appendix. *See, e.g., Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001); *Greene v. Toyota Motor Corp.*, No. 3:11-CV-207-N, 2014 WL 12575962, at *2 (N.D. Tex. May 7, 2014); *Caris MPI, Inc. v. Eastman*, No. 3:14-CV-396-N, 2014 WL 12584417, at *1 n.1 (N.D. Tex. July 28, 2014).

OSIC does not believe that a motion for leave to file a reply appendix was required. However, if OSIC is required to seek leave, OSIC respectfully requests that the Court consider this submission as OSIC's application for leave on a *nunc pro tunc* basis. *See Jackson v. Triumph Aerostructures, LLC*, No. 3:15-CV-0535-B, 2016 WL 4800358 (N.D. Tex. Sep. 12, 2016) (granting cross-motion for leave to file reply appendix in response to motion to strike).

## CONCLUSION

For the foregoing reasons, SG Suisse's motion to strike should be denied.

Dated:  May 31, 2018

Respectfully submitted,

**BUTZEL LONG,** a professional corporation

By:      /s/ *Peter D. Morgenstern*
Peter D. Morgenstern (*pro hac vice*)
Joshua E. Abraham (*pro hac vice*)
477 Madison Avenue, Suite 1230
New York, New York  10022
Telephone:  (212) 818-1110
Facsimile:  (212) 898-0123
morgenstern@butzel.com
abraham@butzel.com
*Attorneys for OSIC*

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Scott M. Berman (*pro hac vice*)
David J. Ranzenhofer (*pro hac vice*)
7 Times Square (27th Floor)
New York, New York  10036
Telephone:  (212) 833-1120
Facsimile:  (212) 373-7920
sberman@fklaw.com
dranzenhofer@fklaw.com
*Of Counsel*

### CERTIFICATE OF SERVICE

On May 31, 2018, I directed the electronic submission of the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that all counsel of record have therefore been served with the foregoing document.

/s/ *Peter D. Morgenstern*
 Peter D. Morgenstern