IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>SG PRIVATE BANKING (SUISSE) S.A., BLAISE FRIEDLI, TRUSTMARK NATIONAL BANK, HSBC BANK PLC. THE TORONTO-DOMINION BANK, and BANK OF HOUSTON,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§ Case No.: 3:09-CV-02384-N |

---

**RESPONSE OF THE OFFICIAL STANFORD INVESTORS COMMITTEE TO MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

---

| | |
|---|---|
| **BUTZEL LONG**, a professional corporation<br>Peter D. Morgenstern (*pro hac vice*)<br>477 Madison Avenue, Suite 1230<br>New York, New York  10022<br>Telephone:  (212) 818-1110<br>morgenstern@butzel.com | **FRIEDMAN KAPLAN SEILER & ADELMAN LLP**<br>Scott M. Berman (*pro hac vice*)<br>7 Times Square (27th Floor)<br>New York, New York  10036<br>Telephone:  (212) 833-1120<br>sberman@fklaw.com |

*Attorneys for The Official Stanford Investors Committee*

## TABLE OF CONTENTS

    **Page**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     CHAPTER 33 IS INAPPLICABLE TO OSIC'S AIDING AND ABETTING CLAIMS UNDER THE TEXAS SECURITIES ACT. .................................2

II.    CHAPTER 33 IS INAPPLICABLE TO OSIC'S KNOWING PARTICIPATION AND CONSPIRACY CLAIMS .........................................................7

    A.    Knowing Participation Claims ...............................................................................7

    B.    Conspiracy Claim....................................................................................................8

    C.    This Court's Prior Decisions in Other Stanford Actions are Inapplicable and Distinguishable............................................................................10

III.   THE MOTION IS AN INAPPROPRIATE END RUN AROUND THE FIFTH CIRCUIT'S DECISIONS REGARDING *IN PARI DELICTO* ............................11

CONCLUSION................................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acker v. Texas Water Com'n*,
   790 S.W.2d 299 (Tex. 1990)..................................................................................................6

*Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*,
   209 S.W.3d 644 (Tex. 2006)....................................................................................................2

*BankDirect Capital Fin., LLC v. Plasma Fab, LLC*,
   519 S.W.3d 76 (Tex. 2019)......................................................................................................3

*Darocy v. Abildtrup*,
   345 S.W.3d 129 (Tex. App.—Dallas 2011).............................................................................4

*Dugger v. Arredondo*,
   408 S.W.3d 825 (Tex. 2013)....................................................................................................4

*Duperier v. Texas State Bank*,
   28 S.W.3d 740 (Tex. App.—Corpus Christi 2000, pet. dism'd by agr.) .................................3

*F.F.P. Operating Partners, L.P. v. Duenez*,
   237 S.W.3d 680 (Tex. 2007)................................................................................................5, 6

*Fidelity & Guaranty Insurance Underwriters, Inc. v. Wells Fargo Bank, N.A.*,
   No. Civ.A. H–04–2833, 2006 WL 870683 (S.D. Tex. Mar. 31, 2006) ....................................9

*Fresh Coat, Inc. v. K-2, Inc.*,
   318 S.W.3d 893 (Tex. 2010)....................................................................................................2

*Heat Shrink Innovations, LLC v. Medical Extrusion Technologies-Texas, Inc.*,
   No. 02–12–00512–CV, 2014 WL 5307191 (Tex. App.—Fort Worth Oct. 16,
   2014, pet. denied)..........................................................................................................7, 8, 10

*Janvey v. Adams & Reese LLP*,
   No. 3:12-CV-0495-N-BQ (N.D. Tex. Nov. 24, 2014)......................................................10, 11

*Janvey v. Bogar*,
   No. 3:14-CV-03635-N-BQ (N.D. Tex. Nov. 10, 2015)..........................................................10

*Janvey v. Dem. Sen. Camp. Comm. Inc.*,
   712 F.3d 185 (5th Cir. 2013) ..................................................................................................11

*JCW Elecs., Inc. v. Garza*,
   257 S.W.3d 701 (Tex. 2008)....................................................................................................5

                                                                            **Page(s)**

*Jones v. Wells Fargo Bank N.A.*,
   666 F.3d 955 (5th Cir. 2012) ................................................................................................11

