IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, et al.,<br><br>　　Plaintiff,<br><br>and<br><br>THE OFFICIAL STANFORD<br>INVESTORS COMMITTEE,<br><br>　　Plaintiff-Intervenor,<br><br>v.<br><br>TRUSTMARK NATIONAL BANK,<br>HSBC PLC, THE TORONTO-<br>DOMINION BANK, INDEPENDENT<br>BANK F/K/A BANK OF HOUSTON,<br>SG PRIVATE BANKING (SUISSE),<br>S.A., and BLAISE FRIEDLI<br><br>　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3-09-CV 0298-N |

**JOINT RESPONSE OF THE RECEIVER AND THE EXAMINER
TO MOTIONS FOR LEAVE TO INTERVENE**

The Receiver Ralph S. Janvey ("Receiver") and the Examiner John. J. Little ("Examiner") file this Joint Response to the Motions to Intervene (ECF Nos. 492 and 495) that are pending in this matter.

1.　On May 3, 2019, two Motions to Intervene were filed in this action. The first, ECF No. 492, was filed by a group of some 43 individual plaintiffs who invested in

SIBL CDs and 17 investment funds (the "Kasowitz Intervenors").[1] The Receiver and the Examiner understand that the various investment funds have acquired interests in the claims of investors in SIBL CDs and that such acquisitions occurred well after the appointment of the Receiver. To date, the Receiver and the Examiner understand that the investment funds have acquired SIBL CD investor claims (or partial claims) with a face value of approximately $700 million, and that they continue to both purchase and trade such claims in a secondary market.

2. The second, ECF No. 495, was filed by a group of 900 plus investors in SIBL CDs (the "Fishman Haygood Intervenors").[2]

3. Both Motions to Intervene were motivated, in whole or in part, by this Court's denial of class certification, ECF No. 428,[3] and the possibility that the individual claims of putative class members could be barred by limitations if not asserted in this action or preserved through the filing of separate actions. The Kasowitz Intervenors argue that "[s]hould the Court refuse to permit Intervenors to join the present action, their claims are at risk of being time-barred." ECF 493 at ¶24. The Fishman Haygood Intervenors similarly argue that "[t]hey stand to lose actionable claims against the Bank Defendants due to expiring limitations periods." ECF 495-1 at ¶22.

---

[1] The 43 individuals and 17 investment funds are represented by Kasowitz Benson Torres LLP.

[2] The 900 plus SIBL CD investors are represented by Fishman Haygood, L.L.P., and Castillo Snyder, P.C.

[3] The Fifth Circuit subsequently denied the putative class plaintiffs' motion for leave to appeal under FED. R. CIV. P. 23(f). ECF No. 463.

4. In advance of filing their Motion, the Fishman Haygood Intervenors conferred with the Receiver, the Examiner and the OSIC. As a result of those discussions, the Fishman Haygood Intervenors agreed that their intervenor action should be permitted and then stayed by the Court so that the pending claims brought by OSIC and the individually named Plaintiffs could proceed without delay. ECF No. 495 at 2.

5. Prior to the filing of their Motion, the Kasowitz Intervenors contacted counsel for the Receiver and for the OSIC and stated they were unwilling to agree to a similar stay of their intervenor action if leave to intervene were granted.

## SUMMARY

6. The Receiver and the Examiner believe that the Court ought to grant leave to intervene to the Fishman Haygood Intervenors and contemporaneously stay their intervenor action until the claims currently being prosecuted by the OSIC, on behalf of the Receivership, are resolved.[4] The Receiver and Examiner oppose intervention by the Kasowitz Intervenors *unless* their intervenor action is similarly stayed by the Court.

## ARGUMENT

7. The Receiver and the Examiner recognize that both the Fishman Haygood Intervenors and the Kasowitz Intervenors have an interest in preserving their individual claims against the Bank Defendants against potential limitations defenses. Both have a

---

[4] A Stipulation addressing the Fishman Haygood Intervenors' Motion to Intervene was submitted to the Court with OSIC's response to the Motions to Intervene. ECF No. 505-1.

further interest in preserving their claims given certain of the defenses asserted by the Bank Defendants with respect to the claims now being prosecuted by OSIC.[5]

8. While both the Kasowitz Intervernors and the Fishman Haygood Intervenors have an interest in preserving their individual claims against the Bank Defendants, that interest does not trump the interests of the Receiver and OSIC in prosecuting to conclusion their claims asserted in this action, claims which seek to benefit all investors victims and claimants, including the proposed intervenors.

9. OSIC has been a party to this action since December 2011, when it sought to intervene. The claims it asserts are brought for the benefit of the Receivership Estate, which benefits all Stanford Investor-victims. In the twenty (20) months that have passed since this Court entered its Order denying class certification, OSIC and its counsel have worked diligently to move this case forward through written discovery and document production. Deposition discovery is about to commence.

