UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| PEGGY ROIF ROTSTAIN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>and<br><br>THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>Plaintiff-Intervenor,<br><br>-against-<br><br>TRUSTMARK NATIONAL BANK, HSBC BANK PLC, THE TORONTO-DOMINION BANK, INDEPENDENT BANK F/K/A BANK OF HOUSTON, SG PRIVATE BANKING (SUISSE) S.A., and BLAISE FRIEDLI,<br><br>Defendants. | Case No. 3:09-CV-02384-N-BQ |

---

**JOINT STATUS REPORT**

Pursuant to the Court's order requesting a joint status report identifying all discovery that has occurred prior to the date of the order (Dkt. No. 525, the "Order"), counsel for Plaintiff-Intervenor The Official Stanford Investors Committee ("OSIC"), Named Plaintiffs Guthrie Abbott, Steven Queyrouze, Sarah Elson-Rogers, Salim Estefenn Uribe, Ruth Alfille de Penhos, and Diana Suarez (collectively, "Named Plaintiffs"), and Defendants The Toronto-Dominion Bank ("TD Bank"), Trustmark National Bank ("Trustmark"), HSBC Bank plc ("HSBC"), Independent Bank, successor by merger to Bank of Houston ("Independent Bank"), Société

Générale Private Banking (Suisse) S.A. ("SG Suisse"), and Blaise Friedli ("Friedli") (collectively, "Defendants") file this Joint Status Report.[1]

Since the Court denied class certification and lifted the discovery stay on November 7, 2017 (*see* Dkt. No. 428), Defendants and OSIC have engaged in substantial discovery. Defendants and OSIC promptly served initial disclosures on December 15, 2017. Since that date, Defendants have collectively produced over one million pages and have substantially completed their document productions. OSIC, in coordination with the Receiver, has produced over ten million pages of documents, primarily from the Receiver's files, and has substantially completed its document productions. Defendants and OSIC also have served a total of 26 document subpoenas on third parties, and have engaged in written discovery. To date, OSIC has served 7 sets of interrogatories on Defendants, and TD Bank and HSBC each have served a set of interrogatories on OSIC. In addition, Defendants and OSIC have exchanged fact witness deposition lists, in which OSIC identified 83 individuals and entities and Defendants identified 47 individuals and entities for potential depositions in this action. Given the large volume of documents that have been produced by Defendants, OSIC, and third parties and the number of anticipated fact witnesses, Defendants and OSIC proposed a schedule that they believe presents the most efficient and expedient path toward trial while allowing for the full and necessary development of the factual record in this case.[2]

---

[1] HSBC, SG Suisse, and Friedli submit this Joint Status Report subject to, and without waiving, their objections to the Court's exercise of jurisdiction over them.

[2] We understand the Court's Order asks for specific dates for service of papers and other events. The parties have provided an overview of discovery events in this submission given the time constraints and the fact that there would be hundreds of items that would need to be catalogued. The parties can submit a detailed chronology of the last two years of discovery communications and events if the Court would like, but would request additional time to provide it given the number of entries that would need to be identified and catalogued.

I.  **Defendants and OSIC Have Engaged in Substantial Document Discovery**

Document discovery in this action is multi-faceted, involving multiple parties and a number of electronic and hard-copy sources. A summary of the main categories of document discovery follows:

*Defendants' Document Productions.* In December 2017, OSIC served requests for production of documents on SG Suisse. In January 2018, SG Suisse served written responses and objections to OSIC's requests. In January 2018, OSIC served requests for production of documents on TD Bank, Trustmark, HSBC, Independent Bank, and Friedli and additional requests for production of documents on SG Suisse. In February and March 2018, Defendants each served written responses and objections to OSIC's document requests. In August 2018, OSIC served additional requests for production of documents on all Defendants, and Defendants served written responses and objections in September and October 2018. OSIC and each of the Defendants engaged in several meet and confers to negotiate Defendants' document production obligations, including discussion of search terms, custodians, date ranges, electronically-stored information (ESI) protocols, and privilege logs.

