IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY ROIF ROTSTAIN, et al. on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs | § § | Civil Action No. 3:09-CV-2384-N-BQ |
| and | § § | |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § | |
| Plaintiff-Intervenor, | § § | |
| v. | § § | |
| TRUSTMARK NATIONAL BANK, HSBC BANK PLC, THE TORONTO-DOMINION BANK, BANK OF HOUSTON, SG PRIVATE BANKING (SUISSE) S.A., and BLAISE FRIEDLI, | § § § § § § | |
| Defendants. | § § | |

**MOTION BY THE OFFICIAL STANFORD INVESTORS COMMITTEE TO STRIKE THE NEW EVIDENCE AND ARGUMENTS RAISED BY THE SG DEFENDANTS IN THEIR REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

The Official Stanford Investors Committee ("OSIC") respectfully submits this motion to strike the new evidence and arguments raised by Defendants Société Générale Private Banking (Suisse) S.A. ("SG") and Blaise Friedli ("Friedli" and, together with SG, the "SG Defendants") in their reply in support of their motion for a protective order. Specifically, OSIC moves to strike

paragraphs 7 through 29 of the Reply Declaration of Professor Dr. Isabelle Romy on Swiss Law (the "Romy Reply Declaration"), [Doc. 620-1] at 200-204, and the second paragraph of Part I of the SG Defendants' reply in support of their motion for a protective order (the "SG Defendants' Reply"), [Doc. 619] at 4. In the alternative, OSIC seeks leave to file a surreply in the form of the Supplemental Declaration of Professor Dr. Luc Thévenoz (the "Supplemental Thévenoz Declaration"), which is attached hereto as **Exhibit A**, to respond to the new evidence and arguments raised by the Romy Reply Declaration and the SG Defendants' Reply.

## BACKGROUND

On November 5, 2019, the SG Defendants filed a motion for a protective order, seeking to prevent OSIC from taking depositions of SG (Rule 30(b)(6)), Friedli, and one current employee of SG ("Clemencet"). [Docs. 585-587]. They argued that these witnesses would be exposed to penalties under Swiss law if they testified at depositions conducted outside of Switzerland and pursuant to the Federal Rules. [Doc. 586] at 21-24. The SG Defendants relied primarily on Article 47 of the Swiss Banking Act, which they contend prohibits them from disclosing information about their customers, including Stanford International Bank Limited ("SIBL"), Stanford Financial Group Limited ("SFGL"), and Bank of Antigua Limited ("BoA" and, together with SIBL and SFGL, the "Antiguan Entities"). *Id.* at 6-8, 21-24. The SG Defendants conceded that Article 47 can be waived by the customer. *Id.* at 11-13. They argued that the Receiver appointed by this Court (the "Receiver") could not waive Article 47 on behalf of the Antiguan Entities, but that the Antiguan-appointed liquidators could waive Article 47 on behalf of the entities for which they were appointed. *Id.* at 12-13, 23-24. In their own words,

> [W]hen the customer is a business, a waiver is valid under Swiss law only if the party purporting to waive has the capacity to act for the company under the laws of the business's place of incorporation. **In this case, Antigua and Barbados [sic]**

> **have [sic] appointed liquidators for both SIBL (in liquidation) and the Bank of Antigua (in liquidation), and the Swiss courts have recognized the authority of the Bank of Antigua liquidators to act on behalf of Bank of Antigua in Switzerland. FINMA, however, has declined to recognize the Receiver in Switzerland. It is therefore likely that a Swiss court would not recognize** the Receiver's authority to waive financial privacy rights with respect to the Stanford-owned entities or Mr. Stanford, or **the joint liquidators' rights to act for any entity other than those for which they were appointed.**

*Id.* at 12-13 (emphasis added) (footnotes omitted); *see also id.* at 23-24 (similar).

In support of that argument, the SG Defendants relied on the Declaration of Professor Dr.

