# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1000 LOUISIANA, SUITE 6800
HOUSTON, TEXAS 77002-5026
———
TEL: (713) 655-5100
FAX: (713) 655-5200
www.skadden.com

DIRECT DIAL
713-655-5122
DIRECT FAX
713-483-9122
EMAIL ADDRESS
NOELLE.REED@SKADDEN.COM

FIRM/AFFILIATE OFFICES
----------
BOSTON
CHICAGO
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
----------
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 17, 2020

**BY ECF**

Hon. D. Gordon Bryant, Jr.
United States Magistrate Judge
United States District Court
1205 Texas Avenue, Room 211
Lubbock, Texas 79401-4091

RE:     *Rotstain, et al. v. Trustmark Nat'l Bank, et al.*,
No. 3:09-cv-2384-N-BQ (N.D. Tex.)

Dear Judge Bryant:

We write on behalf of Defendants Société Générale Private Banking (Suisse) S.A. ("SG Suisse"), Trustmark National Bank ("Trustmark"), The Toronto-Dominion Bank ("TD Bank"), Independent Bank f/k/a Bank of Houston ("Independent Bank"), HSBC Bank PLC ("HSBC"), and Blaise Friedli ("Friedli") (collectively, "Defendants") concerning improper rebuttal expert reports that OSIC and the Named Plaintiffs (collectively, "Plaintiffs") served in violation of the operative Scheduling Order, the Federal Rules of Civil Procedure, and Fifth Circuit precedent.[1]

---

[1]     HSBC Bank plc, SG Suisse, and Friedli submit this letter subject to, and without waiving, their objections to the Court's exercise of jurisdiction over them.

Honorable D. Gordon Bryant, Jr.
November 17, 2020
Page 2


Pursuant to the Second Amended Scheduling Order, Plaintiffs were to "designate experts and serve their expert reports pursuant to Rule 26(a)(2)" on May 12, 2020, a deadline which, at OSIC's request, the parties extended by written agreement to May 29, 2020. *See* Dkt. No. 707.[2] Defendants designated their experts and served their responsive expert reports on September 21, 2020 (an extension of the original August 20, 2020 deadline agreed by the parties). *See* Dkt. No. 731. Pursuant to the Third Amended Scheduling Order, Plaintiffs' rebuttal expert reports were due on September 18, 2020. The parties extended that deadline to November 3, 2020.[3] *See id.* Under the schedule negotiated by the Parties and ordered by the Court on October 21, 2020, expert depositions must be completed by January 15, 2021, with objections to expert testimony due on February 19, 2021. *See* Dkt. No. 806.

Plaintiffs' purported rebuttal reports include opinions that clearly do not rebut anything in Defendants' expert reports. For example, the rebuttal report of Karyl M. Van Tassel includes, among other improper sections, an "analysis of transactional information" for "an additional SocGen account" that she excluded from her opening report. In addition, Ms. Van Tassel declares that she has "now completed [her] analysis of that earlier SWIFT transactional information from SIBL's TD 1670 account"—information that was produced to Plaintiffs in 2018—five months after the deadline for Plaintiffs' expert reports. *See* Supplemental & Rebuttal Declaration of Karyl M. Van Tassel, at 6, 9. Ms. Van Tassel also writes that "[f]ollowing the submission of my May 29, 2020 declaration, I continued to attempt to classify previously unmatched transactions in SIBL's HSBC accounts that were greater than or equal to a 10,000 original-currency value." *Id.* at 12. Indeed, her report is titled "Supplemental & Rebuttal Declaration of Karyl M. Van Tassel," making clear that it goes beyond rebuttal to add new opinions and analyses. Beyond her improper new opinions, Ms. Van Tassel also includes new damages calculations for each Defendant bank. Despite characterizing these analyses as "supplemental" and based on "new information," it is apparent that they are based on information that was available to her at the time that she prepared and submitted her initial report.

Throughout the negotiation of the current schedule, Plaintiffs withheld their unilateral intent to serve new expert opinions, and Plaintiffs have not moved for leave to file new expert opinions. "Generally, a party designates its experts and discloses its expert reports 'at the times and in the sequence that the court orders.' [Fed. R. Civ. P.]