*LandAmerica Commonwealth Title Co. v. Wido*,
   No. 05-14-00036-CV, 2015 WL 6545685 (Tex. App.–Dallas Oct. 29, 2015,
   no pet.) ..............................................................................................................................8, 10

*Lane Hartman Ltd. v. P.R.O. Missions, Inc.*,
   No. Civ.A.3:95–CV–0869–P., 1997 WL 457512 (N.D. Texas Aug. 5, 1997) .........................4

*Morgan Keegan & Co. v. Purdue Avenue Investors LP*,
   No. 05–15–00369–CV, 2016 WL 2941266 (Tex. App.—Dallas May 18, 2016) ......................4

*National Oilwell Varco, L.P. v. Sadagopan*,
   No. H-16-2261, 2018 WL 3844714 (S.D. Tex. Aug. 13, 2018) ....................................8, 9, 10

*Newby v. Enron Corp.*,
   623 F.Supp.2d 798 (S.D. Tex. 2009) .........................................................................................8

*Pemex Exploracion y Produccion v. BASF Corp.*,
   Civil Action Nos. H–10–1997, H–11–2019, 2011 WL 9523407 (S.D. Tex.
   Oct. 20, 2011) ............................................................................................................................9

*Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*,
   Civil Action No. H–08–3048., 2013 WL 3803966 (S.D. Tex. July 19, 2013) ......................8, 9

*Stephens v. Three Finger Black Shale P'ship*,
   No. 11-16-00177-CV, 2018 WL 6928989 (Tex. App.—Eastland Dec. 31,
   2018, no pet.) ........................................................................................................................7, 10

*Sw. Bank v. Info. Support Concepts, Inc.*,
   149 S.W.3d 104 (Tex. 2004) .....................................................................................................5

*Tex. Mut. Ins. Co. v. Ruttiger*,
   381 S.W.3d 430 (Tex. 2012) .....................................................................................................2

*Texas Capital Sec., Inc. v. Sandefer*,
   108 S.W.3d 923 (Tex. App.—Texarkana 2003) .......................................................................3

*Texas Indus. Energy Consumers v. Centerpoint Energy Houston Elec., LLC*,
   324 S.W.3d 95 (Tex. 2010) .......................................................................................................5

*Villarreal v. Wells Fargo Brokerage Services, LLC*,
   315 S.W.3d 109 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ............................................5

*In re Xerox Corp.*,
   555 S.W.3d 518 (Tex. 2018) .....................................................................................................5

**Page(s)**

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a) ...................................................................3

Tex. Civ. Prac. & Rem.Code Ann. § 33.004(l) ....................................................................1

Tex. Rev. Civ. Stat. Art. 581-33 (F)(2) .................................................................................2

The Official Stanford Investors Committee ("OSIC"), by its undersigned attorneys, submits this response opposing the Motion for Leave to Designate Responsible Third Parties pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code ("Chapter 33") filed by defendants HSBC Bank plc ("HSBC") and Independent Bank ("IB") [Doc. 503].[1]

## PRELIMINARY STATEMENT[2]

Contrary to HSBC's and IB's assertions, Chapter 33 is not applicable to OSIC's Texas Securities Act ("TSA") aiding and abetting claims. The TSA aider provision expressly provides for joint and several liability—not proportional responsibility. Applying Chapter 33's apportionment scheme to TSA aider claims would nullify that express provision, which has been the established law of Texas for over forty years. Well-settled case law, along with the history of Chapter 33 and the TSA, confirm that Chapter 33 is inapplicable.

Chapter 33 is equally inapplicable to OSIC's common law knowing participation and conspiracy claims. Each of these claims also provide for joint and several liability. As a result, Texas courts have held repeatedly and consistently that such claims are beyond the ambit of Chapter 33.[3]

---

[1] The motion is addressed solely to OSIC's claims for: (1) aiding, abetting, or participation in breaches of fiduciary duty; (2) aiding, abetting, or participation in a fraudulent scheme; (3) aiding, abetting, or participation in conversion; (4) aiding and abetting violations of the Texas Securities Act; and (5) civil conspiracy. HSBC and IB concede that Chapter 33 does not apply to OSIC's fraudulent transfer claims [Doc. 503] p. 4 n.2.