10. OSIC's prosecution of its claims in this action should not be delayed by the dilatory motion practice that would ensue if either the Kasowitz Intervenors or the Fishman Haygood Intervenors were permitted to intervene without having those

---

[5] The Bank Defendants have long argued that OSIC lacks standing to assert claims on behalf of investors. *See, e.g.*, ECF No. 159 at 22 (TD Bank Motion to Dismiss); ECF No. 162 at 22-23 (Trustmark Motion to Dismiss). While such arguments have been rejected by this Court, the Bank Defendants recently made clear that they intend to preserve and re-urge those objections to OSIC's standing. ECF No. 509 at 19, n. 18 ("The Bank Parties reserve all rights to raise their lack of standing defenses again in the future."). The Bank Defendants have similarly long argued that the "aiding and abetting" and "knowing participation" claims asserted by OSIC are unsupported by Texas or federal law. *See, e.g.*, ECF No. 154 (Bank of Houston Motion to Dismiss); ECF No. 159 (TD Bank Motion to Dismiss). Those challenges have previously been rejected by this Court. Nevertheless, the Bank Defendants recently re-urged those same arguments in their Motion for Judgment on the Pleadings. ECF No. 488.

interventions stayed. SG Suisse has suggested in response to the Motions to Intervene that it anticipated challenging personal jurisdiction "for each of the 965 Proposed Intervenors." ECF No. 510 at 2. The collective Bank Defendants similarly promise "inevitable dispositive motion practice." ECF No. 509 at 13.

11. OSIC's prosecution of its claims also should not be delayed by the Bank Defendants' likewise inevitable (and likely unnecessary and duplicative) efforts to obtain discovery from the 900-plus Intervenors as well as the hundreds of additional, individual Stanford investors from whom the investment fund Intervenors purchased claims.

12. The Receiver and the Examiner respectfully submit that the interests of both the Fishman Haygood Intervenors and the Kasowitz Intervenors in preserving their individual claims can be served by permitting both groups to intervene in this action and contemporaneously staying those intervening actions until OSIC's claims are fully determined. Such a result would also be in the best interests of all investor-victims, who stand to benefit from the successful prosecution of OSIC's claims.

13. This Court has previously stayed actions brought by individual Stanford investors in order to permit the Receiver (and OSIC) to prosecute claims for the benefit of the Receiver and all Stanford investors. *E.g., Rishmague v. Winter*, 616 Fed. Appx. 138 (5th Cir. 2015)(affirming order remanding investors' lawsuit to state court and staying such lawsuit). Had either the Fishman Haygood Intervenors or the Kasowitz Intervenors sought to file their proposed intervenor actions as separate lawsuits, the Receiver would have sought an order staying those lawsuits, and past decisions of this

Court would support a stay of such litigation. That both groups sought to intervene here instead of filing separate lawsuits ought not change the result.

14. The Fishman Haygood Intervenors have agreed that the Court should permit them to intervene and contemporaneously stay their intervenor action pending resolution of OSIC's claims. The Receiver and the Examiner respectfully urge the Court to do precisely that – permit the intervention and stay the intervenor action.

15. The Kasowitz Intervenors have not agreed to a stay. Accordingly, the Receiver and Examiner urge the Court to either deny their motion to intervene or to permit the intervention subject to the same stay that is to be imposed upon the Fishman Haygood Intervenors.

## CONCLUSION

16. The Receiver and the Examiner respectfully urge the Court to grant leave to intervene to the Fishman Haygood Intervenors and to contemporaneously stay their intervenor action pending a final resolution of OSIC's claims. The Receiver and the Examiner respectfully submit that leave to intervene should be denied to the Kasowitz Intervenors or that they should be permitted to intervene only on the same basis – a contemporaneous stay of their intervenor action – as the Fishman Haygood Intervenors.

Dated: July 5, 2019　　　　　　　　Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: /s/ *Kevin M. Sadler*

　　Kevin M. Sadler
　　Texas Bar No. 17512450
　　kevin.sadler@bakerbotts.com
　　Scott D. Powers
　　Texas Bar No. 24027746
　　scott.powers@bakerbotts.com
　　David T. Arlington
　　Texas Bar No. 00790238
　　david.arlington@bakerbotts.com

98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
Tel: 512.322.2500
Fax: 512.322.2501


　　Timothy S. Durst
　　Texas Bar No. 00786924
　　tim.durst@bakerbotts.com

2001 Ross Avenue
Dallas, Texas 75201
Tel: 214.953.6500
Fax: 214.953.6503

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

Respectfully submitted,

By: /s/ *John J. Little*
John J. Little
Tex. Bar No. 12424230
jlittle@lpf-law.com
LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

**COURT-APPOINTED EXAMINER**

**CERTIFICATE OF SERVICE**

On July 5, 2019, I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *John J. Little*
John J. Little