In February 2018, Defendants began rolling productions of documents to OSIC in response to OSIC's document requests, and substantially completed their document productions by January 2019.[3] To date, Defendants collectively have produced over 300,000 documents, totaling more than one million pages.

---

[3] SG Suisse has produced documents in response to two requests under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters—the first request filed by Blaise Friedli in December 2017 and the second request filed by OSIC in June 2018. (Dkt. Nos. 434, 473, 475.) On September 25, 2018, the Swiss court ordered SG Suisse to produce the documents that OSIC requested, and SG Suisse submitted documents to the Swiss court on October 31, 2018, November 14, 2018, and December 19, 2018. The documents were transmitted to this Court on November 14, 2018 and December 21, 2018.

***OSIC's Document Productions.*** In November 2017, SG Suisse served requests for production of documents on OSIC. In December 2017, OSIC served written responses and objections to SG Suisse's document requests. In January 2018, TD Bank, Trustmark, HSBC, Independent Bank, and Friedli served requests for production of documents on OSIC. In March 2018, OSIC served written responses and objections to these document requests. In May 2018, SG Suisse served additional requests for production of documents on OSIC, and OSIC served written responses and objections in June 2018.

Thereafter, Defendants, OSIC, and the Receiver engaged in extensive negotiations regarding the manner and timing of the production of documents by OSIC and the Receiver. Following several months of negotiations, Defendants, OSIC, and the Receiver entered into a proposed Amended Agreed Rule 502(d) Order Regarding Protocol for Party Document Productions and Method of Production of Certain Documents by OSIC and Receiver, which the Court so-ordered on July 27, 2018 (Dkt. No. 482, the "Amended Agreed Order"). The Amended Agreed Order provides additional time to complete document productions than was provided in the Court's original scheduling order. (*Compare* Dkt. No. 482 *with* Dkt. No. 438.) Given the complex nature of the discovery, the Amended Agreed Order provides for a two-phased production schedule. During the first phase, Defendants and OSIC negotiated in good faith over a list of search terms to identify potentially relevant documents in the Receiver's ESI database, which contains approximately ten million electronic documents. Defendants were provided with attorneys' eyes only access to the Receiver's ESI database while the parties were negotiating the list of search terms. (*See* Amended Agreed Order ¶ 7.) Defendants and OSIC negotiated in good faith to agree on a list of search terms, which resulted in OSIC's production of 1.8 million

documents to Defendants on January 14, 2019.[4] (*See* Amended Agreed Order ¶ 6.) In the second phase of discovery, on March 28, 2019, Defendants and OSIC began negotiating a list of search terms for supplemental production from the Receiver's ESI database. (*See* Amended Agreed Order ¶ 12.) After a similar process of meeting and conferring and agreeing on a supplemental list of search terms, OSIC produced approximately one million additional documents to Defendants on May 17, 2019.[5] (*See* Amended Agreed Order ¶ 12.) OSIC also made three additional, smaller productions of documents containing the agreed-upon search terms.

In addition, Defendants and OSIC have conferred regarding the production of documents that previously were produced by third parties in the Stanford MDL. OSIC agreed to produce certain of these documents, in some cases subject to Defendants' agreement to bear the costs of the productions. OSIC also has engaged in discussions with certain of these third parties to work out confidentiality and protective order issues to ensure documents are produced in this action in compliance with OSIC's and the Receiver's confidentiality obligations to the third parties. When requested by the third parties, Defendants have participated in those discussions. In March 2019, OSIC began rolling productions of documents produced by third parties in the Stanford MDL. OSIC also has produced deposition transcripts and expert reports from other cases in the Stanford MDL.

---

[4] The deadline for this production in the Amended Agreed Order was October 15, 2018. (Amended Agreed Order ¶ 5.) The "Phase 1" deadlines were extended multiple times by mutual agreement of OSIC and Defendants due to ongoing negotiations regarding the scope and method of production.