Isabelle Romy on Swiss Law [Doc. 587-4]. There, Romy opined that:

> The laws of the place of incorporation of a foreign company are applicable to determine who has the capacity to act and represent the company and validly waive financial privacy.
>
> . . .
>
> I have reviewed the decision of FINMA of 19 September 2017 concerning Bank of Antigua Limited in Liquidation. The decision states that by order of 27 August 2015 FINMA has recognized the orders of The Eastern Caribbean Supreme Court, High Court of Justice Antigua and Barbuda of 28 October 2013 and 21 March 2014 opening bankruptcy proceedings against Bank of Antigua Limited ("the company be wound up by the court") and appointing two "joint liquidators". The decision further states that Bank of Antigua Limited in Liquidation has account balances/deposits with four Swiss banks, including SG.
>
> **In view of FINMA's decision, it is likely that a Swiss court would recognize the authority of the appointed liquidators to validly waive the financial privacy rights of Bank of Antigua Limited in Liquidation.** The liquidators cannot however waive the rights of other clients such as the other Stanford entities or Mr. Stanford. In addition, a waiver is limited to information within the scope of Art. 47 BA and does not extend to evidence that falls within the ambit of Art. 273 SPC if national interests of Switzerland are affected. Should this be the case, such information may only be disclosed upon an order of the competent Swiss court.

*Id.* at 103-104 ¶¶ 28, 30-31 (emphasis added) (citations omitted). Thus, Romy explicitly opined

that the Antiguan-appointed liquidators of BoA could waive Article 47 with respect to BoA and

agreed that the Antiguan-appointed liquidators of SIBL and SFGL could waive Article 47 with

respect to those entities.

**OSIC'S MOTION TO STRIKE OR, IN THE
ALTERNATIVE, FOR LEAVE TO FILE SURREPLY** 3

In response, OSIC submitted waivers from the Antiguan-appointed liquidators for each of the Antiguan Entities (in addition to submitting a waiver from the Receiver for the Antiguan Entities, Robert Allen Stanford ("RAS"), and Stanford Bank (Panama), S.A., which OSIC believes is sufficient even without waivers from the Antiguan-appointed liquidators). [Doc. 606] at 7-8 & n.4. Thus, OSIC has done everything the SG Defendants (and their expert) said needed to be done to permit SG, Friedli, and Clemencet to testify about the Antiguan Entities at Federal Rules depositions.

Recognizing that their motion was gutted by the waivers, on December 20, 2019, the SG Defendants filed reply papers in which they assert a new argument that, contrary to their initial position, the Antiguan-appointed liquidators actually cannot waive Article 47 on behalf of the entities for which they were appointed. *Compare* [Doc. 619] at 4 *with* [Doc. 586] at 12-13, 23-24.[1] The SG Defendants rely on a new opinion from Romy, in which she similarly contends, contrary to her prior declaration, that the Antiguan-appointed liquidators cannot waive Article 47.

She states that a foreign liquidation or dissolution order "has no effect in Switzerland unless it is recognized pursuant to the requirements set forth in Art. 166 seq. PILA and the Federal Act on Debt Enforcement and Bankruptcy of 11 April 1889." [Doc. 620-1] at 200 ¶ 9. She further states that "recognition will typically lead to a so-called ancillary procedure in Switzerland which is usually led by a liquidator appointed by the Swiss court." *Id.* She concludes that:

> It is well recognized that Swiss banks may not provide information covered by Art. 47 BA to foreign liquidators unless 1) the foreign decree has been recognized in Switzerland and 2) there is no ancillary procedure in Switzerland. In case an ancillary procedure has been ordered in Switzerland, Swiss banks are only allowed

---

[1] The SG Defendants also contend that "the only way to be certain that OSIC's waivers validly waive Article 47 protections is to have a Swiss Court adjudicate the issue." [Doc. 619] at 4. That is contrary to their own expert's previous position that a customer waiver and a court authorization are *alternative* ways to disclose otherwise confidential information without running afoul of Swiss law. [Doc. 587-4] at 102 ¶¶ 18, 21, 105 ¶ 33, 106 ¶ 41, 111 ¶ 68. Thus, a Swiss Court does not need to "adjudicate" the waivers.

>to disclose information protected by Art. 47 BA to the Swiss appointed liquidator and not to the foreign liquidators.

[Doc 620-1] at 201 ¶ 10.