---

[2]   This deadline is not addressed in the Third Amended Scheduling Order or the Fourth Amended Scheduling Order, as it had passed by the time those orders were entered.

[3]   As recognized in footnote two to the Fourth Amended Scheduling Order, this deadline had passed by the time of the entry of the Fourth Amended Scheduling Order, but the deadline had previously been extended by agreement of the parties. *See* Dkt. No. 806.

Honorable D. Gordon Bryant, Jr.
November 17, 2020
Page 3

26(a)(2)(D). This includes designating rebuttal experts and disclosing rebuttal reports *intended solely to contradict or rebut evidence in another party's expert reports.*" *BCC Merchant Solutions, Inc. v. JetPay, LLC*, No. 3:12-cv-5185-B, 2016 WL 3264283, at *2 (N.D. Tex. Feb. 19, 2016) (emphasis added). The reports are not rebuttal reports – they are new analyses not previously offered.

Nor are the new opinions supplemental reports permissible under the Federal Rules. The Federal Rules contemplate supplementing expert reports only when a party "learns [that] in some material respect the [expert] disclosure . . . is incomplete or incorrect." *Id.* at *3. The ability to supplement is "not an opportunity to provide information previously omitted." *Id.* The purpose of rebuttal reports is to rebut and not to "provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Hanan v. Crete Carrier Corp.*, No. 3:19-cv-0149-B, 2020 WL 1692952, at *2 (N.D. Tex. Apr. 7, 2020) (The Federal Rules create "a duty to supplement disclosures discovered to be incomplete or incorrect, not an opportunity to provide information previously omitted."); *Nationwide Agribusiness Ins. Co. v. Vardo Pruden Buildings, Inc.*, No. 5:19-cv-083-M-BQ, 2020 WL 1778069, at *11 (N.D. Tex. Mar. 3, 2020) (granting motion to exclude expert rebuttal report containing "new discussion" that "does not serve solely to rebut the opinions" of other side's experts).

This is improper and beyond the scope of rebuttal as contemplated by the Federal Rules and Fifth Circuit courts. Because Plaintiffs have impermissibly used the deadline for their rebuttal reports as an extension of the deadline to deliver their expert information in general, the sections of Plaintiffs' rebuttal reports that go beyond the proper scope of rebuttal should be stricken.[4]

Plaintiffs' unjustified failure to adhere to the expert discovery schedule prejudices Defendants, who are faced with analyzing several months' worth of brand-new expert analyses, while also preparing for approximately 20 expert depositions. The prejudice touches the substance of the expert testimony in this case, the cost and burden to Defendants of absorbing new opinions, and the time pressure imposed by Plaintiffs' impermissible opinions. As to the latter, the additional expert opinions impair Defendants' ability to prepare for expert depositions on the current schedule. Particularly frustrating is that OSIC negotiated the expert discovery schedule while withholding its intent to submit new expert opinions. Indeed, Plaintiffs have consistently pressured Defendants to lock-in specific expert deposition dates without disclosing that they would be asserting new, tardy, and improper expert opinions.

---

[4]    Defendants also seek leave to strike the portions of the Rebuttal Expert Report of Nicolas Choules-Burbidge that rely on the new opinions offered in Ms. Van Tassel's rebuttal report.

Honorable D. Gordon Bryant, Jr.
November 17, 2020
Page 4

Even in response to the meet-and-confer regarding the subject of this letter, Plaintiffs demanded deposition dates so they could be confirmed and threatened to bring the scheduling questions to the Court despite Defendants' response that the Motion to Strike must be resolved before Ms. Van Tassel's deposition and the deposition of other experts whose opinions rely on or address her opinions.   Before serving Ms. Van Tassel's "Supplemental and Rebuttal" report, Plaintiffs even contested Defendants' expressed need for at least 2 days of deposition time with Ms. Van Tassel – despite knowing that Defendants were unaware that she would be attempting to offer new opinions.

Defendants write to make the Court aware of Plaintiffs' impermissible rebuttal reports, to object to them, and to request a conference with the Court regarding Defendants' intention to move to strike the improper opinions.   Defendants respectfully request the opportunity to raise these issues fully before the Court.