[2] It is quite telling that Defendants SG Private Banking (Suisse) S.A., Blaise Friedli, Trustmark National Bank, and The Toronto-Dominion Bank have not joined in this motion.

[3] Should the motion be granted—and as set forth below, it should not—OSIC expressly reserves the right to move to strike HSBC's and IB's designations, pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 33.004(l).

**RESPONSE OF THE OFFICIAL STANFORD INVESTORS
COMMITTEE TO MOTION FOR LEAVE TO DESIGNATE
RESPONSIBLE THIRD PARTIES**

## ARGUMENT

I. **Chapter 33 is Inapplicable to OSIC's Aiding and Abetting Claims Under the Texas Securities Act.**

The Texas Supreme Court consistently holds that statutes should be enforced as written.

> Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on. This enacted language is what constitutes the law, and when a statute's words are unambiguous and yield a single inescapable interpretation, the judge's inquiry is at an end.

*Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644, 651-52 (Tex. 2006) (emphasis added). Thus, in construing statutes, Texas courts "ascertain and give effect to the Legislature's intent … from the plain meaning of the words chosen by the Legislature when it is possible to do so." *Tex. Mut. Ins. Co. v. Ruttiger,* 381 S.W.3d 430, 452 (Tex. 2012). They "examine the entire act to glean its meaning, try to give meaning to each word, and avoid treating statutory language as surplusage where possible." *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893, 901 (Tex. 2010) (citations omitted).

It is clear from the plain language of Chapter 33 and Art. 581-33(F)(2) of the TSA that Chapter 33 is not applicable to TSA aiding and abetting claims.

The aider provision of the TSA states that: "[a] person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security is liable … **jointly and severally** with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer." Tex. Rev. Civ. Stat. Art. 581-33 (F)(2) (emphasis added).

Chapter 33 states, in pertinent part, that it applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for **a**

**percentage of the harm** for which relief is sought." Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a) (emphasis added).

There can be no doubt what the Texas legislature intended here, because the words they have chosen "yield a single inescapable interpretation." The TSA expressly and unambiguously provides for joint and several liability—not proportionate responsibility. Applying Chapter 33 to aider claims under the TSA would read this provision out of existence, and thus the plain language of the TSA is dispositive. This is especially true because the TSA nowhere mentions the proportionate responsibility provisions of Chapter 33, nor does Chapter 33 contain any reference to the TSA. As the Texas Supreme Court has explained, "the text is the alpha and the omega of the interpretive process," and where, as here, that text is "unequivocal … the judge's inquiry is at an end." *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2019) (citation omitted).

Moreover, the only Texas decision analyzing whether Chapter 33 applied to claims under the TSA has concluded that it does not. *See Texas Capital Sec., Inc. v. Sandefer*, 108 S.W.3d 923, 925-926 (Tex. App.—Texarkana 2003) ("Chapter 33 does not apply in this case. Section 33.002 sets forth the applicability, and it provides that Chapter 33 applies only to 'any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a *percentage of the harm for which relief is sought*.' … [brokerage firm] and [stock promoter] were held jointly and severally liable [under the TSA]; therefore, by its express terms, Chapter 33 is not applicable.") (citing Tex. Civ. Prac. & Rem.Code Ann. § 33.002(a)) (emphasis in original); *see also Duperier v. Texas State Bank*, 28 S.W.3d 740, 753-54 (Tex. App.—Corpus Christi 2000, pet. dism'd by agr.) ("Because … a comparative fault defense

would abrogate the effect of the [TSA], we hold the trial court did not err in refusing to submit a jury question on this issue.").