[5] The "Phase 2" deadline in the Amended Agreed Order was February 15, 2019. (Amended Agreed Order ¶ 11.) The parties' extensions of the Phase 1 deadline proportionally extended the remaining discovery deadlines, including the Phase 2 deadline. Additionally, the Phase 2 deadlines were extended a couple additional weeks by mutual agreement of OSIC and Defendants.

Additionally, OSIC began production of other documents responsive to Defendants' document requests or that it may use or rely on in this action in December 2017, and made several additional productions of such documents in 2018 and 2019.

To date, OSIC has produced over three million documents, totaling more than ten million pages.

***Receiver's Warehouse Documents.*** In addition to the substantial electronic discovery exchanged between Defendants and OSIC, Defendants and OSIC also have engaged in considerable negotiations regarding the production of documents from the Receiver's warehouse located in Houston, Texas, where the Receiver maintains hard copy receivership records. Pursuant to the Amended Agreed Order (at ¶ 8), Defendants provided OSIC with their "Initial Tailored List" of categories of warehouse documents for Defendants' review for the stated purpose of narrowing the set of documents for review and production. Defendants, OSIC, and the Receiver subsequently met and conferred, including a day-long in person meeting, regarding the scope of Defendants' requests. On January 10, 2019, OSIC provided Defendants with access to approximately 2,200 warehouse boxes on an attorneys' eyes only basis. OSIC, the Receiver, and Defendants have conferred regarding the dates on which the warehouse review space would be made available to Defendants. Teams representing each Defendant have made multiple trips to Houston to conduct in-person reviews of documents in these boxes, designating certain documents for production at Defendants' expense. The review of warehouse boxes is a significant undertaking for Defendants involving approximately 4 weeks of in-person review to date. In addition, due to the time consuming process of needing to manually scan the warehouse documents for production, OSIC requested—and Defendants agreed to—multiple extensions of the deadlines for producing the documents designated by Defendants during these reviews.

Pursuant to the Amended Agreed Order (at ¶ 14), on March 7, 2019, Defendants provided OSIC with their "Supplemental Tailored List" of additional categories of warehouse boxes that Defendants sought to review. After a similar meet and confer process, OSIC provided Defendants with access to approximately 500 additional warehouse boxes. Representatives of Defendants are completing their review of these boxes at the Houston warehouse on an attorneys' eyes only basis this week.

*Joint Liquidators' Discovery.* Defendants and OSIC have negotiated over the production of documents in the possession, custody, and/or control of the Antiguan Joint Liquidators for Stanford International Bank, Limited (the "JLs"). The JLs maintain an ESI database and a warehouse located in Antigua, which houses boxes of hard-copy documents and materials. Based on information provided by the JLs to OSIC, the ESI database contains approximately five million documents, and the warehouse contains approximately 1,500 boxes of documents.

On May 10, 2019, OSIC provided Defendants with a copy of the index of the boxes in the JLs' Antiguan warehouse, which OSIC received from the JLs. On June 5, 2019, OSIC provided Defendants with attorneys' eyes only access to documents from the JLs' ESI database that hit on Defendants and OSIC's agreed-upon search terms for the Receiver's ESI database. Defendants and OSIC continue to negotiate in good faith over the scope of production from the JLs' sources of documents. The JLs declined Defendants' request to meet and confer with Defendants regarding the documents in their possession, custody, and/or control despite Defendants' requests.

*Named Plaintiffs.* During class discovery, Named Plaintiffs and certain Defendants produced documents in response to document requests. Additionally during class discovery, Defendants took the depositions of Named Plaintiffs.

## II. Substantial Third-Party Discovery Has Occurred in This Action

Between December 2018 and May 2019, Defendants and OSIC have served 26 subpoenas on third parties for the production of relevant documents and information. Defendants have served subpoenas on Robert Allen Stanford, 19 former Stanford employees, the Examiner, and one third-party entity. OSIC has served subpoenas on 4 third-party entities.

To date, 11 third parties have produced over 200,000 documents in response to Defendants' subpoenas.