These purported requirements are both absent from and contrary to Romy's original declaration, which does not even mention Art. 166 seq. PILA. [Doc 587-4] at 103-105 ¶¶ 26-33 (discussing waiver of Article 47).[2] Thus, with respect to BoA, despite her previous opinion that "it is likely that a Swiss court would recognize the authority of the appointed liquidators to validly waive the financial privacy rights of Bank of Antigua Limited in Liquidation," [Doc. 587-4] at 104 ¶ 31, Romy now disagrees *with herself* and opines that Antiguan-appointed liquidator for BoA cannot provide a waiver, [Doc. 620-1] at 202 ¶¶ 17-20. For SIBL, she states that "[a]n ancillary bankruptcy procedure has been put in place, which is headed by the liquidator Mr. de Kalbermatten." [Doc. 620-1] at 201 ¶ 13. She opines that it is Mr. de Kalbermatten who can waive Article 47, *id.* at 201 ¶¶ 13-14, despite not even mentioning him in her original declaration, *see* [Doc 587-4] at 103-105 ¶¶ 26-33. Similarly, for SFGL, she opines that the Antiguan-appointed liquidators cannot waive Article 47 because they have not been recognized in Switzerland. [Doc. 620-1] at 201-202 ¶¶ 15-16. Again, Romy failed to include these opinions in her original declaration. *See* [Doc 587-4] at 103-105 ¶¶ 26-33.

Accordingly, OSIC now seeks to strike the new evidence and arguments presented by the SG Defendants, specifically (1) paragraphs 7 through 29 of the Romy Reply Declaration and (2) the second paragraph of Part I of the SG Defendants' Reply.

---

[2] In fact, Romy only mentioned a different section of PILA in her original opinion to state: "The laws of the place of incorporation of a foreign company are applicable to determine who has the capacity to act and represent the company and validly waive financial privacy (see Art. 154 of the Federal Act on Private International Law of 18 December 1987)." [Doc 587-4] at 103-104 ¶ 28.

In the alternative, OSIC seeks leave to file the Supplemental Thévenoz Declaration (**Exhibit A**) to respond to the new evidence and arguments raised by the Romy Reply Declaration and the SG Defendants' Reply. In the Supplemental Thévenoz Declaration, OSIC demonstrates that the SG Defendants' new positions are wrong. Specifically, the Antiguan-appointed liquidators of the Antiguan Entities do *not* need to be recognized in Switzerland to waive Article 47 for purposes of depositions in this action because OSIC is not seeking to obtain assets from Switzerland or take any action in Switzerland, which are the circumstances in which recognition would be required. *See* **Exhibit A ¶¶ 7-17**.

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE NEW EVIDENCE AND ARGUMENTS RAISED BY THE SG DEFENDANTS IN THEIR REPLY

It is well-settled that a court should not consider arguments which are raised for the first time in a reply brief. *See KB Home v. Antares Homes, Ltd.*, 2007 WL 1893370, at *2 (N.D. Tex. June 28, 2007) (citing *Spring Indus., Inc. v. Am . Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991); *Winterthur Int'l Am. Ins. Co. v. Bridgestone/Firestone, Inc.*, 2003 WL 21281736, at *1 (N.D. Tex. Mar 27, 2003) (Godbey, J.); *see also Alvarez v. Aldi (Tex.) LLC*, 2014 WL 3557435, at *2 (N.D. Tex. July 17, 2014) (denying portion of motion for protective order based on arguments raised for the first time on reply). "Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by [the] opening brief and by [the] response brief, and is not the appropriate vehicle for presenting new arguments or legal theories to the court." *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (internal quotation marks omitted); *see also KB Home*, 2007 WL 1893370, at *2 ("It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." (internal quotation marks omitted)); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*,

2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) ("the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence").

When a party introduces new evidence or makes new arguments in a reply, the remedy is to strike this new evidence or argument. *KB Home*, 2007 WL 1893370, at *2; *Racetrac Petroleum, Inc.*, 2003 WL 251318, at *19; *see also Spedag Ams. Inc. v. Bioworld Merch., Inc.*, 2019 WL 4689011, at *2 (N.D. Tex. Sep. 25, 2019) (declining to consider new argument raised in reply); *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (same).

In the Romy Reply Declaration and the SG Defendants' Reply, the SG Defendants asserted for the first time that the Antiguan-appointed liquidators for the Antiguan Entities cannot waive Article 47 unless (1) they are "recognized" in Switzerland and (2) there is no "ancillary procedure" in Switzerland.

As explained above, this is a new argument. It should be stricken. *See, e.g.*, *Winterthur*, 2003 WL 21281736, at *1 ("[T]he Court will not consider new grounds raised for the first time in a reply brief.").