Respectfully submitted,


By:   */s/ Paul C. Watler*
    Paul C. Watler
        State Bar No. 20931600
    Edwin M. Buffmire
        State Bar No. 24078283
    Lindsey Marsh Brown
        State Bar No. 24087977
    JACKSON WALKER LLP
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    T:  (214) 953-6000
    F:  (214) 953-5822
    pwatler@jw.com
    ebuffmire@jw.com
    lmarsh@jw.com

    *Attorneys for Defendant Independent*
    *Bank, successor by merger to Bank of*
    *Houston*

By:   */s/ Noelle M. Reed*
    Noelle M. Reed
        State Bar No. 24044211
    Allen L. Lanstra
        State Bar No. 24108700
    SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
    1000 Louisiana Street, Suite 6800
    Houston, TX 77002
    T:  (713) 655-5122
    F:  (713) 483-9122
    noelle.reed@skadden.com
    allen.lanstra@skadden.com

    George A. Zimmerman (*pro hac vice*)
    SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
    4 Times Square
    New York, NY 10036
    T: (212) 735-3000
    F: (917) 777-2047
    george.zimmerman@skadden.com

Honorable D. Gordon Bryant, Jr.
November 17, 2020
Page 5

By*:    /s/ Rodney Acker*
   Rodney Acker
     State Bar No. 00830700
   Ellen Sessions
     State Bar No. 00796282
   NORTON ROSE FULBRIGHT US LLP
   2200 Ross Avenue, Suite 3600
   Dallas, TX 75201-7932
   T:  (214) 855-8000
   F:  (214) 855-8200
   rodney.acker@nortonrosefulbright.com
   ellen.sessions@nortonrosefulbright.com

   Lynn K. Neuner (pro hac vice)
   Peter E. Kazanoff (pro hac vice)
   Meredith D. Karp (pro hac vice)
   SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
   New York, NY 10017
   T:  (212) 455-2000
   F:  (212) 455-2502
   lneuner@stblaw.com
   pkazanoff@stblaw.com
   meredith.karp@stblaw.com

*Attorneys for Defendant*
*The Toronto-Dominion Bank*

By:    */s/  Roger B. Cowie*
   Roger B. Cowie
     State Bar No. 00783886
   Taylor F. Brinkman
     State Bar No. 24069420
   LOCKE LORD LLP
   2200 Ross Avenue, Suite 2800
   Dallas, Texas 75201
   T:  (214) 740-8000
   F:  (214) 740-8800
   rcowie@lockelord.com
   tbrinkman@lockelord.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
308 Bahama Court
Granbury, TX 76048
T: (942) 523-8718
F: (913) 483-9197
michelle.davis@skadden.com

*Attorneys for Defendant Société*
*Générale Private Banking (Suisse) S.A.*

By:    */s/ Brian A. Herman*
   Brian A. Herman (*pro hac vice*)
   MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
   New York, NY 10178
   T:  (212) 309-6000
   F:  (212) 309-6001
   brian.herman@morganlewis.com

   Jillian R. Harris
     State Bar No. 24087671
   MORGAN, LEWIS & BOCKIUS LLP
   1717 Main Street, Suite 3200
   Dallas, TX 75201
   T: (214) 466-4000
   F: (214) 466-4001
   jillian.harris@morganlewis.com

*Attorneys for Defendant*
*Blaise Friedli*

By:    */s/ Robin C. Gibbs*
   Robin C. Gibbs
     State Bar No. 07853000
   Scott A. Humphries
     State Bar No. 00796800
   Ashley McKeand Kleber
     State Bar No. 24060263
   Colin Pogge
     State Bar No. 24074907

Honorable D. Gordon Bryant, Jr.
November 17, 2020
Page 6

John K. Schwartz
   State Bar No. 17865325
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
T: (512) 305-4806
F: (512) 305-4800
jschwartz@lockelord.com

*Attorneys for Defendant*
*HSBC Bank PLC*

Bruce Baldree
   State Bar No. 24116064
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
T:  (713) 650-8805
F:  (713) 750-0903
rgibbs@gibbsbruns.com
shumphries@gibbsbruns.com
akleber@gibbsbruns.com
cpogge@gibbsbruns.com
bbaldree@gibbsbruns.com

*Attorneys for Defendant Trustmark National*
*Bank*

cc: Counsel of Record (by ECF)