Furthermore, Texas cases have repeatedly held, independent of Chapter 33 and consistent with the unmistakably clear text of the TSA, that aiders and abettors are jointly and severally liable with primary violators under that statute. *See Lane Hartman Ltd. v. P.R.O. Missions, Inc.*, No. Civ.A.3:95–CV–0869–P., 1997 WL 457512, at *7 (N.D. Texas Aug. 5, 1997) (omissions of aiders gave "rise to joint and several liability … for violation of section 33 of the Texas Securities Act."); *Darocy v. Abildtrup*, 345 S.W.3d 129, 138 (Tex. App.—Dallas 2011) (stating that "Section two of article 581–33(F) of the TSA provides [for] joint and several liability of aiders and abettors in fraudulent securities transactions," and holding that defendant aided and abetted primary violation of TSA); *Morgan Keegan & Co. v. Purdue Avenue Investors LP*, No. 05–15–00369–CV, 2016 WL 2941266, at *8 (Tex. App.—Dallas May 18, 2016) (affirming trial court judgment that defendants were jointly and severally liable as aiders under TSA).

The history of Chapter 33 and the TSA also make clear that Chapter 33 does not apply to aiding and abetting claims under the TSA. As the Texas Supreme Court has explained, Chapter 33 was enacted to replace the harshness of the "all-or nothing" common law system of contributory negligence, under which a plaintiff who "was even one percent at fault … could not recover." *Dugger v. Arredondo*, 408 S.W.3d 825, 830 (Tex. 2013). Thus,"[t]he proportionate responsibility statutes abrogated former common law doctrines that barred a plaintiff's recovery because of the plaintiff's conduct—like assumption of the risk, imminent peril, and last clear chance—in favor of submission of a question on proportionate responsibility." *Id.* at 832. Critically, unlike with common law tort claims, we are not aware of *any* Texas case concluding that the common law doctrine of "contributory negligence" was a defense to the statutory cause

of action for aiding and abetting securities fraud under the TSA. Nor have the common law doctrines of assumption of the risk, imminent peril, or last clear chance ever barred or inhibited plaintiffs from recovering for aiding and abetting securities fraud claims under the TSA. In short, Chapter 33 and the aider provision of the TSA simply have nothing to do with each other. *See Texas Indus. Energy Consumers v. Centerpoint Energy Houston Elec.*, *LLC*, 324 S.W.3d 95, 107 (Tex. 2010) (holding that statutory provisions did "not collide because they govern[ed] different subjects" and rejecting proposed interpretation that "would create a conflict where none need exist").

HSBC and IB cite only one Chapter 33 case that even mentions the TSA, *Villarreal v. Wells Fargo Brokerage Services, LLC*, 315 S.W.3d 109, 125 (Tex. App.—Houston [1st Dist.] 2010, no pet.), but *Villareal* fails to address whether Chapter 33 applied to the aiding and abetting provision of the TSA. That provision, of course, expressly provides for joint and several liability. All of the other cases that HSBC and IB cite are irrelevant because they address whether Chapter 33 applied to a different statute (and in two instances, the Texas Supreme Court concluded that it did not). *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 706-07 (Tex. 2008) (Article 2 of the Texas Uniform Commercial Code); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 687-88, 692 (Tex. 2007) (Dram Shop Act); *In re Xerox Corp.*, 555 S.W.3d 518, 539 (Tex. 2018) (declining to apply Chapter 33 to Texas Medicaid Fraud Prevention Act); *Sw. Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 108 (Tex. 2004) (declining to apply Chapter 33 to a UCC Article 3 claim).

HSBC and IB assert that the "legislative history of both Chapter 33 and the TSA indicates that the Legislature" must not have intended "to exclude TSA claims from the system of proportionate responsibility." [Doc. 503] p. 11. But HSBC and IB have this history

backwards. As HSBC and IB correctly state, the TSA aider provision was enacted in 1977, with the "general rule" that aiders are "jointly and severally liable for the entire amount of the judgment awarded the claimant . . . ." [Doc. 503] p. 11. That "general rule" has <u>never changed</u>. The aider provision in the TSA has expressly provided for joint and several liability for over forty years, and the legislature has never chosen to disturb that language. It is true that the legislature adopted Chapter 33 ten years later, then amended it twice (first in 1995, then in 2003), failing in all instances to ever mention the TSA, but that sequence compels the opposite conclusion from the one that HBSC and IB are attempting to draw. [Doc. 503] pp. 11-12. *See Acker v. Texas Water Com'n*, 790 S.W.2d 299, 301 (Tex. 1990) (under Texas law, "statutory repeals by implication are not favored"). As the Texas Supreme Court stated in *Duenez*, "[w]hen the Legislature has chosen to impose joint and several liability rather than proportionate liability, it has clearly said so." *Duenez*, 237 S.W.3d at 691. The legislature has clearly chosen to impose joint and several liability on TSA aider claims since 1977. It is absurd to argue that the legislature has repealed *sub silencio* this longstanding feature of Texas law by enacting and periodically amending a separate and unrelated statute.