## III. Defendants and OSIC Have Engaged in Written Discovery

*Interrogatories.* In January 2018, HSBC served 17 interrogatories on OSIC, and, in March 2018, OSIC served its written responses and objections. In February 2018, OSIC served its first interrogatory to SG Suisse, and, in March 2018, SG Suisse served its written responses and objections. In April 2019, TD Bank served 11 interrogatories on OSIC, and, in May 2019, OSIC served its written responses and objections. In May 2019, OSIC also served interrogatories on all of the Defendants. In June 2019, HSBC, SG Suisse, and Friedli each served written responses and objections to OSIC's interrogatories. In July 2019, TD Bank and Trustmark each served written responses and objections to OSIC's interrogatories.

*Requests for Admission.* In January 2018, HSBC served 136 requests for admission to OSIC. OSIC responded to HSBC's requests for admission on March 6, 2018.

Defendants and OSIC expect to serve additional interrogatories and requests for admission as the case proceeds.

## IV. Meet and Confers Regarding Fact Witness Depositions Have Commenced

On February 28, 2019, Defendants and OSIC exchanged lists of fact witnesses they anticipated deposing in this action. OSIC identified 83 individuals (including Rule 30(b)(6) representatives) as anticipated fact witnesses. Defendants collectively identified 47 individuals

and entities (including Rule 30(b)(6) representatives for the entities) as anticipated fact witnesses.

Defendants and OSIC have engaged in initial meet-and-confer discussions regarding the number of depositions to be taken and the individuals and entities to be deposed. While Defendants and OSIC are working in good faith to narrow the number of depositions during this process, they expect that the finalized list of fact witness deponents will include many individuals, including non-parties, located in several different countries, which will require substantial coordination to schedule given the number of parties involved. Defendants also anticipate that a number of these depositions could require the involvement of foreign tribunals.

* * *

Given the complex nature of the case, the large volume of documents that have been produced and are still being produced, and the number of anticipated fact and expert witnesses, the parties believe the proposed schedule they submitted to the Court on June 28, 2019, with a fact discovery deadline of March 6, 2020, is necessary and appropriate for this action. Further, as addressed in the parties' Joint Motion for Entry of Scheduling Order (Dkt. No. 516), the parties will make submissions regarding the scheduling of dates relating to trial by July 31, 2019. The primary disagreement is whether the Court should set a trial date or a ready for trial date.

Dated: July 12, 2019

Respectfully submitted,

By: /s/ *Peter D. Morgenstern*
    Peter D. Morgenstern (*pro hac vice*)
    Joshua E. Abraham (*pro hac vice*)
    BUTZEL LONG, P.C.
    477 Madison Avenue, Suite 1230
    New York, New York 10022
    T: (212) 818-1110
    F: (212) 818-0494
    morgenstern@butzel.com
    abraham@butzel.com

    Scott M. Berman (*pro hac vice*)
    David J. Ranzenhofer (*pro hac vice*)
    FRIEDMAN KAPLAN SEILER &
    ADELMAN LLP
    7 Times Square
    New York, NY 10036-6516
    T: (212) 833-1120
    F: (212) 833-1250
    sberman@fklaw.com
    dranzenhofer@fklaw.com

    *Attorneys for The Official Stanford*
    *Investors Committee*

By: /s/ *Rodney Acker*
    Rodney Acker
        State Bar No. 00830700
    Ellen Sessions
        State Bar No. 00796282
    James V. Leito IV
        State Bar No. 24054950
    NORTON ROSE FULBRIGHT US LLP
    2200 Ross Avenue, Suite 3600
    Dallas, Texas 75201-7932
    T: (214) 855-8000
    F: (214) 855-8200
    rodney.acker@nortonrosefulbright.com
    ellen.sessions@nortonrosefulbright.com
    james.leito@nortonrosefulbright.com

    Lynn K. Neuner (*pro hac vice*)
    Peter E. Kazanoff (*pro hac vice*)
    Kavitha S. Sivashanker (*pro hac vice*)
    SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
    New York, New York 10017
    T: (212) 455-2000
    F: (212) 455-2502
    lneuner@stblaw.com
    pkazanoff@stblaw.com
    kavitha.sivashanker@stblaw.com