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT OSIC LEAVE TO FILE THE SUPPLEMENTAL THÉVENOZ DECLARATION

In the alternative, "when a movant raises new legal theories or evidence for the first time in its reply, the court may grant leave to file a surreply in order to afford the nonmovant an opportunity to respond." *Zurich Am. Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 695 (N.D. Tex. 2016) (Godbey, J.) (granting motion for leave to file surreply); *see also Tex. Health & Human Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 710 n.4 (N.D. Tex. 2016) (Godbey, J.) (same); *Equibrand Corp. v. Reinsman Equestrian Prods., Inc.*, 2007 WL 1461393, *1 n.2 (N.D.

Tex. May 17, 2007) (same); *Pa. Gen. Ins. Co. v. Story*, 2003 WL 21435511, at *1 (N.D. Tex. Jun. 10, 2003) (Fish, C.J.) (same).

Here, if the Court denies OSIC's motion to strike, OSIC should be granted leave to file the Supplemental Thévenoz Declaration to address the SG Defendants' improper new arguments. As explained above, in their reply papers, the SG Defendants assert for the first time that the Antiguan-appointed liquidators for the Antiguan Entities cannot waive Article 47 unless (1) they are "recognized" in Switzerland and (2) there is no "ancillary procedure" in Switzerland.

The Supplemental Thévenoz Declaration shows that the SG Defendants are wrong. *See* **Exhibit A** ¶¶ 7-17. Swiss law requires a foreign liquidator to be recognized in Switzerland when he seeks to act *in Switzerland*, such as collecting assets, obtaining information, or bringing judicial proceedings *in Switzerland*. *Id.* ¶ 8. The Antiguan-appointed liquidators for the Antiguan Entities are recognized by Swiss law as the legal representatives of the entities they represent, and they are entitled to information that would be available to those entities. *Id.* ¶ 10. Because OSIC seeks to take depositions outside of Switzerland and the Antiguan-appointed liquidators are simply authorizing such depositions, neither recognition nor an ancillary procedure is required. *Id.* ¶¶ 8-12. The same is true with respect to RAS. Because OSIC is not seeking to access his assets in Switzerland, the Receiver does not need to be recognized in Switzerland to authorize depositions outside of Switzerland. *Id.* ¶¶ 14-16.

Accordingly, if OSIC's motion to strike is not granted, OSIC should be permitted to submit the Supplemental Thévenoz Declaration, which controverts the improper reply opinions in paragraphs 7 through 29 of the Romy Reply Declaration and the improper argument in the second paragraph of Part I of the SG Defendants' Reply.

## CONCLUSION

For all the foregoing reasons, OSIC respectfully requests that the Court enter an Order striking (1) paragraphs 7 through 29 of the Romy Reply Declaration and (2) the second paragraph of Part I of the SG Defendants' Reply or, in the alternative, granting OSIC leave to file the Supplemental Thévenoz Declaration.

Dated: January 15, 2020

Respectfully submitted,

By:   /s/  *Peter D. Morgenstern*
Peter D. Morgenstern (*pro hac vice*)
Joshua E. Abraham (*pro hac vice*)
BUTZEL LONG, P.C.
477 Madison Avenue, Suite 1230
New York, New York 10022
T: (212) 818-1110
F: (212) 818-0494
morgenstern@butzel.com
abraham@butzel.com

Scott M. Berman (*pro hac vice*)
Philippe Adler (*pro hac vice*)
David J. Ranzenhofer (*pro hac vice*)
Geoffrey Cajigas (*pro hac vice*)
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
T: (212) 833-1120
F: (212) 833-1250
sberman@fklaw.com
padler@fklaw.com
dranzenhofer@fklaw.com
gcajigas@fklaw.com

*Attorneys for The Official Stanford Investors Committee*

James R. Swanson (*pro hac vice*)
Lance C. McCardle (*pro hac vice*)
Benjamin D. Reichard
   State Bar No. 24098693
Jesse C. Stewart (*pro hac vice*)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
T:  (504) 586-5252
F:  (504) 586-5250
jswanson@fishmanhaygood.com
lmccardle@fishmanhaygood.com
breichard@fishmanhaygood.com
jstewart@fishmanhaygood.com

Edward C. Snyder
State Bar No. 791699
CASTILLO SNYDER, P.C.
700 N. St. Mary's, Suite 1560
San Antonio, Texas 78205
T: 210-630-4200
F: 210-630-4210
esnyder@casnlaw.com

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the SG Defendants with respect to this motion. The motion is opposed.

/s/ *David J. Ranzenhofer*
David J. Ranzenhofer

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *David J. Ranzenhofer*
David J. Ranzenhofer