Finally, HSBC and IB assert that Chapter 33 should apply because the "TSA does not have a separate and conflicting fault allocation" system. [Doc. 503] pp. 12-13. This assertion defies logic, because it is difficult to imagine a fault allocation system more "separate and conflicting" from proportionate responsibility than one which holds aiders jointly and severally liable with primary violators. Joint and several liability and proportionate responsibility are opposite systems, thus reflecting the legislature's considered judgement to treat aiding and abetting claims under the TSA differently than the claims to which Chapter 33 does apply.

## II. Chapter 33 is Inapplicable to OSIC's Knowing Participation and Conspiracy Claims

### A. Knowing Participation Claims[4]

Chapter 33 is equally inapplicable to OSIC's knowing participation claims. As stated in a decision issued just six months ago by the Eastland Court of Appeals:

> If one knowingly participates in some other party's breach of fiduciary duty, then the knowing participant has not committed a separate tort but has participated in the underlying tort; he is a joint tortfeasor and steps into the shoes of the one who committed the tort. The knowing participant is jointly and severally liable because he is a joint tortfeasor, not because of some other theory of joint and several liability; he has joined in the commission of the underlying tort and stands alongside his joint tortfeasor. <u>Therefore, there is no need to submit either a separate damage issue or a proportionate responsibility issue as to a knowing participation finding</u>.

*Stephens v. Three Finger Black Shale P'ship*, No. 11-16-00177-CV, 2018 WL 6928989, at *21 (Tex. App.—Eastland Dec. 31, 2018, no pet.) (emphasis added) (citation omitted).

The decision in *Stephens* follows other recent decisions that reached a similar result. For example, in *Heat Shrink Innovations, LLC v. Medical Extrusion Technologies-Texas, Inc.*, No. 02–12–00512–CV, 2014 WL 5307191, at *7-8 (Tex. App.—Fort Worth Oct. 16, 2014, pet. denied), the Fort Worth Court of Appeals concluded that because "[the knowing participant's] liability for knowingly participating was wholly dependent upon and wholly derived from [the underlying tortfeasor's] breach of his fiduciary duty" it was "unnecessary to submit a question to

---

[4] Once again, HSBC and IB raise the issue of whether Texas recognizes claims for aiding and abetting common law tort violations. OSIC, however, has previously demonstrated that such claims have long been recognized and adjudicated in this state. *See* [Docs. 490, 497].

**RESPONSE OF THE OFFICIAL STANFORD INVESTORS**       **PAGE 7**
**COMMITTEE TO MOTION FOR LEAVE TO DESIGNATE**
**RESPONSIBLE THIRD PARTIES**

the jury to apportion liability; [the knowing participant's] liability [was] [the underlying tortfeasor's] liability."[5]

With the exception of *Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, Civil Action No. H–08–3048., 2013 WL 3803966 (S.D. Tex. July 19, 2013), none of the cases cited by HSBC and IB even address claims for knowing participation. *Seven Seas* itself appears to be an outlier and has not been followed by subsequent Southern District courts. In *National Oilwell Varco, L.P. v. Sadagopan*, No. H-16-2261, 2018 WL 3844714, at *17 (S.D. Tex. Aug. 13, 2018), the court cited to *Seven Seas*, but nevertheless concluded that Chapter 33 does <u>not</u> apply to claims invoking joint and several liability. HSBC's and IB's cases simply do not support their position.