    *Attorneys for Defendant*
    *The Toronto-Dominion Bank*

By: /s/ *Benjamin D. Reichard*
   James R. Swanson (*pro hac vice*)
   Lance C. McCardle (*pro hac vice*)
   Benjamin D. Reichard
      State Bar No. 24098693
   Jesse C. Stewart (*pro hac vice*)
   FISHMAN HAYGOOD, LLP
   201 St. Charles Avenue, 46th Floor
   New Orleans, Louisiana 70170-4600
   T: (504) 586-5252
   F: (504) 586-5250
   jswanson@fishmanhaygood.com
   lmccardle@fishmanhaygood.com
   breichard@fishmanhaygood.com
   jstewart@fishmanhaygood.com

   Edward C. Snyder
      State Bar No. 791699
   CASTILLO SNYDER, P.C.
   700 N. St. Mary's, Suite 1560
   San Antonio, Texas 78205
   T: 210-630-4200
   F: 210-630-4210
   esnyder@casnlaw.com

*Attorneys for Named Plaintiffs*

By: /s/ *Robin C. Gibbs*
   Robin C. Gibbs
      State Bar No. 07853000
   Scott A. Humphries
      State Bar No. 00796800
   Ashley McKeand Kleber
      State Bar No. 24060263
   Denise L. Drake
      State Bar No. 24092358
   GIBBS & BRUNS LLP
   1100 Louisiana, Suite 5300
   Houston, Texas 77002
   T: (713) 650-8805
   F: (713) 750-0903
   rgibbs@gibbsbruns.com
   shumphries@gibbsbruns.com
   akleber@gibbsbruns.com
   ddrake@gibbsbruns.com

*Attorneys for Defendant Trustmark National Bank*

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

<table>
<tr><td>

By: */s/ Roger B. Cowie*
    Roger B. Cowie
        State Bar No. 00783886
    Taylor F. Brinkman
        State Bar No. 24069420
    LOCKE LORD LLP
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    T: (214) 740-8000
    F: (214) 740-8800
    rcowie@lockelord.com
    tbrinkman@lockelord.com

    John K. Schwartz
        State Bar No. 17865325
    LOCKE LORD LLP
    600 Congress Avenue, Suite 2200
    Austin, Texas 78701
    T: (512) 305-4806
    F: (512) 305-4800
    jschwartz@lockelord.com

*Attorneys for Defendant*
*HSBC Bank PLC*

</td><td>

By: */s/ Paul C. Watler*
    Paul C. Watler
        State Bar No. 20931600
    Edwin M. Buffmire
        State Bar No. 24078283
    Lindsey Marsh Brown
        State Bar No. 24087977
    JACKSON WALKER LLP
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    T: (214) 953-6000
    F: (214) 953-5822
    pwatler@jw.com
    ebuffmire@jw.com
    lmarsh@jw.com

*Attorneys for Defendant*
*Independent Bank, successor by*
*merger to Bank of Houston*

</td></tr>
</table>

By: */s/ Noelle M. Reed*
Noelle M. Reed
   State Bar No. 24044211
Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
T: (713) 655-5122
F: (713) 483-9122
noelle.reed@skadden.com
michelle.davis@skadden.com

George A. Zimmerman (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
T: (212) 735-3000
F: (917) 777-2047
george.zimmerman@skadden.com

Allen L. Lanstra
   State Bar No. 24108700
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071
T: (213) 687-5513
F: (213) 621-5513
allen.lanstra@skadden.com

*Attorneys for Defendant Société*
*Générale Private Banking (Suisse) S.A.*

By: */s/ Brian A. Herman*
Brian A. Herman (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
T: (212) 309-6000
F: (212) 309-6001
brian.herman@morganlewis.com

Jillian R. Harris
   State Bar No. 24087671
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
T: (214) 466-4000
F: (214) 466-4001
jillian.harris@morganlewis.com

*Attorneys for Defendant*
*Blaise Friedli*

13

## CERTIFICATE OF SERVICE

  I hereby certify that on July 12, 2019, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

               /s/ *Peter D. Morgenstern*
               Peter D. Morgenstern