### B. Conspiracy Claim

Numerous Texas courts have likewise concluded that Chapter 33 is inapplicable to OSIC's conspiracy claims. *See, e.g., Sadagopan*, 2018 WL 3844714 at *17 ("<u>[B]ecause each defendant accepted participation in the conspiracy by defaulting and agreeing to the entry of default, the defendants are jointly and severally liable. Proportionate liability under Texas Civil Practices and Remedies Code Chapter 33 does not apply.</u>") (emphasis added); *LandAmerica Commonwealth Title Co. v. Wido*, No. 05-14-00036-CV, 2015 WL 6545685, at *10-11 (Tex. App.—Dallas Oct. 29, 2015, no pet.) (concluding that Chapter 33 does not apply to conspiracy claims); *Newby v. Enron Corp.*, 623 F.Supp.2d 798, 833 (S.D. Tex. 2009) ("[J]oint and several liability for common-law civil conspiracy to defraud was not abolished by Chapter 33.").

---

[5] In their motion, HSBC and IB acknowledge the holding in *Heat Shrink Innovations* but assert that it is antiquated. *See* [Doc. 503] p. 10. However, *Heat Shrink Innovations* was decided in 2014. *Heat Shrink Innovations* and the other cases cited by OSIC are timely and dispositive.

**RESPONSE OF THE OFFICIAL STANFORD INVESTORS**     **PAGE 8**
**COMMITTEE TO MOTION FOR LEAVE TO DESIGNATE**
**RESPONSIBLE THIRD PARTIES**

*Fidelity & Guaranty Insurance Underwriters, Inc. v. Wells Fargo Bank, N.A.*, No. Civ.A. H–04–2833, 2006 WL 870683 (S.D. Tex. Mar. 31, 2006) is particularly instructive. In *Fidelity,* a surety sued Wells Fargo for conspiracy and aiding and abetting liability. *See id.* at *1-2. During the course of discovery, Wells Fargo served an interrogatory asking the surety to apportion responsibility between certain parties. *Id.* In response, the surety answered that a third-party was 100% responsible, but Wells Fargo's liability was derivative of the primary tortfeasor's and it was jointly and severally responsible for 100% of the harm under theories of conspiracy and aiding and abetting. *See id.* at *3-4. Based on this answer, Wells Fargo moved for summary judgment and argued that because it was 0% responsible for the loss, no damages could be apportioned against it pursuant to Chapter 33. *Id.*

The Southern District of Texas disagreed, noting that, "although the language of [Chapter 33] indicates a clear legislative preference for apportionment of responsibility in all tort actions, it is equally clear that an apportionment scheme is not proper in certain cases." *Id.* at *5. The court concluded that because the sureties' conspiracy and aiding and abetting claims were derivative in nature and impose joint and several liability, apportionment under Chapter 33 was improper. The court denied Wells Fargo's motion.

The same result is warranted here. OSIC's conspiracy claim is derivative in nature and imposes joint and several liability upon HSBC and IB. *Id.* Therefore, Chapter 33 is plainly inapplicable.[6]

---

[6] As noted above, HSBC's and IB's citation to *Seven Seas* in support of their argument concerning OSIC's conspiracy claim is unavailing. *Seven Seas* (which cites to *Pemex Exploracion y Produccion v. BASF Corp.*, Civil Action Nos. H–10–1997, H–11–2019, 2011 WL 9523407 (S.D. Tex. Oct. 20, 2011)—also cited by HSBC and IB) has not been followed by subsequent Southern District court decisions. *See Sadagopan,* 2018 WL 3844714 at *17 (citing *Seven Seas* but concluding that Chapter 33 does not apply to conspiracy claims).

**RESPONSE OF THE OFFICIAL STANFORD INVESTORS**                                                  **PAGE 9**
**COMMITTEE TO MOTION FOR LEAVE TO DESIGNATE**
**RESPONSIBLE THIRD PARTIES**

### C. This Court's Prior Decisions in Other Stanford Actions are Inapplicable and Distinguishable.

Lacking Texas authorities on point, HSBC and IB rely on two Orders entered by the Court in other Stanford-related cases which applied Chapter 33 to certain claims raised in those actions. *See Janvey v. Bogar*, No. 3:14-CV-03635-N-BQ (N.D. Tex. Nov. 10, 2015) [Doc. 46] at 2-3 ("*Bogar*"); *Janvey v. Adams & Reese LLP*, No. 3:12-CV-0495-N-BQ (N.D. Tex. Nov. 24, 2014) [Doc. 151] at 3 ("*Adams & Reese*").

*Bogar*, however, is inapplicable because it did not involve TSA violations, or claims for conspiracy and knowing participation. As HSBC and IB concede, *Bogar* was limited to a direct claim for breach of fiduciary duty, not knowing participation in a breach of fiduciary duty. *See* [Doc. 503] p. 7 (HSBC and IB noting that in *Bogar*, "the Court ruled that Chapter 33 applied to a breach of fiduciary duty claim"). Numerous Texas courts have concluded that Chapter 33 does not apply to a claim for knowing participation in a breach of fiduciary duty given the derivative nature of the claim. *See, e.g., Stephens*, 2018 WL 6928989, at *21; *Heat Shrink Innovations*, 2014 WL 5307191, at *7-8. Moreover, the motion to designate responsible third parties in *Bogar* was <u>unopposed</u>, and the Court appears to have reached its decision on this basis. *See* Case No. 3:14-CV-03635-N-BQ (N.D. Tex. Aug. 26, 2015) [Doc. 44].

Although *Adams & Reese* did involve a claim for conspiracy, the relevance of *Adams & Reese* to the present case ends there. Critically, most of the cases cited by OSIC herein post-date the Court's *Adams & Reese* decision. *See, e.g., Sadagopan*, 2018 WL 3844714, at *17 (S.D. Tex. Aug. 13, 2018); *LandAmerica Commonwealth Title Co.*, 2015 WL 6545685, at *10-11 (Tex. App.–Dallas Oct. 29, 2015); *Heat Shrink Innovations*, 2014 WL 5307191, at *7-8 (Tex. App.—Fort Worth Oct. 16, 2014, pet. denied).

Because the Court did not previously have occasion to address the authorities cited herein by OSIC—which are dispositive, as demonstrated above—*Adams & Reese* is not relevant here.

### III. The Motion is an Inappropriate End Run Around the Fifth Circuit's Decisions Regarding *In Pari Delicto*

HSBC's and IB's motion should also be denied as an impermissible end-run around applicable Fifth Circuit decisions. Under binding Fifth Circuit precedent, the Stanford entities' pre-receivership conduct cannot be imputed to OSIC, as the Receiver's assignee, under the *in pari delicto* doctrine. *Janvey v. Dem. Sen. Camp. Comm. Inc.*, 712 F.3d 185, 192 (5th Cir. 2013) ("*DSCC*") (pre-receivership conduct cannot be imputed to receiver); *Jones v. Wells Fargo Bank N.A.*, 666 F.3d 955, 966 (5th Cir. 2012) (rejecting *in pari delicto* defense in actions brought by receivers to recover assets for investors).

Nevertheless, HSBC and IB seek to designate numerous Stanford executives, officers, employees, and entities as responsible third parties in this case. However, as set forth above, the Fifth Circuit has explicitly held that Receivership claims are not barred by pre-receivership conduct. *DSCC*, 712 F.3d at 192. Permitting the designation of Stanford-related parties in this case as responsible third parties is inconsistent with the Fifth Circuit's holding in *DSCC* because it would allow HSBC and IB to benefit from the misconduct of the very individuals and entities with whom they were *in pari delicto*. The pre-receivership malfeasance of Stanford individuals and entities cannot serve as a bar to Receivership claims, and those parties thus should not be designated as responsible third parties in this case. *Id.*

### CONCLUSION

For all the foregoing reasons, the Court should deny HSBC and IB's Motion for Leave to Designate Responsible Third Parties.

Dated:  June 28, 2019	Respectfully submitted,

**BUTZEL LONG**, a professional corporation

By:	*/s/ Peter D. Morgenstern*
	Peter D. Morgenstern (*pro hac vice*)
477 Madison Avenue, Suite 1230
New York, New York  10022
Telephone:  (212) 818-1110
morgenstern@butzel.com

– and –

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Scott M. Berman (*pro hac vice*)
7 Times Square (27th Floor)
New York, New York  10036
Telephone:  (212) 833-1120
sberman@fklaw.com

*Attorneys for the Official Stanford Investors Committee*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of June 2019, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              /s/ *Peter D. Morgenstern*
                                              Peter D. Morgenstern